Exhibit A

Part 1

# CIVIL DOCKET

CASE NO. CV-2013-200-6

| No. of Case | NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF | | EXHIBIT A |
|---|---|---|---|---|---|---|
| | | | | Month | Day | |
| CV-2013-200-6 | EDDIE B ROBINSON | WILKES & MCHUGHPA | NURSING HOME NEGLIGENCE | 10 | 2 | |
| | vs. | Plaintiff | | Jury Fees $ | | |
| | EOR-ARK, LLC | | | Paid by | | |
| | | Defendant | | | | |

| Date of Orders | ORDERS OF COURT | BOOK | | Process Services, Etc. |
|---|---|---|---|---|
| | | Vol. | Page | |
| 10-02-2013 | COMPLAINT | | | SUMMONS ISSUED 10-2-13 |
| 10-02-2013 | SUMMONS ISSUED X 3 | | | SERVED 10.11.2013 |
| | | | | SENIOR LIVING COMM OF ARK |
| | | | | SERVED 10.13.2013 |
| 10-03-2013 | SUMMONS ISSUED X 24 | | | VAJ LLC |
| | | | | SERVED 10.11.2013 |
| 10-11-2013 | NOTICE OF ACTION OR CLAIM IN COMPLIANCE WITH ARKANSAS CODE ANNOTATED § 20-77-304 | | | EOR-ARK LLC |
| | | | | SUMMONS ISSUED 10-3-13 |
| 11-13-2013 | DEFENDANTS' MOTION TO DISMISS COMPLAINT AND COMPEL ARBITRATION | | | SERVED 10.11.2013 |
| | | | | SLC OPERATIONS HOLDINGS LL |
| 11-13-2013 | BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT AND COMPEL ARBITRATION | | | SERVED 10.11.2013 |
| | | | | SLC OPERATIONS LLC |
| 11-25-2013 | PLAINTIFF'S RESPONSE AND INCORPORATED MEMO OF LAW IN OPPOSITION TO DEFENDANTS' MOTION | | | SERVED 10.11.2013 |
| 11-27-2013 | MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION | | | PINE-HILLS-HOLDINGS LLC |
| | TO DISMISS COMPLAINT AND COMPEL ARBITRATION | | | SERVED 10.11.2013 |
| | | | | PINE-HILLS-HEALTH-AND- |
| 12-9-2013 | DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COMPLAINT AND | | | REHABILITATION LLC |
| | COMPEL ARBITRATION | | | SERVED 10-31-2013 |
| | | | | SLC OPERATIONS MASTER |
| | | | | TENANT LLC |
| | | | | SERVED 10.11.2013 |
| 12-09-2013 | RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL | | | SLC PROPERTIES LLC |
| | ARBITRATION | | | SERVED 10.11.2013 |
| | | | | SLC PROPERTY HOLDINGS LLC |
| 12-16-2013 | REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING | | | SERVED 10.11.2013 |
| | RESOLUTION OF MOTION TO COMPEL ARBITRATION — FAX | | | SLC PROPERTY INVESTORS LLC |
| | | | | X  X  X  X |

EDDIE B ROBINSON FOR ESTATE OF WILLIE ROBINSON SR

vs.     No. CV-2013-200-6

FOR-ARK, LLC

| Date of Orders | ORDERS OF COURT | BOOK | |
|---|---|---|---|
| | | Vol. | Page |
| 12-19-2013 | DEFENDANTS' RESPONSES TO PLAINTIFF'S ARBITRATION-RELATED REQUESTS FOR ADMISSIONS (SET 1)  PROPOUNDED UPON ALL DEFENDANTS | | |
| 4-30-2014 | NOTICE OF ENTRY OF APPEARANCE OF JOHN V. O'GRADY | | |
| 6-30-2014 | DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S ARBITRATION-RELATED REQUESTS FOR ADMISSIONS (SET 1) PROPOUNDED UPON ALL DEFENDANTS   (FAX) | | |
| 7-21-2014 | PLAINTIFF'S MOTION TO COMPEL ARBITRATION-RELATED DISCOVERY | | |
| 7-21-2014 | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ARBITRATION-RELATED DISCOVERY FROM ALL DEFENDANTS | | |
| 7-21-2014 | PLAINTIFF'S AMENDED MOTION TO COMPEL ARBITRATION-RELATED DISCOVERY | | |
| 7-21-2014 | AMENDED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO COMPEL ARBITRATION-RELATED DISCOVERY FROM ALL DEFENDANTS | | |
| 08-04-2014 | DEFENDANTS' JOINT RESPONSE TO THE PLAINTIFF'S MOTION TO COMPEL ARBITRATION-RELATED DISCOVERY FROM ALL DEFENDANTS | | |
| 8-20-2014 | NOTICE OF VOLUNTARY DISMISSAL AS TO MICHAEL HUNTER (FAX) | | |
| 9-04-2014 | ORDER FOR VOLUNTARY DISMISSAL AS TO MICHAEL HUNTER (FAX) | | |

SERVED   10.18.13
ARKANSAS NURSING HOME ACQUISITIONS
SERVED 10.15.2013
GSCV HOLDINGS LLC
SERVED  10.15.2013
CAPITAL FUNDING GROUP INC
SERVED 10.18 2013
CAPITAL FUNDING LLC
SERVED  10.15.2013
CAPITAL FINANCE LLC
SERVED  10.18.2013
CAPITAL SENIORCARE VENTURES LLC
SERVED  10.12.2013
ADDIT LLC
SERVED 10.11.2013
SLC PROFESSIONALS OF ARKANSAS LLC
SERVED 10.13.2013
SENIOR VANTAGE POINT LLC
SERVED 10.11.2013
900 MAGNOLIA ROAD SW LLC
SERVED 10.13 2013
QUALITY REVIEW LLC
SERVED 10.11 2013
ARKANSAS SNF OPERATIONS ACQUISITION LLC
SERVED 10.14 2013
SLC PROFESSIONALS HOLDINGS LLC
SERVED 10.11.2013
SLC ADMINISTRATIVE SERVICES OF ARK
SERVED 10.15.2013
JOHN DWYER
SERVED
MICHAEL G HUNTER, ADMINISTRATOR

I hereby certify that this is a true & correct copy
of the original on file in my office:
ATTEST:
Clerk of the Circuit Court in Ouachita
County, Camden, AR

9-5-2014

Betty Wilson                              Date

By: Deputy

STATE OF ARKANSAS

**C E R T I F I C A T E**

COUNTY OF OUACHITA

I, BETTY WILSON, Circuit Clerk within and for the County aforesaid, do hereby certify
that the following:

DOCKET SHEET, COMPLAINT, SUMMONS (3), SUMMONS (24), NOTICE OF
ACTION OR CLAIM IN COMPLIANCE WITH ARKANSAS CODE ANNOTATED §
20-77-304, DEFENDANTS' MOTION TO DISMISS COMPLAINT AND COMPEL
ARBITRATION, BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
COMPLAINT AND COMPEL ARBITRATION, PLAINTIFF'S RESPONSE AND
INCORPORATED MEMO OF LAW IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS COMPLAINT AND COMPEL ARBITRATION, MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION,
DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO DISMISS COMPLAINT AND COMPEL ARBITRATION, RESPONSE TO
DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
MOTION TO COMPEL ARBITRATION, REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
MOTION TO COMPEL ARBITRATION (FAX), DEFENDANTS' RESPONSES TO
PLAINTIFF'S ARBITRATION-RELATED REQUESTS FOR ADMISSIONS (SET 1)
PROPOUNDED UPON ALL DEFENDANTS, NOTICE OF ENTRY OF
APPEARANCE OF JOHN V O'GRADY, DEFENDANTS' SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S ARBITRATION-RELATED REQUESTS FOR
ADMISSIONS (SET 1) PROPOUNDED UPON ALL DEFENDANTS (FAX),
PLAINTIFF'S MOTION TO COMPEL ARBITRATION-RELATED DISCOVERY,
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
ARBITRATION-RELATED DISCOVERY FROM ALL DEFENDANTS, PLAINTIFF'S
AMENDED MOTION TO COMPEL ARBITRATION-RELATED DISCOVERY,
AMENDED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AMENDED
MOTION TO COMPEL ARBITRATION-RELATED DISCOVERY FROM ALL
DEFENDANTS, DEFENDANTS' JOINT RESPONSE TO THE PLAINTIFF'S MOTION
TO COMPEL ARBITRATION-RELATED DISCOVERY FROM ALL DEFENDANTS,
NOTICE OF VOLUNTARY DISMISSAL AS TO MICHAEL HUNTER (FAX),
ORDER FOR VOLUNTARY DISMISSAL AS TO MICHAEL HUNTER (FAX)

**EDDIE B ROBINSON**

VS.

**CV-2013-200-6**

**EOR-ARK, LLC**

OUACHITA COUNTY CIRCUIT COURT, CIVIL DIVISION
is a true and correct copy of the same.

Witness my hand and seal on this the 5th day of SEPTEMBER, 2014 .

*BETTY WILSON, CIRCUIT CLERK*

Deputy Clerk



IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
_____ 6 _____ DIVISION

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

PLAINTIFF

vs.

NO. CV- 2013 - 200 - 6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities
of Arkansas, LLC; SLC Operations Holdings, LLC; SLC
Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
Health and Rehabilitation, LLC, d/b/a Pine Hills Health
and Rehabilitation; SLC Operations Master Tenant, LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; Arkansas Nursing Home
Acquisition, LLC; CSCV Holdings, LLC; Capital Funding
Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals,
LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations
Acquisition, LLC; SLC Professionals Holdings, LLC; SLC
Administrative Services of Arkansas, LLC; John Dwyer;
and Michael G. Hunter, Administrator,



DEFENDANTS

## COMPLAINT

Comes now Plaintiff, Eddie B. Robinson, as Administrator for The Estate of Willie

Robinson, Sr., deceased, and for his cause of action against Defendants, EOR-ARK,

LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings,

LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and

Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master

Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property

Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital

Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

## JURISDICTIONAL STATEMENT

1.  Eddie B. Robinson was appointed as Administrator for The Estate of Willie Robinson, Sr., deceased, pursuant to the Letters of Administration attached hereto as **Exhibit A**, and therefore brings this action on behalf of The Estate of Willie Robinson, Sr., deceased, and on behalf of the wrongful death beneficiaries of Willie Robinson, Sr., pursuant to the Arkansas Survival of Actions Statute (Ark. Code Ann. § 16-62-101) and the Arkansas Wrongful Death Act (Ark. Code Ann. § 16-62-102). Eddie B. Robinson brings this action against Defendants claiming damages on behalf of Willie Robinson, Sr. stemming from the injuries and death he endured while a resident at Pine Hills Health and Rehabilitation Center.

2.  Eddie B. Robinson is a son of Willie Robinson, Sr., and is a resident of Kokomo, Indiana.

3.  Upon information and belief, Willie Robinson, Sr. was admitted as a resident of Pine Hills Health and Rehabilitation Center located at 900 Magnolia Road, Camden, Arkansas 71701, on April 26, 2010 and, except for hospitalizations, he remained a resident until October 7, 2011. Willie Robinson, Sr. died on October 7, 2011.

4.  Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes EOR-ARK, LLC; VAJ LLC; Senior Living

2

Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; and John Dwyer.

5. Whenever the term "Administrator Defendant" is utilized within this suit, such term collectively refers to and includes Michael G. Hunter.

6. Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

7. Pine Hills Health and Rehabilitation Center was owned, operated and/or managed by Defendants.

8. Defendant EOR-ARK, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant EOR-ARK, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent

3

for service of process of Defendant EOR-ARK, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

9.   Defendant VAJ, LLC, an Indiana limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents. Upon information and belief, at times material to this action, Defendant VAJ, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health & Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant VAJ, LLC is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

10.   Defendant Senior Living Communities of Arkansas, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States.   Upon information and belief, at times material to this action, Defendant Senior Living Communities of Arkansas, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Senior Living Communities of Arkansas, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

11.   Defendant SLC Operations Holdings, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States.   Upon information and

4

belief, at times material to this action, Defendant SLC Operations Holdings, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Operations Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

12. Defendant SLC Operations, LLC is a foreign limited liability company that at times material to this lawsuit owned, operated, managed, controlled and/or provided services to Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of Defendant SLC Operations, LLC's ownership, operation, management, control and/or services provided for the facility during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Operations, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

13. Defendant Pine Hills Holdings, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents. Upon information and belief, at times material to this action, Defendant Pine Hills Holdings, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health & Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Pine Hills Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5

14. Defendant, Pine Hills Health and Rehabilitation, LLC, operating under the fictitious name of Pine Hills Health and Rehabilitation Center, is an Arkansas limited liability company, with its principal office located at 900 Magnolia Road, Camden, Arkansas 71701. Pine Hills Health and Rehabilitation, LLC d/b/a Pine Hills Health and Rehabilitation Center is authorized to do business in the State of Arkansas and is engaged in the for-profit custodial care of elderly individuals who are chronically infirm, mentally impaired and/or in need of nursing care and treatment. Upon information and belief, at times material to this action, Defendant Pine Hills Health and Rehabilitation, LLC was the "licensee" of Pine Hills Health and Rehabilitation Center which was located at 900 Magnolia Road, Camden, Arkansas 71701. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, licensing and/or control of Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Pine Hills Health and Rehabilitation, LLC is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

15. Defendant SLC Operations Master Tenant, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Operations Master Tenant, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Operations

6

Master Tenant, LLC is HIQ Corporate Services, Inc., 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

16. Defendant SLC Properties, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Properties, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Properties, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

17. Defendant SLC Property Holdings, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Property Holdings, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Property Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

18. Defendant SLC Property Investors, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in

7

nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Property Investors, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Property Investors, LLC is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

19. Defendant Arkansas Nursing Home Acquisition, LLC is a foreign limited liability company that at times material to this lawsuit owned, operated, managed, controlled and/or provided services to Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant Arkansas Nursing Home Acquisition, LLC during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Arkansas Nursing Home Acquisition, LLC is Gentry Locke Rakes and Moore LLP, 10 Franklin Road, SE, Suite 800 SunTrust Plaza, P.O. Box 40013, Roanoke, Virginia 24022.

20. Defendant CSCV Holdings, LLC is a foreign limited liability company that at times material to this lawsuit owned, operated, managed, controlled and/or provided services to Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant CSCV Holdings, LLC during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant CSCV Holdings, LLC is HIQ Maryland Corporation, 715 St. Paul Street, Baltimore, Maryland 21202.

21. Defendant Capital Funding Group, Inc., a Maryland corporation with its principal office at 1422A Clarkview Road, Baltimore, Maryland 21209, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit

8

custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant Capital Funding Group, Inc. owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Capital Funding Group, Inc. is HIQ Maryland Corporation, 715 St. Paul Street, Baltimore, Maryland 21202.

22. Defendant Capital Funding, LLC, a Maryland limited liability company with its principal office at 1422 Clarkview Road, Suite 500, Baltimore, Maryland 21209, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant Capital Funding, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Capital Funding, LLC is HIQ Maryland Corporation, 715 St. Paul Street, Baltimore, Maryland 21202.

23. Defendant Capital Finance, LLC is a foreign limited liability company with its principal office at 1422A Clarkview Road, Baltimore, Maryland 21209. The registered agent for service of process of Defendant Capital Finance, LLC is HIQ Maryland Corporation, HIQ Corporate Services, Inc., 715 St. Paul Street, Baltimore, Maryland 21202.

24. Defendant Capital SeniorCare Ventures, LLC, a foreign limited liability company that at times material to this lawsuit, owned, operated, managed, controlled

9

and/or provided services for Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant Capital SeniorCare Ventures, LLC in the operation, management, control and/or services provided to Pine Hills Health and Rehabilitation, LLC during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Capital SeniorCare Ventures, LLC is HIQ Corporate Services, Inc., 3500 South Dupont Highway, Dover, Delaware 19901.

25. Defendant ADDIT, LLC, an Indiana limited liability company with its principal office located at 9785 Crosspoint Boulevard, Suite 110, Indianapolis, Indiana 46256, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant ADDIT, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant ADDIT, LLC is HIQ Corporate Services, Inc., 5217 Palisade Court, First Floor, Indianapolis, Indiana 46237.

26. Defendant SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC, an Arkansas limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills

10

Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC is HIQ Corporate Services, Inc., 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

27. Defendant Senior Vantage Point, LLC, an Indiana limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant Senior Vantage Point, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Senior Vantage Point, LLC is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

28. Defendant 900 Magnolia Road SW, LLC, an Arkansas limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant 900 Magnolia Road SW, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant 900 Magnolia Road SW, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

11

29. Defendant Quality Review, LLC, an Indiana limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant Quality Review, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Quality Review, LLC is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

30. Defendant Arkansas SNF Operations Acquisition, LLC is a foreign limited liability company that at times material to this lawsuit owned, operated, managed, controlled and/or provided services to Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant Arkansas SNF Operations Acquisition, LLC in the ownership, operation, management, control and/or services provided to Pine Hills Health and Rehabilitation, LLC during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Arkansas SNF Operations Acquisition, LLC is HIQ Corporate Services, Inc., 3500 South DuPont Highway, Dover, Delaware 19901.

31. Defendant SLC Professionals Holdings, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Professionals Holdings, LLC owned, operated, managed, controlled and/or provided services for nursing facilities,

12

including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Professionals Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

32. Defendant SLC Administrative Services of Arkansas, LLC is an Arkansas limited liability company that at times material to this lawsuit, operated, managed, controlled, contracted with and/or provided services to Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant SLC Administrative Services of Arkansas, LLC in the operation, management, control and/or services provided to Pine Hills Health and Rehabilitation, LLC during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Administrative Services of Arkansas, LLC is Corporation Service Company, 300 Spring Building, Suite 900, Little Rock, Arkansas 72201.

33. Defendant John Dwyer, a resident of the state of Maryland, is a corporate manager, officer, owner, and director of all Defendants. John Dwyer may be served at 1422A Clarkview Road, Baltimore, Maryland 21209

34. Upon information and belief, Defendant Michael G. Hunter, a resident of the State of Arkansas, was an Administrator of Pine Hills Health and Rehabilitation Center at times during the residency of Willie Robinson, Sr. The causes of action made the basis of this suit arise in part out of Defendant Michael G. Hunter's administration of the facility during the residency of Willie Robinson, Sr. Defendant Michael G. Hunter may be served at his last known address.

35. At all times material to this action, each of the Defendants herein individually owed duties, some of which were non-delegable, to the residents of Pine Hills Health and Rehabilitation Center, including to Willie Robinson, Sr., such duties being conferred by statute, existing at common law, and being voluntarily assumed by each such Defendant.

36. At all times material hereto, the Defendants, through a joint venture, owned, operated, managed and controlled Pine Hills Health and Rehabilitation Center, and are individually and collectively engaged in the business of providing healthcare, medical services, therapy, rehabilitation, skilled nursing care, and custodial care services to the general public.

37. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

38. Upon information and belief, Willie Robinson, Sr. was admitted as a resident of Pine Hills Health and Rehabilitation Center (sometimes herein referred to as "the facility") located at 900 Magnolia Road, Camden, Arkansas 71701 on April 26, 2010 and, except for hospitalizations, he remained a resident until October 7, 2011. Willie Robinson, Sr. died on October 7, 2011.

39. Defendants were aware of the medical condition of Willie Robinson, Sr. and the care he required when they represented that they could adequately care for his needs.

40. Defendants each owed and failed to fulfill duties to Willie Robinson, Sr., including the duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; to select, train and retain only competent staff; to oversee and supervise all persons who practiced nursing, medical and/or skilled healthcare within

14

the facility; to staff the facility personnel sufficient both in number and in training to provide the care and services required by the facility's residents; to ensure that the facility's residents were treated with dignity and respect; to maintain sufficient funding, staffing and resources for the facility so that its residents were provided with the care and services they required; to formulate, adopt, and enforce rules, policies and procedures to ensure quality care and healthcare for all residents, and to update the same as required by the applicable standards of care; to take adequate measures to rectify known problems in the delivery of hygiene and custodial services as well as in the delivery of medical, skilled nursing, rehabilitation and therapy care; to warn residents, their family and/or representatives of the Defendants' inability to provide adequate care and services when Defendants knew or should have known of their deficiencies in providing such care and services; to refuse admission to residents to whom they knew or should have known they could not provide reasonable care and services; to not admit more residents than to whom Defendants could safely provide adequate care and services; to keep the facility's residents free from physical and mental abuse and neglect; to provide a safe, decent and clean living environment for the facility's residents; and to assist the residents in retaining and exercising all of the constitutional, civil and legal rights to which they are entitled as citizens of the United States and of the State of Arkansas.

41. Under state and federal law, the governing body of a nursing home is composed of individuals or a group in whom the ultimate authority and legal responsibility is vested for conduct of the nursing home. *See* Ark. Office of Long Term Care R. and Regs. § 100. All long-term care facilities must have a governing body, or designated persons functioning as a governing body, that is legally responsible for

15

establishing and implementing policies regarding the management and operation of the facility. The governing body has a legal duty to adopt effective patient care policies and administrative policies and by-laws governing the operation of the facility in accordance with legal requirements of state and federal law. *See* Ark. Office of Long Term Care R. and Regs. § 301.1. Nursing Home Defendants were legally responsible for establishing and implementing policies regarding management and operation of that facility, and in whom the ultimate authority and legal responsibility was vested for the conduct of that nursing home.

42. Defendants are liable for all damages alleged in this matter in their capacity as the owners, operators, licensees and/or managers of the facility during the residency of Willie Robinson, Sr.

43. In an effort to ensure that Willie Robinson, Sr. and other residents whose care was partially funded by the government were placed or kept at Pine Hills Health and Rehabilitation Center, Defendants held themselves out to the Arkansas Department of Human Services (DHS) and the public at large as being:

a) Skilled in the performance of nursing, rehabilitative and other medical support services;

b) Properly staffed, supervised and equipped to meet the total needs of their nursing home residents;

c) Able to specifically meet the total nursing home, medical and physical therapy needs of Willie Robinson, Sr. and other residents like his; and

d) Licensed by DHS and complying on a continual basis with all rules, regulations and standards established for nursing homes.

44. In surveys and inspections conducted prior to and during the residency of Willie Robinson, Sr., the Arkansas Office of Long Term Care repeatedly cited Pine Hills Health and Rehabilitation Center for regulatory deficiencies related to the care and

16

treatment of the facility's residents.  Pine Hills Health and Rehabilitation Center was cited with the following deficiencies, among others, determining that the facility failed to:

a)  Provide care by qualified persons according to each resident's written plan of care;

b)  Have a program that investigates, controls, and keeps infection from spreading;

c)  Make sure that the nursing home area is free from accident hazards and risks and provides supervision to prevent avoidable accidents;

d)  Make sure that residents are safe from serious medication errors;

e)  Make sure menus meet the resident's nutritional needs;

f)  Properly care for residents needing special services;

g)  Give residents proper treatment to prevent new pressure sores or heal existing pressure sores;

h)  Make sure that each resident who enters the nursing home without a catheter is not given a catheter, and receive proper services to prevent urinary tract infections and restore normal bladder function;

i)  Give proper treatment to residents with feeding tubes to prevent problems (such as aspiration pneumonia, diarrhea, vomiting, dehydration, metabolic anomalies, nasal-pharyngeal ulcers) and help restore eating skills, if possible.

45. In surveys and inspections conducted during and immediately after the residency of Willie Robinson, Sr., the Arkansas Office of Long Term Care repeatedly cited Pine Hills Health and Rehabilitation Center for regulatory deficiencies related to the care and treatment of the facility's residents. Pine Hills Health and Rehabilitation Center was cited with the following deficiencies, among others, determining that the facility failed to:

a)  Develop a care plan that meets all of a resident's needs, with timetables and actions that can be measured;

17

b) Conduct initial and periodic assessments of each resident's functional capacity;

c) Assist those residents who need total help with eating/drinking, grooming an personal and oral hygiene;

d) Provide necessary care and services to maintain the highest wellbeing of each resident;

e) Keep the rate of medication errors to less than 5%;

f) Keep each resident free from physical restraints, unless needed fir medical treatment;

g) Provide housekeeping and maintenance services;

h) Write and use policies that forbid mistreatment, neglect and abuse of residents and theft of residents' property;

i) Make sure the nursing home area is free from accident hazards and risks and provides supervision to prevent avoidable accidents;

j) Make sure that a working call system is available in each resident's room or bathroom and bathing area.

46. The extent to which the above citations directly included failures or deficiencies in the care, services and treatment provided to Willie Robinson, Sr. remains to be discovered. However, all of the above cited deficiencies establish that Defendants were on notice and aware of problems with resident care, including failures and deficiencies in care which caused the injuries alleged herein.

47. Defendants failed to discharge their obligations of care to Willie Robinson, Sr. with a conscious disregard for his rights and safety. At all times mentioned herein, Nursing Home Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Willie Robinson, Sr., as more fully set forth below.

Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of the facility. The severity of the recurrent negligence inflicted upon Willie Robinson, Sr. while under the care of the facility accelerated the deterioration of his health and physical condition and resulted in the physical and emotional injuries described below:

      a)     Multiple falls;

      b)     A urinary tract infection with E. coli;

      c)     An upper respiratory infection;

      d)     Thrush;

      e)     Right arm shunt infected with MRSA;

      f)     Surgical intervention for right arm shunt wound dehiscence;

      g)     Severe pain; and

      h)     Death.

48.     The above-identified injuries, as well as the conduct specified below, caused Willie Robinson, Sr. to suffer extreme pain and suffering, hospitalizations, mental anguish, degradation, disability, disfigurement, emotional distress, and ultimately his death.

49. Defendants controlled the operation, planning, management and quality control of the facility. The authority exercised over the nursing facility included, but was not limited to, budgeting, marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by the facility, federal and state reimbursement, quality care assessment and compliance, licensure

and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

50. Defendants operated and managed the facility so as to maximize profits by reducing staffing levels below that needed to provide adequate care to residents that would comply with federal and state regulations governing skilled nursing facilities. Thus, Defendants intentionally and/or with reckless disregard for the consequences of their actions caused staffing levels at their facility to be set so that the personnel on duty at any given time could not reasonably tend to the needs of their assigned residents. Upon information and belief, Defendants knowingly established staffing levels that created recklessly high nurse/resident ratios and disregarded patient acuity levels as well as the minimal time required to perform essential functions. The acts and omissions of Defendants were motivated by a desire to increase profitability by reducing expenditures for needed staff, training, supervision and care to levels that would predictably lead to severe injury. All of these acts of malfeasance directly caused injury to Willie Robinson, Sr. and other residents of the facility and were known to Defendants.

51. Defendants owed a duty to Willie Robinson, Sr. to maintain and adequately staff their facility with sufficient numbers of qualified, trained staff to meet the needs of the residents, including Willie Robinson, Sr., and are directly liable for the failure to exercise reasonable care in hiring, supervising, training and retaining sufficient numbers of qualified nurses and other staff employees and caregivers during the residency of Willie Robinson, Sr. Said failures placed the residents of the facility, including Willie Robinson, Sr., at risk of harm, and as a result, Defendants are directly liable for injuries suffered by Willie Robinson, Sr. as a result of these failures to exercise reasonable care. Likewise, Defendants owed a duty to Willie Robinson, Sr. to have adequate and

available food, fluids, supplies and functioning equipment to meet the needs of the residents, including Willie Robinson, Sr., and are directly liable for the failure to exercise reasonable care in providing and maintaining adequate and available food, fluids, supplies and functioning equipment to meet the needs of the residents. Said failures placed the residents of the facility, including Willie Robinson, Sr., at risk of harm, and as a result, Defendants are directly liable for injuries suffered by Willie Robinson, Sr. as a result of these failures to exercise reasonable care.

52. Plaintiff alleges that during his residency at the facility, Willie Robinson, Sr. was under the care, supervision and treatment of Defendants and that the injuries complained of were proximately caused by the acts and omissions of Defendants.

53. Defendants are vicariously liable for the acts and omissions of all persons or entities under their control, either directly or indirectly, including employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals, or agencies causing or contributing to the injuries of Willie Robinson, Sr.

54. In addition to all other claims and demands for damages set forth herein, Plaintiff is asserting claims for ordinary negligence, custodial neglect, and corporate negligence against the Defendants herein, as each of the entities and individuals named as Defendants herein as directly and vicariously liable for their independent acts of negligence, for their acts of general negligence, and for their acts of general corporate negligence.

21

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

### COUNT ONE

### NEGLIGENCE

55. Plaintiff incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

56. Nursing Home Defendants owed a non-delegable duty to their residents, including Willie Robinson, Sr., to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

57. Nursing Home Defendants owed a non-delegable duty to their residents, including Willie Robinson, Sr., to exercise reasonable care in providing care and services in a safe and beneficial manner.

58. Nursing Home Defendants owed a non-delegable duty to their residents, including Willie Robinson, Sr., to hire, train and supervise employees to deliver care and services to residents in a safe and beneficial manner.

59. Nursing Home Defendants breached these duties by failing to exercise reasonable care and by failing to prevent the mistreatment, abuse and neglect of Willie Robinson, Sr. The negligence of Nursing Home Defendants includes, but is not limited to, the following acts and omissions:

        a)     Failure to provide sufficient nursing and other staff that was properly qualified and trained;

        b)     Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Willie Robinson, Sr.;

c)  Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

d)  Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

e)  Failure to ensure that Willie Robinson, Sr. attained and maintained his highest level of physical, mental, and psychosocial well-being;

f)  Failure to establish, publish and/or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of Willie Robinson, Sr.;

g)  Failure to ensure that Willie Robinson, Sr. received adequate and proper nutrition, fluids, supervision, and skin care;

h)  Failure to provide and maintain an adequate and appropriate fluid maintenance program for Willie Robinson, Sr. to prevent dehydration and urinary tract infections;

i)  Failure to ensure that Willie Robinson, Sr. received adequate assessment of his nutritional needs to prevent malnutrition and weight loss;

j)  Failure to take necessary and reasonable custodial and hygiene measures to prevent the onset and progression of skin breakdown and sores during the residency;

k)  Failure to provide care, treatment and medication in accordance with physician's orders;

l)  Failure to provide Willie Robinson, Sr. with adequate sanitary care;

m)  Failure to provide adequate hygiene and sanitary care to prevent infections;

n)  Failure to adequately and appropriately monitor Willie Robinson, Sr. and recognize significant changes in his health status, and to timely notify his and his family of significant changes in his health status;

o)    Failure to monitor or increase the number of nursing personnel at the facility to ensure that Willie Robinson, Sr. received necessary supervision, timely and accurate care assessments, received proper treatment and diet, received timely custodial intervention due to a significant change in condition, and was protected from accidental injuries by the correct use of ordered and reasonable safety measures;

p)    Failure to provide adequate supervision to the nursing staff to ensure that Willie Robinson, Sr. received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments to prevent infection, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical condition of Willie Robinson, Sr.;

q)    Failure to adequately screen, evaluate, and check references, test for competence and use ordinary care in selecting nursing personnel to work at the facility;

r)    Failure to terminate employees at the facility assigned to Willie Robinson, Sr. who were known to be careless, incompetent and unwilling to comply with the policies and procedures of the facility and the rules and regulations promulgated by the Arkansas Department of Human Services and the Office of Long Term Care;

s)    Failure to assign nursing personnel at the facility duties consistent with their education and experience based on:

   1)    Willie Robinson, Sr.'s medical history and condition, nursing and rehabilitative needs;

   2)    The characteristics of the resident population residing in the area of the facility where Willie Robinson, Sr. was a resident; and

   3)    The nursing skills needed to provide care to such resident population;

t)    Failure by the members of the governing body of the facility to discharge their legal and lawful obligation to ensure that the rules and regulations designed to protect the health and safety of residents, such as Willie Robinson, Sr., as promulgated by the Arkansas Department of Human Services and the Arkansas Office of Long Term Care, were consistently complied with on an ongoing basis; and to ensure appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

24

u)    Failure by members of the governing body of the facility to discharge their legal and lawful obligation to ensure compliance with the facility's resident care policies;

v)    Failure to adopt adequate guidelines, polices, and procedures of the facility for documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of the facility, an employee of the facility or any interested person;

w)    Failure to document and maintain medical records on Willie Robinson, Sr. in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible and systematically organized with respect to diagnosis, treatment and assessment and establishment of appropriate care plans of care and treatment;

x)    Failure to properly in-service and orient employees to pertinent patient care needs to maintain the safety of residents;

y)    Failure to ensure that services provided or arranged by the facility were provided by qualified persons in accordance with Willie Robinson, Sr.'s written plan of care and failure to ensure that the physician's plan of care was implemented;

z)    Failure to fulfill the duties set forth in ¶40, above; and

aa)    Failure to provide a safe environment.

60. A reasonably careful nursing home operating under similar circumstances would foresee that the failure to provide the ordinary care listed above would result in devastating injuries to Willie Robinson, Sr.

61. Nursing Home Defendants further breached their duties of care to Willie Robinson, Sr. by violating certain laws and regulations in force in the State of Arkansas at the time of the occurrences discussed herein including, but not limited to, the following:

a)   By failing to comply with rules and regulations promulgated by the Arkansas Department of Human Services, Division of Social Services, Office of Long Term Care, pursuant to authority expressly conferred by Act 28 of 1979 (Ark. Code Ann. § 20-10-202, *et seq.*) and published in the Long Term Care (LTC) Provider Manual on April 8, 1984, and the supplements thereto, and federal minimum standards applicable to the facility;

b)   By failing to provide the necessary care and services to attain or maintain the highest practicable, physical, mental and psychosocial well-being of Willie Robinson, Sr., in accordance with the comprehensive assessment and plan of care;

c)   By failing to ensure a nursing care plan based on Willie Robinson, Sr.'s problems and needs was established that contained measurable objectives and timetables to meet his medical, nursing, and mental and psychosocial needs as identified in his comprehensive assessment;

d)   By failing to review and revise Willie Robinson, Sr.'s nursing care plan when his needs changed;

e)   By failing to treat Willie Robinson, Sr. courteously, fairly and with the fullest measure of dignity;

f)   By failing to provide sufficient nursing staff and nursing personnel to ensure that Willie Robinson, Sr. attained and maintained his highest practicable physical, mental and psychosocial well-being;

g)   By failing to notify the family and physician of Willie Robinson, Sr. of a need to alter his treatment significantly.

h)   By failing to provide a safe environment; and

i)   By failing to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident.

62. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of Nursing Home Defendants was a proximate cause of Willie Robinson, Sr.'s injuries as more specifically described herein, which were all foreseeable and caused his ultimately death. Willie Robinson, Sr. suffered personal

injuries, including extreme pain and suffering, hospitalizations, mental anguish, degradation, disability, disfigurement, emotional distress, and loss of personal dignity, which caused his family to suffer more than normal grief upon his death. Plaintiff prays for compensatory damages against Defendants for the wrongful death of Willie Robinson, Sr., including the grief suffered as well as the expenses of funeral and other related expenses.

63. As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, hospitalizations, extreme pain and suffering, mental anguish, degradation, disability, disfigurement, emotional distress, and loss of personal dignity, loss of life and related expenses, in an amount exceeding that required by this Court and by federal court jurisdiction in diversity of citizenship cases, to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT TWO

### NEGLIGENCE AS DEFINED BY THE ARKANSAS MEDICAL MALPRACTICE ACT, ARK. CODE ANN. §§ 16-114-201 *et seq.*

64. Plaintiff re-alleges and incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

65. Nursing Home Defendants are either medical care providers as defined by Ark. Code Ann. § 16-114-201(2) and/or are liable for medical care providers as defined by Ark. Code Ann. § 16-114-201(2).

66. Nursing Home Defendants owed a non-delegable duty to residents, including Willie Robinson, Sr., to use reasonable care in treating their residents with the degree of

27

skill and learning ordinarily possessed and used by nursing home facilities and affiliated health care providers in the same or similar locality.

67. Nursing Home Defendants owed a non-delegable duty to assist all residents, including Willie Robinson, Sr., in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

68. Nursing Home Defendants failed to meet the applicable standards of care and violated their duty of care to Willie Robinson, Sr. through mistreatment, abuse and neglect. Nursing Home Defendants failed to adequately supervise nurses and aides and failed to hire sufficient nurses and aides. As such, the nurses and aides were unable to provide Willie Robinson, Sr. the requisite care, and as a result, acts of professional negligence occurred as set forth in this paragraph. The medical negligence of Nursing Home Defendants includes, but is not limited to, the following acts and omissions:

      a)    Failure to ensure that Willie Robinson, Sr. received the following:

            1)    timely and accurate care assessments;

            2)    prescribed treatment, medication and diet;

            3)    necessary supervision; and

            4)    timely nursing and medical intervention due to a significant change in condition;

      b)    Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Willie Robinson, Sr. throughout his residency;

      c)    Failure to provide, implement, and ensure adequate nursing care plan revisions and modifications as the needs of Willie Robinson, Sr. changed;

d) Failure to provide, implement and ensure that an adequate nursing care plan for Willie Robinson, Sr. was followed by nursing personnel;

e) Failure to provide care, treatment, and medication in accordance with physician's orders;

f) Failure to provide adequate care and treatment to Willie Robinson, Sr. in order to prevent infections;

g) Failure to ensure that Willie Robinson, Sr. was assessed in order to receive adequate and proper nutrition, fluids, supervision, therapeutic diet, and skin care;

h) Failure to assess the risk and prevent, treat or heal the development or worsening of skin breakdown;

i) Failure to ensure that Willie Robinson, Sr. received sufficient amounts of fluids to prevent dehydration throughout his residency at the facility;

j) Failure to ensure that Willie Robinson, Sr. received adequate nutrition to prevent malnutrition and weight loss;

k) Failure to provide proper treatment, assessment and monitoring of Willie Robinson, Sr. in order to identify signs and symptoms of pain, and to appropriately treat and prevent his pain;

l) Failure to adequately and appropriately monitor Willie Robinson, Sr. and recognize significant changes in his health status, and to timely notify his physician of significant changes in his health status; and,

m) Failure to ensure that Willie Robinson, Sr. was not deprived of the services necessary to maintain his health and welfare.

69. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed in the above Complaint. Each of the foregoing acts of negligence on the part of Nursing Home Defendants was a proximate cause of Willie Robinson, Sr.'s injuries, which were all foreseeable. Willie Robinson, Sr. suffered personal injury, including extreme pain and suffering, mental anguish, disfigurement, disability, degradation, emotional distress, and loss of personal

29

dignity which caused his family to suffer more than normal grief upon his death.  Plaintiff
prays for compensatory damages against Defendants for the wrongful death of Willie
Robinson, Sr., including the grief suffered as well as the expenses of funeral and other
related costs.

70. Nursing Home Defendants were negligent and reckless in breaching the
duties owed to Willie Robinson, Sr. under the Medical Malpractice Act for the reasons
specifically enumerated in this Complaint.

71. As a direct and proximate result of such grossly negligent, willful, wanton,
reckless, malicious, and/or intentional conduct, Willie Robinson, Sr. suffered injuries as
described herein.   Plaintiff asserts a claim for judgment for all compensatory and
punitive damages against Nursing Home Defendants, including, but not limited to,
medical expenses, extreme pain and suffering, mental anguish, disfigurement, disability,
degradation, loss of personal dignity, and emotional distress, loss of life and related
expenses, in an amount to be determined by the jury and exceeding that required by
this Court and by federal court jurisdiction in diversity of citizenship cases, plus costs
and all other relief to which Plaintiff is entitled by law.

## COUNT THREE

## LIABILITY OF THE LICENSEES OF Pine Hills Health and Rehabilitation Center FOR VIOLATIONS OF THE LONG-TERM CARE FACILITY RESIDENTS ACT, ARK. CODE ANN. §§ 20-10-1201 et seq.

72. Plaintiff incorporates all of the allegations contained in the preceding
paragraphs as if fully set forth herein.

73. Among the Nursing Home Defendants, the licensees of Pine Hills Health and
Rehabilitation Center had statutorily-mandated duties to provide Willie Robinson, Sr. his

basic, nursing home resident's rights as set forth in the Protection of Long-Term Care Facility Residents Act, Ark. Code Ann. §§ 20-10-1201 *et seq.*

74. The Protection of Long-Term Care Facility Residents Act mandates the development, establishment, and enforcement of basic standards for the health, care, and treatment of persons in long-term care facilities; and mandates that the maintenance and operation of long-term care facilities will ensure safe, adequate, and appropriate care, treatment, and health of residents, like Willie Robinson, Sr.

75. The Protection of Long-Term Care Facility Residents Act mandates every licensed facility shall comply with all applicable standards and rules of the Office of Long-Term Care of the Arkansas Department of Human Services.

76. The statutory duties imposed upon the facility licensees to prevent deprivation or infringement of the resident's rights of Willie Robinson, Sr. were non-delegable. Thus, among the Nursing Home Defendants, the licensees are directly liable to Plaintiff for any deprivation and infringement of Willie Robinson, Sr.'s resident's rights occurring as a result of their own action or inaction, and as a result of the action or inaction of any other person or entity, including employees, agents, consultants, independent contractors and affiliated entities, whether in-house or outside entities, individuals, agencies or pools, as well as any deprivation and infringement of Willie Robinson, Sr.'s resident's rights caused by Nursing Home Defendants' policies, procedures, whether written or unwritten, and common practices.

77. Any person or entity acting as an employee or agent of Pine Hills Health and Rehabilitation Center assumed and undertook to perform the non-delegable and statutorily-mandated duties of the licensees to provide Willie Robinson, Sr. nursing

31

home resident's rights as set forth in Ark. Code Ann. §§ 20-10-1201 *et seq.* in the operation and management of Pine Hills Health and Rehabilitation Center.

78. Notwithstanding the responsibility of the licensees to protect and provide for these statutorily-mandated, nursing home resident's rights, Nursing Home Defendants infringed upon, and Willie Robinson, Sr. was deprived of, rights mandated by Ark. Code Ann. §§ 20-10-1201 *et seq.* including, but not limited to, the following:

a) The right to receive adequate and appropriate health care and protective and support services, including social services, mental health services, if available, planned recreational activities, and therapeutic and rehabilitative services consistent with the resident care plan for Willie Robinson, Sr., with established and recognized practice standards within the community, and with rules as adopted by federal and state agencies, such rights include:

1) The right to receive adequate and appropriate custodial service, defined as care for Willie Robinson, Sr. which entailed observation of diet and sleeping habits and maintenance of a watchfulness over his general health, safety, and well-being; and

2) The right to receive adequate and appropriate residential care plans, defined as a written plan developed, maintained, and reviewed not less than quarterly by a registered nurse, with participation from other facility staff and Willie Robinson, Sr. or his designee or legal representative, which included a comprehensive assessment of the needs of Willie Robinson, Sr., a listing of services provided within or outside the facility to meet those needs, and an explanation of service goals;

b) The right to regular, consultative, and emergency services of physicians;

c) The right to appropriate observation, assessment, nursing diagnosis, planning, intervention, and evaluation of care by nursing staff;

d) The right to access to dental and other health-related services, recreational services, rehabilitative services, and social work services appropriate to the needs and conditions of Willie Robinson, Sr., and not directly furnished by the licensees;

32

e)    The right to a wholesome and nourishing diet sufficient to meet generally accepted standards of proper nutrition, guided by standards recommended by nationally recognized professional groups and associations with knowledge of dietetics, and such therapeutic diets as may be prescribed by attending physicians;

f)    The right to a facility with its premises and equipment, and conduct of its operations maintained in a safe and sanitary manner;

g)    The right to be free from mental and physical abuse, and from chemical restraints;

h)    The right of Willie Robinson, Sr. to have privacy of his body in treatment and in caring for his personal needs;

i)    The right to prompt efforts by the facility to resolve resident grievances, including grievances with respect to resident care and the behavior of other residents;

j)    The right to participate in social, religious, and community activities;

k)    The right to the obligation of the facility to keep full records of the admissions and discharges of Willie Robinson, Sr., and his medical and general health status, including:

    1)    medical records;

    2)    personal and social history;

    3)    individual resident care plans, including, but not limited to, prescribed services, service frequency and duration, and service goals; and

    4)    making it a criminal offense to fraudulently alter, deface, or falsify any medical or other long-term care facility record, or cause or procure any of these offenses to be committed; and

l)    The right to be treated courteously, fairly, and with the fullest measure of dignity.

79. The aforementioned infringement and deprivation of the rights of Willie Robinson, Sr. were the result of Nursing Home Defendants failing to do that which a reasonably careful person would do under similar circumstances.

80. As a result of the aforementioned violations, the Plaintiff, pursuant to Ark. Code Ann. § 20-10-1209(a)(4), is entitled to recover actual damages against the licensees of the facility. The Plaintiff asserts a claim for judgment for actual damages, including, but not limited to, medical expenses, hospitalizations, extreme pain and suffering, mental anguish, degradation, disability, disfigurement, emotional distress, and loss of personal dignity, loss of life and related expenses, in an amount to be determined by the jury and exceeding that required for this Court and federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

81. The infringement or deprivation of the resident's rights of Willie Robinson, Sr. by Defendants was willful, wanton, gross, flagrant, reckless, or consciously indifferent. Pursuant to Ark. Code Ann. § 20-10-1209(c), Plaintiff is entitled to recover punitive damages against the licensees of the facility.

## CAUSES OF ACTION AGAINST ADMINISTRATOR DEFENDANT

### FACTUAL ALLEGATIONS

82. Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

83. Upon information and belief, Michael G. Hunter was an Administrator at Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr.

84. As administrator of the facility, Michael G. Hunter was responsible for ensuring that the facility complied with all state and federal regulations related to nursing facilities. Administrator Defendant had a duty to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychological well-being of each resident.

34

The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such facilities. Administrator Defendant breached his duties of care to Willie Robinson, Sr.

## COUNT ONE

### NEGLIGENCE

85. Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

86. Administrator Defendant owed duties to the residents, including Willie Robinson, Sr., to provide services as a reasonable administrator within accepted standards for a nursing home administrator.

87. Administrator Defendant breached the duties owed to the residents of the facility, including Willie Robinson, Sr., by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides, and as such, the nurses and nurses' aides were unable to provide Willie Robinson, Sr. the care he required. The negligence of the Administrator Defendant includes, but is not limited to, the following acts and omissions:

- a) Failure to adequately assess, evaluate, and supervise nursing personnel to ensure that Willie Robinson, Sr. received appropriate nursing care;

- b) Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

- c) Failure to ensure that Willie Robinson, Sr. attained and maintained his highest level of physical, mental, and psychosocial well-being;

- d) Failure to ensure that Willie Robinson, Sr. was assessed monitored

35

and treated for the signs and symptoms of infections;

e) Failure to ensure that staff provided Willie Robinson, Sr. with sufficient amounts of fluids to prevent dehydration;

f) Failure to ensure that Willie Robinson, Sr. received adequate nutrition to prevent malnutrition and weight loss;

g) Failure to ensure that Willie Robinson, Sr. received care, treatment, and medication as prescribed or in accordance with physician's orders;

h) Failure to ensure that Willie Robinson, Sr. was treated with the dignity and respect that all nursing home residents are entitled to receive;

i) Failure to provide a safe environment for Willie Robinson, Sr.;

j) Failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

k) Failure to discipline or terminate employees at the facility assigned to Willie Robinson, Sr. that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Office of Long Term Care;

l) Failure to adopt adequate guidelines, policies, and procedures for:

1) investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Office of Long Term Care or any other authority;

2) determining the cause of any such deficiencies, violations, or penalties;

3) establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

4) determining whether the facility had sufficient numbers of personnel to meet the total needs of Willie Robinson, Sr.; and

36

5) documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person;

m) Failure to ensure that Willie Robinson, Sr. was provided with basic and necessary care and supervision;

n) Failure to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses, licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Willie Robinson, Sr. received care, treatment, and services in accordance with State and Federal law;

o) Failure to assign nursing personnel at the facility duties consistent with their education and experience based on:

1) Willie Robinson, Sr.'s medical history and condition, and his nursing and rehabilitative needs;

2) The characteristics of the resident population residing in the area of the facility where Willie Robinson, Sr. was a resident; and

3) Nursing skills needed to provide care to such resident population;

p) Failure to provide sufficient numbers of qualified personnel, to ensure that Willie Robinson, Sr. was provided with a safe environment, received timely and accurate care assessments, received prescribed treatment, medication and diet, and was protected from abuse, mistreatment and accidental injuries by the correct use of reasonable safety measures;

q) Failure to properly in-service and orient employees to pertinent resident care needs to maintain the safety of residents;

r) Failure to protect Willie Robinson, Sr. from abuse and neglect;

s) Failure to provide adequate supervision to the nursing staff to ensure that Willie Robinson, Sr. received adequate and proper care;

t) Failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to protect the skin integrity of residents, including Willie Robinson, Sr.;

37

u) Failure to document and maintain all records on Willie Robinson, Sr. in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment;

v) Failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Willie Robinson, Sr.; and

w) Failure to comply with rules and regulations promulgated by the Arkansas Department of Human Services, Division of Social Services, Office of Long Term Care, pursuant to authority expressly conferred by Act 28 of 1979 (Ark. Code Ann. § 20-10-202, *et seq.*) and published in the Long Term Care (LTC) Provider Manual on April 8, 1984, and the supplements thereto, and federal minimum standards imposed by the United States Department of Health and Human Services.

88. A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in devastating injuries to Willie Robinson, Sr.

89. As a direct and proximate result of Administrator Defendant's negligent conduct, Plaintiff asserts a claim for judgment for all compensatory damages against Administrator Defendant including, but not limited to, medical expenses, hospitalizations, extreme pain and suffering, mental anguish, degradation, disability, disfigurement, emotional distress, and loss of personal dignity, loss of life and related expenses, in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### DAMAGES

90. Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

91. As a direct and proximate result of the negligence of Defendants as set out above, Willie Robinson, Sr. suffered injuries including, but not limited to, those listed herein. As a result, Willie Robinson, Sr. incurred significant medical expenses, suffered extreme pain and suffering, hospitalizations, emotional distress, degradation, mental anguish, disfigurement, disability, and unnecessary loss of personal dignity, loss of life and related expenses.

92. Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled.

### DEMAND FOR JURY TRIAL

93. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased, prays for judgment against Defendants as follows:

1. For damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained.

2. For all general and special damages caused by the alleged conduct of Defendants.

3. For costs of litigating this case, including attorney's fees.

4. For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Willie Robinson, Sr., and to deter Defendants and others from repeating such atrocities.

5. For all other relief to which Plaintiff is entitled.

Respectfully submitted,

Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased,

By: _____

William P. Murray, III (AR2013033)
Wilkes and McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
Telephone: (215) 972-0811
Facsimile: (215) 972-0580

*Attorneys for Plaintiff*

40

FILED

2011 NOV 8 PM 4 13

OUACHITA COUNTY, ARK.
BRITT WILLIFORD
COUNTY CLERK

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
PROBATE DIVISION
BY: _____ D.C.

IN THE MATTER OF THE ESTATE OF
WILLIE ROBINSON, SR, DECEASED

No. PR-2011- **151**

## LETTERS OF ADMINISTRATION

BE IT KNOWN:

That Eddie B. Robinson whose address is 2316 Pebble Beach Drive, Kokomo,

Indiana 46902, having been duly appointed administrator of the estate of Willie

Robinson, Sr., deceased, who died on October 7, 2011, and having qualified as such

administrator, is hereby authorized to act as such administrator, for and on behalf of the

estate and to take possession of the property thereof as authorized by law.

ISSUED the ___8th___ day of ___Nov.___, 2011.

BRITT WILLIFORD, CLERK

By: _____, D.C.


**PLAINTIFF'S EXHIBIT**
_A_

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

## SUMMONS

Case No: _____ $CV-2013-200-6$

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.

**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Senior Living Communities of Arkansas, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): **Senior Living Communities of Arkansas, LLC**

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.  It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _October 2, 2013_

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701

BETTY WILSON, Clerk

By: _Betty Wilson_ — Deputy

**No.** _____ This Summons is for: **Senior Living Communities of Arkansas, LLC**

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____           SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____           By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

### IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

## SUMMONS

Case No: _____ $CV$ - 2013 - 200-6

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.

**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations
Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a
Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property
Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC;
Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC;
ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900
Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals
Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
VAJ LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): **VAJ LLC**

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this
       Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of
Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be
answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____ October 2, 2013

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701

BETTY WILSON, Clerk

By: _____

**No.** _____        This **Summons** is for: **VAJ LLC**

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
## CIVIL DIVISION

## SUMMONS

Case No: ___*CV-2013-200-6*___

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.

**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
EOR-ARK, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):  **EOR-ARK, LLC**

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** ___*October 2, 2013*___

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701

BETTY WILSON, Clerk

By: ___*Betty Wilson*___ —Dep

**No. _____**          **This Summons is for: EOR-ARK, LLC**

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____ By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

THREE PARKWAY
1601 CHERRY STREET
SUITE 1300
PHILADELPHIA, PA 19102

PHONE: (215) 972-0811
FAX: (215) 972-0580
TOLL FREE: (800) 255-5070

October 1, 2013

**VIA FEDERAL EXPRESS**

Betty Wilson, Clerk
Ouachita County Circuit Court
Courthouse
145 Jefferson Street  SW
Camden, Arkansas  71701

Re:     Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased vs.
        EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC
        Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
        Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC
        Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC;
        SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV
        Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
        Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC,
        n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC;
        Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals
        Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael
        G. Hunter, Administrator
        Ouachita County Circuit Court No. _____

Dear Ms. Wilson:

Enclosed for filing and issuing please find:

1.     Civil Cover Sheet;
2.     Summonses for first three Defendants; and
3.     Complaint.

Also enclosed is a check in the amount of $165.00 which represents your filing fee and 3
summonses. Please return the issued summonses and file-marked copies of the Complaint in
the return Federal Express envelope provided for your convenience. We will have the
Defendants served by a private process server. The summonses for the remaining defendants
and your $2.50 per defendant will be sent under separate cover.

Your assistance is appreciated. Please do not hesitate to contact my assistant, Connie
Gartside, should you need additional information.

Sincerely,

**Wilkes & McHugh, P.A.**

William P. Murray, III

WPM/cbg
Enclosures

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

Case No: ___$C\vee - 2013 - 200 - 6$___

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.

**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
SLC Operations, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):  SLC Operations, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** ___03  Oct  2013___

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701

BETTY WILSON, Clerk

By: ___Shuley Ainsworth___ Deputy Clerk

No. _____        **This Summons is for:** SLC Operations, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

**Case No:** $\underline{\text{CV - 2013 - 200 - 6}}$

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.

**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
SLC Operations Holdings, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):  SLC Operations Holdings, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:**  $\underline{\text{03}}$  $\underline{\text{Oct}}$  $\underline{\text{2013}}$

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701

BETTY WILSON, Clerk

By: _Shirley Ainsworth_      Deputy Clerk

**No.** $\underline{\text{CV - 2013-200-6}}$          **This Summons is for:** SLC Operations Holdings, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

□ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

□ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

□ Other [specify]: _____

□ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

Case No: _____ $CU-2013-200-6$ _____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.

**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Pine Hills Holdings, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): Pine Hills Holdings, LLC

## NOTICE

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _03   Oct   2013_

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_ _____Deputy Clerk

**No.** _____     **This Summons is for:** Pine Hills Holdings, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

**Case No:** _____C v - 2 0 1 3 - 2 0 0 - 6_____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation

THE STATE OF ARKANSAS TO DEFENDANT(S):  Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _O3 October 2013_

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701

BETTY WILSON, Clerk

By: _Shirley Ainsworth_    Deputy Clerk

**No.** _____    **This Summons is for:** Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or


I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or


☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or


I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or


☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.


☐ Other [specify]: _____


☐ I was unable to execute service because: _____

_____


My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

**Case No:** _C∨ - 2013 - 2 00 - 6_

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
SLC Operations Master Tenant, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):  SLC Operations Master Tenant, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** __03   October  2013__

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_          Deputy Clerk

**No.** _____          **This Summons is for:** SLC Operations Master Tenant, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐   I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

## SUMMONS

**Case No:** $C\,U$ - 2013 - 2 00-6

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
SLC Properties, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):  SLC Properties, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** $O3$ $Oct$ $2013$

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_____Deputy Clerk

**No.** _____     **This Summons is for:** SLC Properties, LLC

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or


I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or


☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or


I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or


☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.


☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.


☐ Other [specify]: _____


☐ I was unable to execute service because: _____

_____


My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

Case No: _____ C V - 2 0 1 3 - 2 0 0 - 6 _____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**                    **TO DEFENDANT:**
William P. Murray, III, Esquire                SLC Property Holdings, LLC
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA  19102
(800) 255-5070

THE STATE OF ARKANSAS TO DEFENDANT(S):   SLC Property Holdings, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____ 03  Oct  2013 _____

Betty Wilson                                               BETTY WILSON, Clerk
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR  71701                                              By: _Shiley Ainsworth_ _____ Deputy Clerk

**No.** _____        **This Summons is for:** SLC Property Holdings, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

## SUMMONS

**Case No:**  $C \cup - 2013 - 200 - 6$

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
SLC Property Investors, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):  SLC Property Investors, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:**  $O3$   $Oct$   $2013$

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shiley Ainsworth_____ Deputy Clerk

**No.** _____   **This Summons is for:** SLC Property Investors, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____ [name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

·

3

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

## SUMMONS

#### Case No:   CV - 2013 - 200-6

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA  19102
(800) 255-5070

**TO DEFENDANT:**
Arkansas Nursing Home Acquisition, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):   Arkansas Nursing Home Acquisition, LLC

#### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:  Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:**   03  Oct  2013

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR  71701



BETTY WILSON, Clerk

By:  _Shirley Ainsworth_____Deputy Clerk

**No.** _____    **This Summons is for:** Arkansas Nursing Home Acquisition, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____    SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____    By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

Case No: $\underline{\quad C \lor - 2013 - 200 - 6 \quad}$

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
CSCV Holdings, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): CSCV Holdings, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date: $\underline{\quad 03 \quad Oct \quad 2013 \quad}$

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_ Deputy Clerk

No. _____    **This Summons is for:** CSCV Holdings, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on._____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____.

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

Case No: _____C V - 2013 - 200 - 6_____.

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Capital Funding Group, Inc.

THE STATE OF ARKANSAS TO DEFENDANT(S):   Capital Funding Group, Inc.

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:**  _03  Oct  2013_

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR  71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_  Deputy Clerk

**No.** _____    **This Summons is for:** Capital Funding Group, Inc.

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or


I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or


☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on ._____[date]; or


I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or


☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.


☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.


☐ Other [specify]: _____


☐ I was unable to execute service because: _____

_____


My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

## SUMMONS

Case No: ___C U - 2013 - 200 - 6___

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Capital Funding, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): Capital Funding, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** ___03  Oct  2013___

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_  Deputy Clerk

No. _____  **This Summons is for:** Capital Funding, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or


I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or


□  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address]  with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or


I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or


□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.


□ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.


□ Other [specify]: _____


□ I was unable to execute service because: _____

_____


My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

Case No:  _____$C V - 2013 - 200 - 6$_____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA  19102
(800) 255-5070

**TO DEFENDANT:**
Capital Finance, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):  Capital Finance, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:**  $03$  $Oct$  $2013$

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR  71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_          Deputy Clerk

No. _____          **This Summons is for:** Capital Finance, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address]  with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

**Case No:** _CV - 2013 - 200 - 6_

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Capital SeniorCare Ventures, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): Capital SeniorCare Ventures, LLC

### NOTICE

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _03 Oct 2013_

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701

BETTY WILSON, Clerk

By: _Minley Ainsworth_    Deputy Clerk

**No.** _____    **This Summons is for:** Capital SeniorCare Ventures, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address]  with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

# SUMMONS

**Case No:** _____ $C V - 2013 - 200-6$ _____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
ADDIT, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): ADDIT, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents. Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____ $03 \ Oct \ 2013$ _____

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR  71701



BETTY WILSON, Clerk

By: _Shirley Cunsworth_    Deputy Clerk

**No.** _____    **This Summons is for:** ADDIT, LLC

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address]  with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

Case No: _____ $CV - 2013 - 200 - 6$ _____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC

## NOTICE

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.  It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____ $03$ $Oct$ $2013$ _____

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Whitley Ainsworth_ _____ Deputy Clerk

No. _____

**This Summons is for:** SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

**Case No:** _____ C v - 2013 - 200-6 _____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Senior Vantage Point, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):  Senior Vantage Point, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____ 03  Oct  2013 _____

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR  71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_ ____ Deputy Clerk

**No.** _____     **This Summons is for:** Senior Vantage Point, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐   I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address]  with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

## SUMMONS

Case No: _____C V - 2013 - 200 - 13_____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

| | |
|---|---|
| **PLAINTIFF'S ATTORNEYS:** | **TO DEFENDANT:** |
| William P. Murray, III, Esquire | 900 Magnolia Road SW, LLC |
| Wilkes & McHugh, P.A. | |
| 1601 Cherry Street, Suite 1300 | |
| Philadelphia, PA 19102 | |
| (800) 255-5070 | |

THE STATE OF ARKANSAS TO DEFENDANT(S):   900 Magnolia Road SW, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:**  _03   Oct  2013_

| | | |
|---|---|---|
| Betty Wilson |  | BETTY WILSON, Clerk |
| Ouachita County Circuit Clerk | | |
| Courthouse | | |
| 145 Jefferson Street SW | | |
| Camden, AR 71701 | | By: _Shirley Ainsworth_____ Deputy Clerk |

**No.** _____   **This Summons is for:** 900 Magnolia Road, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                        By: _____
                                        [Signature of server]

                                        _____
                                        [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                                        [Signature of server]

                                        _____
                                        [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                                        _____
                                        Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

**Case No:** _C V - 2013 - 200 - 6_

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Quality Review, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): Quality Review, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _03  0ct  2013_

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_          Deputy Clerk

**No.** _____     **This Summons is for:** Quality Review, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

Case No: _____$CV-2013-200-b$_____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.

**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Arkansas SNF Operations Acquisition, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):   Arkansas SNF Operations Acquisition, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____$O3$  $Oct$  $2013$_____

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Armsworth_____Deputy Clerk

**No.** _____      **This Summons is for:** Arkansas SNF Operations Acquisition, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address]  with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                       By: _____
                                       [Signature of server]

                                       _____
                                       [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                                       [Signature of server]

                                       _____
                                       [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                                       _____
                                       Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

## SUMMONS

**Case No:** $CU - 2013 - 200 - 6$

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
SLC Professionals Holdings, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): SLC Professionals Holdings, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** ___03 Oct 2013___

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_ Deputy Clerk

**No.** _____    **This Summons is for:** SLC Professionals Holdings, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
## CIVIL DIVISION

## SUMMONS

**Case No:** _C U - 2013 - 200 - 6_

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations
Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a
Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property
Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC;
Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC;
ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900
Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals
Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
SLC Administrative Services of Arkansas, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):   SLC Administrative Services of Arkansas, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this
        Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of
Documents.   Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be
answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:**  _03  Oct  2013_

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701

BETTY WILSON, Clerk

By: _Shirley Ainsworth_          Deputy Clerk

**No.** _____          **This Summons is for:** SLC Administrative Services of Arkansas, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
CIVIL DIVISION**

## SUMMONS

Case No: _____C U · 2013 - 200 - 6_____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
John Dwyer

THE STATE OF ARKANSAS TO DEFENDANT(S):   John Dwyer

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____03   Oct  2013_____

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_     Deputy Clerk

No. _____     **This Summons is for:** John Dwyer

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
CIVIL DIVISION

## SUMMONS

Case No: _____ C U - 2013 - 200 - b _____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Michael G. Hunter, Administrator

THE STATE OF ARKANSAS TO DEFENDANT(S):   Michael G. Hunter, Administrator

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _03 Oct 2013_ _____

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_ _____ Deputy Clerk

**No.** _____    **This Summons is for:** Michael G. Hunter, Administrator

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

I delivered the summons and complaint to _____[name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of _____

_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____           SHERIFF OF _____ COUNTY, ARKANSAS

                                        By: _____
                                        [Signature of server]

                                        _____
                                        [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____           By: _____
                                        [Signature of server]

                                        _____
                                        [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                                        _____
                                        Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

THREE PARKWAY
1601 CHERRY STREET
SUITE 1300
PHILADELPHIA, PA 19102

PHONE: (215) 972-0811
FAX: (215) 972-0580
TOLL FREE: (800) 255-5070

October 2, 2013

**VIA FEDERAL EXPRESS**

Betty Wilson, Clerk
Ouachita County Circuit Court
Courthouse
145 Jefferson Street SW
Camden, Arkansas 71701

Re:    Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased vs.
       EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations
       Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and
       Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant,
       LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC;
       Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.;
       Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC;
       SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC;
       900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition,
       LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John
       Dwyer; and Michael G. Hunter, Administrator
       Ouachita County Circuit Court No. CV-2013-200-6

Dear Ms. Wilson:

       Enclosed for filing and issuing please find Summonses for the remaining 24 Defendants in
reference to the above captioned matter. I have enclosed your fee of $60.00.

       Please return the issued summonses in the self-addressed, stamped envelope provided for your
convenience. We will have the Defendants served by a private process server.

       Your assistance is appreciated. Please do not hesitate to contact my assistant, Connie Gartside,
should you need additional information.

                                   Sincerely,

                                   Wilkes & McHugh, P.A.

                                   William P. Murray, III

WPM/cbg
Enclosures

*[handwritten:]* H Miss Betty - Thought this first of all with the Summons.
Thank you !
Connie

Defendants:

*[handwritten:]* You already did

EOR-ARK, LLC;
VAJ LLC;
Senior Living Communities of Arkansas, LLC;
SLC Operations Holdings, LLC;
SLC Operations, LLC;
Pine Hills Holdings, LLC;
Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation;
SLC Operations Master Tenant, LLC;
SLC Properties, LLC;
SLC Property Holdings, LLC;
SLC Property Investors, LLC;
Arkansas Nursing Home Acquisition, LLC;
CSCV Holdings, LLC;
Capital Funding Group, Inc.;
Capital Funding, LLC;
Capital Finance, LLC;
Capital SeniorCare Ventures, LLC;
ADDIT, LLC;
SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC;
Senior Vantage Point, LLC;
900 Magnolia Road SW, LLC;
Quality Review, LLC;
Arkansas SNF Operations Acquisition, LLC;
SLC Professionals Holdings, LLC;
SLC Administrative Services of Arkansas, LLC;
John Dwyer; and
Michael G. Hunter, Administrator

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
6 DIVISION

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

PLAINTIFF

vs.                                                      NO. CV- 2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities
of Arkansas, LLC; SLC Operations Holdings, LLC; SLC
Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
Health and Rehabilitation, LLC, d/b/a Pine Hills Health
and Rehabilitation; SLC Operations Master Tenant, LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; Arkansas Nursing Home
Acquisition, LLC; CSCV Holdings, LLC; Capital Funding
Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals,
LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations
Acquisition, LLC; SLC Professionals Holdings, LLC; SLC
Administrative Services of Arkansas, LLC; John Dwyer;
and Michael G. Hunter, Administrator,



DEFENDANTS

## NOTICE OF ACTION OR CLAIM IN COMPLIANCE WITH ARKANSAS CODE ANNOTATED § 20-77-304

Pursuant to Ark. Code Ann. §20-77-304, the Arkansas Department of Human Services is
hereby served with written notice of the filing of an action or claim by Eddie B. Robinson, as
Administrator for The Estate of Willie Robinson, Sr., deceased. Willie Robinson, Sr., is believed
to have been a recipient of medical assistance from the Division of Medicaid of the State of
Arkansas. The action or claim has been filed against EOR-ARK, LLC; VAJ LLC; Senior Living
Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine
Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and
Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property
Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC;
CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance,
LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC,
n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals
Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G.
Hunter, Administrator.

Respectfully submitted,

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

By:

William P. Murray, III (AR2013033)
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
Telephone: (215) 972-0811

Robert H. Edwards (AR99010)
The Edwards Firm, PLLC
711 West Third Street
Little Rock, AR 72201
Phone: (501) 372-1329
Facsimile: (501) 372-1336

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a copy of the mandatory Notice required by Ark. Code Ann. §20-77-304 has been served by U.S. Mail, certified, return receipt requested, on the Director of the Department of Human Services on this ____ 8th ____ day of October, 2013:

Director of the Arkansas Department
 of Health and Human Services
S201 Donaghey Plaza West
P.O. Box 1437
Little Rock, AR 72203

William P. Murray, III
Wilkes & McHugh, P.A.

2

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

THREE PARKWAY
1601 CHERRY STREET
SUITE 1300
PHILADELPHIA, PA 19102

PHONE: (215) 972-0811
FAX: (215) 972-0580
TOLL FREE: (800) 255-5070

October 8, 2013

**VIA FEDERAL EXPRESS**

Betty Wilson, Clerk
Ouachita County Circuit Court
Courthouse
145 Jefferson Street SW
Camden, Arkansas 71701

Re:     Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased vs.
        EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations
        Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and
        Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant,
        LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC;
        Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.;
        Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC;
        SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC;
        900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition,
        LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John
        Dwyer; and Michael G. Hunter, Administrator
        Ouachita County Circuit Court No. CV-2013-200-6

Dear Ms. Wilson:

        Enclosed for filing please find *Notice of Action or Claim in Compliance with Arkansas
Code Annotated § 20-77-304*.

        Please returned the extra file-marked copy to our office in the self-addressed, postage-
paid envelope also enclosed. Thank you for your anticipated cooperation. Should you need
additional information please do not hesitate to contact me immediately.

                                        Sincerely,

                                        **Wilkes & McHugh, P.A.**

                                        William P. Murray, III

WPM/cbg
Enclosures

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

Eddie B. Robinson, as Administrator for The Estate of
Willie Robinson, Sr., deceased                                      PLAINTIFF

v.                    CASE NO.: CV-2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities of
Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations,
LLC; Pine Hills Holdings, LLC; Pine Hills Health and
Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation;
SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC
Property Holdings, LLC; SLC Property Investors, LLC; Arkansas
Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital
Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC;
Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality
Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC
Professionals Holdings, LLC; John Dwyer; and Michael G. Hunter,
Administrator                                                      DEFENDANTS



## DEFENDANTS' MOTION TO DISMISS COMPLAINT AND COMPEL ARBITRATION

Come now the Defendants, by and through their counsel, Kutak Rock LLP, and for their

Joint Motion to Dismiss Complaint and Compel Arbitration, state:

1.     The Plaintiff's Complaint must be dismissed for failure to state a claim and

compelled to arbitration. The Plaintiff filed this action in state court against the Defendants,

when the claims should have been brought in arbitration. Mr. Willie Robinson, Sr. executed an

Admission Agreement and binding, voluntary Arbitration Agreement encompassing the claims

made in the Plaintiff's Complaint. (Admission Agreement, attached hereto as Exhibit A;

Arbitration Agreement, attached hereto as Exhibit B; Arbitration Checklist, attached hereto as

Exhibit C). Thus, the Federal Arbitration Act, 9 U.S.C. §§ 1 to 16, requires the Court to compel

this matter to arbitration.

2.    Other Arkansas circuit courts have compelled arbitration based on arbitration agreements utilizing the same language and terms as the Arbitration Agreement in this case. (Composite Exhibit D, *Ross v. Canyon Springs Health and Rehabilitation, LLC*, No. CV-2012-466 (Garland Cnty. Cir. Ct. Mar. 29, 2013); *Bell v. GGNSC Rogers*, No. CV-2010-3447-3 (Benton Cnty. Cir. Ct. Mar. 10, 2011); *Johnson v. GGNSC Holdings LLC*, No. CV-2010-697 III (Garland Cnty. Cir. Ct. Oct. 25, 2010); *Diddle v. Highland Court, LLC*, No. CV-2009-86 (Searcy Cnty. Cir. Ct. Mar. 12, 2010)).

3.    The Defendants' Motion is based upon the attached Arbitration Agreement and set forth in the attached Memorandum, which is incorporated herein by reference.

4.    Notwithstanding this motion, the Defendants generally and specifically deny all allegations in the Plaintiff's complaint and preserve and affirmatively assert all available defenses under Ark. R. Civ. P. 8(c), including the defenses of statute of limitation, comparative negligence, contributory negligence, intervening cause, res judicata, collateral estoppel, estoppel, laches, unclean hands, and negligence of third parties over whom the defendants exercises no dominion or control as complete and/or partial bars to any recovery by the plaintiff herein. Further, pleading affirmatively, the Defendants state that the Complaint should be dismissed pursuant to, and defendants reserve all objections with respect to, all defenses afforded by Ark. R. Civ. P. 12(b)(1)–(6), including lack of jurisdiction over one or more of the parties, venue, insufficiency of process, insufficiency of service of process, failure to state facts upon which relief can be granted, failure to join a necessary party under Rule 19 and/or pendency of another action between the same parties arising out of the same transaction or occurrence.

WHEREFORE, the Defendants pray that this Court compel arbitration in accordance with the terms of the parties' Arbitration Agreement and the Federal Arbitration Act, 9 U.S.C. §§ 1 to 16, dismiss the case, or alternatively, stay the action in accordance with section 16-108-201 of the Arkansas Code, and award costs and attorney's fees expended herein to the Defendants, as well as any other relief to which they may be entitled, whether specifically prayed for herein or not.

Respectfully Submitted,
**KUTAK ROCK LLP**

*Samantha B. Leflar*

Mark W. Dossett, AR 95174
Kyle T. Unser, AR 2007133
Samantha B. Leflar, AR 2010190
KUTAK ROCK LLP
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007

**ATTORNEYS FOR DEFENDANTS**

3

## CERTIFICATE OF SERVICE

I hereby certify that I served the Defendants' Joint Motion to Dismiss Complaint and Compel Arbitration by mailing it on this 13th day of November, 2013, to:

Mr. William P. Murray, III
WILKES & McHUGH, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102

_Samantha B. Leflar_
Samantha B. Leflar

4

**ADMISSION AGREEMENT**

**Pine Hills Health and Rehabilitation, LLC**
**900 Magnolia Road – Camden, Arkansas 71701**

The undersigned resident or responsible party (collectively, the "Resident") hereby requests admission of _____ [name of resident] to Pine Hills Health and Rehabilitation, LLC (the "Nursing Facility" or "Facility") for medical, nursing, and personal care. The term "resident", when not capitalized, means the individual admitted into the facility. The "responsible party" means an agent, some other individual, or family member who agrees to assist the Facility in providing for the resident's admission, health-care, payment, maintenance, and discharge. The responsible party is a necessary party to this Agreement, and is contractually bound by its terms. The Nursing Facility and the Resident agree to the following terms for the resident's care.

**SECTION 1: FACILITY'S OBLIGATIONS**

1.1   Care and Services

   a.   To admit and provide nursing care on a nondiscriminatory basis so that all residents receive benefits and services without regard to age, race, color, religion, gender, or national origin.

   b   To furnish a semi-private or private room, nursing and personal care, social services, linens, bedding, and other items required for the resident's known physical condition or by law for the resident's health, safety, good grooming, and well-being.

   c.   To furnish dietary services, including physician-ordered special diets and special feeding devices.

   d.   To furnish laundry service for personal items not requiring dry cleaning, pressing, or special finishing.

   e.   To obtain the services of a licensed physician of the Resident's choice whenever necessary, or the services of another licensed physician, if resident's personal physician is not available or if the designated personal physician so orders.

   f.   To arrange for transfer of the resident to the hospital when ordered by the resident's physician and to notify the Resident of the transfer.

   g.   To notify the Resident of any change(s) in the costs or availability of services prior to any changes, as provided further, herein.

   h.   To refund any unused portions of prepaid charges based on daily rate schedules.

1.2   Personal funds. If the Resident decides to deposit personal funds with the Facility, the Resident will provide the Facility with written authorization to open a Resident Trust Account.

1.3.   Resident rights. The Facility will explain Resident Rights to the Resident on admission and periodically throughout the resident's stay. The Facility will give a copy of the Rights to the Resident on admission and whenever there is a change affecting the resident's rights.

EXHIBIT
A

Admission Agreement
Page 2

## Section 2: Resident's Obligations

2.1.    Physician. To choose a personal physician who agrees to assume resident's care according to his or her medical needs and the Facility's expectations.

2.2.    Facility rules and policies. To abide by the Facility's rules and policies established in connection with the operation and maintenance of the Facility.

2.3.    Respect for other residents. To respect the privacy, personal, and property rights of fellow residents in the Facility.

2.4.    Financial support. To provide spending money, as needed, by the resident.

2.5.    Personal effects. To provide personal clothing and effects, properly labeled or marked, and in sufficient quantities to keep the resident neat in dress and appearance.

2.6.    Inventory of personal effects. To provide a written and signed Inventory of Personal Effects form at the time of admission, and to update that inventory as items are acquired or discarded.

2.7.    Safekeeping of valuables. To arrange, with the CEO of the Facility, the safekeeping of the resident's money and valuables. The Facility is not otherwise responsible for the money, valuables, and personal effects of the resident.

2.8.    Neat and orderly room. To limit items brought into the resident's room to no more than can be neatly stored in the wardrobe and bedside cabinet, to keep the resident's personal effects (furniture, TV) in good condition and repair, and to remove furniture that is torn or malodorous from the Facility premises.

2.9.    Grievances. To raise any grievances concerning the Facility to the CEO or designee. The Facility also offers a toll-free "Hotline" telephone number through which grievances can be registered anonymously. This number is (888) 365-0661.

2.10.   Medications. Not to bring in over-the-counter medications or prescription medications unless delivered directly to the Director of Nursing or designee.

2.11.   Private nurse or sitters. To accept financial and legal responsibility for private nurses or sitters engaged by the responsible party for the resident's benefit, and to understand that private nurses and sitters will be expected to follow the Facility's rules and policies or be subject to dismissal for violations.

2.12.   Financial responsibility. To pay the Facility's charges as provided in this Agreement. Responsible parties or other individuals who use the resident's income or other resources for that individual's own benefit and not for the benefit of the resident will be reported to local law enforcement and to the Office of Long-term Care for investigation and possible prosecution, as required by law.

Admission Agreement
Page 3

SECTION 3: FINANCIAL UNDERSTANDINGS

3.1.   Timely payment. Payment to the Facility for services provided under this Agreement is
        due by the first (1st) day of each month. The Facility may add a late charge of the lesser
        of 1.5% or the maximum amount permitted by law. Resident's failure to pay the Facility
        any amount due shall be sufficient grounds for the Facility to discharge the resident in
        accordance with state and federal law.

3.2    Fee for returned checks. The Facility shall charge a service fee of the greater of $25.00
        or the actual fee charged by the bank for returned checks.

3.3    Payment guarantees. The Resident agrees to the following Assignment of Income to the
        Nursing Facility, or, the responsible party grants the Nursing Facility the following
        personal Guarantee as evidenced by his or her signature below:

        a.    Assignment of Income:

              By my signature, I hereby assign all rights to resident's income from whatever
              source derived, as it exists now or as it may exist in the future, to the Nursing
              Facility as is necessary for payment of all charges incurred relating to resident's
              care. This obligation shall include the payment of reasonable attorney fees if this
              obligation is placed into the hands of an attorney for collection.


              _____
              Signature of Resident

                        **OR**

        b.    Personal Guarantee:

              By my signature, I hereby *personally* and *voluntarily* guarantee all obligations of
              Resident under this Agreement, including but not limited to the payment of all
              charges billed by the Nursing Facility relating to the resident's care. This
              obligation shall include the payment of reasonable attorney fees if this obligation
              is placed into the hands of an attorney for collection.


              _____
              Signature of responsible party

3.4.   Daily rate. The basic daily rate for a private room is $ _____ and for a semi-private
        room is $ _____. The Resident agrees to pay the Facility, on or before the day of
        admission, an amount no less than the first full month's room and board charge at the
        private pay daily rate; and then by the 1st day of each following month. Any unused
        advance payment will be refunded if the resident becomes covered by the Medicaid or
        Medicare programs, or leaves the Facility before the end of the month.

Admission Agreement
Page 4

3.5.    Extra charges. The Resident's personal needs for items or services not customarily
        provided by the Facility are not covered in the basic daily rate and may be furnished by
        the Resident, or paid by the Resident as an extra charge. These items or services may
        include private-duty nursing, private room, beauty or barber shop services, brand name
        personal care items, false teeth, eyeglasses, or prosthetic devices. Extra charges for items
        and services not included in the daily rate are set forth in the Admission Packet.

3.6.    Expenses incurred for health and welfare of Resident. The Resident will be billed for and
        will pay promptly those charges for ancillary services, supplies, and special equipment
        that are not included in the daily rate, but which the Resident's attending physician or the
        Facility determine, in their discretion, to be necessary for the health and welfare of the
        Resident. To the extent possible, the Facility will notify the Resident in advance that
        these charges will be incurred. Where these services or supplies are provided by third
        parties, such as medical attention by a physician or ambulance service, the Resident may
        be billed by the appropriate party. *The Resident always has the right to refuse treatment
        or services.*

3.7     Rate adjustments. The daily rate may be adjusted upon written notice to the Resident,
        and such rate adjustment is incorporated into and made part of this Agreement. Rates
        may change based on changes in the cost of providing care, a change in room with a
        different rate schedule, or a change in the resident's level of care. The rate adjustment is
        effective upon the mailing date of the notice, unless the adjustment is based on a change
        in the cost of providing care, in which case, the adjustment becomes effective no earlier
        than 30 days from date the notice is mailed.

3.8.    Third party payor programs. The Facility agrees to accept payment from Medicare,
        Medicaid, and insurance companies in lieu of or in addition to payment from the
        Resident, as the case may be. The Resident remains responsible for paying all co-
        payments, co-insurance, deductibles, and amounts and charges for items and services
        incurred by or on behalf of the resident that the third party payors do not cover.

3.9.    Government payment.

        a.      If the Resident's funds are nearing depletion, it is important to locate alternative
                payment sources immediately to ensure the resident's stay is uninterrupted. If the
                Resident anticipates applying for government assistance, such as Medicaid, the
                Resident agrees to give notice to the Facility and initiate the application at least 3
                months prior to depletion of private funds. If a resident has a pending application
                for government assistance, the Resident agrees to pay the Facility at the rate listed
                herein until the Facility receives payment from the government agency. The
                Facility will refund any overpayments to the Resident within 30 days.

        b.      In the event government payment is denied or terminated, Resident agrees to pay
                all unpaid charges for care previously rendered. In the event of a termination of
                governmental payments, the charges for services rendered commencing with the
                date of the termination will be at the rate herein specified.

Admission Agreement
Page 5

      c.     Medicare coverage is limited by federal law, applying only for a specified level of care and a limited number of days. When Medicare coverage expires, the resident may remain in the facility as private pay, or as a recipient of other governmental assistance. If the resident becomes private pay, the Resident shall pay in advance one month's room and board at the private pay rate at the time the resident's pay status changes.

3.10.   Bed-hold charge. If the resident should leave the Facility temporarily, a daily bed-hold charge (in accordance with the Bed-Hold policy) will be made until the personal effects of the resident are removed from the Facility or a stop bed-hold agreement is signed. The Facility will provide a written bed-hold notice at the time of hospitalization or other leave.

### SECTION 4: FACILITY POLICIES AND PROCEDURES

4.1.    Personal property. The Facility shall make reasonable efforts to safeguard the resident's property in the facility.

      a.     Because the Facility is unable to exercise complete control over residents' personal property, the Facility will not be liable for the loss, theft, or destruction of money, papers, jewels, or other personal property of the resident or any other person except as delivered to the CEO of the Facility for safekeeping, as evidenced by a signed receipt for such property. The Facility suggests that arrangements for the safekeeping of this property be made prior to the admission of the resident. Residents are permitted to retain and use personal possessions and appropriate clothing, as space permits.

      b.     The Facility shall not be liable for any damage to or loss of the resident's property remaining in the Facility after the resident's discharge. The Facility may dispose of any property left by the resident if not claimed within 10 days of discharge or transfer, or in accordance with applicable state law.

4.2.    Prescriptions. All medications must be prescribed by the resident's physician and administered by a licensed nurse in the Facility, or the resident, if he or she has a physician order for self-administration. The Facility will order all medication required by the resident.

4.3.    Smoking. Smoking is not permitted in the Facility. The Resident accepts full responsibility and absolves the Facility, its personnel, and the attending physician of responsibility for any fires, burns, or other accidents occurring as a result of the resident smoking while the resident is in bed, in the resident's room, or in any other area in the Facility. Under no circumstances will residents be permitted to carry or have lighters in their possession. Violation of the smoking policy may result in immediate discharge from this facility if the Facility determines that the resident's behavior endangers the safety of resident or other persons in the facility.

Admission Agreement
Page 6

4.4.   Gratuities.  To ensure equality of care to our residents and to protect against abuse or
       exploitation, this Facility does not permit its staff to accept gratuities or favors from our
       residents, or their families or friends.  If the Resident or visitor desires to show
       appreciation for care and services, he or she is encouraged to do something that will
       benefit the facility as a whole.

4.5.   Telephones.  Each resident room with a standard telephone jack, the resident is
       responsible for the installation of telephone and Internet services and fees, and payment
       of the monthly bill.  The bill for telephone services should be addressed to the person
       who has accepted responsibility for payment.  If the Facility initiates a room change, it
       will arrange for transfer of the line.

4.6.   Other Facility policies.  The Admission Packet contains other important policies that
       guide your residency in this facility.

**SECTION 5: ARBITRATION**

5.1.   The Resident acknowledges that disputes arising out of this Agreement, including the
       provision of care and services, may be submitted to arbitration, if the Resident elects to
       do so, by signing a separate agreement executed between the Nursing Facility and the
       Resident.  Agreeing to arbitration is not a condition of admission or to continuing care.

**SECTION 6: MISCELLANEOUS PROVISIONS**

6.1.   Termination.  Either party may terminate this Agreement by giving written notice to the
       other party at the address(es) described below.  Otherwise, this Agreement shall remain
       in effect until the resident is discharged.

6.2.   Notices.  Notices shall be mailed to the address indicated below.  The responsible party is
       responsible for notifying the Facility of any change of address.  The Resident designates
       the following person to be notified when any legally required notices are provided to the
       Resident.

| Name of responsible party | | | | |
|---|---|---|---|---|
| Address:   Street | | City | State | ZIP |
| Phone Numbers (indicate whether home, work, and cell) | | | | |
| Email address | | | | |

Admission Agreement
Page 7

6.3. Entire understanding. This Agreement and any agreement to arbitrate disputes, received and acknowledged by the Resident at any time on or after the date of this Agreement, contain the entire agreement between the parties, and they supercede all prior agreements, arrangements or oral representations as to all matters relating to the resident and his or her care at the Facility. *This Agreement and all accompanying documents and agreements shall remain in full force and effect for all Resident's future stays in the facility, regardless of transfers to hospital, home, or other institutions, until superceded by any new Agreements.*

6.4. Modifications. No modification of the terms and conditions of this Agreement shall be valid unless in writing and signed by the parties to this Agreement.

**SECTION 7: PARTIES & WITNESSES**

On this 1st day of July, 2009, the Parties agree to be bound by the provisions of this Agreement.

| Resident's Signature | Address | Telephone/Email |
|---|---|---|
| *Xewitt- Robinson* | | |
| Witness's Signature | | |
| Witness's Signature (if resident signed with a mark) | | |
| Responsible Party's Signature | Address | Telephone/Email |
| Facility Representative's Signature *Leslie Lewis* | 900 Magnolia Rd. Camden, AR 71701 | 870)836 -6833 |

If the responsible party is a legal representative, check the type of legal authority below:
[ ] Guardian
[ ] Durable Power of Attorney for Health Care
[ ] Durable Power of Attorney for Business
[ ] Conservator
[ ] Other: _____

This Arbitration Agreement (the "Agreement") is hereby entered between Pine Hills Health and Rehabilitation, LLC (the "Facility") and _____ (the Resident or the Responsible Party) in conjunction with an agreement for admission and for the provision of nursing facility services (the "Admission Agreement") by Facility to Resident. The "Responsible Party" means an agent, some other individual, or family member who agrees to assist the Facility in providing for the Resident's admission, health care, payment, maintenance, and discharge. The Resident and the Responsible Party shall be collectively referred to as the "Resident." The Resident and the Facility shall be collectively referred to as the "parties."

The parties to this Agreement acknowledge and agree that upon execution, this Agreement becomes part of the Admission Agreement, and that the Admission Agreement evidences a transaction involving interstate commerce governed by the Federal Arbitration Act. The Responsible Party acknowledges further that execution of this Agreement affects his or her individual rights. It is understood and agreed by Facility and Resident that any and all claims, disputes, and controversies (hereafter collectively referred to as a "claim" or collectively as "claims") arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided by the Facility to the Resident shall be resolved exclusively by binding arbitration to be conducted at a place agreed upon by the Parties, or in the absence of such an agreement, at the Facility, in accordance with the National Arbitration Forum Code of Procedure, ("NAF") which is hereby incorporated into this Agreement[1], and not by a lawsuit or resort to court process. This agreement shall be governed by and interpreted under the Federal Arbitration Act, 9 U.S.C. Sections 1-16.

This agreement to arbitrate includes, but is not limited to, any claim for payment, nonpayment, or refund for services rendered to the Resident by the Facility, violations of any right granted to the Resident by law or by the Admission Agreement, breach of contract, fraud or misrepresentation, negligence, gross negligence, malpractice, or claims based on any departure from accepted medical or health care or safety standards, as well as any and all claims for equitable relief or claims based on contract, tort, statute, warranty, or any alleged breach, default, negligence, wantonness, fraud, misrepresentation, suppression of fact, or inducement. However, this Agreement shall not limit the Resident's right to file a grievance or complaint with the Facility or any appropriate government agency, or from requesting an inspection from such an agency, or from seeking review under 42 C.F.R. Section 431.200 et seq. of a decision to transfer or discharge the Resident.

The parties agree that damages awarded, if any, in an arbitration conducted pursuant to this Agreement shall be determined in accordance with the provisions of the state or federal law applicable to a comparable civil action, including any prerequisites to, credit against, or limitations on, such damages. Any award of the arbitrator(s) may be entered as a judgment in any court having jurisdiction. In the event a court having jurisdiction finds any portion of this agreement unenforceable, that portion shall not be effective and the remainder of the Agreement shall remain effective.

**EXHIBIT**
**B**

---

[1] Information about the National Arbitration Forum, including a complete copy of the Code of Procedure, can be obtained from the Forum at (800) 474-2371, by fax at (651) 604-6778, or toll-free fax at (866) 743-4517, or on the Internet at http://www.arb-forum.com. Claims may be filed at any office of the National Arbitration Forum, at

It is the intention of the parties to this Agreement that it shall inure to the benefit of and bind the parties, their successors, and assigns, including without limitation the agents, employees and servants of the Facility, and all persons whose claim is derived through or on behalf of the Resident, including any parent, spouse, sibling, child, guardian, executor, legal representative, administrator, or heir of the Resident. The parties further intend that this Agreement is to survive the lives or existence of the parties hereto.

All claims based in whole or part on the same incident, transaction, or related course of care or services provided by the facility to the Resident shall be arbitrated in one proceeding. A claim shall be waived and forever barred if it arose and should reasonably have been discovered prior to the date upon which notice of arbitration is given to the Facility or received by the Resident and such claim is not presented in the arbitration proceedings.

**THE PARTIES UNDERSTAND AND AGREE THAT THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES, AND THAT BY ENTERING INTO THIS ARBITRATION AGREEMENT, THE PARTIES ARE GIVING UP AND WAIVING THEIR CONSTITUTIONAL RIGHT TO HAVE ANY CLAIM DECIDED IN A COURT OF LAW BEFORE A JUDGE AND A JURY, AS WELL AS ANY APPEAL FROM A DECISION OR AWARD OF DAMAGES.**

The Resident understands that (1) he or she has the right to seek legal counsel concerning this Arbitration Agreement, (2) that execution of the Agreement is not a precondition to admission or to the furnishing of services to the Resident by the Facility, and (3) this Arbitration Agreement may be rescinded by written notice to the Facility from the Resident within thirty days of signature. If not rescinded within thirty days, this Arbitration Agreement shall remain in effect for all subsequent stays at the Facility, even if the Resident is discharged from and readmitted to the Facility.

The undersigned certifies that he or she was read this Arbitration Agreement and that it was been fully explained to him or her, that he or she understands its contents, and has received a copy of the provision and that he or she is the Resident, or the person duly authorized by the Resident or otherwise to execute this Agreement and accept its terms.

| **RESIDENT** | **RESPONSIBLE PARTY\*** |
|---|---|
| Willie Robinson | |
| Name of Resident | Name of Responsible Party |
| Willie A Robinson | |
| Signature of Resident | Signature of Responsible Party |
| Date: 4/26/10 | Date: |
| WITNESS SIGNATURE | |
| Jeslie Jewis SSD | Date: 4/26/10 |

*\*NOTE: The Responsible Party must also complete the information at the top of Page 3 as well.*

**Arbitration Agreement**
Page 3 of 3

**Responsible Party To Complete This Section:**
If the resident is unable to consent or sign this provision because of physical disability or mental incompetence or is a minor and a Responsible Party is signing this provision, complete the following:

Relationship to Resident: _____ Self _____

**(Check if applicable):**  [ ] A copy of my guardianship papers, durable power of attorney or other documentation, has been provided to the Facility and is attached.

FACILITY

_____
Signature of Facility Representative

Date: 4/26/10

social services director
Print Name and Title

## ARBITRATION AGREEMENT CHECKLIST

|  | Yes | No |
|---|---|---|
| 1. The Resident **can** read. ("Resident" shall hereinafter mean the resident, responsible party, and legal representative). | Yes | (No) |
| 2. The Resident has capacity to understand the nature of arbitration and the consequences of signing the arbitration agreement. | (Yes) | No |
| 3. I have given the Resident informational material about arbitration. | (Yes) | No |

### I have explained the following to the Resident:

| | Yes | No |
|---|---|---|
| 4. Signing the agreement is not a condition of admission. | (Yes) | No |
| 5. The Resident may revoke the Agreement up to 30 days after signing it. After that, disputes will be arbitrated. | (Yes) | No |
| 6. The Resident may have an attorney review the Agreement. | (Yes) | No |
| 7. All disputes between the nursing facility and the resident, except involuntary discharges, will be settled by an arbitrator, if any internal grievance procedures that the parties may have engaged in fail to resolve the dispute. | (Yes) | No |
| 8. Arbitration is an alternative to jury trials, and by signing the Agreement, the Resident is giving up the right to a jury trial. | (Yes) | No |
| 9. The arbitrator is a neutral impartial third party, will be a lawyer, and may be a former judge. | (Yes) | No |
| 10. Arbitration is like a trial without a jury. The Resident may hire a lawyer, present evidence, have witnesses testify on the Resident's behalf, cross examine the Facility's witnesses, and receive an award of compensatory and punitive damages if the resident prevails. | (Yes) | No |
| 11. The arbitrator's decision is binding on the parties. | (Yes) | No |
| 12. Arbitration is more efficient than court trials. The process is generally faster and less costly than traditional litigation. | (Yes) | No |

**We, the undersigned, certify that the Arbitration Agreement has been explained to the Resident, the Resident has been given the opportunity to ask questions, and the Resident has been given a copy of the Agreement to read.**

_Keslie Lewis SSD_

Signature of Facility Representative

_5-13-16_
Date

Signature of Resident or Responsible Party

_5-13-16_
Date

AP31 Arbitration Agreement Checklist
**Revised**

EXHIBIT

C

IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS
DIVISION IV

FILED
2013 JAN 29 PM 3 36

JEA...
OARLAND... CIR...
BY

EVELYN RINKLE, as Administratrix of the Estate
of TOMMIE ROSS, deceased; and on behalf of the
wrongful death beneficiaries of TOMMIE ROSS

v.                                    CASE NO.: CV-2012-466

CANYON SPRINGS HEALTH AND REHABILITATION,
LLC; SENIOR LIVING COMMUNITIES OF ARKANSAS,
LLC; ARKANSAS SNF OPERATIONS ACQUISITION,
LLC; HOT SPRINGS HOLDINGS, LLC; SENIOR
VANTAGE POINT, LLC; SLC PROFESSIONALS, LLC;
CAPITAL SENIORCARE VENTURES, LLC; CSCV
HOLDINGS, LLC; SLC OPERATIONS MASTER
TENANT, LLC; 1401 PARK AVENUE, LLC; ADDIT,
LLC; AEGIS THERAPIES, LLC; JERRY V. KEMPER;
AND SYBIL ADAMS                                    DEFENDANTS

## ORDER

On the 30th day of January, 2013, came on for hearing Defendants' Motion to Compel

Arbitration. Plaintiff appeared through counsel, Matthew D. Swindle; Defendant Aegis

Therapies, LLC, appeared through counsel, Kirkman T. Dougherty; and the remaining

Defendants appeared through counsel, Samantha B. Leflar. After consideration of the pleadings,

argument of attorneys, and all applicable law, the Court finds:

1.      The parties' Arbitration Agreement is valid and their agreement encompasses the

dispute at issue.

2.      The Arbitration Agreement does not mandate arbitration before the National

Arbitration Forum, and its unavailability does not render the Arbitration Agreement impossible

to perform.

3.      The Arbitration Agreement is not unconscionable.

4.      The allegations in the Complaint estop the Plaintiff from precluding the Non-

Signatory Defendants from enforcing the Arbitration Agreement.

4811-1295-6923.1


EXHIBIT
D

5.   The Court directed it would select an Arbitrator in accordance with state and federal law if the parties could not agree to one in thirty days, and the parties have agreed to arbitrate this matter before Mr. Frank Hamlin.

6.   This action is stayed pending the outcome of binding arbitration pursuant to the language of the Arbitration Agreement.

IT IS SO ORDERED.

_____
The Honorable Marcia R. Hearnsberger
Circuit Judge

_3-29-13_
Date

Approved as to form:

_____
Attorney for Plaintiff

_____
Attorney for Defendant, Aegis Therapies, LLC

_Samantha B. Leflar_
Attorney for Defendants,
Canyon Springs Health and Rehabilitation, LLC
Senior Living Communities of Arkansas, LLC
Arkansas SNF Operations Acquisition, LLC
Hot Springs Holdings, LLC
Senior Vantage Point, LLC
SLC Professionals, LLC
Capital SeniorCare Ventures, LLC.
CSCV Holdings, LLC
SLC Operations Master Tenant, LLC
1401 Park Avenue, LLC
ADDIT, LLC
Jerry V. Kemper
Sybil Adams

2

4811-5295-5923.1

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS

FILED

BARBARA RENEE BELL

2011 MAR ... PM 3 10

VS.

NO. CV-2010-3447-3

BRENDA DESHIELDS
CLERK AND RECORDER
BENTON COUNTY, AR

GGNSC ROGERS LLC d/b/a GOLDEN LIVING CENTER-
ROGERS; GGNSC ADMINISTRATIVE SERVICES LLC
d/b/a GOLDEN VENTURES; GGNSC HOLDINGS LLC
d/b/a GOLDEN HORIZONS; GOLDEN GATE NATIONAL
SENIOR CARE LLC d/b/a GOLDEN LIVING;
GOLDEN GATE ANCILLARY LLC d/b/a GOLDEN INNOVATIONS;
GGNSC EQUITY HOLDINGS LLC; GPH ROGERS LLC;
GGNSC CLINICAL SERVICES LLC d/b/a GOLDEN CLINICAL SERVICES
NEW HOPE HEALTH AND REHABILITATION LLC a/k/a NEW HOPE
HEALTH AND REHABILITATION; ROGERS NEW HOPE HOLDINGS, LLC;
SLC OPERATIONS MASTER TENANT, LLC; SLC PROFESSIONALS
OF ARKANSAS, LLC; SLC ADMINISTRATIVE SERVICES OF
ARKANSAS, LLC; CAPITAL SENIOR CARE VENTURES, LLC;
SLC PROPERTIES, LLC; 1149 & 1151 WEST NEW HOPE ROAD, LLC;
JOHN MCPHERSON, IN HIS CAPACITY AS ADMINISTRATOR/EXECUTIVE
DIRECTOR OF GOLDEN LIVING CENTER-ROGERS; LAURIE HERRON,
IN HER CAPACITY AS ADMINISTRATOR/EXECUTIVE
DIRECTOR OF GOLDEN LIVING CENTER-ROGERS; AND BEVERLY
GALLAGHER, IN HER CAPACITY AS ADMINISTRATOR OF NEW HOPE
HEALTH AND REHABILITATION, LLC f/k/a GOLDEN LIVING
CENTER-ROGERS

DEFENDANTS

## ORDER

NOW on this 2nd day of March, 2011, the Court does hereby find and order

as follows:

1.      That on January 5, 2011, Separate Defendants, New Hope Health and

Rehabilitation, LLC, a/k/a New Hope Health and Rehabilitation; Rogers New Hope

Holdings, LLC; SLC Operations Master Tenant, LLC; SLC Operations, LLC; SLC

Professionals of Arkansas, LLC; SLC Administrative Services of Arkansas, LLC; Capital

Senior Care Ventures, LLC; SLC Properties, LLC; 1149 & 1151 West New Hope Road,

· LLC; and Beverly Gallagner, filed a Motion to Compel Arbitration and For Dismissal.

2.    That the Separate Defendants' Motion to Compel Arbitration and For

Dismissal is hereby granted.

3.    That pursuant to Federal and Arkansas law, the parties are given thirty (30)

days to come to an agreement on a new arbitration forum.

4.    That if the parties are unable to come to an agreement by the prescribed

time, this Court shall recommend one.

IT IS SO ORDERED.

Hon. Jay T. Finch, Circuit Judge
Division Three

IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS

KRISTA VICENTIC, AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF ELSIE MARIE JOHNSON AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES OF
ELSIE MARIE JOHNSON                                      PLAINTIFF

VS.                          NO. CV-2010-697 III

GGNSC HOLDINGS LLC d/b/a GOLDEN HORIZONS;
GGNSC CLINICAL SERVICES LLC d/b/a GOLDEN
CLINICAL SERVICES; GGNSC ADMINISTRATIVE
SERVICES LLC d/b/a GOLDEN VENTURES; GOLDEN
GATE NATIONAL SENIOR CARE LLC d/b/a GOLDEN
LIVING; GGNSC EQUITY HOLDINGS LLC; GOLDEN
GATE ANCILLARY LLC d/b/a GOLDEN INNOVATIONS;
BEVERLY HEALTH AND REHABILITATION SERVICES,
INC., BEVERLY ENTERPRISES, INC.; BEVERLY
ENTERPRISES-ARKANSAS, INC. d/b/a GOLDEN
LIVINGCENTER - GOLF LINKS; TONYA BROWN,
IN HER CAPACITY AS ADMINISTRATOR OF GOLDEN
LIVINGCENTER - GOLF LINKS; JOHN DOE I; JOHN
DOE II; JOHN DOE III; JOHN DOE IV; and JOHN DOE V        DEFENDANTS



FILED

OCT 25 2010

Time___4:30___
VICKI E. RIMA
By_____D.C.

## ORDER

On the 16th day of September, 2010, came on for hearing Defendants'

Motion to Compel Arbitration and for Dismissal; the Plaintiff appeared

personally and through counsel, David A. Hodges; Defendants appeared through

counsel, Jeffrey W. Hatfield; and after consideration of the pleadings, testimony

of witnesses, arguments of counsel and other matters appearing herein, the

Court hereby ORDERS as follows:

1.   The Arbitration Agreement in question was signed by Elsie Marie

Johnson upon her admission to golden Living Cente. · Golf Links.

2.    Mental capacity of a person to enter into a contract is presumed.
At the hearing, Plaintiff raised the notion to Ms. Johnson was elderly and in
pain at the time of her admission and signing the Arbitration Agreement.
However, Plaintiff's proof was not sufficient, in quantity or quality, to overcome
the presumption that Elsie Marie Johnson was capable of entering into a
contract.

3.    The testimony from the Administrator of the nursing home
established that the nursing home relies on goods and services from out-of-
state in order to operate the nursing home.  Accordingly, this case involves
interstate commerce and the Federal Arbitration Agreement is applicable.

4.    Defendants did not waive their right to raise arbitration by engaging
in discovery.  Defendants filed the motion to compel arbitration shortly after the
answer was filed and no significant discovery has taken place.

5.    The Arbitration Agreement does not violate the Arkansas Resident's
Rights Act or any right provided to residents therein.

6.    The Arbitration Agreement is not unconscionable.  The Arbitration
Agreement includes the following language:

> THE PARTIES UNDERSTAND AND AGREE THAT THIS
> CONTRACT CONTAINS A BINDING ARBITRATION
> PROVISION WHICH MAY BE ENFORCED BY THE

2

PARTIES, ID THAT BY ENTERING IN  HIS ARBITRATION AGREEMENT, THE PARTIES ARE GIVING UP AND WAIVING THE CONSTITUTIONAL RIGHT TO HAVE ANY CLAIM DECIDED IN A COURT OF LAW BEFORE A JUDGE AND A JURY AS WELL AS ANY APPEAL FROM A DECISION OR AWARD OF DAMAGES

7. Additional discovery is not warranted under these circumstances.

8. The pending action is not dismissed, but the Court grants a stay, as to this lawsuit, pending the parties participating in the arbitration pursuant to the language of the arbitration agreement, and if there is a result in the arbitration, then this Court will enter the result, pursuant to the arbitration agreement and the applicable statute dealing with arbitration under these circumstances.

IT IS SO ORDERED.

Dated this the _____ day of _____, 2010.

_____
HONORABLE LYNN WILLIAMS
GARLAND COUNTY CIRCUIT JUDGE

October 25, 2010
Date

l/psf/40

3

IN THE C⟨·····⟩UIT COURT OF SEARCY COU⟨···⟩ ARKANSAS
5TH DIVISION

JOYCE DIDDLE, et al
PLAINTIFF

v.                                    CV-2009-86

HIGHLAND COURT, LLC, et al
DEFENDANT

## ORDER GRANTING MOTION TO DISMISS
## & COMPELLING ARBITRATION

On the 12th day of March, 2010, this Court heard oral arguments on Defendants' Motion to Dismiss and to Compel Arbitration. After a review of the pleadings and the arguments presented, this Court grants Defendants' Motion to Dismiss and Compels Arbitration.

This case arose out of a dispute over alleged injuries to the Plaintiff while she was a patient at Highland Court, LLC and North Arkansas Regional Medical Center. Ms. Knox, who had a valid Durable Power of Attorney, executed an Arbitration Agreement on behalf of the Plaintiff, Joyce Diddle. Pursuant to the Arbitration Agreement, Plaintiff entered into an agreement to arbitrate all claims arising between Plaintiff and Highland Court, LLC.

The initial threshold question is whether an agreement to arbitrate exists. The Pparties' intent to arbitrate any and all claims arising out of their relationship is clear. The parties entered into an Agreement that was separate from the other documents executed upon admission. It was a separate two page agreement, which included language in large bold print that state "The parties further acknowledge that they are giving up and waiving their constitutional right to have their disputes decided in a court of law before a judge and jury." The Agreement also included language stating, "This provision for arbitration may be revoked by written notice delivered to the Facility within thirty (30 days of the date the Agreement was executed." The Court finds it is a valid arbitration agreement. It is clear and unambiguous.

The Plaintiffs' contend the Arbitration Agreement should be void as against public policy or as a contract of adhesion. The Court declines to find this due to the fact that there is a clear federal and Arkansas policy favoring the enforceability of Arbitration Agreement. The Agreement was not mandatory, had a provision for revocation, was separate from the other documents, and its language was clear and unambiguous. Arbitration is an efficient mechanism for the administration of justice. The subsequent question becomes whether the Federal Arbitration Act is applicable. The Agreement states:

engages in s{ } iterstate commerce transactions a{ } t the services
provided by th. .'acility to the Resident involve interstate commerce, the Parties
expressly agree that arbitration conducted under this Agreement shall be governed
by the Federal Arbitration Act."

The Parties have stipulated that the FAA applies and that interstate commerce
exists in regards to this transaction. The Arkansas Supreme Court has held that when the
parties contract to a choice of law provision, that provision applies if the agreement is a
valid agreement. As this Court finds it is a valid Arbitration Agreement, the Court also
upholds the choice of law provision. As a side, even if the parties had not stipulated in the
agreement to the FAA, interstate commerce clearly exists under the United States
Supreme Court's broad interpretation of the commerce clause. The Plaintiff's medical
care was paid by Medicaid. The Defendant submitted the Plaintiff's health information
electronically via interstate wire. Additionally, separate Defendants, Ross Ponthie, John
Ponthie, and Mark Thompson were governing board members whom Plaintiff claims
controlled the policy of Highland Park, who reside in Louisiana.

Lastly, Plaintiff contends that the Agreement is unenforceable because the
Agreement stipulated that disputes would be arbitrated by the National Arbitration Forum
(NAF) and that the NFA is no longer arbitrating disputes and is discredited. The
Arkansas Supreme Court has upheld arbitration agreements that stipulate to the NFA as
an arbitrator. The current Arbitration Agreement is a contractual agreement of the parties
and the agreement as to the arbitrator is likewise a contractual provision which is clear
and unambiguous and the court will not set it aside.

Therefore the Court Orders:

1. Defendants', Highland Court, Summit Health Resources, Ross Ponthie, John
   Ponthie, and Mark Thompson, Motion to Dismiss is granted.
2. Plaintiff's Complaint against Highland Court, LLC, Summit Health
   Resources, LLC, Ross Ponthie, John Ponthie, and Mark Thomson is
   dismissed.
3. Separate Defendants John and Jane Does A-Z are likewise dismissed to the
   extent they include individuals charged with caring for treating the Plaintiff at
   Highland Court, LLC.

IT IS SO ORDERED.

Rhonda Wood

Circuit Judge

SUITE 200
THE BREWER BUILDING
234 EAST MILLSAP ROAD

FAYETTEVILLE, ARKANSAS 72703-4099

479-973-4200
FACSIMILE 479-973-0007

# FACSIMILE TRANSMISSION

**DATE:**    November 13, 2013

**To:**

| NAME: | FAX NO.: | PHONE NO.: |
|---|---|---|
| Ms. Betty Wilson | 870-837-2252 | |
| Ouachita County Circuit Clerk | | |

If you experience any problems in receiving these pages, please call  479-973-4200  as soon as possible. Thank you.

**FROM:**    Samantha B. Leflar              **EMPL NO.:**    4962

**SECRETARY:**    Rachel Barnes ·

**RE:**        *Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr.,*
            *deceased v. Pine Hills Health and Rehabilitation, LLC, et al.*
            Ouachita County Circuit Court Case No.: CV-2013-200-6

| CLIENT NUMBER:   83308-11 | | |
|---|---|---|
| NUMBER OF PAGES, INCLUDING COVER PAGE:    26 | | CONFIRM:  No |

**MESSAGE:**

## Part 1 of 2 – Motion to Dismiss Complaint and Compel Arbitration. Brief in Support will follow under separate cover. Thank you!

### CONFIDENTIAL FACSIMILE TRANSMISSION

The information contained in this facsimile and the accompanying pages is intended solely for the addressee(s) named above. If you are not an addressee, or responsible for delivering these documents to an addressee, you have received these documents in error and you are strictly prohibited from reading or disclosing it. The information contained in these documents is highly confidential and may be subject to legally enforceable privileges. Unless you are an addressee, or associated with an addressee for delivery purposes, you may violate these privileges and subject yourself to liability if you do anything with these documents or the information it contains other than calling us immediately at the number listed above and returning these documents to us at once.

Operator: _____

GROUP CODE (FAXES)

☐ 7100 – Personal
☒ 7200 – Local
☐ 7300 – Long-Distance
☐ 7400 – International

## KUTAK ROCK LLP

SUITE 200
THE BREWER BUILDING
234 EAST MILLSAP ROAD

FAYETTEVILLE, ARKANSAS 72703-4099

479-973-4200
FACSIMILE 479-973-0007

www.kutakrock.com

ATLANTA
CHICAGO
DENVER
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
MINNEAPOLIS
OKLAHOMA CITY
OMAHA
PHILADELPHIA
RICHMOND
SCOTTSDALE
WASHINGTON
WICHITA

November 13, 2013

SAMANTHA B. LEFLAR
samantha.leflar@kutakrock.com
(479) 973-4200

### VIA FACSIMILE: 870-837-2252

Ms. Betty Wilson
Ouachita County Circuit Court Clerk
145 Jefferson St SW
P.O. Box 667
Camden, AR 71711-0667

> Re:   *Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr.,*
> *deceased v. Pine Hills Health and Rehabilitation, LLC, et al.*
> Ouachita County Circuit Court Case No.: CV-2013-200-6

Dear Ms. Wilson:

Enclosed please find the Defendants' Motion to Dismiss Complaint and Compel Arbitration in the above-referenced matter. The Brief in Support of Motion to Dismiss Complaint and Compel Arbitration will follow under separate cover. Please file accordingly and return a copy of the file-marked first pages to me via return facsimile. I am happy to pay for any fees associated with this fax-filing.

Thank you for your courtesy in this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

*Samantha Leflar*

Samantha B. Leflar

SBL/reb
Enclosures

cc:   Mr. William Murray

4824-5970-8182.1

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

Eddie B. Robinson, as Administrator for The Estate of
Willie Robinson, Sr., deceased                                    PLAINTIFF

v.                    CASE NO.: CV-2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities of
Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations,
LLC; Pine Hills Holdings, LLC; Pine Hills Health and
Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation;
SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC
Property Holdings, LLC; SLC Property Investors, LLC; Arkansas
Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital
Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC;
Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality
Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC
Professionals Holdings, LLC; John Dwyer; and Michael G. Hunter,
Administrator                                                    DEFENDANTS



## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT AND COMPEL ARBITRATION

Come now the Defendants, by and through their counsel, Kutak Rock LLP, and for their

Brief in Support of their Motion to Dismiss Complaint and Compel Arbitration, state:

### I.    INTRODUCTION

This action involves alleged injuries and damages sustained by Mr. Willie Robinson, Sr.

while he was a resident of Pine Hills Health and Rehabilitation, LLC ("Pine Hills"). Pine Hills

and Mr. Robinson entered an Admission Agreement and Arbitration Agreement (hereinafter the

"Agreement"), that encompasses the claims made in the Plaintiff's Complaint. Copies of the

signed Admission Agreement, Arbitration Agreement and the Arbitration Checklist are attached

to Defendants' Motion to Compel Arbitration as Exhibit A, B, and C and are incorporated herein.

1

Even though the parties agreed to arbitrate the Plaintiff's claims, the Plaintiff filed a lawsuit against the Defendants in circuit court. This case must be compelled to arbitration.

## II.   FACTUAL BACKGROUND

On April 26, 2010, Mr. Willie Robinson, Sr. signed an Arbitration Agreement as part of his admission to Pine Hills. (Exhibit B). Leslie Lewis, representative of Pine Hills, also signed the Admission Agreement and incorporated Arbitration Agreement. The Arbitration Agreement contains the following language relevant to this Motion:

> The parties to this Agreement acknowledge and agree that upon execution, this Agreement becomes part of the Admission Agreement, and that the Admission Agreement evidences a transaction involving interstate commerce governed by the Federal Arbitration Act.
>
> …
>
> It is understood and agreed by Facility and Resident that any and all claims, disputes, and controversies (hereafter collectively referred to as a "claim" or collectively as "claims") arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided by the Facility to the Resident shall be resolved exclusively by binding arbitration…
>
> …
>
> This agreement shall be governed by and interpreted under the Federal Arbitration Act, 9 U.S.C. Sections 1-16.
>
> …
>
> The agreement to arbitrate includes, but is not limited to, any claim for payment, nonpayment, or refund for services rendered to the Resident by the Facility, violations of any right granted to the Resident by law or by the Admission Agreement, breach of contract, fraud or misrepresentation, negligence, gross negligence, malpractice, or claims based on any departure from accepted medical or health care or safety standards, as well as any and all claims for equitable relief or claims based on contract, tort, statute, warranty, or any alleged breach, default, negligence, wantonness, fraud, misrepresentation, suppression of fact, or inducement.
>
> …
>
> It is the intention of the parties to this Agreement that it shall inure to the benefit of and bind the parties, their successors, and assigns, including without limitation the agents, employees and servants of the Facility, and all persons whose claim is derived through or on behalf of the Resident, including any parent, spouse,

2

sibling, child, guardian, executor, legal representative, administrator, or heir of the Resident. The parties further intend that this Agreement is to survive the lives or existence of the parties hereto.

...

The Resident understands that (1) he or she has the right to seek legal counsel concerning this Arbitration Agreement, (2) that execution of the Agreement is not a precondition to admission or to the furnishing of services to the Resident by the Facility, and (3) this Arbitration Agreement may be rescinded by written notice to the Facility from the Resident within thirty days of signature.

*See* Exhibit A. The Agreement further sets forth in bold letters:

THE PARTIES UNDERSTAND AND AGREE THAT THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES, AND THAT BY ENTERING INTO THIS ARBITRATION AGREEMENT, THE PARTIES ARE GIVING UP AND WAIVING THEIR CONSTITUTIONAL RIGHT TO HAVE ANY CLAIM DECIDED IN A COURT OF LAW BEFORE A JUDGE AND A JURY, AS WELL AS ANY APPEAL FROM A DECISION OR AWARD OF DAMAGES.

*Id.* No attempt was made to rescind the Agreement.

On October 2, 2013, the Plaintiff initiated a lawsuit against the Defendants, asserting: (1) negligence; (2) medical malpractice; and (3) violations of the Long-Term Care Facility Residents Act, Ark. Code Ann. §§ 20-10-1201 *et seq.* In the instant motion, the Defendants seek an order from the Court compelling the Plaintiff to submit to arbitration in this matter in accordance with the parties' written arbitration agreement. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 to 16, controls because the parties agreed that the FAA would apply, and alternatively, because the underlying contract affects interstate commerce. Under the FAA, the parties entered a valid arbitration agreement that encompasses all of the claims in the Plaintiff's Complaint, and as such, this Court is required to compel the case to arbitration.

### III.   ARGUMENT AND AUTHORITIES

The party seeking to compel FAA arbitration must first establish that the contract containing the arbitration provision falls within the scope of the FAA. *Ark. Diagnostic Ctr. v.*

3

*Tahiri*, 370 Ark. 157, 163, 257 S.W.3d 884, 890 (2007). Under the FAA, if the contract contains a valid arbitration provision that encompasses the dispute at issue, the Court must compel arbitration. *S. Pioneer Life Ins. Co. v. Thomas*, 2011 Ark. 490, at 4.

A.     The Admission Agreement falls within the scope of the Federal Arbitration Act.

For a contract to fall within the scope of the FAA, there must be a written agreement that contains an arbitration clause. *Ark. Diagnostic Ctr.*, 370 Ark. at 163, 257 S.W.3d at 890; *see also* 9 U.S.C. § 2. In addition, because the FAA governs only contracts involving interstate commerce, the agreement at issue must affect interstate commerce. *Ark. Diagnostic Ctr.*, 370 Ark. at 163, 257 S.W.3d at 890; *see also Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273 (1995). If, however, the arbitration provision contains a stipulation that the underlying contract involves interstate commerce, the moving party need not prove connections with interstate commerce. *Pest Mgmt., Inc. v. Langer*, 369 Ark. 52, 59-60, 250 S.W.3d 550, 556 (2007); *see also Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Univ.*, 489 U.S. 468, 474-75 (1989) (holding that the parties to a contract have the authority to choose the law that governs their arbitration agreement).

Here, the parties' Arbitration Agreement is a written agreement that contains an arbitration clause. *See* Exhibit B. The Arbitration Agreement contains a stipulation that the underlying contract, the Admission Agreement, "evidences a transaction involving interstate commerce governed by the Federal Arbitration Act." *Id.*; *see also* Exhibit A. The Arbitration Agreement also includes a choice-of-law provision: "This agreement shall be governed by and interpreted under the Federal Arbitration Act, 9 U.S.C. Sections 1-16." Accordingly, the FAA controls. *See Volt*, 489 U.S. at 474-75; *Pest Mgmt., Inc.*, 369 Ark. at 59-60, 250 S.W.3d at 556.

4

Further, even if the plain language of the parties' agreement did not remove the need to prove connections with interstate commerce, the FAA nevertheless controls because the agreement affects interstate commerce. Under the FAA, "involving commerce" is the functional equivalent of "affecting commerce," which signals Congress's intention to invoke the broadest exercise of its Commerce Clause power. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). The FAA thus encompasses the range of transactions within the flow of interstate commerce. *Id.* Even where the individual transaction at issue does not have a specific effect on interstate commerce, the FAA still applies if "in the aggregate the economic activity in question would represent a general practice subject to federal control." *Id.*

In this case, the interstate commerce requirement is met both by the individual transaction and the activity in the aggregate. Pine Hills is a licensed, skilled nursing facility that provides health care treatment and daily personal care to its patients. The federal Medicare and Medicaid programs fund the care of many patients at Pine Hills, including the care of Mr. Robinson. *See In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex. 2005); *Owens v. Coosa Valley Health Care, Inc.*, 890 So.2d 983, 987-88 (Ala. 2004). Pine Hills frequently transmitted Mr. Robinson's health information via interstate wire to receive payments for care provided to her, and as a condition of receiving federal funds, Pine Hills must adhere to federal rules and regulations regarding patient care and billing practices. *See Citizens Bank*, 539 U.S. at 56. In addition, several of the defendants named by the Plaintiff in this case are out-of-state residents, *Vicksburg Partners, L.P. v. Stephens*, 911 So.2d 507, 515 (Miss. 2005), and Pine Hills purchases medical supplies and equipment from out-of-state vendors, *Owens*, 890 So.2d at 987. The underlying agreement affects interstate commerce, and as such, the FAA governs the Arbitration Agreement even absent the controlling stipulation of the parties in this case.

5

B.     The Court must compel arbitration of the claims in the Plaintiff's Complaint because a valid agreement to arbitrate exists that encompasses the dispute between the parties.

Having established that the FAA controls, the FAA requires this Court to compel arbitration where a valid agreement to arbitrate exists that encompasses the dispute between the parties. *See AT&T Techns. v. Commc'ns Workers*, 475 U.S. 643, 648-49 (1986); *see also Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 694-95 (8th Cir. 1994). The FAA provides that written agreements to arbitrate contractual disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "By its terms, the Act leaves no place for the exercise of discretion," and agreements to arbitrate that fall within the scope of the FAA must be enforced. *Dean Witter Reynolds*, 470 U.S. 213, 218 (1985); *see also KPMG LLP v. Cocchi*, 132 S. Ct. 23, 24 (2011) (per curiam). In considering a motion to compel arbitration under the FAA, the Court's inquiry is limited to determining (1) whether a valid agreement to arbitrate exists, and (2) whether the agreement encompasses the parties' specific dispute. *Terminix v. Trivitt*, 104 Ark. App. 122, 126-27, 289 S.W.3d 485, 488 (2008); *see also Houlihan*, 31 F.3d at 694-95.

1.     A valid arbitration agreement exists between the parties.

In order to compel arbitration, the moving party must establish that a valid arbitration agreement exists between the parties. *Gruma Corp.*, 2010 Ark. 151, at 6, 362 S.W.3d 898, 902. The validity of an arbitration provision is primarily a question of state contract law, *id.*, "giving due regard to the federal policy favoring arbitration," *Terminix v. Trivitt*, 104 Ark. App. 122, 126, 289 S.W.3d 485, 488 (2008). The court applies to arbitration agreements the same rules of contract construction and interpretation that apply to agreements generally. *Alltel Corp. v. Sumner*, 360 Ark. 573, 576, 203 S.W.3d 77, 79 (2005). For the arbitration agreement to be

6

enforceable, then, there must be: (1) competent parties; (2) subject matter; (3) legal consideration; (4) mutual agreement; and (5) mutual obligation. *Id.*

Here, Mr. Willie Robinson and a representative of Pine Hills, Leslie Lewis, signed the arbitration agreement. *See* Exhibit B. The parties are presumed competent, *Union Nat'l Bank of Little Rock v. Smith*, 240 Ark. 354, 356, 400 S.W.2d 652, 653 (1996), and the signatures evidence each party's assent to the agreement's terms, *see* Exhibit B. Within the Arbitration Agreement, the parties exchanged promises to arbitrate, and the terms bind both parties to arbitration. *See* Exhibit B. Accordingly, the parties entered a valid arbitration agreement.

### 2. The Arbitration Agreement encompasses the Plaintiff's claims in this case.

In order to compel arbitration, the moving party must establish that the Arbitration Agreement encompasses the dispute at issue. *See BDO Seidman LLP v. SSW Holding Co., Inc.*, 2012 Ark. 1, at 10, __ S.W.3d __. "Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.*; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Indeed, arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techns., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986).

The Arbitration Agreement broadly encompasses "any and all claims, disputes, and controversies . . . arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided by the Facility to the Resident." *See* Exhibit B. The Arbitration Agreement then expounds disputes the parties would resolve through arbitration:

7

> The agreement to arbitrate includes, but is not limited to, any claim for payment, nonpayment, or refund for services rendered to the Resident by the Facility, violations of any right granted to the Resident by law or by the Admission Agreement, breach of contract, fraud or misrepresentation, negligence, gross negligence, malpractice, or claims based on any departure from accepted medical or health care safety standards, as well as any and all claims for equitable relief or claims based on contract, tort, statute, warranty, or any alleged breach, default, negligence, wantonness, fraud, misrepresentation, suppression of fact, or inducement.

*Id.* The list illustrates the diverse and extensive nature of disputes that the parties agreed to arbitrate rather than litigate.

The claims in the Plaintiff's Complaint are encompassed in the parties' Arbitration Agreement because the Plaintiff's allegations are directed at the care and treatment Mr. Robinson received at Pine Hills. In addition, each separate cause of action initiated by the Plaintiff is specifically identified in the Arbitration Agreement. The Arbitration Agreement thus encompasses the dispute implicated by the Plaintiff's Complaint. Because the parties entered a valid arbitration agreement that encompasses their dispute, the FAA requires this Court to compel the Plaintiff to arbitrate the claims in the Complaint. 9 U.S.C. § 2; *Dean Witter Reynolds*, 470 U.S. at 218.

C.    Persuasive authority reinforces the FAA's requirement to compel arbitration of this matter.

To date, several Arkansas circuit courts have compelled arbitration based on arbitration agreements utilizing the same language and terms as the Arbitration Agreement in this case. *See* Composite Exhibit D, *Ross v. Canyon Springs Health and Rehabilitation et al.*, No. CV-2012-466 (Garland Cnty. Cir. Ct. Mar. 29, 2013); *Bell v. GGNSC Rogers*, No. CV-2010-3447-3 (Benton Cnty. Cir. Ct. Mar. 10, 2011); *Johnson v. GGNSC Holdings LLC*, No. CV-2010-697 III (Garland Cnty. Cir. Ct. Oct. 25, 2010); *Diddle v. Highland Court, LLC*, No. CV-2009-86 (Searcy Cnty. Cir. Ct. Mar. 12, 2010).

8

D.    The Plaintiff's Complaint should be dismissed because all of the claims are arbitrable, or alternatively, the Plaintiff's claims should be stayed pending arbitration.

While the FAA governs the substantive issues involved in arbitration determinations, Arkansas law governs the procedural issues. *England v. Dean Witter Reynolds, Inc.*, 306 Ark. 225, 227, 811 S.W.2d 313, 315 (1991).[1]  When the court compels an issue to arbitration, Arkansas law mandates that "[a]ny action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefore has been made." Ark. Code Ann. § 16-108-201(d) (Repl. 2006) (current version codified at Ark. Code Ann. § 16-108-207 (Supp. 2011)).[2]  If, however, "the issue is severable," the court may limit the stay to that claim." Ark. Code Ann. § 16-108-201(d).  The court may also dismiss the action if all the claims are arbitrable. *See Gruma Corp. v. Morrison*, 2010 Ark. 151, at 3-4, 11, 362 S.W.3d 898, 900-01 (treating a motion to dismiss based on enforceable arbitration agreement as to all claims as a motion to compel arbitration); *cf. Jann v. Interplastic Corp.*, 631 F. Supp. 2d 1161, 1167 (D. Minn. 2009) (collecting cases holding that under the FAA, the district court may dismiss action rather than stay if all claims in case are arbitrable).  Accordingly, because all of the causes of

[1] The Arkansas Supreme Court has not directly addressed whether the FAA's mandatory stay provision, 9 U.S.C. § 3, applies in state court.  The U.S. Supreme Court has twice implied in dicta that by its plain language, section 3 applies only in federal court. *Volt*, 468 U.S. at 477 n.6; *Southland Corp. v. Keating*, 465 U.S. 1, 16 n.10 (1984). *But see, e.g., Auto Owners Ins., Inc. v. Blackmon Ins. Agency, Inc.*, __ So.2d __, 2012 WL 2477927, at *5 n.4 (Ala. 2012) (applying section 3 to action brought in Alabama state court); *BDO Seidman, LLP v. SSW Holding Co., Inc.*, 2012 Ark. 1, at 10, __ S.W.3d __ (citing to 9 U.S.C. § 3); *DiMambro-Northend Assocs. v. Blanck-Alvarez, Inc.*, 309 S.E.2d 364, (Ga. 1983) (applying section 3 to action brought in Georgia state court); *Krut v. Whitecap Housing Group, LLC*, 602 S.E.2d 201, 207-08 (Ga. Ct. App. 2004) (following *DiMambro* rule applying section 3 in state court).

[2] The Arkansas Legislature amended the Arkansas Arbitration Act in 2011.  Act 695, 2011 Ark. Acts 2563 (codified as amended at Ark. Code Ann. §§ 16-108-201 to -230 (Supp. 2011)).  The revised Act applies only to arbitration agreements made on or after July 27, 2011, the effective date of the statute, and the Arbitration Agreement in this case was signed on June 25, 2009. Ark. Code Ann. § 16-108-203(a).

9

action in the Plaintiff's complaint are within the scope of the parties' arbitration agreement, this case should be dismissed or stayed pending the conclusion of arbitration.

## IV.   CONCLUSION

This case should be compelled to arbitration and dismissed because the parties' valid arbitration agreement encompasses the Plaintiff's claims. The substantive provisions of the Federal Arbitration Act require this Court to compel the case to arbitration, and as such, the procedural provisions of the Arkansas Arbitration Act require the case to be dismissed or stayed pending the conclusion of arbitration. The Defendants respectfully request that this Court compel arbitration in accordance with the terms of the Arbitration Agreement and dismiss the case, or alternatively, stay this action pending the conclusion of arbitration.

Respectfully Submitted,

KUTAK ROCK LLP

*Samantha B. Leflar*

Mark W. Dossett, AR 95174
Kyle T. Unser, AR 2007133
Samantha B. Leflar, AR 2010190
KUTAK ROCK LLP
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007

ATTORNEYS FOR DEFENDANTS

10

## CERTIFICATE OF SERVICE

I hereby certify that I served the Brief in Support of Defendants' Joint Motion to Dismiss Complaint and Compel Arbitration by mailing it on this 13th day of November, 2013, to:

Mr. William P. Murray, III
WILKES & McHUGH, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102

Samantha B. Leflar

Samantha B. Leflar

11

KUTAK ROCK LLP

SUITE 200
THE BREWER BUILDING
234 EAST MILLSAP ROAD

FAYETTEVILLE, ARKANSAS 72703-4099

479-973-4200
FACSIMILE 479-973-0007

# FACSIMILE TRANSMISSION

DATE:    November 13, 2013

To:

| NAME: | FAX NO.: | PHONE NO.: |
|---|---|---|
| Ms. Betty Wilson<br>Ouachita County Circuit Clerk | 870-837-2252 | |

If you experience any problems in receiving these pages, please call __479-973-4200__ as soon as possible. Thank you.

FROM:        Samantha B. Leflar                    EMPL NO.:    4962

SECRETARY:   Rachel Barnes

RE:          *Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr.,*
             *deceased v. Pine Hills Health and Rehabilitation, LLC, et al.*
             Ouachita County Circuit Court Case No.: CV-2013-200-6

| CLIENT NUMBER:   83308-11 | |
|---|---|
| NUMBER OF PAGES, INCLUDING COVER PAGE:    13 | CONFIRM: No |

MESSAGE:

## Part 2 of 2 – Brief in Support of Defendants' Motion to Dismiss Complaint and Compel Arbitration. Thank you!

### CONFIDENTIAL FACSIMILE TRANSMISSION

The information contained in this facsimile and the accompanying pages is intended solely for the addressee(s) named above. If you are not an addressee, or responsible for delivering these documents to an addressee, you have received these documents in error and you are strictly prohibited from reading or disclosing it. The information contained in these documents is highly confidential and may be subject to legally enforceable privileges. Unless you are an addressee, or associated with an addressee for delivery purposes, you may violate these privileges and subject yourself to liability if you do anything with these documents or the information it contains other than calling us immediately at the number listed above and returning these documents to us at once.

Operator: _____

GROUP CODE (FAXES)

☐ 7100 – Personal
☒ 7200 – Local
☐ 7300 – Long-Distance
☐ 7400 – International

# KUTAK ROCK LLP

SUITE 200
THE BREWER BUILDING
234 EAST MILLSAP ROAD

FAYETTEVILLE, ARKANSAS 72703-4099

479-973-4200
FACSIMILE 479-973-0007

www.kutakrock.com

ATLANTA
CHICAGO
DENVER
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
MINNEAPOLIS
OKLAHOMA CITY
OMAHA
PHILADELPHIA
RICHMOND
SCOTTSDALE
WASHINGTON
WICHITA

November 13, 2013

SAMANTHA B. LEFLAR
samantha.leflar@kutakrock.com
(479) 973-4200

## VIA FACSIMILE: 870-837-2252

Ms. Betty Wilson
Ouachita County Circuit Court Clerk
145 Jefferson St SW
P.O. Box 667
Camden, AR 71711-0667

> Re: *Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased v. Pine Hills Health and Rehabilitation, LLC, et al.*
> Ouachita County Circuit Court Case No.: CV-2013-200-6

Dear Ms. Wilson:

Enclosed please find the Defendants' Motion to Dismiss Complaint and Compel Arbitration in the above-referenced matter. The Brief in Support of Motion to Dismiss Complaint and Compel Arbitration will follow under separate cover. Please file accordingly and return a copy of the file-marked first pages to me via return facsimile. I am happy to pay for any fees associated with this fax-filing.

Thank you for your courtesy in this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

Samantha Leflar

Samantha B. Leflar

SBL/reb
Enclosures

cc: Mr. William Murray

4824-5970-8182.1

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

PLAINTIFF

vs.                                                    NO. CV- 2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities
of Arkansas, LLC; SLC Operations Holdings, LLC; SLC
Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
Health and Rehabilitation, LLC, d/b/a Pine Hills Health
and Rehabilitation; SLC Operations Master Tenant, LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; Arkansas Nursing Home
Acquisition, LLC; CSCV Holdings, LLC; Capital Funding
Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals,
LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations
Acquisition, LLC; SLC Professionals Holdings, LLC; SLC
Administrative Services of Arkansas, LLC; John Dwyer;
and Michael G. Hunter, Administrator,



DEFENDANTS

**RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION**

Plaintiff, Eddie B. Robinson, as Administrator for the Estate of Willie Robinson,

Sr., deceased, through the undersigned counsel, hereby files this Response to

Defendants' Motion to Stay Discovery Pending Resolution of Motion to Compel

Arbitration, and in support, states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

This is a case resulting from nursing home abuse and neglect and other

violations of Arkansas's statutory nursing home residents' right, which led to the

needless suffering of Willie Robinson. On or about April 26, 2010, Willie Robinson, Sr., deceased, became a resident of the facility known as Pine Hills Health and Rehabilitation Center, a skilled nursing home owned and operated by Defendants. Except for hospitalizations, he remained a resident of the facility until his death on October 7, 2011. While under Defendants' care, Willie Robinson, Sr., suffered injuries, including, but not limited to extreme pain and suffering, mental anguish, disfigurement, disability, degradation, emotional stress, and loss of personal dignity.

Plaintiff originally filed this action in Ouachita Count on October 2, 2013. On November 11, 2013, Defendants filed a Joint Motion to Dismiss Complaint and to Compel Arbitration, seeking to enforce a purported arbitration agreement against Willie Robinson, Sr.

In response to Defendants' Motion, Plaintiff contends that the purported arbitration agreement is not valid or binding against Mr. Robinson's Estate for the following reasons:

1. Enforcement of the arbitration agreement is rendered impossible by the failure of an integral term;

2. Enforcement of the arbitration agreement is unconscionable because of, among other reasons, of the high fees the agreement imposes on the Estate of Willie Robinson, Sr., which has few or no assets; and

3. Additional reasons may exist for denying the motion to compel arbitration, and discovery into those issues will be required.

Defendants seek to stay all discovery in this case pending the outcome of their arbitration motion. Further, in the event that the arbitration agreement is enforced, Defendants contend that the arbitrator, not the Court, has jurisdiction over discovery

2

matters.

Plaintiff submits that Defendants' Motion to Stay Discovery should be denied.  As set forth in Plaintiff's response to the Joint Motion to Dismiss Complaint and to Compel Arbitration, no enforceable arbitration agreement exists.  Parties cannot be forced into binding arbitration on claims which they did not agree to arbitrate.  *See Baldwin Co. v. Weyland Mach. Shop,* 14 Ark. App. 118, 685 S.W.2d 537 (1985) (holding that a provision of an arbitration agreement must be construed to mean "joinder of substantially involved parties 'who have consented to arbitration.'"). Moreover, the Federal Arbitration Act was designed "to make arbitration agreements **as enforceable as other contracts, but not more so**." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)(emphasis added).  Furthermore, it remains Defendants' burden to prove that there is an enforceable agreement to arbitrate.  Accordingly, Defendants cannot use their purported arbitration agreement as both a sword and a shield to prevent Plaintiff from preparing her case for resolution—whether it is in the judicial system or before an arbitrator.

At this early stage in the litigation, Plaintiff does not seek to obtain from Defendants any discovery that would not otherwise be available in arbitration if the arbitration agreement were held to be enforceable.  Although the NAF Rules of Procedure incorporated into the arbitration agreement provide that the arbitrator is not bound by the rules of evidence, *See* NAF Code Rule 28, 35, general discovery is permitted. Rule 29 specifically provides that, "Parties shall cooperate in the exchange of Documents and information. A Party seeking discovery shall contact other Parties and discuss discovery information and any objections and arrange for the exchange of

3

Documents and information." See NAF Rule 29. Discovery is clearly contemplated and considered necessary before any arbitration hearing is held because the parties are required to submit at least ten (10) days prior to any arbitration hearing,

(1) A list of all witnesses expected to testify and a summary of their testimony;

(2) A list and description of all exhibits to be introduced;

(3) A copy of all Documents and a detailed description of any property to be introduced at the Hearing; and

(4) An Affidavit establishing the authenticity of any Document proposed to be introduced at the Hearing.

See NAF Rule 31.

For Defendants to contend that they are entitled to foreclose any development of Plaintiff's case while their Joint Motion to Dismiss Complaint and to Compel Arbitration remains pending ignores the discovery provisions of the very agreement they seek to enforce. Indeed, that agreement requires the parties to cooperate in the exchange of discovery and information.

Alternatively, even if this Court determines that a stay of substantive case discovery is warranted, Plaintiff requests an opportunity to conduct discovery related to the arbitration agreement Defendants are seeking to enforce. The issues surrounding the authority and competency of the signatories, the unconscionability of the agreement, and the impossibility of the performance of an integral term are all fact-based issues that necessitate a factual record. The parties should be permitted to conduct discovery regarding these issues.

4

Plaintiff is entitled to a "just, speedy and inexpensive determination" of her action. Ark.R.Civ.P. 1. Defendants should not be permitted to effectively bring this action to a standstill and deprive Plaintiff of her right to discovery while hiding behind the cloak of a purported arbitration agreement that claims to espouse the same objectives of a quick and inexpensive resolution of claims, particularly where that purported agreement is both invalid and unenforceable.

## CONCLUSION

For each of these reasons, Defendants' Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration must be denied.

Respectfully submitted,

Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased,

By:

William P. Murray, III (AR2013033)
Wilkes and McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
Telephone: (215) 972-0811
Facsimile: (215) 972-0580
*Attorneys for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following counsel of record via United States Postal Service, postage prepaid, on this 6th day of December, 2013:

Scott Jackson, Esq.
Mark W. Dossett, Esq.
Samantha B. Leflar, Esq.
Kutak Rock, LLP
234 East Millsap, Suite 400
Fayetteville, AR 72703
72703 - 4099

William P. Murray, III, Esquire

6

# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

THREE PARKWAY
1601 CHERRY STREET
SUITE 1300
PHILADELPHIA, PA 19102

PHONE: (215) 972-0811
FAX: (215) 972-0580
TOLL FREE: (800) 255-5070

December 6, 2013

**VIA FEDERAL EXPRESS**

Betty Wilson, Clerk
Ouachita County Circuit Court
Courthouse
145 Jefferson Street SW
Camden, Arkansas 71701

Re:     Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased vs.
        EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC
        Operations Holdings, et al.
        Ouachita County Circuit Court No. CV-2013-200-6

Dear Ms. Wilson:

Enclosed please find an original and one copy of Plaintiff's Response to Defendants' Motion to Stay Discovery Pending Resolution of Motion Compel Arbitration. Kindly file the original and return the time-stamped copy in the self-addressed, stamped envelope enclosed for your convenience.

By copy of this letter, the aforementioned documents are being provided to counsel of record.

Thank you for your anticipated cooperation. Should you need additional information please do not hesitate to contact me immediately.

Sincerely,

**Wilkes & McHugh, P.A.**

William P. Murray, III

WPM/cbg
Enclosures

cc: w enclosure:     Mark W. Dossett, Esquire/Samantha B. Leflar, Esquire

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

Eddie B. Robinson, as Administrator for The Estate of
Willie Robinson, Sr., deceased                                    PLAINTIFF

v.                        CASE NO.:  CV-2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities of
Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations,
LLC; Pine Hills Holdings, LLC; Pine Hills Health and
Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation;
SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC
Property Holdings, LLC; SLC Property Investors, LLC; Arkansas
Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital
Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC;
Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality
Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC
Professionals Holdings, LLC; John Dwyer; and Michael G. Hunter,
Administrator                                                     DEFENDANTS



## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
## TO DISMISS COMPLAINT AND COMPEL ARBITRATION

Come now the Defendants, by and through their counsel, Kutak Rock LLP, and for their

Reply to Plaintiff's Response to Defendant's Motion to Dismiss Complaint and Compel

Arbitration, state:

A.      The unavailability of the NAF does not render the Arbitration Agreement unenforceable.

The Federal Arbitration Act, the language of the Arbitration Agreement and persuasive

authority all undermine the Plaintiff's argument that enforcement of the Agreement is

impossible.  As Plaintiff observes, the Arbitration Agreement in this case selects the NAF Code

of Procedure ("NAF Code") as the procedural rules that will govern any arbitration between the

parties:

> It is understood and agreed by Facility and Resident that any and all claims, disputes, and controversies (hereinafter collectively referred to as a "claim" or collectively as "claims") arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided by the Facility to the Resident shall be resolved exclusively by binding arbitration to be conducted at a place agreed upon by the Parties, or in the absence of such an agreement, at the Facility, in accordance with the National Arbitration Forum Code of Procedure, ("NAF") which is hereby incorporated into this Agreement [FN1], and not by a lawsuit or resort to court process. This agreement shall be governed by and interpreted under the Federal Arbitration Act, 9 U.S.C. Sections 1-16.

*See* the Arbitration Agreement, Defendants' Exhibit B to the Motion to Compel Arbitration, ("Defendants' Exhibit B"). By selecting the NAF Code, the Arbitration Agreement arguably implicitly selects the NAF as arbitrator, because NAF Code Rule 1.A states that it "shall be administered only by the NAF." *See* Plaintiff's Response Exhibit C, National Arbitration Forum Code of Procedure. Due to a consent decree the NAF entered with the Minnesota Attorney General, it no longer arbitrates consumer disputes and is unavailable to arbitrate this case.

Because NAF's unavailability makes Rule 1.A of the NAF Code unenforceable, Rule 48 of the NAF Code is triggered. Rule 48 qualifies Rule 1.A by stating that "[i]n the event a court of competent jurisdiction shall find any portion of this Code . . . to be in violation of the law or otherwise unenforceable, that portion shall not be effective and the remainder of the Code shall remain effective." *See* Plaintiff's Response Exhibit C, National Arbitration Forum Code of Procedure, at 66. The NAF Code goes on to state that it "shall be interpreted in conformity" with section 5 of the FAA. Moreover, the parties' Arbitration Agreement—in addition to incorporating the NAF Code—expressly states that section 5 of the FAA governs the Agreement. All roads lead to section 5, which "was drafted to provide a solution to the problem caused when the arbitrator selected by the parties cannot or will not perform." *Astra Footwear Indus. v. Harwyn Int'l, Inc.*, 442 F. Supp. 907, 910 (S.D.N.Y. 1978).

1. Section 5 of the Federal Arbitration Act requires courts to appoint an arbitrator when the parties' designated arbitrator is unavailable.

Section 5 of the FAA provides a mandatory mechanism for substituting an arbitrator when the parties' designated arbitrator is not available. 9 U.S.C. § 5. Specifically, Section 5 provides:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein; or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under said agreement with same force and effect as if he or they had been specifically named therein.

9 U.S.C. § 5. In the context of the NAF's unavailability specifically, the Third, Seventh, and Eleventh Circuits have held that arbitration agreements selecting the NAF as arbitrator were enforceable and that section 5 required the appointment of a substitute arbitrator in place of the NAF. *Green v. U.S. Cash Advance Illinois, LLC*, 724 F.3d 787, 793 (7th Cir. 2013); *Khan v. Dell, Inc.*, 669 F.3d 350 (3d Cir. 2012); *Pendergrast v. Sprint Nextel Corp.*, 691 F.3d 1224, 1236 n.13 (11th Cir. 2012); *but see Ranzy v. Tijerina*, 393 F. App'x 174 (5th Cir. 2010) (unpublished opinion with no precedential value, Fed. R. App. P. 47.5.3).

2. The limited exception to Section 5 does not apply here.

The Plaintiff's argument regarding the unenforceability of the Arbitration Agreement is based on a limited exception to section 5 that some courts have recognized where it is clear the parties' designation of a particular arbitrator was integral to the parties' agreement to arbitrate. *See, e.g.*, *In re Salomon Inc. Shareholders' Derivative Litigation*, 68 F.3d 554 (2d Cir. 1995). The exception applies only when the parties intended the selected arbitrator to be "so central to

3

the arbitration agreement that the unavailability of that arbitrator [brings] the agreement to an end." *Khan*, 669 F.3d at 354; *Reddam v. KPMG LLP*, 457 F.3d 1054, 1059-61 (9th Cir. 2006), *abrogated on other grounds by Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931 (9th Cir. 2010); *McGuire, Cornwell & Blakey v. Grider*, 771 F. Supp. 319, 320 (D. Colo. 1991). Put another way, the question is whether the reference to the forum named in the agreement is integral to the decision to arbitrate or merely an ancillary inclusion. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000).

 For example, the selection of arbitral forum was integral to an arbitration agreement where the agreement stated, "the party requiring arbitration must choose one of the following organizations as Administrator: American Arbitration Association [or the] National Arbitration Forum." *QuickClickLoans, LLC v. Russell*, 943 N.E.2d 166 (Ill. Ct. App. 2011). In contrast, the selection of arbitral forum was not integral to the arbitration agreement where the agreement stated that arbitration "shall be determined pursuant to the rules" of the National Association of Securities Dealers. *Reddam*, 457 F.3d at 1060.

 Here, the limited exception to Section 5 does not apply because nothing in the Arbitration Agreement indicates the NAF was central to the agreement; instead, the plain language suggests the parties' overriding concern was that disputes between them be arbitrated. First, the Arbitration Agreement neither selects the NAF as arbitrator nor mandates arbitration before the NAF expressly. It only selects the NAF Code as the procedural rules the arbitrator will apply in conducting any arbitration between the parties. (Defendants' Exhibit B).

 Courts have consistently held that the limited exception to section 5 does not apply when an arbitration clause selects an arbitral forum's rules but does not expressly designate that forum to arbitrate. *See Reddam*, 457 F.3d at 1059-61; *Meskill v. GGNSC Stillwater Greeley LLC*, 862

4

F. Supp. 2d 966, 971-73 (D. Minn. 2012); *Kolesar v. Evangelical Lutheran Good Samaritan Society et al.*, No. 4:11CV00915-SWW, at 10-11 (E.D. Ark. Oct. 17, 2012) (Weber Wright, S., presiding); *Clerk v. Cash Ctr. of Utah, LLC*, No. 09-4964, 2011 WL 3739549, at \*5-6 (E.D. Pa. Aug. 25, 2011); *Jones v. GGNSC Pierre LLC*, 684 F. Supp. 2d 1161, 1167 (D.S.D. 2010). In selecting the NAF Code but not designating an arbitrator, the Agreement acknowledges the possibility of another arbitrator administering arbitration. (Defendants' Exhibit B). The agreement further acknowledges this possibility by designating all sections of the FAA, including section 5, as the governing law. (Defendants' Exhibit B). If the parties wished to qualify the Agreement on the availability of the NAF, they could have expressly stated so rather than obliquely attempting to by selecting NAF rules. *Reddam*, 457 F.3d at 1059; *Brown v. Delfre*, 968 N.E.2d 696, 703 (Ill. App. Ct. 2012). "Something more direct is required before [the court will], in effect, annihilate an arbitration agreement." *Reddam*, 457 F.3d at 1061.

In fact, even where parties explicitly specified both an arbitral forum and the forum rules in the arbitration agreement, some courts have held that alone does not trigger the section 5 exception. *Khan*, 669 F.3d at 355; *Davis v. Sprint Nextel Corp.*, No. 12-01023-CV-W-DW, 2012 WL 5904327, at \*4 (W.D. Mo. Nov. 26, 2012); *Brown v. Delfre*, 968 N.E.2d 696, 703 (Ill. App. Ct. 2012). Otherwise, parties to an arbitration agreement could never designate an arbitrator without risking the agreement becoming unenforceable due to the arbitrator's unavailability.

The extent to which the Arbitration Agreement strives to avoid this risk further demonstrates why the implicit designation of the NAF is not central to the Agreement. Both the Agreement and the NAF Code go to great lengths to express in no uncertain terms that the parties' goal of alternative dispute resolution is paramount and that Section 5 should apply no matter what happens. The Agreement "shall be governed by and interpreted under the Federal

5

Arbitration Act, 9 U.S.C. Section 1-16." (Defendants' Exhibit B). Likewise, the NAF Code states that it "shall be interpreted in conformity with 9 U.S.C. §§ 1-16." (Exhibit C to Plaintiff's Resp. to Defs.' Motion to Compel Arbitration). The NAF Code also states that if "a court of competent jurisdiction shall find any portion of this Code . . . to be in violation of the law or otherwise unenforceable, that portion shall not be effective and the remainder of the Code shall remain effective." *Id.*

Most notably, the Arbitration Agreement contains a similar severance provision: "In the event a court having jurisdiction finds any portion of this agreement unenforceable, that portion shall not be effective and the remainder of the Agreement shall remain effective." (Defendants' Exhibit B). Under general Arkansas contract law, the severance provision instructs the court to remove an invalid term and enforce the remaining contract. *Bryant Lumber Co. v. Fourche River Lumber Co.,* 124 Ark. 313, 323, 187 S.W. 455, 458 (1916). If the invalid provision can be separated from the valid, the contract remains enforceable. *See Kell v. Bella Vista Village Prop. Owners Ass'n*, 258 Ark. 757, 765, 528 S.W.2d 651, 656 (1975). When the Arbitration Agreement contains a severability provision and permits severing any portion of the agreement found to be unenforceable, "[the] NAF's designation as arbitrator is not integral and is severable in order to give effect to the arbitration requirement, the sole purpose of the Agreement." *Schuiling v. Harris,* 286 Va. 187; No. 121582, at *12, 2013 WL 4854364 (Sep. 12, 2013). In *Schuling,* the Virginia Supreme Court concluded that these severability provisions must be given their ordinary meaning, and that phrases such as *any portion of this agreement* "includes the clause . . . designating NAF as arbitrator." *Id.* at *8. Several other courts have also found that where an arbitration agreement contains a severance provision, the designated forum is not central to the parties' agreement. *See Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269,

6

288 (3d Cir. 2004); *Jones*, 684 F. Supp. 2d at 1167; *Diversicare Leasing Corp. v Nowlin,* No. 11-CV-1037, 2011 WL 5827208, at \*6 (W.D. Ark. Nov. 18, 2011).

In addition, the way in which the Arbitration Agreement refers to the NAF suggests its insignificance. The Agreement couches the NAF Code with the logistics of where arbitration will occur: "at a place agreed upon by the Parties, or in the absence of such an agreement, at the Facility[.]" (Defendants' Exhibit B). The Agreement mentions the NAF only once and uses permissive, not mandatory, language. (Defendants' Exhibit B). In these circumstances, courts have declined to ignore the overriding intent of the parties to arbitrate based on a single reference to the NAF and permissive language. *See, e.g.*, *Kolesar*, No. 4:11CV00915-SWW, at 10-11; *Meskill*, 862 F. Supp. 2d at 971-73; *Diversicare*, 2011 WL 5827208, at \*6; *Jones*, 684 F. Supp. 2d at 1167; *Delfre*, 968 N.E.2d at 703-04; *cf. Rivera v. Am. Gen. Fin. Servs., Inc.*, 259 P.3d 803, 812-15 (N.M. 2011) (concluding that the selection of the NAF was integral to the agreement due to "pervasive references" to the NAF and mandatory language). Particularly when contrasted with the broad scope of disputes subject to arbitration—including "any and all claims" that relate "in any way to the Admission Agreement or any service or health care provided by the Facility to the Resident"—the consequence of the NAF appears miniscule. These factors all illustrate that the language of the Agreement itself contains no indication the arbitral forum was central to the parties' Arbitration Agreement, and as such, the limited exception to Section 5 does not apply here.

This conclusion reflects Arkansas law requiring that the court read arbitration agreements to give effect to the spirit of the parties' agreement, *Ruth R. Remmel Revocable Trust v. Regions Fin. Corp*, 369 Ark. 392, 398-99, 255 S.W.3d 453, 458-59 (2007), and that the court resolve doubts about the enforceability of arbitration agreements in favor of arbitration, *HPD, LLC v.*

*Tetra Technologies, Inc.*, 2012 Ark. 408, at 6. For all of these reasons, the unavailability of the NAF does not render the Arbitration Agreement unenforceable.

B.      The Arbitration Agreement is not unconscionable.

The Plaintiff's concerns about the fees imposed by the NAF are moot. The parties are not going to arbitrate before the NAF because it is no longer available, and the Defendants are asking the Court to, as Congress expressly contemplated in section 5 of the FAA, appoint a substitute arbitrator. The parties may agree to an acceptable arbitrator, or the Court may select one for the parties.

Even if the issue were not moot, the fees provision still does not render the arbitration agreement unconscionable.     In assessing whether a particular contract provision is unconscionable, Arkansas courts review the totality of the circumstances. *Ark. Nat'l Life Ins. Co. v. Durbin*, 3 Ark. App. 170, 174-75, 623 S.W.2d 548, 550 (1981). The inequality of bargaining power between the parties and whether the aggrieved party was made aware of and comprehended the provision in question are important considerations. *Nat'l Union Fire Ins. Co. v. Guardtronic, Inc.*, 76 Ark. App. 313, 320, 64 S.W.3d 779, 783-84 (2002). Parties to an agreement are presumed to have read and understood the terms of the agreement they sign. *Id.* at 319, 64 S.W.3d at 783. A party that signs a contract, after an opportunity to examine it, cannot be heard to say that he did not know what it contained. *Dodson v. Abercrombie*, 212 Ark. 918, 208 S.W.2d 433 (1948).

1.      The circumstances of the Arbitration Agreement were not unconscionable.

Nothing about the general circumstances surrounding the Arbitration Agreement indicates unfairness. The Arbitration Agreement states explicitly that signing is voluntary, that it may be revoked within thirty days, and that the Resident has the right to seek advice from an

8

attorney prior to signing. The Agreement states, "READ CAREFULLY" in all caps, bold letters at the top. The Agreement states in all caps, bold letters that signing means the parties waive the right to a jury trial. (Defendants' Exhibit B).

The Agreement was presented to the resident himself. By signing, Mr. Willie Robinson certified that the Agreement was explained to him, that he understood its contents, that he received a copy, and that he accepted its terms. (Defendants' Exhibit B). As the Plaintiff argues, Pine Hills had a superior bargaining position and there was no opportunity to negotiate terms, but this was a voluntary agreement that was not required for Mr. Robinson to reside at Pine Hills. (Defendants' Exhibit B).

Further, "the times in which consumer contracts were anything other than adhesive are long past." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1750 (2011). Because form contracts are so pervasive, "any rule automatically invalidating adhesion contracts would be completely unworkable." *Cicle v. Chase Bank USA*, 583 F.3d 549, 555 (8th Cir. 2009). There was simply no evidence that anything unfair occurred when Pine Hills presented this voluntary Agreement to Mr. Willie Robinson and he elected to sign it. *See Miller v. Cotter*, 863 N.E.2d 537, 546 (Mass. 2007) (holding that nothing in the circumstances of an ordinary admission to a nursing home suggests unfairness); *Vicksburg Partners, L.P. v. Stephens*, 911 So. 2d 507, 510-11 (Miss. 2005) (same); *Briarcliff Nursing Home v. Turcotte*, 894 So. 2d 661, 663 (Ala. 2004) (same).

2.      The fee structure of the NAF does not render the Arbitration Agreement unconscionable.

The fee structure of the NAF does not render the Arbitration Agreement unconscionable, and even if it did, the provision selecting the NAF Code should be severed and the remainder of the Arbitration Agreement enforced. Again, the starting presumption is that the parties read and

9

understood the terms of the Agreement they signed. *McCaleb v. Nat'l Bank of Commerce*, 25 Ark. App. 53, 59, 752 S.W.2d 54 (1988). The Arbitration Agreement did not set out the NAF fee structure in full, but it did state where to obtain a copy of the NAF Code. (Defendants' Exhibit B). Mr. Willie Robinson not only certified that he understood the terms of this Agreement, he retained the unilateral right to withdraw his assent for thirty days after signing. *Id.* During this window, Mr. Robinson could have rescinded the Agreement without consequence based on any objections he had to the proposed arbitration rules, the selected arbitration forum, or the associated fees. No such objections were voiced.

Further, the party attempting to avoid arbitration has the burden of showing that arbitration would be prohibitively expensive to avoid undermining the federal policy in favor of arbitration. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000). The Arkansas Supreme Court has expressly recognized that, overall, arbitration is less expensive and more expeditious than litigation. *Hart v. McChristian*, 344 Ark. 656, 662, 42 S.W.3d 552, 556-57 (2001); *see also* Peter B. Rutledge, *Whither Arbitration?*, 6 Geo. J. L. & Public Policy 549, 558-61 (2008) (synthesizing studies on arbitration costs, fairness, and satisfaction of participants, then concluding that "most of the methodologically sound empirical research does not validate the criticisms of arbitration"). In fact, the Plaintiff simply ignores the high expense of health care litigation. *See* William P. Gunnar, M.D., *Is There an Acceptable Answer to Rising Medical Malpractice Premiums?*, 13 Annals Health Law 465, 479 (Summer 2004) (citing the average trial costs as between \$35,000 to \$50,000). When a party seeks to avoid arbitration by alleging that the costs are unconscionable, the inquiry is directed at anticipated arbitration costs, not the costs that could have been imposed. *See, e.g.*, *Faber v. Menard, Inc.*, 367 F.3d 1048, 1053 (8th Cir. 2004) ("The burden of showing that arbitrators' fees *will be* cost-prohibitive falls on the

10

party seeking to avoid arbitration.") (emphasis added); *Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 556 n.5 (4th Cir. 2001) (inquiry is claimant's "expected or actual arbitration costs").

Moreover, the NAF fee structure is not fundamentally unfair. It contains a waiver of fees provision for indigent claimants that tracks the letter and spirit of Rule 72 of the Arkansas Rules of Civil Procedure (allowing indigent plaintiffs to proceed *in forma pauperis* within the circuit court's discretion). The NAF Code Rule 44(G) provides that a consumer claimant:

> who asserts that arbitration fees prevent the Consumer Party from effectively vindicating the Consumer's case in arbitration may, at the time of filing the Consumer's Initial Claim . . . and prior to paying any filing fee, file a Request that another Party or Parties pay all or part of the arbitration fees or that the arbitration provision be declared unenforceable, permitting the Consumer to litigate the case instead of arbitrating the case. This Request shall be processed without a fee[.]

(Exhibit C to Plaintiff's Response). Upon request, another party may agree to pay all or part of the fees required of the Consumer, agree to litigate the case, or file an objection to the request. *Id.* If the parties do not agree, the Arbitrator must decide the request "based on the applicable law." *Id.* The NAF Code further provides that the prevailing party may recover fees paid in the arbitration. *Id.* These provisions mitigate any fundamental unfairness exhibited by the NAF fee structure, which the Defendants note is now moot due to the NAF's unavailability as an arbitral forum.

Regardless, both the Arbitration Agreement and the NAF Code contain severability provisions that should be applied if the fee structure is deemed unconscionable. (*Id.*; Defendants' Exhibit B). "[W]here one provision in a contract, which does not constitute its main or essential feature or purpose, is void for illegality, or otherwise, but is clearly separable and severable from the other parts which were relied upon," the contract is not affected by the invalid provision. *See Bryant Lumber Co. v. Fourche River Lumber Co.,* 124 Ark. 313, 323, 187 S.W.

11

455, 458 (1916). The contract can be enforced as though the invalid provision had not been incorporated into the contract. *Id.* If the invalid provision can be separated from the valid, the valid provisions of the contract remain intact. *See Kell v. Bella Vista Village Prop. Owners Ass'n*, 258 Ark. 757, 765, 528 S.W.2d 651, 656 (1975). Thus, even if the fee structure is unconscionable, it should simply be severed, and the remainder of the parties' Arbitration Agreement should be enforced.

C.    Additional discovery is unnecessary.

Discovery regarding the enforceability of the arbitration agreements, as requested by the Plaintiff, is only permitted in limited circumstances. Courts have allowed pre-arbitration discovery where a party demonstrates "special need" or "extraordinary circumstances" justifying such discovery. *See In the Matter of the Application of Deiulemar Compagnia Di Navigazione S.P.A. for the Perfection of Certain Evidence v. Allegra*, 198 F.3d 473 (4th Cir. 1999) (district court authorized to order discovery in aid of arbitration where there was "special need" to preserve evidence that, if not preserved, would disappear or be materially altered); *Suarez-Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648, 649 n.1 (11th Cir. 1988) (district court erred in allowing discovery where party seeking discovery in aid of arbitration never contended that extraordinary circumstances requiring discovery existed). Here, the Plaintiff has failed to present any "special need" or "extraordinary circumstance" justifying discovery. Accordingly, the Plaintiff's request for discovery should be denied. *See Merrill Lynch, Pierce, Fenner & Smith v. Hovey*, 726 F.2d 1286, 1291-92 (8th Cir. 1984) (noting "[t]he congressional intent in the Arbitration Act is to facilitate quick, expeditious arbitration" and observing "the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts"); *Kristian*

12

*v. Comcast Corp.*, 446 F.3d 25, 43 (1st Cir. 2006) (noting "[a]ny dispute over discovery would be procedural in nature, and therefore left for an arbitrator to resolve"); *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1265 (5th Cir. 1994) (holding "[i]n FAA suits, the federal court conducts 'an expeditious and summary hearing, with only restricted inquiry into factual issues' bearing on the making of the arbitration agreement").

In a recent nursing home case involving an arbitration agreement in Arkansas, the Court rejected Plaintiff's request for additional discovery stating: "[Plaintiff] has offered no reasonably specific allegation as to what facts [she] hopes to discover which would undermine the validity of the agreement. Nor has [she] addressed the scope of [her] proposed "other fact finding," including what limitations would apply to this additional discovery. In light of the goal of quickly moving matters subject to arbitration out of the judicial and into the arbitral forum, it would be inappropriate to grand [Plaintiff's] request for discovery at this time." *Advocat v. Blanchard,* (E.D.Ark. 5-24-2012). This line of reasoning is in keeping with the spirit of the FAA. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (noting that under the FAA, Congress intended to "move the parties to an arbitrable dispute out of court and into arbitration as quickly and as easily as possible").

In requesting discovery, the Plaintiff points only to the "possibility" of uncovering evidence that would make the written agreement unenforceable and has stated no factual basis to support the need for discovery. Plaintiff has asserted no facts for the conclusory allegation that Defendants may have "waived their right to assert such an agreement"; Defendants presented this Agreement as their first responsive pleading in this case. With respect to the Plaintiff's assertion that discovery is needed to determine "whether the signatories were actually agents of all the parties herein"; that is not required under Arkansas law for the non-signatory defendnats

13

to enforce the arbitration agreement given the allegations in the Plaintiff's Complaint. *Searcy Healthcare Ctr. v. Murphy*, 2013 Ark. 463. The Plaintiff also cited no authority in arguing additional discovery is permissible. In short, this Court has before it all evidence necessary to determine whether the Arbitration Agreement at issue is valid and enforceable without resorting to discovery.

## CONCLUSION

Based on the arguments in the Defendants' initial motion and herein, the Defendants respectfully request that this Court compel arbitration in accordance with the terms of the parties' Arbitration Agreement and the Federal Arbitration Act, 9 U.S.C. §§ 1 to 16, dismiss the case, or alternatively, stay the action in accordance with section 16-108-201 of the Arkansas Code, and award costs and attorney's fees expended herein to the Defendants, as well as any other relief to which they may be entitled, whether specifically prayed for herein or not.

WHEREFORE, the Defendants pray that the Court grants their Motion to Compel Arbitration.

Respectfully Submitted,

**KUTAK ROCK LLP**

*Samantha B. Leflar*

Mark W. Dossett, AR 95174
Kyle T. Unser, AR 2007133
Samantha B. Leflar, AR 2010190
KUTAK ROCK LLP
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007

**ATTORNEYS FOR DEFENDANTS**

14

## CERTIFICATE OF SERVICE

I hereby certify that I served the <u>Reply to Plaintiff's Response to Defendants' Joint Motion to Dismiss Complaint and Compel Arbitration</u> by mailing it on this 4th day of December, 2013, to:

Mr. William P. Murray, III
WILKES & McHUGH, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102

Samantha B. Leflar
Samantha B. Leflar

15

## KUTAK ROCK LLP

SUITE 400
234 EAST MILLSAP ROAD

FAYETTEVILLE, AR 72703-4099

479-973-4200
FACSIMILE 479-973-0007

www.kutakrock.com

ATLANTA
CHICAGO
DENVER
FAYETTEVILLE
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
MINNEAPOLIS
OKLAHOMA CITY
OMAHA
PHILADELPHIA
RICHMOND
SCOTTSDALE
WASHINGTON
WICHITA

LITTLE ROCK OFFICE
SUITE 2000
124 WEST CAPITOL AVENUE
LITTLE ROCK, ARKANSAS 72201-3706
501-975-3000

SAMANTHA B. LEFLAR
samantha.leflar@kutakrock.com
(479) 973-4200

December 4, 2013

**VIA FEDEX**

Ms. Betty Wilson
Ouachita County Circuit Court Clerk
145 Jefferson St SW
P.O. Box 667
Camden, AR 71711-0667

> Re: *Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased v. Pine Hills Health and Rehabilitation, LLC, et al.*
> Ouachita County Circuit Court Case No.: CV-2013-200-6

Dear Ms. Wilson:

Enclosed please find the original and one copy of the *Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss Complaint and Compel Arbitration* for filing in the above-referenced matter. Please file accordingly and return a file-marked copy to me in the enclosed self-addressed stamped envelope.

Thank you for your courtesy in this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

Samantha B. Leflar/reb

Samantha B. Leflar

SBL/reb
Enclosures

cc: Mr. William Murray

4825-1838-6455.1

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

PLAINTIFF

vs.                                                                    NO. CV- 2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities
of Arkansas, LLC; SLC Operations Holdings, LLC; SLC
Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
Health and Rehabilitation, LLC, d/b/a Pine Hills Health
and Rehabilitation; SLC Operations Master Tenant, LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; Arkansas Nursing Home
Acquisition, LLC; CSCV Holdings, LLC; Capital Funding
Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals,
LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations
Acquisition, LLC; SLC Professionals Holdings, LLC; SLC
Administrative Services of Arkansas, LLC; John Dwyer;
and Michael G. Hunter, Administrator,



DEFENDANTS

### PLAINTIFF'S RESPONSE AND INCORPORATED
### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
### MOTION *TO* DISMISS COMPLAINT AND COMPEL ARBITRATION

Plaintiff, Eddie B. Robinson, as Administrator for the Estate of Willie Robinson,

Sr., deceased, through the undersigned counsel, hereby files this Response and

Incorporated Memorandum of Law in Opposition to Defendants' Motion to Dismiss

Complaint and Compel Arbitration, and in support, states as follows:

### INTRODUCTION

This is a case resulting from nursing home abuse and neglect and other

violations of Arkansas' nursing home residents' rights. Plaintiff, Eddie B. Robinson, is

the duly appointed Administrator of the Estate of Willie Robinson, Sr. (the "Estate"). On behalf of the Estate, Eddie B. Robinson filed this lawsuit against the Defendants for their negligent care and treatment of Willie Robinson, Sr., while he was a resident of Pine Hills Health and Rehabilitation Center, a skilled nursing home owned and operated by the Defendants in Arkadelphia, AR. In response, the Defendants filed the instant Motion to Dismiss Complaint and Compel Arbitration, arguing that there exists a valid agreement between the parties to arbitrate all disputes. Enforcement of the alleged agreement to arbitrate is impossible, however. Additionally, the alleged arbitration agreement is unconscionable. For those reasons, the Court should deny the Defendants' motion.

## ARGUMENT AND AUTHORITIES

As explained in more detail below, the Court should deny the Defendants' motion both because the alleged agreement to arbitrate is impossible to enforce and because the alleged agreement is unconscionable.

## I. ENFORCEMENT OF THE ARBITRATION AGREEMENT IS IMPOSSIBLE

The Court should deny the Defendants' motion because the unavailability of the National Arbitration Forum ("NAF") and its Code of Procedure, both integral terms to the alleged arbitration agreement at issue, renders the arbitration agreement impossible to perform.

It is well settled that, to be enforced, contracts must be valid as written. Arkansas courts will not re-write a contract for the parties— "to do so would mean that the court would be making a new contract and it has consistently held that this will not be done." *Bendinger v. Marshalltown Trowell Co.*, 338 Ark. 410, 419, 994 S.W.2d 468,

2

473 (1999). Instead, it is the duty of the court to enforce agreements only as written by the parties thereto. *See Seidenstricker Farms v. Doss Family Trust*, 372 Ark. 72, 78, 270 S.W.3d 842, 847 (2008). The Supreme Court has made it clear that it will not make an invalid contract valid by re-writing it. *See Rector-Phillips-Morse v. Vroman*, 253 Ark. 750, 489 S.W.2d 1 (1973).

On July 14, 2009, Minnesota's Attorney General filed a Complaint against the NAF, alleging that the Forum misrepresented its objectivity to consumers, when, in fact, it was financially allied with larger corporations that comprised the bulk of NAF's business.[1] As discovered in Minnesota Attorney General's investigation into NAF's ties and practices, (1) NAF publically portrayed itself as a neutral forum that had "no relationship with any party," all the while maintaining undisclosed ties to the companies in cases being handled by NAF; (2) NAF solicited corporations to insert mandatory arbitration clauses exclusively naming NAF into consumer contracts, by representing that anti-consumer decisions would be forthcoming; and (3) NAF exerted control over arbitrators' decisions, by identifying and appointing anti-consumer arbitrators and discontinuing referrals to arbitrators who decided cases in favor of consumers.[2]

The instant arbitration agreement, which is to be construed like any other contract, calls for all disputes between the parties to "be resolved exclusively by binding

---

[1] "'Arbitration' or 'Arbitrary': The Misuse of Mandatory Arbitration to Collect Consumer Debts" before the Subcommittee on Domestic Policy, Oversight and Governmental Reform Committee, p. 2 (2009)(statement of Minnesota Attorney General Lori Swanson) (Exhibit "A")

[2] "'Arbitration' or 'Arbitrary': The Misuse of Mandatory Arbitration to Collect Consumer Debts" before the Subcommittee on Domestic Policy, Oversight and Governmental Reform Committee, pp. 3-5 (2009)(statement of Minnesota Attorney General Lori Swanson) (Exhibit "A")

3

arbitration... in accordance with the National Arbitration Forum Code of Procedure."[3] The agreement then expressly adopts and incorporates the terms of the NAF Code into the agreement, identifying for the Resident four locations where a copy of the Code may be obtained.  By incorporating the NAF Code of Procedure into this document and declaring that it is the "exclusive" mechanism for arbitration, the terms of the NAF Code of Procedure become the terms of this arbitration agreement.

NAF Code Rule 1(A) provides that arbitrations conducted pursuant to the NAF Code "shall be administered only by the National Arbitration Forum or by any entity or individual providing administrative services by agreement with the National Arbitration Forum."[4]  Through adoption and incorporation of the NAF Code of Procedure, the terms of this arbitration agreement specifically and expressly call for arbitration to be conducted by and through the NAF, but that is no longer possible.  Following charges of anti-consumer bias by the Minnesota Attorney General, the NAF entered into a consent agreement prohibiting it from conducting any arbitration pursuant to a pre-dispute consumer agreement, such as the instant dispute.  *See* NAF News Release, National Arbitration Forum to Cease Administering All Consumer Arbitrations in Response to Mounting Legal and Legislative Challenges (July 19, 2009), located at http://www.adrforum.com/newsroom.aspx?&itemID=1528&news=3 (last visited Nov. 8, 2013).  It is undisputed that the NAF will no longer administer the arbitration of the instant matter.

---

[3] A copy of the Arbitration Agreement is Exhibit "B" to the Defendants' Motion to Dismiss Complaint and Compel Arbitration.
[4] A copy of the 2008 NAF Code of Procedure is attached as Exhibit "C."

4

The NAF Code makes the availability of the NAF to administer the parties' arbitration such an integral term to the arbitration agreement that without the availability of the NAF, the NAF Code provides that the parties may go outside of the agreement to seek legal redress. Rule 48, titled "Interpretation and Application of Code," provides:

> If Parties are denied the opportunity to arbitrate a dispute, controversy, or Claim before the Forum, the Parties may seek legal and other remedies in accord with applicable law.

(NAF 2008 Code of Procedure, Rule 48(D)). If the parties modify a material portion of the Code, the NAF may decline to arbitrate the matter. (NAF 2008 Code of Procedure, Rule 48(D)) Rule 48(E) adds, "In the event of a cancellation of this Code, any party may seek legal and other remedies regarding any matter upon which an Award or Order has not been entered." By incorporating the NAF Code, this arbitration agreement expressly contemplates and provides that, in the event the NAF cannot arbitrate the parties' dispute, or if the NAF Code is cancelled, pursuing other legal remedies (i.e. a traditional lawsuit) is permitted.

The NAF Code of Procedure sets forth in detail how the selection process, led and directed by the NAF, works. This code consists of over 40 pages of rules and procedures governing parties and the adjudication of their disputes. The NAF Code of Procedure mandates use of a NAF approved arbitrator.[5] Not only does the NAF arbitrator enforce the rules, but NAF staff is required to administer the arbitrations that

---

[5] NAF Code Rule 1.

5

take place under the Code.[6]  Both the Initial Claim, any response thereto, and all other documents and proof of service must be filed with the NAF.[7]

Once the claim is filed, the NAF is intimately involved in the arbitrator selection process.  The NAF, not the parties, selects arbitrators for expedited proceedings.[8]  In non-expedited proceedings, the proposed arbitrator(s) must be chosen from a list provided by the NAF.[9]  If more than one arbitrator is involved, the NAF selects the chair of any panel of arbitrators.[10]  The NAF also reserves the right to declare any listed arbitrator disqualified.[11]  Moreover, the NAF decides all requests for disqualification (as opposed to the arbitrator).[12]  Parties are not allowed to communicate with their arbitrator directly, but must direct all communications through the NAF.[13]

NAF retains the right to request the dismissal of any claim it deems unsupported by the evidence or existing law and may dismiss any claim if all fees have not been paid or if a case has been inactive for more than 60 days.[14]  Any request directed to the NAF is decided by the NAF, not the arbitrator.[15]

The Rules further specify that the arbitrator is not bound by the rules of evidence.[16]  Limits on discovery are listed with specification.[17]  No record is kept of any

---

[6] NAF Code Rule 2.
[7] NAF Code Rules 5, 7.
[8] NAF Code Rule 21.
[9] NAF Code Rule 21.
[10] NAF Code Rule 22.
[11] NAF Code Rule 23.
[12] NAF Code Rule 23.
[13] NAF Code Rule 24.
[14] NAF Code Rule 41.
[15] NAF Code Rule 18.
[16] NAF Code Rules 28, 35.
[17] NAF Code Rules 29, 31.

6

hearing unless the parties agree or the arbitrator orders otherwise.[18]  Arbitrators must render awards within 20 days, and may dismiss claims at the request of the NAF Forum.[19]  In short, the NAF Code of Procedure requires the NAF to govern **nearly every** aspect of the proceedings.

Therefore, because the NAF Code of Procedure cannot be used without also using the NAF, and because the NAF will not arbitrate this matter, the alleged arbitration agreement is impossible to perform.   Accordingly, this Court should deny the Defendants' motion.

Notably, other Courts have rendered similar agreements unenforceable.  In its recent analysis of this very issue, the Georgia Supreme Court reviewed decisions from across the country and noted that "the majority of these courts reached the same conclusion that we reach here, namely that the unavailability of the NAF and its Code of Procedure renders the Arbitration Agreement unenforceable." See *Miller v. GGNSC Atlanta, LLC,* 746 S.E.2d at 685, n. 10 (Ga. Ct. App. July 16, 2013).

Indeed, the Supreme Courts of South Carolina, New Mexico, Mississippi, and Illinois, the intermediate appellate courts of Georgia, Indiana, Oklahoma, Wisconsin, and Pennsylvania, and the U.S. Courts of Appeals for the 2nd, 4th, and 5th Circuits, have each held that an arbitration agreement's designation of a single arbitral forum, or its Code of Procedure, constitutes an integral term to the contract, the unavailability of which renders the agreement impossible to enforce. See *Grant v. Magnolia Manor-Greenwood, Inc.,* 678 S.E.2d 435 (S.C. 2009); *Rivera v. American General Financial*

---

[18] NAF Code Rule 35.
[19] NAF Code Rules 37, 41.

7

*Services, Inc.,* 259 P.3d 803 (N.M. 2011); *Covenant Health & Rehabilitation of Picayune, LP v. Estate of Moulds*, 14 So.3d 695 (Miss. 2009); *Magnolia Healthcare, Inc. v. Barnes ex rel. Grigsby*, 994 So.2d 159, 161 -162 (Miss. 2008); *Carr v. Gateway,* 944 N.E.2d 327, 333 (Ill. 2011); *In re Salomon Inc. Shareholder's Derivative Litigation,* 68 F.3d 554 (2nd Cir. 1995); *Ranzy v. Tijerina*, 393 Fed. Appx. 174 (5th Cir. 2010); *Smith Barney, Inc. v. Critical Health Sys. of NC, Inc.*, 212 F.3d 858 (4th Cir. 2000)("Where the parties have agreed explicitly to settle their disputes before particular arbitration fora, that agreement must control."); *Wall Street Associates v. Becker Paribas, Inc.*, 818 F.Supp. 679, 683 (S.D.N.Y. 1993), *aff'd.* 27 F.3d 845 (2nd Cir.1994)("[A]n agreement to arbitrate before a particular forum is as integral a term of a contract as any other, which the courts must enforce."); *Miller v. GGNSC Atlanta, LLC*, 746 S.E.2d 680 (Ga. Ct. App. July 16, 2013)(cert. den. Nov. 4, 2013)(the designation of the NAF Code of Procedure in a Golden Living arbitration contract identical to the agreement before this Court was an "integral term."); *Hart v. Evangelical Lutheran Good Samaritan Society,* 2013 WL 4526274 (N.M.Ct.App. June 19, 2013)(nursing home arbitration agreement that designated that all legal disputes would be governed by the rules of the NAF held impossible to enforce); *Stewart v. GGNSC-Canonsburg, L.P.*, 2010 PA Super. 199 (2010); *Amundsen v. Wright,* 240 P.3d 16 (Okla. Ct. App. 2010)(performance of arbitration agreement rendered impossible by the nonexistence of the specifically designated procedures for arbitration); *Apex 1 Processing, Inc. v. Edwards,* 962 N.E.2d 663 (Ind. Ct. App. 2012)(requirement that arbitration be "by and under the Code of Procedure of the National Arbitration Forum" was held to be an integral term and the unavailability of the NAF forum rendered the agreement null and void on grounds of

impossibility); *Riley v. Extendicare Health Facilities, Inc.,* 826 N.W.2d 398 (Wis.App. IV Div. 2012); *Carideo v. Dell, Inc.*, 2009 WL 3485933 *6 (W.D. Wash. 2009)("The unavailability of NAF as arbitrator presents compounding problems that threaten to eviscerate the core of the parties' agreement. To appoint a substitute arbitrator would constitute a wholesale revision of the arbitration clause.").

## II.    THE ARBITRATION AGREEMENT IS UNCONSCIONABLE

A second and distinct ground for denying the Defendants' motion is that the alleged arbitration agreement is unconscionable.

Unconscionability is an exception to the general rule that a written agreement duly executed by the party to be bound will be enforced according to its terms.  In assessing whether a particular contractual provision is unconscionable, the court must review the totality of the circumstances surrounding the negotiation and execution of the contract.  *National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Guardtronic, Inc.,* 76 Ark. App. 313, 320, 64 S.W.3d 779, 783 (2002).  Two important considerations include, 1) whether there is a gross inequality of bargaining power between the parties, and 2) whether the aggrieved party was made aware of and comprehended the provision in question. *Id.*

In this case, the totality of the circumstances surrounding the fees adopted by the NAF Rules render this arbitration agreement unfair, unreasonable, and unconscionable. The arbitration agreement does not disclose that the fees required to file a claim in arbitration are substantially higher than those necessary to file a claim in Arkansas Circuit Courts, where the parties do not pay the judge by the hour, or the day, to hear the case, read the pleadings and reach a decision.

9

According to the NAF Large Claim Schedule, the Claimant must pay up front filing, administrative, and commencement fees, which, according to the Fee Schedule will equal or exceed $5000 just to bring the claims Plaintiff has alleged here. Further, additional fees will be assessed by the Forum for motions filed and for the Arbitrator's time spent on the case. Compared to the small fee it took to file Plaintiff's Complaint in this Court, the thousands of dollars in fees the NAF Fee Schedule requires Plaintiff to advance just to file a claim in arbitration under this agreement are clearly unreasonable.

Additional daily and hourly fees are imposed once an arbitrator is appointed and sits to hear the case. These exorbitant fees would prohibit the Estate of Willie Robinson, Sr., who was so financially destitute that he qualified for Medicaid support, from being able to bring personal injury claims against Defendants at all. The filing fees required by this arbitration agreement go beyond selecting a forum. Instead, they affect the very ability of Eddie B. Robinson to bring the Estate's claims against this nursing home conglomerate.

To be sure, The United States Supreme Court recognized in *Green Tree v. Randolph,* 531 U.S. 79 (2000), that the existence of high arbitration costs can preclude a litigant from effectively vindicating his rights in an arbitral forum. As to the potentially burdensome costs of arbitration, the party resisting arbitration has the burden of showing the likelihood that arbitration would be prohibitively expensive. *Burden v. Check into Cash of Ky., LLC*, 267 F.3d 483 (6th Cir. 2001). The appropriate inquiry for determining whether an arbitration clause is unenforceable due to costs is "a case-by-case analysis that focuses, among other things, upon the claimant's ability to pay arbitration fees and costs, the expected cost differential between arbitration and

10

litigation in court, and whether the cost differential is so substantial as to deter the bringing of claims." *Rosenberg v. BlueCross BlueShield of Tennessee, Inc.*, 219 S.W.3d 892 (Tenn. Ct. App. 2006). Specific, concrete proof of costs is required, and not speculation. *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646 (6th Cir. 2003). Plaintiff submits that the costs set forth in the NAF Rules are sufficiently specific to support Plaintiff's claim that the costs are unreasonable.

The Arizona Court of Appeals' recent decision in *Clark v. Renaissance West, LLC*, 2013 WL 3914416 (Ct. App. Div. 1 Az. July 30, 2013) is instructive. In *Clark*, 88-year-old John Clark signed an arbitration agreement upon his admission to a skilled nursing facility. When Mr. Clark later filed a complaint against the facility for neglect, the facility sought to enforce the signed arbitration agreement. The trial court held an evidentiary hearing, at which Mr. Clark's expert testified that it would cost approximately \$22,800 in arbitrator's fees to arbitrate Mr. Clark's claims, which was more than Mr. Clark could afford. The trial court denied the nursing facility's motion to compel arbitration, finding the agreement to be substantively unconscionable because the fees required by the agreement would preclude Mr. Clark from pursing his claims against them. On appeal, the Court of Appeals affirmed, finding the high fees would effectively preclude Mr. Clark from obtaining redress for his claims.

Under similar circumstances, the Tennessee Court of Appeals held a mandatory arbitration agreement in a nursing home admissions package to be unconscionable where the facility gained an unfair advantage under its terms. *See Hill v. NHC/Nashville, LLC et al.*, 2008 Tenn. App. LEXIS 265 (Tenn. Ct. App. 2008). Very similar fee schedules to those that rendered the arbitration agreement in *Hill*

11

unconscionable are adopted by the arbitration agreement here.  The *Hill* court noted that, "A party who has been damaged by the actions of NHC cannot seek redress in the courts if the arbitration agreement is enforced, but may, due to expense that would not accompany the initiation of litigation, be precluded from seeking relief in the arbitral forum." *Id.*

The mere possibility that a portion, or all, of Plaintiffs' fees could be shifted to Defendants under the NAF Code does not defeat Plaintiffs' defense. There are no automatic, wholesale fee-shifting provisions contained within the NAF Code.  Rule 45, which permits an indigent Consumer to request a waiver of fees associated with Common Claims under the NAF Code, does not alleviate the prohibitive nature of the NAF fees here.  First, Plaintiff has not asserted a Common Claim against Defendants. Instead, Plaintiff's claims constitute Large Claims under the NAF Fee Schedule.  As such, the waiver provided by Rule 45 does not apply to Plaintiffs' claims.  Second, the waiver suggested by Rule 45 does not automatically dispose of the Claimant's fees, in any event.  Instead, the waiver may be "full or partial" in the Forum's discretion.

The Ohio Court of Appeals rejected an argument based on Rule 45 in *Eagle v. Fred Martin Motor Co.,* 809 N.E.2d 1161 (Ohio App. 2004).  In *Eagle,* an arbitration agreement contained in a used car purchase contract designated the NAF Code of Procedure as governing the parties' disputes.  The Ohio court held that the arbitration costs and fees required by the NAF Code of Procedure were "prohibitive, unreasonable, and unfair" as applied to the claimant, who had a limited income of $20,000 per year. Moreover, the court was not persuaded that the Rule 45 waiver provisions impacted the prohibitive nature of the NAF fees.  First, the waiver is discretionary.  Second, the NAF

12

Director possesses the discretion to award less than a full waiver. Third, the waiver does not apply to Large Claim fees, which were brought by the plaintiff. Finally, the court concluded that, even if the NAF Code provided for a mandatory, full waiver of both Common and Large Claim fees (which it does not), such waiver would be irrelevant because the existence of the fees themselves would deter low-income and indigent claimants. 809 N.E.2d at 1176-77.

"Taken to its logical end, the argument will always render the cost of arbitration irrelevant whenever fee shifting is a possibility, even in the case of an indigent plaintiff. The argument ignores the primary public policy issue at stake, high arbitration costs precluding the consumer's access to a forum where he or she will vindicate his or her claim… If the up-front costs of arbitration have the practical effect of deterring a consumer's claim, the arbitration agreement should not be enforced." *Mendez v. Palm Harbor Homes, Inc.,* 45 P.3d 594, 607 (Wash. App. 2002); *see also Chavarria v. Ralphs Grocery Co.,* 2013 WL 5779332 (9th Cir. Oct. 28, 2013) (denouncing fee provisions that have the effect of pricing claimants out of the dispute resolution process as "a stain on the credibility of our justice system").

Once Plaintiff demonstrated the likelihood of incurring prohibitive arbitration costs, the burden shifted to Defendants to present offsetting evidence to compel arbitration. *See Green Tree Finan. Corp. v. Randolph,* 531 U.S. 79, 92 (2000). Nevertheless, Defendants presented no evidence that the fees imposed by the NAF Code are not oppressive as to Willie Robinson, Sr.'s Estate. A plaintiff's ability to proceed *in forma pauperis* under the Arkansas Rules of Civil Procedure is irrelevant given the parties' adoption and incorporation of the NAF Fee Schedule. Likewise, the

13

fee provisions adopted by other forums are irrelevant to the unconscionable fees required by this agreement.

Therefore, the alleged arbitration agreement, as written, is unconscionable and should not be enforced. For that reason, in addition to the others identified herein, the Court should deny the Defendants' motion.

## III. ADDITIONAL GROUNDS MAY EXIST AND WILL REQUIRE DISCOVERY

Additional grounds may exist for a finding that the purported agreement is unconscionable, such as issues involving the authority and competency of the signatories, whether the signatories were actually agents of all of the parties herein, whether the Defendants have waived their right to assert such an agreement, and whether there was a misrepresentation, duress or any other factor that would be grounds for this court to abstain from enforcing the purported agreement. Discovery is required so that an accurate factual foundation can be presented to this Court. Plaintiff has served arbitration-related discovery and reserves the right to supplement this Response upon fully developing a factual record.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Defendants' Motion to Dismiss Complaint and Compel Arbitration. Additionally, Plaintiff respectfully requests that, if this Court does not deny the motion for the reasons set forth above, that Plaintiff be given the opportunity to develop the necessary factual record from which a determination about the enforceability of the purported agreement can be made.

Respectfully submitted,

Eddie B. Robinson, as Administrator for The
Estate of Willie Robinson, Sr., deceased,

By: _____

William P. Murray, III (AR2013033)
Wilkes and McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
Telephone: (215) 972-0811
Facsimile:  (215) 972-0580

*Attorneys for Plaintiff*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon the following counsel of record via United States Postal Service, postage prepaid, on this 22nd day of November, 2013:

Scott Jackson, Esq.
Mark W. Dossett, Esq.
Samantha B. Leflar, Esq.
Kutak Rock, LLP
234 East Millsap, Suite 400
Fayetteville, AR 72703
72703 - 4099

William P. Murray, III, Esquire

16

# EXHIBIT "A"



# ARBITRATION OR ARBITRARY: THE MISUSE OF MANDATORY ARBITRATION TO COLLECT CONSUMER DEBTS

## HEARING

BEFORE THE

### SUBCOMMITTEE ON DOMESTIC POLICY

OF THE

### COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

### HOUSE OF REPRESENTATIVES

ONE HUNDRED ELEVENTH CONGRESS

FIRST SESSION

JULY 22, 2009

### Serial No. 111–125

Printed for the use of the Committee on Oversight and Government Reform



Available via the World Wide Web: http://www.fdsys.gov
http://www.oversight.house.gov

U.S. GOVERNMENT PRINTING OFFICE

64-915 PDF                WASHINGTON : 2011

For sale by the Superintendent of Documents, U.S. Government Printing Office
Internet: bookstore.gpo.gov   Phone: toll free (866) 512-1800; DC area (202) 512-1800
Fax: (202) 512-2104   Mail: Stop IDCC, Washington, DC 20402-0001

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

EDOLPHUS TOWNS, New York, *Chairman*

PAUL E. KANJORSKI, Pennsylvania
CAROLYN B. MALONEY, New York
ELIJAH E. CUMMINGS, Maryland
DENNIS J. KUCINICH, Ohio
JOHN F. TIERNEY, Massachusetts
WM. LACY CLAY, Missouri
DIANE E. WATSON, California
STEPHEN F. LYNCH, Massachusetts
JIM COOPER, Tennessee
GERALD E. CONNOLLY, Virginia
MIKE QUIGLEY, Illinois
MARCY KAPTUR, Ohio
ELEANOR HOLMES NORTON, District of
   Columbia
PATRICK J. KENNEDY, Rhode Island
DANNY K. DAVIS, Illinois
CHRIS VAN HOLLEN, Maryland
HENRY CUELLAR, Texas
PAUL W. HODES, New Hampshire
CHRISTOPHER S. MURPHY, Connecticut
PETER WELCH, Vermont
BILL FOSTER, Illinois
JACKIE SPEIER, California
STEVE DRIEHAUS, Ohio

DARRELL E. ISSA, California
DAN BURTON, Indiana
JOHN M. McHUGH, New York
JOHN L. MICA, Florida
MARK E. SOUDER, Indiana
JOHN J. DUNCAN, JR., Tennessee
MICHAEL R. TURNER, Ohio
LYNN A. WESTMORELAND, Georgia
PATRICK T. McHENRY, North Carolina
BRIAN P. BILBRAY, California
JIM JORDAN, Ohio
JEFF FLAKE, Arizona
JEFF FORTENBERRY, Nebraska
JASON CHAFFETZ, Utah
AARON SCHOCK, Illinois

RON STROMAN, *Staff Director*
MICHAEL McCARTHY, *Deputy Staff Director*
CARLA HULTBERG, *Chief Clerk*
LARRY BRADY, *Minority Staff Director*

SUBCOMMITTEE ON DOMESTIC POLICY

DENNIS J. KUCINICH, Ohio, *Chairman*

ELIJAH E. CUMMINGS, Maryland
JOHN F. TIERNEY, Massachusetts
DIANE E. WATSON, California
JIM COOPER, Tennessee
PATRICK J. KENNEDY, Rhode Island
PETER WELCH, Vermont
BILL FOSTER, Illinois
MARCY KAPTUR, Ohio

JIM JORDAN, Ohio
MARK E. SOUDER, Indiana
DAN BURTON, Indiana
MICHAEL R. TURNER, Ohio
JEFF FORTENBERRY, Nebraska
AARON SCHOCK, Illinois

JARON R. BOURKE, *Staff Director*

# CONTENTS

| | Page |
|---|---|
| Hearing held on July 22, 2009 | 1 |
| Statement of: | |
| Swanson, Lori, attorney general, State of Minnesota; Michael Kelly, chief operating officer, National Arbitration Forum; Richard Naimark, senior vice president, International Centre for Dispute Resolution, American Arbitration Association; F. Paul Bland, staff attorney, Public Justice; and Christopher R. Drahozal, John M. Rounds professor of law, University of Kansas School of Law | 33 |
| Bland, F. Paul | 133 |
| Drahozal, Christopher R. | 161 |
| Kelly, Michael | 116 |
| Naimark, Richard | 123 |
| Swanson, Lori | 33 |
| Letters, statements, etc., submitted for the record by: | |
| Bland, F. Paul, staff attorney, Public Justice, prepared statement of | 136 |
| Drahozal, Christopher R., John M. Rounds professor of law, University of Kansas School of Law, prepared statement of | 163 |
| Kelly, Michael, chief operating officer, National Arbitration Forum, prepared statement of | 118 |
| Kucinich, Hon. Dennis J., a Representative in Congress from the State of Ohio: | |
| California Code of Civil Procedure | 189 |
| Prepared statement of | 4 |
| Staff report | 9 |
| Naimark, Richard, senior vice president, International Centre for Dispute Resolution, American Arbitration Association, prepared statement of | 125 |
| Swanson, Lori, attorney general, State of Minnesota, prepared statement of | 36 |
| Watson, Hon. Diane E., a Representative in Congress from the State of California, article dated June 5, 2008 | 23 |

# ARBITRATION OR ARBITRARY: THE MISUSE OF MANDATORY ARBITRATION TO COLLECT CONSUMER DEBTS

_____

## WEDNESDAY, JULY 22, 2009

HOUSE OF REPRESENTATIVES,
SUBCOMMITTEE ON DOMESTIC POLICY,
COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM,
*Washington, DC.*

The subcommittee met, pursuant to notice, at 2 p.m. in room 2154, Rayburn House Office Building, Hon. Dennis J. Kucinich (chairman of the subcommittee) presiding.

Present: Representatives Kucinich, Cummings, Foster, Jordan, Mica, Schock, and Watson.

Also present: Representative Johnson.

Staff present: Jaron R. Bourke, staff director; Claire Coleman, counsel; Howard Schulman, Office of Representative Kucinich; Jean Gosa, clerk; Charisma Williams, staff assistant; Leneal Scott, information systems manager; Adam Hodge, deputy press secretary; Dan Blankenburg, minority director of outreach and senior advisor; Adam Fromm, minority chief clerk and Member liaison; Daniel Epstein and Mitchell Kominsky, minority counsels; and Katy Rother, minority staff assistant.

Mr. KUCINICH. The meeting will come to order.

Good afternoon and welcome. I am Congressman Dennis Kucinich, chairman of the Domestic Policy Subcommittee of the Oversight and Government Reform Committee.

I am joined today by the ranking member of the committee, Mr. Jordan of Ohio.

Our hearing today is, "Arbitration or Arbitrary: The Misuse of Mandatory Arbitration to Collect Consumer Debts." The subject of this hearing, the use of mandatory pre-dispute arbitrations as a method of obtaining judgments for consumer debts is not what we normally think of when we hear the terms arbitration or consumer arbitrations.

We are not talking about arbitrations brought by consumers against businesses, and we are not talking about individual arbitrations brought by businesses against consumers. We are talking about mass production arbitrations where businesses file thousands of claims against consumers to obtain judgments on credit card debt where the claims are assigned to arbitrators in batches of dozens, where the consumer almost never appears or even responds, and where the so-called hearing consists of nothing more

2

than the arbitrator looking at a statement written by the creditor and awarding the amount that the creditor requests.

Over the past few months, the Domestic Policy Subcommittee has conducted an investigation into the actual practices of the two largest providers of consumer arbitration services, the National Arbitration Forum [NAF], and the American Arbitration Association, the AAA. NAF is by far the No. 1 generator of arbitration awards against credit card customers. The AAA also administered consumer debt collection arbitrations and states that they have stopped doing this as of June 2009.

Subcommittee staff reviewed over 50,000 pages of documents, including hundreds of actual case files to determine how the claims were decided by the arbitrators. Our investigators have come to several deeply disturbing conclusions about the National Arbitration Forum's arbitration system.

Who wins or loses an NAF arbitration seems to depend solely on which arbitrator reviews the claim. As part of our review, subcommittee staff compared 228 nearly identical NAF consumer debt collections claims and we found that three arbitrators granted awards in favor of the debt collection firm nearly 100 percent of the time, while two arbitrators reviewing otherwise identical claims dismissed those claims nearly 100 percent of the time. Our review of these files found absolutely no reason in the case files to explain such inconsistent results.

We also found that some of NAF's arbitrators either don't know the rules they are supposed to follow or they don't follow them and nobody at NAF seems to care. One NAF rule establishes a limit to the amount of time between filing of the claim and service of notice on the consumer debtor. Our investigation found that NAF does not require its arbitrators to adhere to this rule. Out of a total of 172 consumer debt collection claims that could have been dismissed under those rules, none were. What is more, NAF is also violating a California law by refusing to publish the results of many of its arbitrations with residents of that State.

Our investigation further revealed that this violation is allowing at least one debt collection company to obtain awards of attorneys' fees that exceed legal limits.

The subcommittee staff's findings support a considerable body of evidence showing NAF's misuse of mandatory arbitration in debt collection cases. Last week, the attorney general of the State of Minnesota filed a lawsuit against the NAF alleging violations of Minnesota's consumer fraud statute and other claims based on NAF's concealment of its ties to creditors; its active solicitation of creditors based on promises of providing leverage over consumers; its direct financial affiliation with one of the country's largest debt collectors.

Remarkably, just this past Saturday the NAF agreed to a settlement with the Minnesota attorney general in which it would immediately stop all arbitration proceedings that are the subject of this hearing. The settlement does not admit wrongdoing, however. NAF still maintains that its arbitrations and arbitrators are fair and independent. Our investigation strongly suggests otherwise, and we will hear from the NAF, Public Justice, and from the attorney gen-

3

eral of Minnesota herself, the Honorable Ms. Lori Swanson, on the supposed neutrality of NAF arbitrations.

The hearing today will also address other systemic problems the subcommittee investigation found with this arbitration system, such as why the right to appeal a decision in consumer arbitration claims is limited to a finding of fraud or corruption; the lack of oversight of the claims process itself; and the bias built into arbitrations favoring the debt collection industry.

Now, defenders of this mass production arbitration system argue that abolishing it will only raise the cost of litigating debt collection cases. But consumers have rights and protections under the law that are not honored in the arbitration setting. Furthermore, the number of Americans who have experienced the suspension of their rights due to consumer arbitration has grown as the number of consumers with debt has exploded.

Today, the average adult carries over $4,000 of debt. To the debt collection industry and the alternative legal system that has been created around it can no longer be ignored by the Federal Government. Others seem to agree with us. There are a number of bills in Congress that would impose limits on the applicability of mandatory pre-dispute arbitration agreements, including one introduced by our colleague, Representative Hank Johnson.

Very significantly, Congressman Barney Frank, Chairman of the Financial Services Committee, has introduced a bill to establish a new consumer protection agency which would have the power to limit or ban mandatory pre-dispute consumer arbitration agreements, and the Federal Trade Commission is currently evaluating the entire system of debt collection, including arbitration practices with an eye toward the much-needed modernization of debt collection laws.

I hope this hearing will bring increased awareness to the problems of the mandatory consumer debt arbitration system; holds those accountable that have abused consumers' rights in the past; and explore solutions to improve the system so it is no longer a one-stop shop for debt collection agencies to obtain a binding legal judgment against the consumer. Our citizens deserve nothing less.

At this time, prior to recognizing Mr. Jordan, I just want to observe the presence of our colleague from Maryland, Mr. Cummings. Thank you for being here. And our colleague from California, Ms. Watson, thank you for being here.

And the Chair recognizes Mr. Jordan for his opening statement. You may proceed.

[The prepared statement of Hon. Dennis J. Kucinich follows:]

4

ONE HUNDRED ELEVENTH CONGRESS

# Congress of the United States

## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6143

www.oversight.house.gov

**Opening Statement**
Of
**Dennis J. Kucinich, Chairman**

**Domestic Policy Subcommittee**
**Oversight and Government Reform Committee**

**Wednesday July 22, 2009**
**2154 Rayburn HOB**
**2:00 p.m.**

**"Arbitration or 'Arbitrary': The Misuse of Mandatory Arbitration to Collect Consumer Debts."**

Good afternoon and welcome.

The subject of this hearing – the use of mandatory pre-dispute arbitrations as a method of obtaining judgments for consumer debts – is not what we normally think of when we hear the terms "arbitration" or "consumer arbitrations." We are not talking about arbitrations brought by consumers against businesses, and we are not talking about individual arbitrations brought by businesses against consumers. We are talking about mass-production arbitrations, where businesses file thousands of claims against consumers to obtain judgments on credit card debt; where the claims are assigned to arbitrators in "batches" of dozens; where the consumer almost never appears or even responds; and where the so-called hearing consists of nothing more than the arbitrator looking at a statement written by the creditor and awarding the amount that the creditor requests.

Over the past months, the Domestic Policy Subcommittee has conducted an investigation into the actual practices of the two largest providers of consumer arbitration services: the National Arbitration Forum ("NAF") and the American Arbitration Association ("AAA"). NAF is by far the number one generator of arbitration awards against credit card customers. The AAA also administered consumer debt collection arbitrations, and state that they have stopped doing so as of June, 2009. Subcommittee staff reviewed over 50,000 pages of documents, including hundreds of actual case files, to determine how the claims were decided by arbitrators.

Our investigators have come to several deeply disturbing conclusions about NAF's arbitration system:

5

Who wins or loses a NAF arbitration seems to depend solely on which arbitrator reviews the claim. As part of our review, Subcommittee staff compared 228 nearly identical NAF consumer debt collections claims, and we found that three arbitrators granted awards in favor of the debt collection firm nearly 100% of the time, while two arbitrators, reviewing otherwise identical claims, dismissed those claims nearly 100% of the time. Our review of these files found absolutely no reason in the case files to explain such inconsistent results.

We also found that some of NAF's arbitrators either don't know the rules they are supposed to follow, or they don't follow them, and nobody at NAF seems to care. One NAF rule establishes a limit to the amount of time between filing of the claim and service of notice on the consumer-debtor. Our investigation found that NAF does not require its arbitrators to adhere to this rule: out of a total of 172 consumer debt collection claims that could have been dismissed under those rules, none were.

What's more, NAF is also violating a California law by refusing to publish the results of many of its arbitrations with residents of that state. Our investigation further revealed that this violation is allowing at least one debt collection company to obtain awards of attorney's fees that exceed legal limits.

The Subcommittee staff's findings support a considerable body of evidence showing NAF's misuse of mandatory arbitration in debt collection cases. Last week, the Attorney General of the State of Minnesota filed a lawsuit against the NAF alleging violations of Minnesota's consumer-fraud statute and other claims based on NAF's concealment of its ties to creditors, its active solicitation of creditors based on promises of providing "leverage" over consumers, and its direct financial affiliation with one of the country's largest debt collectors. Remarkably, just this past Sunday the NAF agreed to a settlement with the Minnesota Attorney General in which it would immediately stop all arbitration proceedings that are the subject of this hearing. The settlement does not admit wrongdoing, however. NAF still maintains that its arbitrations and arbitrators are "fair and independent." Our investigation strongly suggests otherwise, and we will hear from the NAF, Public Justice, and from the Attorney General of Minnesota herself, Ms. Lori Swanson, on the supposed "neutrality" of NAF arbitrations at the hearing today.

The hearing will also address other systemic problems the Subcommittee investigation found with this arbitration system, such as: why the right to appeal a decision in consumer arbitration claims is limited to a finding of fraud or corruption; the lack of oversight of the claims process itself; and the bias built into the arbitrations favoring the debt-collection industry.

Defenders of this mass-production arbitration system argue that abolishing it will only raise the costs of litigating debt-collection cases. But consumers have rights and protections under the law that are not honored in the arbitration setting. Furthermore, the number of Americans who have experienced the suspension of their rights due to consumer arbitration has grown as the number of consumers with debt has exploded. Today, the average American adult carries over four thousand dollars of debt. The debt collection industry and the alternative legal system that has been created around it can no longer be ignored by the federal government. Others seem to agree with us. There are a number of bills in Congress that would impose limits on the applicability of mandatory, pre-dispute arbitration agreements, including one introduced by our colleague Representative Hank Johnson. Very significantly, Congressman Barney Frank, Chairman of the Financial Services Committee, has introduced a bill to establish a new consumer

6

protection agency which would have the power to limit or ban mandatory pre-dispute consumer
arbitration agreements, and the Federal Trade Commission is currently evaluating the entire
system of debt collection, including arbitration practices, with an eye toward the much-needed
modernization of debt collection laws.

I hope this hearing will bring increased awareness to the problems of the mandatory consumer
debt arbitration system, hold those accountable that have abused consumers' rights in the past,
and explore solutions to improve the system so it is no longer a one-stop shop for debt-collection
agencies to obtain a binding legal judgment against a consumer. Our citizens deserve nothing
less.

7

Mr. JORDAN. Thank you, Mr. Chairman.

The challenges consumers face in troubled economic times only underscore the importance of this hearing. This particular hearing provides an excellent opportunity to discuss and debate mandatory arbitration clauses. This is an important matter and I look forward to having a productive discussion on the many issues surrounding consumer arbitration.

As we debate President Obama's proposed consumer financial protection agency, we must think hard about the way this new agency would operate. Mr. Obama's existing proposal is the latest of the administration's expanding its reach into the private sector. I am particularly concerned that under the new agency, the administration would have the authority to eliminate mandatory arbitration clauses. This is simply bad policy.

Well-respected academics and experts agree arbitration is fair, equitable and necessary. In 2007, Professor Peter Rutledge told the Senate Judiciary Committee that in a world without pre-dispute arbitration, consumers would face higher costs. Professor Rutledge explained the only people who with certainty benefit from the Arbitration Fairness Act are the lawyers. Frankly, it is the undisputed fact that this is primarily the trial lawyers that stand to benefit from the elimination of arbitration clauses.

During a House Judiciary markup, Representative Hank Johnson claimed mandatory pre-dispute binding arbitration clauses leave consumers without choices, but these choices have nothing to do with consumer rights as much as tactics for lawyers to make money. Representative Johnson stated, "You can't influence large corporations by being nice. You need a jury to get into their pocket."

Unfortunately, justice is sometimes the price you pay. In 2008, Mississippi lawyer Dickie Scruggs pleaded guilty to conspiring to bribe a judge and is currently serving a 7-year sentence in Federal prison. Bill Lerach and Mel Weiss are each serving time in jail for a criminal conspiracy of paying millions of dollars in illegal kickbacks to lead plaintiffs in class action lawsuits in order to help the lawyers win the race to the courtroom. Kentucky plaintiffs lawyers William Gallion and Shirley Cunningham, Jr., were jailed and ordered to pay disgorgement of the $30 million they scammed from their clients in the settlement over the diet drug fen-phen.

The point I am making is just because you have a few bad apples, you don't throw out the whole barrel. If it is true for lawyers, it is also true for arbitration. Today's oversight hearing is set to focus on consumer arbitration, not the evils of business. If, for example, credit card companies are harming consumers, then a separate hearing is needed. Statistics citing that consumers overwhelming lose in debt collection cases do not support the notion that arbitration is the enemy.

By way of example, the Federal Government wins nearly all of its cases to recover unpaid student loan debt. Is the Federal Government to blame when debtors lose? Is arbitration? Today's hearing should foster debate on policy directly related to mandatory arbitration. Whether or not arbitration was provided dispute resolution service is good or bad for consumers is an inquiry independent from whether debt collection as a business is bad for consumers.

8

Consumers have successfully used arbitration to resolve disputes with businesses. Debt collection may present serious problems to consumers, but the best evidence available would indicate that those problems are worse in litigation than in arbitration.

It is my hope that the Members here today can help our witnesses tailor this hearing to the empirical data available concerning debt collection in consumer cases. Only then can we make progress in providing remedies to consumers. A flat-out elimination of mandatory arbitration is not the answer. To that end, I hope today's discussions also examine feasible alternatives to remedy the issues at hand.

I am also concerned, Mr. Chairman, that three of the four witnesses called today by the majority have benefited from a lawsuit and successful settlement with the majority's fourth witness, the National Arbitration Forum. This may not prohibit us from having a productive hearing, but it is certainly a fact worth noting.

Thank you, Mr. Chairman, for holding this important hearing today. The issues not only affect our home State of Ohio, but also the entire United States. I look forward to hearing from our witnesses.

Mr. Chairman, I would also ask unanimous consent for the minority staff report be included in the record.

Mr. KUCINICH. Without objection.

Mr. JORDAN. Mr. Chairman, I would also ask for unanimous consent that a statement received from ACA International and an email be included in the hearing record as well.

Mr. KUCINICH. I would ask the gentleman, do we have the email?

Mr. JORDAN. Yes, we do right here.

Mr. KUCINICH. OK. Without objection.

Mr. JORDAN. Thank you, Mr. Chairman.

Mr. KUCINICH. And without objection, Members and witnesses may have 5 legislative days to submit a written statement or extraneous materials for the record.

Without objection, at some point we will welcome Representative Hank Johnson to the dais to make a statement if he comes in time, or receive testimony and participate in the questions.

And without objection, all Members will have 3 minutes opening statements, not to exceed 3 minutes.

And also without objection, Mr. Jordan, without objection we are also going to put the staff report of the Domestic Policy Subcommittee majority staff on arbitration abuse in the record.

[The information referred to follows:]

9

# STAFF REPORT

of the

**Domestic Policy Subcommittee Majority Staff
Oversight and Government Reform Committee
House of Representatives**

**Dennis J. Kucinich, Chairman**

——————————————

**Arbitration Abuse: an Examination of Claims Files
of the National Arbitration Forum**

——————————————

**Embargoed until 3 p.m.
July 21, 2009**

1

10

## EXECUTIVE SUMMARY

### "Arbitration Abuse: an Examination of Claims Files
of the National Arbitration Forum"

The Domestic Policy Subcommittee Majority staff reviewed hundreds of individual case files from the largest provider of arbitration for debt collection, the National Arbitration Forum (aka Forthright LLC). A summary of our findings follows:

1. Virtually all NAF "consumer arbitrations" are in fact debt collection actions brought by creditors or assignees of creditors, not by the consumers themselves, and almost all consumer arbitrations are decided in the creditor's favor.

2. Decisions in identical cases differed depending on the identity of the arbitrator to whom the claim was assigned (See Exhibit A, attached).

3. Arbitrators in most of claims ignored the absence of evidence of whether or not the claims were brought within the statute of limitations.

4. Arbitrators in most of the claims ignored the lack of specific evidence of who was actually served with the notice of the arbitration.

5. Where there was specific evidence of how the notice was served, it often showed that the signature on the receipt was illegible, was a name different from the person who was supposed to be served, or was on one occasion an "X" and on two occasions a "John Doe."

6. All of the arbitrators ignored evidence that should have resulted in dismissal of most of the claims (See Exhibit B, attached).

7. One Maine arbitrator, who did not ignore such evidence and did dismiss a lot of cases, ended up without any additional cases being assigned to him in Maine.

8. The NAF, itself, did not follow its own rules and sent claims to arbitrators despite the fact that those claims should have been dismissed for failure of the creditor to serve the notice of arbitration "promptly."

9. The NAF is violating California statutory law by refusing to publish the results of many of its California arbitrations.

10. The NAF's failure to publish the results of all of its California arbitrations is assisting at least one collection company in an illegal effort to obtain awards of attorney's fees in amounts that violate Delaware law.

2

Case 1:14-cv-01051-SOH   Document 1-1   Filed 09/26/14   Page 225 of 341 PageID #: 242

## I.   Background

Congress passed the Federal Arbitration Act[1] in 1925. The original intention of the FAA was to overcome the reluctance of federal courts to entertain or to enforce arbitration clauses in contracts between commercial business entities. In 1984, the Supreme Court decided *Southland Corp. v. Keating*,[2] which characterized the FAA as declaring "a national policy favoring arbitration" in federal and state courts, and held that the FAA preempts all inconsistent state arbitration laws. Despite severe criticism of this holding, in the dissenting opinion of Justices O'Connor and Rehnquist and in numerous subsequent dissents,[3] the Supreme Court has consistently upheld both arbitration clauses and the authority of arbitrators[4] in the 25 years since its *Southland* decision.

The number of arbitrations has grown exponentially in the 25 years since the *Southland* decision. Virtually all consumer transactions with large businesses are now subject to pre-dispute, mandatory arbitration clauses. The pervasiveness of these arbitration "agreements" in consumer contracts has created a separate system of "justice" for consumers.

Several bills have been introduced, in this session and past sessions, to prohibit pre-dispute arbitration clauses in consumer transactions, employment agreements, franchise agreements and nursing home admissions.[5] The Subcommittee undertook to investigate the nature of pre-dispute mandatory arbitration and whether or not the process was producing fair results.

## II.   The Nature of Consumer Debt Collection Arbitration

Arbitration creates a third system of justice that operates parallel to the federal and state judicial systems. In the context for which the FAA was enacted, i.e., commercial disputes between businesses, arbitration can be more expeditious, less costly and as fair as the two other judicial systems. However, most "consumer arbitrations" present a totally different situation.

---

[1] 9 U.S.C. § 1, *et seq.*
[2] 465 U.S. 1 (1984).
[3] *See, e.g., Allied-Bruce Terminix Cos. V. Dobson*, 513, U.S. 265, at 292 (1995)(Justices Thomas and Scalia dissenting).
[4] For example, the Supreme Court had held that the arbitrator, not a court, must decide whether the arbitration agreement precludes class actions, *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), and whether the credit agreement violates state usury laws, *Buckeye Check Cashing v. Cardegna*, 546 U.S. 440 (2005).
[5] *See, e.g.,* Arbitration Fairness Act of 2009, H.R.1020; Fairness in Nursing Home Arbitration Act of 2009, H.R.1237; Consumer Fairness Act of 2009, H.R.991.

12

The arbitrators in consumer claims are attorneys or retired judges and their decisions are, in most cases, based solely upon written statements made by the attorneys representing the creditor. The claims are sent to the arbitrator in batches by the arbitration provider. Responses by the consumer are very rare. Usually, the "hearing" is nothing more than a review by the arbitrator of the written statements provided by the creditor or its attorney, without physical appearances by either the creditor or the consumer.

Consumer arbitration lacks the safeguards that have been designed into our judicial system by our Constitution, by state and federal statutes, and by centuries of judicial decisions. The differences between the procedures in courts and in arbitrations can be seen in the following table:

13

*Table A.  Court and Arbitration: Comparison of Policies and Procedures*

| **COURT** | **ARBITRATION** |
|---|---|
| Consumer is served process by a court officer who has no interest in the proceeding | Consumer is served by the creditor, who has a financial incentive for the consumer not to appear |
| Case is randomly assigned to a judge who has no interest in the proceeding | Case is assigned 1) by a business entity that has a financial incentive to seek additional cases from the creditor, 2) to a sole-proprietor (the arbitrator) who has a financial incentive to seek additional cases from the creditor, and who is subject to removal at the whim of the creditor (under NAF rules w/ 10 days) |
| The entire proceeding is open and public | |
| The process is familiar to anyone who has watched television | The process is closed and secretive. Virtually nothing is publicly known, other than what California requires to be disclosed |
| Due process is required and is enforced by neutral parties | The process is unfamiliar and intimidating. The NAF advertises to collection companies that when you explain to debtors what arbitration is "they basically hand you the money" |
| Decisions must be based on reliable evidence | Due process is only enforced by an arbitrator who has a financial incentive to seek additional cases from the creditor |
| Consumer incurs virtually no cost | Decisions are usually based on hearsay and often double-hearsay |
| Judge must follow the law | Everything the consumer asks for comes only at an extra cost, including a hearing |
| Consumer can appeal any failure to follow law or facts | Arbitrator can ignore the law, and is not subject to any review |
| | No viable appeal of anything but fraud by the arbitrator |

5

14

Almost all of these mass debt collection arbitrations are conducted by the National Arbitration Forum.[6] On July 14, 2009, the Attorney General of the State of Minnesota filed a lawsuit against the NAF in which she included detailed allegations of financial connections between the NAF and debt collection companies and law firms. Those allegations seem to show that the NAF is ultimately owned and controlled by the same business entities that own and control the three largest collection companies in the country, companies that file over half of the claims that are processed through the NAF. Those allegations also recite that the NAF, those three collection companies, and the business entities that now own and control them, all sought to conceal the existence of the relationship among them, in order to maintain the façade that the NAF was truly independent in its administration of the debt collection arbitrations that are filed by those three companies. On July 17, 2009, the NAF and the Minnesota Attorney General entered into a settlement agreement in which the NAF agreed to discontinue all consumer arbitrations.

### III.  The Domestic Policy Subcommittee Staff Investigation

The Subcommittee's staff began our investigation last fall, by assembling and reviewing all of the publicly-available literature and commentary on pre-dispute, mandatory arbitration clauses in all contexts, including consumer agreements and employment agreements. On March 18, 2009, Chairman Kucinich sent a document request to the three major providers of arbitration services,[7] asking for documents that related to all of the concerns that were discussed in the available literature. Staff reviewed over 50,000 pages of documents that were produced by the three services. That review led the Subcommittee to focus on the use of arbitration in consumer debt collection, because it appeared that different arbitrators might be issuing opposite decisions based on the same or similar facts. In order to determine if that was the case, the Subcommittee requested files in 159 claims administered in California by the NAF. All of these claims were filed by the same creditor at approximately the same time. Two arbitrators dismissed all of the 58 claims that were assigned to them. The third arbitrator issued awards to the creditor in every one of the claims assigned to him. The staff reviewed all of those files and could not discover any differences that would justify the different decisions, so the Subcommittee requested the files in 80 additional claims decided by two other arbitrators that had also issued awards to the same creditor. The findings recited below are the result of the Subcommittee's analysis of those files and other documents that have been reviewed.

---

[6] The AAA has conducted one trial program (the "Encore/MCM" program) that ended in June of this year. In contrast, the NAF administered over 30,000 consumer debt collection arbitrations in California alone between January 1, 2003 and March 31, 2007.
[7] The American Arbitration Association (AAA), Judicial and Mediation Services (JAMS) and the National Arbitration Forum (NAF).

6

15

#### IV.   Findings

Very few "consumer arbitrations" are filed by consumers. The only available data indicates that more than 99% of "consumer arbitrations" are debt collection claims filed by businesses, usually credit card companies or collection companies, against consumers, seeking to collect past due balances under arbitration "agreements" that were unilaterally imposed by the businesses.[8]

The claim files that the Subcommittee's staff examined were decided prior to the date on which the NAF rearranged its structure to become part of a debt collection conglomerate. Even before the consummation of that financial arrangement, the claim files showed the kind of problems that would occur in the administration of debt collection claims by an arbitration service that had close ties to the debt collection industry.

Our analysis of the claim files demonstrates that the absence of essential safeguards produces exactly the results that one would expect.

1. Service of process. Obviously, it is easier for a creditor to prevail if the consumer does not respond to the notice. In consumer debt collection arbitration, the notice is served and verified by the creditor. In the AAA/MCM case files, the arbitration notice was often delivered to addresses that differed from the billing address, and the delivery receipts were often signed with names that were illegible and/or differed from the name of the consumer on the bill. In one case, the receipt was signed "x." In three cases, the bills were in Spanish (indicating that the consumer was not an English speaker), but all of the arbitration notices were in English. In the NAF case files, delivery receipts were generally not provided. But, two verifications of delivery upon "John Doe" raise the same concerns.

2. Case assignment. NAF filings are assigned by NAF staff. The studies of the California NAF filings, by Public Citizen and by The Center for Responsible Lending, demonstrate that the vast majority of cases are assigned to a small number of arbitrators who routinely rule in favor of the creditors. The few arbitrators whose rulings are more favorable to consumers are given few cases or reduced numbers of cases. Our analysis of a more recent period of NAF filings found the same disproportionate distribution.[9] This disproportion may be

---

[8] The NAF produced records that show only 7 of 4,894 NAF arbitrations in West Virginia (0.14%), and only 79 of 14,408 in Minnesota (0.5%) were filed by consumers. The General Counsel of First USA Bank testified in an August, 1999 deposition that fewer than 10 of their 40,713 arbitrations after January of 1998 were filed by consumers.
[9] The Public Citizen data analyzed NAF California filings from Q1'03 through Q1'07. NAF provided the Subcommittee with its California filings through Q4'08 and has Q1'09 filings on its website.

16

augmented by the NAF's disqualification rule. When a case is assigned to an arbitrator whom the creditor considers unfavorable, the creditor can remove the arbitrator with a simple form letter, without any need to recite a justification.[10] This rule can greatly increase the likelihood of a creditor gaining the assignment of a favorable arbitrator. It also provides notice to an arbitrator that he/she will get fewer cases, and consequently reduced income, in the future if his/her decisions do not become more favorable to creditors. In Maine, one arbitrator who was actually following the NAF's rules, and dismissing cases that were deficient, found himself without any subsequent case assignments.[11]

3. <u>Closed proceedings</u>. Closed proceedings have at least two significant effects. First, they make it difficult, if not impossible, to evaluate the fairness of arbitration. California is the only state that requires reporting of results, and the information provided by the three organizations is incomplete.[12] We have no information on 46 states and only limited information from three others.[13] We discovered during the course of our investigation that the NAF was violating California law[14] and was not publishing the results of thousands of arbitrations filed by Columbia Credit Services and others. By concealing these files, the NAF was assisting Columbia (and possibly others) in seeking and obtaining awards of attorney's fees that violate Delaware law.[15]   Second, closed proceedings produce arbitrary results, where different arbitrators produce diametrically-opposed decisions in the same cases or virtually identical cases.[16] The result the consumer gets depends on the arbitrator to whom the case is assigned. As shown in the preceding paragraph, NAF case assignment is not random and appears to be designed to maximize decisions favorable to the creditors.

---

[10] The attorney for Columbia Credit Services, Inc. obtained the disqualification of one arbitrator merely by stating that the arbitrator "is prejudiced [sic] my client or me or my client's interest or my interest...."

[11] The NAF promulgated a written rule, the result of which was to stop sending Maine cases to that arbitrator, purportedly because he was not a Maine attorney. No prior written rule existed on that subject.

[12] We discovered during the course of our investigation that the NAF California filings are incomplete and do not disclose any cases filed by Columbia Credit Services, Inc. NAF did not disclose names of arbitrators in their Q4'08 filings and do not breakdown the components of the awards in any of its filings.

[13] NAF provided the Subcommittee with Excel spreadsheets of filings and decisions in ME, MN and WV, but the information provided was different in each spreadsheet and did not allow for a group analysis. Names of arbitrators were only provided in the ME spreadsheet.

[14] CAL. CIV. PROC. § 1281.96

[15] DEL. CODE ANN, tit. 10, § 3912

[16] In 230 cases filed by one creditor with NAF, two arbitrators dismissed all their cases, while the three other arbitrators ruled in the creditor's favor in all their cases in the full amount requested.

8

17

4. <u>Due process</u>. NAF has rules that, if enforced and followed, would provide some due process protections. However, the enforcement of these rules appears to be left in the hands of each individual arbitrator. It appears that the NAF does not care whether or not its rules are enforced. In the claims we reviewed, 70% of them should have been dismissed by the NAF, and not forwarded to arbitrators, because the delay in service of the notice violated NAF Rule 6 (See Exhibit B, attached). The NAF's lack of concern about due process is clearly shown by its disingenuous response to one consumer whose notice was served upon his landlord, with whom he was not speaking at the time. The NAF responded that "the adequacy of service in this case would be decided by the arbitrator hearing the case," ignoring the fact that specific information about service was not provided to the arbitrator.[17] Occasionally, there are arbitrators who enforce deficiencies of service, inadequacy of allegations, absence of sworn evidence, excessive requested attorney's fees, etc. In the case files we reviewed, and in the NAF reported cases, those arbitrators appear to be the exception and their decisions appear to result in their receiving fewer subsequent case assignments.

5. <u>Standard of evidence</u>. In a court, a creditor would have to submit admissible evidence of the amount of the debt, even if the debtor failed to respond to the suit. The awards we reviewed were based entirely on statements of the creditor, usually by the creditor's attorney, sometimes unsworn, sometimes made on the basis of "information and belief." The most documentary evidence that was provided was a "final bill" that recited the past due amount or the total amount owing, without any itemization of charges or any indication of when those charges were incurred. Since all of these claims were made by assignees of the original creditor, they were at least single hearsay, and probably double hearsay. The responses of the consumers, which had to have been based on the first-hand knowledge of the consumer, appeared to be given no weight.

6. <u>Application of law</u>. A judge must follow the law. If a judge does not follow the law, a court of appeals can reverse the incorrect decision. If two judges make rulings that are opposite, appeals can reverse the incorrect decision and guide all future decisions. That procedure does not exist in arbitration. The decision of the arbitrator is final and can only be reviewed on a very limited basis. There is no procedure to correct a decision that is against the law or a decision that totally different from another decision issued by that arbitrator or another arbitrator. Our review disclosed decisions that were totally opposite, depending on whether or not the arbitrator was concerned with deficiencies in the claim documents or ignored them entirely (See Exhibit A, attached).

---

[17] In the files we reviewed, the only information given to the arbitrator was that service was made in compliance with NAF Rule 6. In 70% of the cases, that sworn statement was untrue, because the service was not "prompt" as required by NAF Rule 6.

9

18

### V.   Conclusion

Mass-production collection of consumer debts through arbitration is not "arbitration." It is debt collection made simpler, for the benefit of the creditor and to the detriment of consumers. While it is true that the vast majority of consumers default and do not appear when claims are brought against them in courts, there are consumers who have legitimate defenses to the claims against them or who have become victims of identity theft or mistaken identity. The arbitration system, as it is currently operated by NAF, does not provide protection for those consumers. The system is ripe for abuse, and it has been abused by the largest administrator of "consumer arbitrations."

EXHIBIT "B"

**(READ CAREFULLY)**

      This Arbitration Agreement (the "Agreement") is hereby entered between Pine Hills Health and Rehabilitation, LLC (the "Facility") and _____ (the Resident or the Responsible Party) in conjunction with an agreement for admission and for the provision of nursing facility services (the "Admission Agreement") by Facility to Resident. The "Responsible Party" means an agent, some other individual, or family member who agrees to assist the Facility in providing for the Resident's admission, health care, payment, maintenance, and discharge. The Resident and the Responsible Party shall be collectively referred to as the "Resident." The Resident and the Facility shall be collectively referred to as the "parties."

The parties to this Agreement acknowledge and agree that upon execution, this Agreement becomes part of the Admission Agreement, and that the Admission Agreement evidences a transaction involving interstate commerce governed by the Federal Arbitration Act. The Responsible Party acknowledges further that execution of this Agreement affects his or her individual rights. It is understood and agreed by Facility and Resident that any and all claims, disputes, and controversies (hereafter collectively referred to as a "claim" or collectively as "claims") arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided by the Facility to the Resident shall be resolved exclusively by binding arbitration to be conducted at a place agreed upon by the Parties, or in the absence of such an agreement, at the Facility, in accordance with the National Arbitration Forum Code of Procedure, ("NAF") which is hereby incorporated into this Agreement[1], and not by a lawsuit or resort to court process. This agreement shall be governed by and interpreted under the Federal Arbitration Act, 9 U.S.C. Sections 1-16.

This agreement to arbitrate includes, but is not limited to, any claim for payment, nonpayment, or refund for services rendered to the Resident by the Facility, violations of any right granted to the Resident by law or by the Admission Agreement, breach of contract, fraud or misrepresentation, negligence, gross negligence, malpractice, or claims based on any departure from accepted medical or health care or safety standards, as well as any and all claims for equitable relief or claims based on contract, tort, statute, warranty, or any alleged breach, default, negligence, wantonness, fraud, misrepresentation, suppression of fact, or inducement. However, this Agreement shall not limit the Resident's right to file a grievance or complaint with the Facility or any appropriate government agency, or from requesting an inspection from such an agency, or from seeking review under 42 C.F.R. Section 431.200 et seq. of a decision to transfer or discharge the Resident.

The parties agree that damages awarded, if any, in an arbitration conducted pursuant to this Agreement shall be determined in accordance with the provisions of the state or federal law applicable to a comparable civil action, including any prerequisites to, credit against, or limitations on, such damages. Any award of the arbitrator(s) may be entered as a judgment in any court having jurisdiction. In the event a court having jurisdiction finds any portion of this agreement unenforceable, that portion shall not be effective and the remainder of the Agreement shall remain effective.

EXHIBIT
B

---

[1] Information about the National Arbitration Forum, including a complete copy of the Code of Procedure, can be obtained from the Forum at (800) 474-2371, by fax at (651) 604-6778, or toll-free fax at (866) 743-4517, or on the Internet at http://www.arb-forum.com. Claims may be filed at any office of the National Arbitration Forum, at

It is the intention of the parties to this Agreement that it shall inure to the benefit of and bind the parties, their successors, and assigns, including without limitation the agents, employees and servants of the Facility, and all persons whose claim is derived through or on behalf of the Resident, including any parent, spouse, sibling, child, guardian, executor, legal representative, administrator, or heir of the Resident. The parties further intend that this Agreement is to survive the lives or existence of the parties hereto.

All claims based in whole or part on the same incident, transaction, or related course of care or services provided by the facility to the Resident shall be arbitrated in one proceeding. A claim shall be waived and forever barred if it arose and should reasonably have been discovered prior to the date upon which notice of arbitration is given to the Facility or received by the Resident and such claim is not presented in the arbitration proceedings.

**THE PARTIES UNDERSTAND AND AGREE THAT THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES, AND THAT BY ENTERING INTO THIS ARBITRATION AGREEMENT, THE PARTIES ARE GIVING UP AND WAIVING THEIR CONSTITUTIONAL RIGHT TO HAVE ANY CLAIM DECIDED IN A COURT OF LAW BEFORE A JUDGE AND A JURY, AS WELL AS ANY APPEAL FROM A DECISION OR AWARD OF DAMAGES.**

The Resident understands that (1) he or she has the right to seek legal counsel concerning this Arbitration Agreement, (2) that execution of the Agreement is not a precondition to admission or to the furnishing of services to the Resident by the Facility, and (3) this Arbitration Agreement may be rescinded by written notice to the Facility from the Resident within thirty days of signature. If not rescinded within thirty days, this Arbitration Agreement shall remain in effect for all subsequent stays at the Facility, even if the Resident is discharged from and readmitted to the Facility.

The undersigned certifies that he or she was read this Arbitration Agreement and that it was been fully explained to him or her, that he or she understands its contents, and has received a copy of the provision and that he or she is the Resident, or the person duly authorized by the Resident or otherwise to execute this Agreement and accept its terms.

**RESIDENT**

Willie Robinson
Name of Resident

Willie A Robinson
Signature of Resident

Date: 4/26/10

**WITNESS SIGNATURE**
Jedu Pennis SSD

**RESPONSIBLE PARTY***

_____
Name of Responsible Party

_____
Signature of Responsible Party

Date: _____

Date: 4/26/10

*NOTE: The Responsible Party must also complete the information at the top of Page 3 as well.*

**Arbitration Agreement**
**Page 3 of 3**

**Responsible Party To Complete This Section:**
If the resident is unable to consent or sign this provision because of physical disability or mental incompetence or is a minor and a Responsible Party is signing this provision, complete the following:

Relationship to Resident: _____ $Self$ _____

**(Check if applicable):** [ ] A copy of my guardianship papers, durable power of attorney or other documentation, has been provided to the Facility and is attached.

**FACILITY**

_____
Signature of Facility/Representative

_____
Print Name and Title   *social services director*

Date: _4/26/10_

EXHIBIT "C"





# CODE OF
# PROCEDURE





P.O. Box 50191
Minneapolis, MN 55405
800-474-2371
www.adrforum.com

*August 1, 2008*

© 2008 NATIONAL ARBITRATION FORUM, INC.
07/08 MCB



NATIONAL ARBITRATION FORUM

# Code of Procedure

### PART I–SCOPE

**RULE 1.** Arbitration Agreement ...........1
**RULE 2.** Definitions ........................2
**RULE 3.** Representation ...................7
**RULE 4.** Confidentiality ...................7

### PART II–COMMENCEMENT OF ARBITRATION

**RULE 5.** Summary of Procedures .........8
**RULE 6.** Service of Claims, Responses, Requests, and Documents......11
**RULE 7.** Filing .............................12
**RULE 8.** Notices and Conferences ......13
**RULE 9.** Time Periods, Time Extensions, Adjournments, and Stays .......14
**RULE 10.** Time Limitations ...............16

### PART III–DOCUMENTS

**RULE 11.** Form and Parties ...............17
**RULE 12.** Initial Claim .....................18
**RULE 13.** Response ........................19
**RULE 14.** Counter Claim .................21
**RULE 15.** Cross-claim .....................22
**RULE 16.** Third Party Claim ..............23
**RULE 17.** Amendment ....................23
**RULE 18.** Request to Arbitrator or Forum ........................25
**RULE 19.** Joinder, Intervention, Consolidation, and Separation .....................26

### PART IV–ARBITRATORS

**RULE 20.** Authority of Arbitrators ........28
**RULE 21.** Selection of Arbitrators .........29
**RULE 22.** Number of Arbitrators .........30
**RULE 23.** Disqualification of Arbitrator ...31
**RULE 24.** Communications with Arbitrators ......................33

**PART V–HEARING**

RULE 25. Selection of a
Document Hearing ............34
RULE 26. Selection of a
Participatory Hearing ..........35
RULE 27. Request for an
Expedited Hearing .............36
RULE 28. Document Hearing ............40
RULE 29. Discovery ........................41
RULE 30. Subpoena for In-person
Participatory Hearing ..........44
RULE 31. Exchange of Information
Before a Participatory
Hearing .........................46
RULE 32. Location of an In-person
Participatory Hearing ..........47
RULE 33. Participatory Hearing ..........47
RULE 34. Participatory Hearing
Proceedings ....................48
RULE 35. Evidence in a
Participatory Hearing ..........50
RULE 36. Arbitration Proceedings in
Absence of a Party .............51

**PART VI–AWARDS AND ORDERS**

RULE 37. Awards ..........................52
RULE 38. Orders ..........................53
RULE 39. Entry and Service of
Awards and Orders .............54
RULE 40. Voluntary Dismissal............54
RULE 41. Involuntary Dismissal ..........55
RULE 42. Correction ......................57
RULE 43. Reopening and
Reconsideration ................57

**PART VII–FEES**

RULE 44. Fees .............................59
RULE 45. Waiver of Fees .................62

**PART VIII–CODE PROVISIONS**

RULE 46. Compliance with Rules .........64
RULE 47. Legal Proceedings..............64
RULE 48. Interpretation and
Application of Code ............66

**APPENDIX A**

Notice of Arbitration ........................68

**APPENDIX B**

Second Notice of Arbitration ...............71

**APPENDIX C**

Help Line  ..................................74

NATIONAL ARBITRATION FORUM

# Part I–Scope

### RULE 1. ARBITRATION AGREEMENT.

A. Parties who contract for or agree to arbitration provided by the Forum or this Code of Procedure agree that this Code governs their arbitration proceedings, unless the Parties agree to other procedures. This Code shall be deemed incorporated by reference in every Arbitration Agreement, which refers to the National Arbitration Forum, the International Arbitration Forum, the Arbitration Forum, adrforum.com, Forum or this Code of Procedure, unless the Parties agree otherwise. This Code shall be administered only by the National Arbitration Forum or by any entity or individual providing administrative services by agreement with the National Arbitration Forum.

B. Parties may agree to submit any matter, including any Claim for legal or equitable relief, to arbitration unless prohibited by applicable law.

C. Arbitrations will be conducted in accord with the applicable Code of Procedure in effect at the time the Claim is filed, unless the law or the agreement of the Parties provides otherwise. A case that has been Stayed, extended or Adjourned for more than one hundred-eighty (180) days may be subject to the Code of Procedure and Fee Schedule in effect at the time the case proceeds.

D. Parties may modify or supplement these rules as permitted by law. Provisions of this Code govern arbitrations involving an

appeal or a review de novo of an arbitration by other Arbitrators.

### RULE 2. DEFINITIONS.

For purposes of this Code, the following definitions apply:

A. Affidavit: A Written statement of a person who asserts the statement to be true under penalty of perjury or who makes the statement under oath before a notary public or other authorized individual.

B. Adjournment: A continuance or delay for a specific period of time requested after the appointment of an Arbitrator. See Time Extension and Stay.

C. Amendment: A change made to a Claim after it has been served on the Respondent and any change made to a Response after it has been filed and Delivered to all Parties.

D. Appearance: Any filing by a Party or Party's Representative under Rules 12, 13, 19B, 41A or 44H.

E. Arbitration Agreement: Any Written provision in any agreement between or among the Parties to submit any dispute, controversy or Claim to the Forum or to arbitration under this Code.

F. Arbitrator: An individual selected in accord with the Code or an Arbitration Agreement to render Orders and Awards, including a sole Arbitrator and all Arbitrators of an arbitration panel. No Arbitrator may be a director or officer of the Forum. A Party Arbitrator is an Arbitrator selected by a Party to serve as a member of a panel of Arbitrators in accord with the agreement of the Parties.

G. Award: Any Award establishing the final rights and obligations of the Parties or as otherwise provided by this Code or by law.

H. Claim: Any Claim submitted by any Party including an Initial Claim, Cross-claim, Counter Claim, and Third Party Claim.

I. Claimant: Any individual or Entity making any Claim under this Code.

J. Claim Amount: The total value of all relief sought. A Claimant seeking non-monetary relief states a monetary value for this relief for purposes of establishing the Claim Amount.

K. Common Claim: A Claim Amount less than $75,000.

L. Consumer: An individual, who is not a business or other Entity, whose Claim or Response against a business or other Entity arises:

(1) From a transaction or event entered into primarily for personal, family or household purposes;

(2) From an existing, past or prospective employment relationship with an employer Party; or

(3) From a transaction or event involving any aspect of health care.

M. Delivery: Delivery to the address of a Party, the Forum or an Arbitrator by the postal service of the United States or any country, or by a reliable private service, or by facsimile, e-mail, electronic or computer transmission.

N. Director: The Director of Arbitration and the Forum staff administer arbitrations under

this Code or under other rules agreed to by the Parties.

O. Document: Any Writing or data compilation containing information in any form, including an agreement, record, correspondence, summary, electronically stored information, tape, e-mail, video, audio, disk, computer file, electronic attachment, notice, memorandum or other Writings or data compilations.

P. E-commerce Transaction: All contracts and agreements entered into, in whole or in part, by electronic or computer communication and all transactions consummated through electronic or computer communication.

Q. Entity: Any association, business, company, cooperative, corporation, country, governmental unit, group, institution, organization, partnership, sole proprietorship, union or other establishment.

R. Fee Schedule: The Fee Schedule appears in a supplement to this Code.

S. Forum: The National Arbitration Forum, the International Arbitration Forum, the Arbitration Forum, arbitration-forum.com, and adrforum.com constitute the administrative organizations conducting arbitrations under this Code. The Forum or an entity or individual providing administrative services by agreement with the Forum administers arbitrations in accord with this Code.

T. Hearing: Hearings include:

(1) Document Hearing: A proceeding in which an Arbitrator reviews documents or property to render an Order or Award and the Parties do not attend.

3

4

(2) Participatory Hearing: Any proceeding in which an Arbitrator receives testimony or arguments and reviews documents or property to render an Order or Award. The types of Participatory Hearings include:

    a. In-person Hearing – A Hearing at which the participants may appear before the Arbitrator in person;

    b. Telephone Hearing – A Hearing at which the participants may appear before the Arbitrator by telephone; and,

    c. On-line Hearing – A Hearing at which the participants may appear before the Arbitrator on-line, by e-mail or by other electronic or computer communication.

U. Interim Order: Any Order providing temporary or preliminary relief pending a final Award.

V. Large Claim: A Claim Amount of $75,000 or more.

W. Order: Any Order establishing specific rights and obligations of the Parties.

    (1) A Dispositive Order results in a final Award or dismissal of any Claim or Response.

    (2) All other Orders are Non-dispositive.

X. Party: Any individual or Entity who makes a Claim or against whom a Claim is made including Claimants, Respondents, Cross-claimants, and Third Parties.

Y. Party Witness: Any person who is an individual Party or who is an employee of an entity Party at the time of the service of the subpoena.

Z. Proof of Service: An Affidavit stating how and where service was made.

AA. Receive or Receipt: The Delivery or other effective notice to the Forum, or to a Party at the address of the Party or Party Representative.

BB. Representative: Any individual, including an attorney, who makes an appearance on behalf of a Party.

CC. Request: Any Request by a Party directed to an Arbitrator or the Forum for an Order or other relief, including any motion, petition or other type of Request.

DD. Respondent: Any Party against whom a Claim is made.

EE. Response: Any Written Response by a Party or Representative to any Claim.

FF. Sanctions: Sanctions include dismissal of the arbitration or the Claims or Responses; preclusion of evidence; admission of facts; payment of costs; payment of fees including reasonable attorney fees, Arbitrator fees, and arbitration fees; the rendering of an Order or Award; and other Sanctions deemed appropriate. Sanctions may be imposed against a Party, a Representative or both.

GG. Signature or Signed: Any mark, symbol or device intended as an attestation, produced by any reliable means, including an electronic transcription intended as a Signature.

HH. Stay: A delay for an indefinite period of time requested by a Claimant before an Arbitrator is appointed. See Time Extension and Adjournment.

II. Time Extension: A continuance or delay for a specific period of time requested before the appointment of an Arbitrator. See Adjournment and Stay.

JJ. With Prejudice: The case cannot be brought again. The Claimant cannot subsequently bring the same Claim against the Respondent.

KK. Without Prejudice: The case may be brought again. The Claimant can subsequently file the same Claim against the same Respondent.

LL. Writing or Written: Any form intended to record information, including symbols on paper or other substance, recording tape, computer disk, electronic recording, and video recording and all other forms.

### RULE 3. REPRESENTATION.

A. Parties may act on their own behalf or may be represented by an attorney or by a person who makes an appearance on behalf of a Party.

B. Parties, their Representatives, and all participants shall act respectfully toward the Forum staff, the Arbitrator, other Parties, Representatives, witnesses, and participants in the arbitration.

### RULE 4. CONFIDENTIALITY.

Arbitration proceedings are confidential unless all Parties agree or the law requires arbitration information to be made public. Arbitration Orders and Awards are not confidential and may be disclosed by a Party. The Arbitrator and Forum may disclose case filings, case dispositions, and other case information filed with the Forum as required by a Court Order or the applicable law.

NATIONAL ARBITRATION FORUM

# Part II–Commencement of Arbitration

### RULE 5. SUMMARY OF PROCEDURES.

A. Claim. A Party begins an arbitration by filing with the Forum a properly completed copy of the Initial Claim described in Rule 12, accompanied by the appropriate filing fee which appears in the Fee Schedule. The Forum reviews the Claim, opens a file, assigns a file number, and notifies the Claimant, who then serves the Respondent in accord with Rule 6.

B. Response. A Respondent may file a Response as explained in Rule 13 or respond otherwise as explained in these rules and the Notices of Arbitration, which appear in Appendices A and B. If there is no timely Response, the arbitration proceeds in accord with Rule 36.

C. After a Response. The arbitration proceeds in accord with a Scheduling Notice issued by the Forum or by action by the Parties.

D. Hearing. A Party may select a Document Hearing under Rule 25 or a Participatory Hearing under Rule 26 and pay the fee, if any, listed in the Fee Schedule. Parties have a full and equal right to present relevant and reliable direct and cross examination testimony, documents, exhibits, evidence, and arguments. A record may be made of Participatory Hearings.

E. Arbitrator. The Parties select an Arbitrator(s) by mutual agreement in accord with Rules 21, 22, and 23. Forum arbitrators are neutral, independent, experienced, and knowledgeable about the applicable law.

F. Arbitrator Qualifications. A neutral Arbitrator shall not serve if circumstances exist that create a conflict of interest or cause the Arbitrator to be unfair or biased in accord with Rules 21 and 23. A Forum Arbitrator may also be removed similar to the ways a judge or juror may be stricken.

G. Arbitrator Powers. An Arbitrator decides issues in a case including questions of fact and law. An Arbitrator follows the applicable substantive law and may grant any remedy or relief provided by law or equity, including monetary and injunctive relief, in accord with Rules 20, 27, 37, and 38.

H. Discovery. Before a Hearing is held, Parties shall cooperate in the discovery process and may exchange and obtain discovery in accord with Rule 29.

I. Requests. Parties may seek appropriate relief or remedies in accord with Rule 18.

J. Fee Schedules. The Fee Schedules appear in a supplement to this Code. The Forum Fee Schedules are a model of fair cost and fee allocation. The Common Claim Fee Schedule governs amounts under $75,000, and the Large Claim Fee Schedule governs all other Claim Amounts.

K. Consumers. See Rule 2L. Consumers include Consumers, employees, and patients. Consumers pay only reasonable arbitration fees as explained in these Rules and the Fee Schedule, and as required by the applicable law. Other Parties may have to pay fees for Consumers.

L. Indigent Parties. In accord with Rule 45, Consumers who meet the United States Federal poverty standards need not pay arbitration fees.

M. Substantive Law and Remedies. All types of legal and equitable remedies and relief available in court are available in arbitration. Claims, Responses, remedies or relief cannot be unlawfully restricted, and Parties may effectively pursue any remedy or relief in arbitration including statutory, common law, injunctive, equitable, and all other lawful remedies and relief.

N. Award or Order. After a Hearing, an Arbitrator shall promptly issue an Award or Order in accord with Rule 37 or 38. Reasons, findings of fact, and conclusions of law shall be in accord with Rule 37 or 38.

O. Review and Enforcement. An Award may be enforced in any court of competent jurisdiction, as provided by applicable law. An Award or Order may be reviewed by a court with jurisdiction to determine whether the Arbitrator properly applied the applicable substantive law and whether the arbitration complied with applicable arbitration laws.

P. Public Information. Arbitration information may be made public in accord with Rule 4 or as required by Court Order.

Q. Access to Justice. This Code shall be interpreted to provide all Parties with a fair and impartial arbitration and with reasonable access to civil justice. Arbitrations under the Code are governed by the Federal Arbitration Act in accord with Rule 48B.

### RULE 6. SERVICE OF CLAIMS, RESPONSES, REQUESTS, AND DOCUMENTS.

A. After being notified by the Forum that a Claim has been accepted for filing in accord with Rules 7 and 12, and a file number has been provided, the Claimant shall promptly serve on each Respondent one (1) copy of the Initial Claim Documents, containing the Forum file number, together with a Notice of Arbitration substantially conforming to Appendix A of this Code, including notice that the Respondent may obtain a copy of the Code, without cost, from the Claimant or the Forum.

B. Service of Initial Claims and Third Party Claims shall be effective if done by:

(1) United States Postal Service Certified Mail Signed return receipt or equivalent service by the national postal service of the country where the Respondent resides or does business;

(2) Delivery by a private service with the Delivery receipt Signed by a person of suitable age and discretion who Received the Documents;

(3) Delivery with a Written acknowledgment of Delivery by the Respondent or a Representative;

(4) In accord with the Federal Rules of Civil Procedure of the United States or the rules of civil procedure of the jurisdiction where the Respondent entered into the Arbitration Agreement;

(5) In accord with any agreement of the Party served;

(6) For Claims related to or arising from an E-commerce Transaction, Delivery to the e-mail address of the Party served, Receipt confirmed; or

(7) Service is complete upon Receipt by the Party served or the filing of a Response with the Forum by a Respondent.

C. Service of Responses, Counter Claims, Cross-claims, Requests, notices, and Documents shall be by Delivery, as defined in Rule 2M, to the address of all Parties or their Representatives at their addresses of record with the Forum, or by using service methods for an Initial Claim in Rule 6B. Amended Claims shall be served or Delivered as provided in Rule 17D.

D. The Party serving or Delivering a Claim, Response, Request, notice or Document shall timely Deliver copies to all Parties not required to be served. This rule does not apply to a Rule 45 Request.

E. Parties and Representatives shall immediately notify the Forum and all other Parties of their mail, facsimile and e-mail address and any changes in their addresses. If they fail to do so, Parties and their Representatives agree to Receive service at the previous address provided to the Forum.

### RULE 7. FILING.

A. A Party who serves a Claim or Response shall timely file these and all other Documents and Proof of Service with the Forum. The filing of Proof of Service constitutes a certification that the service conforms to Rule 6. A Party who files paper Documents with the Forum shall file two (2) copies. A Party who files Documents online need only file one set of Documents.

B. Parties may file by Delivery as defined in Rule 2M, in person, or by other methods of filing authorized by the Forum at:

P.O. Box 50191
Minneapolis, Minnesota USA 55405-0191
or
www.adrforum.com
or
file@adrforum.com
or
Fax: 952-345-1160

C. Upon Proof of Service of an Initial Claim,
where no Response has been filed, the
Forum shall mail to Respondent the Second
Notice of Arbitration, substantially
conforming to Appendix B of this Code.

D. The Forum may distribute copies of
Documents filed with the Forum to Parties
or their Representatives who have entered
an Appearance with the Forum.

E. Filing is complete upon Receipt by the
Forum of all required Documents and fees.
Claims, Responses, Requests, Notices, and
all other Documents Received by the Forum
are not considered filed until all required
Documents are Received together with all
applicable fees.

F. The effective date of filing is the business
day the Forum Receives all required
Documents and fees. A submission is due
before Midnight, United States Central time,
on its due date.

## RULE 8. NOTICES AND CONFERENCES.

A. The Forum may notify and communicate
with a Party or Parties by Writing, facsimile,
e-mail, telex, telegram, telephone, in person
or by other means of communication.

B. The Forum or Arbitrator may conduct a
conference with a Party or Parties to discuss
procedural matters on the initiative of the
Forum or at the Request of a Party or
Arbitrator.

C. The Forum may issue a Scheduling
Notice regarding the Hearing process,
including preliminary Hearings.

## RULE 9. TIME PERIODS, TIME EXTENSIONS, ADJOURNMENTS, AND STAYS.

A. Time Periods. In computing any period of
time under this Code, the day of the act or
event from which the designated period of
time begins to run shall not be included.

B. Holidays. Saturdays, Sundays, and federal
holidays of the United States are included in
the computation of time, except when they
fall on the last day of a period.

C. Enforcement. The time periods
established in this Code are to be strictly
enforced and a Party's untimely Claim,
Response, Request, Notice, Document or
submission may be denied solely because
it is untimely.

D. Time Extensions. The Forum may extend
time periods in this Code. A Request for a
Time Extension must be filed with the Forum
and delivered on all other Parties at least five
(5) days before the time period ends or no
later than a deadline established by a
Scheduling Notice, whichever is earlier, and
must be accompanied by a fee, if any, as
provided in the Fee Schedule. A Request
submitted after the time period has ended
will not be considered unless extraordinary
circumstances exist.

E. Adjournments. An Arbitrator may Adjourn
the arbitration process or a Hearing to a
later date. A Rule 18 Request for an
Adjournment must be filed with the Forum
and served on the other Parties at least seven
(7) days before the scheduled event and
must be accompanied by a fee, if any, as
provided in the Fee Schedule. A Request

13

14

submitted after the time period has ended will not be considered unless extraordinary circumstances exist. Any other Party may object to a Request by filing with the Forum and serving on all other Parties an objection within three (3) days of the Request being filed with the Forum.

F. Stays.

(1) A Claimant may obtain a Stay of a case for an indefinite period of time by filing with the Forum and serving on all other Parties a Stay Notice prior to the appointment of an Arbitrator. An opposing Party may end a Stay by filing with the Forum and serving on all Parties an objection which ends the Stay. Claimant may file only one (1) Stay Notice and may seek a subsequent Stay by submitting a Rule 18 Request. A Stay suspends the time when proceedings and hearings occur and when Documents and Fees are due.

(2) By submitting a Notice at any time, Parties may mutually agree to Stay a matter based on a settlement agreement. Upon receipt of the Notice, the Forum shall stay the matter for the duration of the settlement agreement. Any Party may end such a Stay by filing with the Forum and serving on all Parties an objection seeking to end the Stay.

(3) The Forum shall Stay a case if ordered by a court of competent jurisdiction, and may Stay a case when reasonably necessary.

G. International. For arbitration Hearings to be held outside of the United States, an additional thirty (30) days shall be added to the time periods in Rule 13 of this Code. Additional time for other proceedings will be made available at the determination of

the Forum or at the Request of a Party.

### RULE 10. TIME LIMITATIONS.

A. No Claim may be brought after the passage of time which would preclude a Claim regarding the same or similar subject matter being commenced in court. This time limitation shall be suspended for the period of time a court of competent jurisdiction exercises authority over the Claim or dispute. This rule shall not extend nor shorten statutes of limitation or time limits agreed to by the Parties, nor shall this rule apply to any case that is directed to arbitration by a court of competent jurisdiction.

B. An arbitration shall commence on the date the Respondent is served with the Initial Claim Documents or the date a Response is filed with the Forum, whichever is earlier.

# Part III–Documents

### RULE 11. FORM AND PARTIES.

A. Every Claim, Response, Amendment, and Request shall be in Writing and Signed by a Party or Representative.

B. Parties and Representatives shall provide the Forum and all Parties with their names, current address, an address where service will be accepted, telephone numbers, and available facsimile numbers and e-mail addresses. Respondents shall provide the Forum with the address of their residence or business for determination of the proper location of the Hearing in accord with Rule 32.

C. Statements in Claims, Responses, Amendments, and Requests may be made in separate or numbered sentences, paragraphs or sections, and may refer to exhibits attached to Claims, Responses, Requests or Documents.

D. English is the language used in Forum proceedings unless the Parties agree to use another language. The Forum or Arbitrator may Order the Parties to provide translations at their own cost unless the Forum has agreed in advance to the use of another language.

E. A Party may be:

(1) An executor, administrator, guardian, bailee, trustee, or

(2) An assignee, a successor in interest, a recipient of a transfer of interest, or

(3) A guardian, conservator, fiduciary, or other legal Representative for an infant or incompetent person.

Proof of the status of a Party under this rule must be made by an Affidavit filed with the Forum. A Party who contests the status of another Party may file a Rule 18 Request for relief with the fee, if any, as provided in the Fee Schedule.

### RULE 12. INITIAL CLAIM.

A. An Initial Claim, which begins an arbitration in accord with Rule 6 of this Code, shall include:

(1) A statement in plain language of the dispute or controversy, the facts and the law (if known) supporting the Claim, the specific relief requested and the reasons supporting the relief, the specific amount and computation of any money or damages, the specific value of non-monetary or other relief, the specific amount and computation of any interest, costs, and attorney fees under Rule 12B, and other relevant and reliable information supporting the Claim;

(2) A copy of the Arbitration Agreement, or, if not in the possession of the Claimant, notice of the location of a copy of the Arbitration Agreement;

(3) A copy of available Documents that support the Claim;

(4) An Affidavit asserting that the information in the Claim is accurate; and

(5) The appropriate Filing Fee as provided in the Fee Schedule.

B. A Claimant who seeks costs and attorney fees must include this statement in the Claim and may either:

(1) State the specific amount sought in the Claim; or

(2) Amend the Claim to state the specific amount sought:

    a. For Document Hearings no later than ten (10) days from the date of the Notice of the Selection of an Arbitrator; or

    b. For Participatory Hearings no later than seven (7) days from the close of the Hearing; or

    c. For prevailing Parties, by Order of the Arbitrator.

C. After service of the Initial Claim on the Respondent, the Claimant shall promptly file with the Forum Proof of Service of the Initial Claim on the Respondent. A Claim shall not proceed to arbitration until the Forum has received a copy of the Proof of Service of the Initial Claim or a Response has been filed with the Forum.

D. An Arbitrator may reject, in whole or in part, an Initial Claim that does not substantially conform to this rule.

E. A Claimant may seek any remedy or relief allowed by applicable substantive law.

### RULE 13. RESPONSE.

A. Upon service of an Initial Claim, Counter Claim, Cross-claim, or Third Party Claim on a Respondent, the Respondent shall Deliver to the Claimant and file with the Forum, within thirty (30) days from Receipt of service or fourteen (14) days from the date of the Second Notice of Arbitration, whichever is later, a Response which shall include:

(1) A Written Document stating in plain language a Response to the Claim or stating the Respondent has insufficient information to affirm or deny a statement. A Response shall also include any defenses to each Claim made, the facts and the law (if known) supporting the defenses, including affirmative defenses and set offs;

(2) An objection to the arbitration of the Claim, if the Respondent so objects. A Response that does not assert this objection is an agreement to the arbitration of the Claim and a waiver of this objection which cannot be asserted in an Amendment;

(3) A copy of available Documents that support the Response;

(4) Any Counter Claim the Respondent has against the Claimant in accord with Rule 14 of this Code, including the Counter Claim filing fee;

(5) Proof of Delivery of the Response to all other Parties; and

(6) Any fees as provided in the Fee Schedule or as required by the agreement of the Parties.

B. A Party may obtain ten (10) additional days to respond to an Initial Claim by filing with the Forum and Delivering to all other Parties an extension Notice before the Response is due. Only one (1) extension by Notice is available.

C. A Respondent who responds but does not state available replies, defenses or Claims may be barred by the Arbitrator from presenting such replies, defenses or Claims at the Hearing. The failure of a Respondent to deny a statement in a Claim may be

considered by the Arbitrator as an admission of that statement.

D. An Arbitrator may reject, in whole or in part, a Response that does not substantially conform to this rule.

### RULE 14. COUNTER CLAIM.

A. A Respondent may assert a Counter Claim against a Claimant by Delivering to the Claimant, as part of the Response in accord with Rule 13, Counter Claim Documents which include:

(1) A Counter Claim stating in plain language the dispute or controversy, the facts and the law (if known) supporting the Counter Claim, the specific relief requested and the reasons supporting the relief, the specific amount and computation of any money or damages, the specific value of non-monetary or other relief, the specific amount and computation of any interest, costs, and attorney fees under Rule 12B, and other relevant and reliable information supporting the Counter Claim;

(2) A copy of available Documents that support the Counter Claim; and

(3) An Affidavit asserting that the information in the Counter Claim is accurate.

B. The Respondent shall also pay the filing fee for a Counter Claim as provided in the Fee Schedule at the time of filing the Counter Claim with the Forum.

C. An Arbitrator may reject, in whole or in part, Counter Claim Documents that do not substantially conform to this rule.

### RULE 15. CROSS-CLAIM.

A. A Party may assert a Claim against a co-Party arising out of the same or related transaction or occurrence of the dispute or controversy by Delivering to the co-Party the Cross-claim Documents which include:

(1) A Cross-claim setting forth in plain language the dispute or controversy, the facts and the law (if known) supporting the Cross-claim, the specific relief requested and the reasons supporting the relief, the specific amount and computation of any money or damages, the specific value of non-monetary or other relief, the specific amount and computation of any interest, costs, and attorney fees under Rule 12B, and other relevant and reliable information supporting the Cross-claim;

(2) A copy of available Documents that support the Cross-claim; and

(3) An Affidavit asserting that the information in the Cross-claim is accurate.

B. A Party shall Deliver a Cross-claim on all Parties and shall file copies with the Forum within fifteen (15) days of the date of service of a Response.

C. The Cross-claimant shall file with the Forum, promptly after Delivery of the Cross-claim, the proof of Delivery of the Cross-claim on all Parties, with the fee for filing a Cross-claim, if any, and the fee for a Hearing, if selected, as provided in the Fee Schedule.

D. An Arbitrator may reject, in whole or in part, Cross-claim Documents that do not substantially conform to this Rule.

## RULE 16. THIRD PARTY CLAIM.

A. If a Respondent asserts that a non-Party, who has entered into an Arbitration Agreement but was not served by the Claimant, is responsible for the Award demanded, the Respondent may serve a Third Party Claim on this Party, which shall include:

(1) All information required in an Initial Claim in Rule 12 of this Code, including a copy of the Claim Documents that gave rise to the Third Party Claim; and

(2) A copy of the Arbitration Agreement, or notice of the location of a copy of the Arbitration Agreement.

B. The Third Party Claim shall be Delivered to all other Parties and a copy shall be filed with the Forum within thirty (30) days of the date of service of the Initial Claim, as required by Rule 16A.

C. The Third Party Claimant shall file with the Forum, promptly after service of the Third Party Claim the Proof of Service of the Third Party Claim on Third Party Respondent and proof of Delivery on all other Parties, with the fee for a Third Party Claim, and the fee for a Hearing, if selected, as provided in the Fee Schedule.

D. An Arbitrator may reject, in whole or in part, Third Party Claim Documents that do not substantially conform to this rule.

## RULE 17. AMENDMENT.

A. A Claim or Response may be Amended:

(1) By agreement of the Parties at any time;

(2) By Request, not later than the Scheduling Notice deadline or ten (10) days from the date of the Notice of Selection of an Arbitrator for a Document Hearing or thirty (30) days before the earliest date set for a Participatory Hearing, if the Amendment does not delay the arbitration and promotes fairness, efficiency, or economy, which Request shall be promptly decided by an Arbitrator; or

(3) By Request during or within three (3) days following a Document or Participatory Hearing, if the Arbitrator finds the Amendment conforms to the evidence received.

B. An Amendment of a Claim or Response, or a Request for an Amendment, shall be designated as such and promptly served on all Parties and filed with the Forum. Any Party may object to the Amendment Request by filing with the Forum and Delivering to all Parties a Written objection(s) within ten (10) days of Delivery of the Request. An amended Claim which increases the Claim Amount shall also be accompanied by the additional filing fee in the Fee Schedule. An amended Claim, excluding Amendments agreed to by all Parties, shall also be accompanied by the Amendment Request Fee as provided in the Fee Schedule.

C. A Respondent shall respond to an amended Claim within the time remaining for a Response to the Initial Claim or within fifteen (15) days after service of the amended Claim, whichever time is longer, unless the Parties agree or an Arbitrator orders otherwise.

D. After service of the Initial Claim, an Amendment of a Claim that increases the monetary amount of the value of relief sought in the Initial Claim must be served in accord with Rule 6B. All other Amendments may be Delivered in accord with Rule 2M.

E. Any change to the Claim before service is made on Respondent is not an Amendment. After service, a reduction of the Claim Amount, a change of address of a Party, and the substitution of a successor in interest are not Amendments.

F. An Amendment of a Claim shall relate back to the time the Initial Claim was commenced unless otherwise provided by applicable law.

### RULE 18. REQUEST TO ARBITRATOR OR FORUM.

A. A Party may Request an Order or other relief from an Arbitrator or the Forum by filing with the Forum:

(1) A Document stating in plain language:

a. The Request;
b. The specific rule, if any, relied on for an Order or other relief;
c. The specific relief or Order sought;
d. The facts and law supporting the Request; and
e. Any other relevant and reliable information.

(2) All Documents that support the Request, Order or relief;

(3) Proof of Delivery of the Request Documents on all Parties; and

(4) The fee, as provided in the Fee Schedule.

B. The Party shall Deliver the Rule 18A(1) and (2) Documents to all Parties at the time of filing.

C. Any other Party may object to a Request by filing with the Forum and Delivering to all Parties a Written objection(s) within ten

(10) days of Delivery of the Request, unless another time is provided by rule or is necessary based on the relief requested.

D. Requests directed to the Forum are decided by the Forum as permitted by the Code. Requests directed to an Arbitrator are decided by an Arbitrator. Prior to the appointment of an Arbitrator, Requests may be granted by the Forum as permitted by this Code.

E. All Requests or motions made by a Party are Rule 18 Requests. A Party filing a Request or objection must pay the fee, if any, as provided in the Fee Schedule. A Request or motion to reconsider is usually not granted, unless the controlling law has changed. The Fee Schedule lists fees that may accompany Rule 18 Requests, objections, procedures, and proceedings.

F. No Request may be filed later than the Scheduling Notice deadline or fifteen (15) days before a Participatory Hearing or for Document Hearings later than ten (10) days from the date of the Notice of the Selection of an Arbitrator, unless another time is provided by rule or is necessary based on the relief requested.

### RULE 19. JOINDER, INTERVENTION, CONSOLIDATION, AND SEPARATION.

A. Any individual or Entity may, as agreed to by the Parties or as required by applicable law, join any dispute, controversy, Claim or Response in an arbitration by filing a Claim Document stating the grounds. An Arbitrator has no authority to issue an Order or Award binding any individual or Entity not a Party, unless that individual or Entity agrees or as required by applicable law. The Forum may require a Party to pay a fee.

B. Any individual or Entity that entered into the Arbitration Agreement between Claimant and Respondent may intervene in an arbitration if a common question of fact or law arising from the same or related transaction or occurrence exists and such a proceeding promotes fairness, efficiency or economy. The Forum may require a Party to pay a fee.

C. Separate arbitrations involving the same named Parties and a common question of fact or law arising from the same or related transaction or occurrence shall be consolidated at the Request of a Party or at the determination of the Forum if the consolidation promotes fairness, efficiency or economy. A Party may challenge this consolidation by filing a Rule 18 Request for severance, and an Arbitrator shall promptly decide this Request by determining whether consolidation or severance promotes fairness, efficiency or economy. The Forum may require a Party to pay a fee.

D. An arbitration involving multiple Claims or Responses or Parties may be separated into individual Hearings if such proceedings promote fairness, efficiency or economy. The Forum may require the Party or Parties to pay Hearing fees for separate Hearings.

E. A Request by an individual or Entity to join or intervene or a Request by a Party for separation must be filed in accord with Rule 18.

F. An Arbitrator shall promptly decide Requests for joinder, intervention, severance or separation. Any decision by an arbitrator joining, consolidating or aggregating parties or claims is an Award under 9 U.S.C. Section 9.

# Part IV–Arbitrators

### RULE 20. AUTHORITY OF ARBITRATORS.

A. Arbitrators have the powers provided by this Code, the agreement of the Parties, and the applicable law.

B. Arbitrators selected in accord with Rule 21A(3) shall take an oath prescribed by the Director and shall be neutral and independent.

C. Arbitrators shall decide all factual, legal, and other arbitrable issues submitted by the Parties and do not have the power to decide matters not properly submitted under this Code.

D. An Arbitrator shall follow the applicable substantive law and may grant any legal, equitable or other remedy or relief provided by law in deciding a Claim, Response or Request properly submitted by a Party under this Code. Claims, Responses, remedies or relief cannot be unlawfully restricted.

E. An Arbitrator shall have the power to rule on all issues, Claims, defenses, questions of arbitrability, and objections relating to the existence, scope, and validity of the contract, transaction, or relationship of the Parties.

F. An Arbitrator shall have the power to rule on all issues, Claims, Responses, questions of arbitrability, and objections regarding the existence, scope, and validity of the Arbitration Agreement including all objections relating to jurisdiction, unconscionability, contract law, and enforceability of the Arbitration Agreement.

## RULE 21. SELECTION OF ARBITRATORS.

A. Parties select an Arbitrator(s):

(1) By selecting an Arbitrator or a panel of Arbitrators on mutually agreeable terms; or

(2) By each Party selecting an Arbitrator and those Arbitrators selecting another Arbitrator for a panel of Arbitrators; or

(3) In the absence of an election of Rule 21A(1) or (2), by using the selection process in Rules 21B through 23 of this Code.

Parties must notify the Forum of their election of Rule 21A(1) or (2), or other agreement for Arbitrator selection, no later than thirty (30) days after the filing of a Response with the Forum.

B. For Large Claim Hearings, the Forum shall provide to each Party making an Appearance a list of Arbitrator candidates equal in number to the number of Parties plus the number of Arbitrators required under Rule 22. Each Party making an Appearance may strike one of the candidates and may Request disqualification of any candidate in accord with Rule 23C by notifying the Forum in Writing, within ten (10) days of the date of the strike list.

C. For Common Claim Hearings, the Forum shall submit one Arbitrator candidate to all Parties making an Appearance. A Party making an Appearance may remove one Arbitrator candidate by filing a notice of removal with the Forum within ten (10) days from the date of the notice of Arbitrator selection. A Party making an Appearance may request disqualification of any subsequent Arbitrator in accord with Rule 23.

D. Upon Request for an Expedited Hearing or if the need for an Arbitrator arises before an Arbitrator is designated in accord with Rule 21A, the Forum shall promptly designate an Arbitrator and the issues to be decided.

E. A Party is prohibited from striking or removing an Arbitrator or an Arbitrator candidate based on race, gender, nationality, ethnicity, religion, age, disability, marital status, family status, or sexual orientation. A party may only strike or remove an arbitrator in good faith and not for the purpose of delay or to gain an unfair advantage.

F. A Party may request Receipt of the Notice of Arbitrator selection by notifying the Forum, in Writing, within ten (10) days from the date Claimant files Proof of Service of the Initial Claim. Notices related to Arbitrator selection need not be provided to a Party who has failed to respond to a Claim or otherwise appear or defend or pay fees as provided by this Code.

## RULE 22. NUMBER OF ARBITRATORS.

Unless the Parties agree otherwise, for all Hearings, one (1) Arbitrator shall conduct the Hearing and issue an Award. Where the Parties have agreed to more than one (1) Arbitrator, that number of Arbitrators will serve and the Forum shall designate the chair of the panel, unless the Parties agree otherwise.

Case 1:14-cv-01051-SOH Document 1-1 Filed 09/26/14 Page 256 of 341 PageID #: 273

## RULE 23. DISQUALIFICATION OF ARBITRATOR.

A. An Arbitrator shall be disqualified if circumstances exist that create a conflict of interest or cause the Arbitrator to be unfair or biased, including but not limited to the following:

(1) The Arbitrator has a personal bias or prejudice concerning a Party, or personal knowledge of disputed evidentiary facts;

(2) The Arbitrator has served as an attorney to any Party or Representative, the Arbitrator has been associated with an attorney who has represented a Party during that association, or the Arbitrator or an associated attorney is a material witness concerning the matter before the Arbitrator;

(3) The Arbitrator, individually or as a fiduciary, or the Arbitrator's spouse or minor child residing in the Arbitrator's household, has a direct financial interest in a matter before the Arbitrator;

(4) The Arbitrator, individually or as a fiduciary, or the Arbitrator's spouse or minor child residing in the Arbitrator's household, has a direct financial interest in a Party;

(5) The Arbitrator or the Arbitrator's spouse or minor child residing in the Arbitrator's household has a significant personal relationship with any Party or a Representative for a Party; or

(6) The Arbitrator or the Arbitrator's spouse:

a. Is a Party to the proceeding, or an officer, director, or trustee of a Party; or,

b. Is acting as a Representative in the proceeding.

B. An Arbitrator shall provide the Forum with a complete and accurate resume, a copy of which the Forum shall provide the Parties at the time of the selection process. An Arbitrator shall disclose to the Forum circumstances that create a conflict of interest or cause an Arbitrator to be unfair or biased. The Forum shall disqualify an Arbitrator or shall inform the Parties of information disclosed by the Arbitrator if the Arbitrator is not disqualified.

C. A Party making an Appearance may request that an Arbitrator be disqualified by filing with the Forum a Written Request stating the circumstances and specific material reasons for the disqualification. A Party who knows or has reason to know of circumstances that may disqualify an Arbitrator must immediately disclose those circumstances to the Arbitrator, the Forum, and all other Parties. A Party who fails to timely and properly disclose disqualifying circumstances agrees to accept the Arbitrator and waives any subsequent objection to the Arbitrator in the pending arbitration or any other legal proceeding.

D. A Request to disqualify an Arbitrator must be filed with the Forum within ten (10) days from the date of the Notice of Arbitrator selection. The Forum shall promptly review the Request and shall disqualify the Arbitrator if there exist circumstances requiring disqualification in accord with Rule 23A or other material circumstances creating bias or the appearance of bias.

E. If an Arbitrator is disqualified or becomes unable to arbitrate before the issuance of an Award, the Forum shall designate a new Arbitrator or panel or re-schedule the hearing, unless the Parties agree otherwise.

### RULE 24. COMMUNICATIONS WITH ARBITRATORS.

A. No Party or Party Representative shall directly communicate with an Arbitrator except at a Participatory Hearing, by providing Documents in accord with this Code, or during a conference with the Arbitrator scheduled by the Forum.

B. No Party or Party Representative shall communicate with a Party Arbitrator after the complete panel of Arbitrators has been selected, except at a Participatory Hearing, by providing Documents in accord with this Code, or during a conference with the Arbitrator scheduled by the Forum.

# Part V–Hearing

### RULE 25. SELECTION OF A DOCUMENT HEARING.

A. In Common Claim cases, a Document Hearing shall be scheduled upon the filing of a Response and Receipt of the Administrative Fee.

B. In Large Claim cases, a Party may select a Document Hearing by filing a Written selection with the Forum, served on all other Parties by Delivery as defined in Rule 2M, and accompanied by a Written estimate of the number of hours or days required for the hearing and the fee for the Document Hearing provided in the Fee Schedule.

C. The Forum shall provide Written notice of a Document Hearing to all Parties not later than fifteen (15) days before the Document Hearing.

D. If another Party selects a Participatory Hearing, the Document Hearing shall be part of the Participatory Hearing.

E. For sufficient reason, the Forum or Arbitrator may postpone a Document Hearing at the Request of a Party or on the initiative of the Arbitrator or Forum.

### RULE 26. SELECTION OF A PARTICIPATORY HEARING.

A. A Party may select a Participatory Hearing of any type by:

(1) Filing a Written selection for a Participatory Hearing containing the information required in Rule 26B;

(2) Designating the type of Participatory Hearing requested: In-person, Telephone, or On-line; and

(3) Serving by Delivery, as defined by Rule 2M, the selection on all other Parties.

(4) For Common Claim cases, a selection of a Participatory Hearing must be filed with the Forum not later than fifteen (15) days after the Delivery of a Response. A Request for a Participatory Hearing made after this time may be filed in accord with Rule 18.

(5) The failure to timely select a Participatory Hearing is a waiver of the right to a Participatory Hearing.

B. Parties to a Participatory Hearing shall provide:

(1) The Party's estimate of the number of hours or days required, taking into account the rights of all Parties under Rules 34B and 35A;

(2) The names of witnesses proposed to offer evidence at the Hearing;

(3) The number of exhibits to be offered at the Hearing and their description;

(4) Any Request or requirement for a Written Award accompanied by the appropriate fee; and

(5) The fee for the Hearing as provided in the Fee Schedule.

No selection for a Participatory Hearing session is effective without payment of the appropriate fee, unless a waiver under Rule 45 has been granted.

C. The Forum shall set the date, time, place, and length of the Participatory Hearing and notify all Parties of the Hearing at least thirty (30) days before the beginning of the Participatory Hearing.

D. Before or after the beginning of a Participatory Hearing, if it is determined that the Participatory Hearing requires additional sessions, the Forum or Arbitrator shall require that the responsible Party pay for additional sessions in accord with Rule 44, or may suspend the Hearing until the additional sessions are properly scheduled.

E. For sufficient reason, the Forum or Arbitrator may postpone a Participatory Hearing at the Request of a Party or on the initiative of the Arbitrator or Forum.

### RULE 27. REQUEST FOR AN EXPEDITED HEARING.

A. A Party may Request an Expedited Hearing to obtain expedited relief in an Order or Award. A Request for an Expedited Hearing may be brought when the Respondent is served with Claim Documents or at any time before an Award becomes final and shall be accompanied by an explanation of the reasons for the expedited relief and the applicable law and by the fee as provided in the Fee Schedule.

B. An Arbitrator shall promptly decide the Request.

C. The requesting Party shall serve Notice of the Expedited Hearing on all Parties not less than forty-eight (48) hours before the time set for the Expedited Hearing. Proof of Service of this Notice shall be filed with the Forum before the Expedited Document Hearing or shall be presented at the Expedited Participatory Hearing.

D. A Party may seek a temporary restraining Order or a preliminary injunction to prevent irreparable injury by requesting an Expedited Hearing and filing with the Forum and serving on the Respondent and any other Parties the following:

(1) An Initial Claim in accord with Rule 12 or a Counter Claim or Third Party Claim;

(2) A Request that explains the irreparable injury and the specific reasons and Documents supporting the Request;

(3) An Affidavit from a person with personal knowledge describing the irreparable injury and specific facts;

(4) The proposed security for the relief sought;

(5) A proposed Order stating the specific relief sought, including a Hearing for a preliminary injunction if a temporary restraining Order is sought; and

(6) The fee as provided in the Fee Schedule.

E. Any Party may immediately file with the Forum and Deliver to all Parties an objection to the Request and a fee as provided in the Fee Schedule.

F. A temporary restraining Order may be granted without Written or oral notice to the Respondent or that Party's Representative only if:

(1) It clearly appears from specific facts shown by Affidavit that immediate and irreparable injury, loss or damage will result to the Requesting Party before the Respondent or that Party's Representative can be heard in opposition; and

(2) The Requesting Party or Representative of the Requesting Party certifies in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claims that notice should not be required.

(3) A temporary restraining Order granted without notice shall be immediately served on all Parties by the Requesting Party.

G. A preliminary injunction shall only be issued upon notice to all Parties.

H. An Expedited Telephone, Document or In-person Hearing shall be scheduled as soon as possible by the Forum. A Hearing for a temporary restraining Order shall be scheduled no later than forty-eight (48) hours from the time of filing or notice, whichever is later. If a temporary restraining Order is issued without notice, a Party may request that a Hearing with notice be held within forty-eight (48) hours of the issuance of the temporary restraining Order.

I. An Arbitrator will conduct the Hearing and issue an Order promptly, and the Forum will enter the Order promptly.

J. Every Order granting relief shall state the time and date of issuance, the reasons for the issuance including the irreparable injury, the specific conduct to be restrained, the duration of the Order, the security required, and, if applicable, the reason why it was issued without notice.

K. A temporary restraining Order shall expire within the time fixed in the Order, not to exceed ten (10) days, unless the Parties agree to a longer period of time or an Arbitrator issues a preliminary injunction.

L. If a Party who receives a temporary restraining Order fails to timely proceed with the Hearing for a preliminary injunction, the Arbitrator shall dissolve the temporary restraining Order.

M. A Hearing on a Request for a preliminary injunction may be consolidated by the Arbitrator with the final Hearing in the case upon a Request by a Party.

N. No temporary restraining Order or preliminary injunction shall be issued unless the Requesting Party provides security as deemed proper by the Arbitrator for the payment of costs and damages as may be incurred or suffered by a Party wrongfully restrained or enjoined.

O. Where security is given in the form of a bond, stipulation or other undertaking with a surety or sureties, each surety agrees to submit to the jurisdiction of the Forum and the arbitration and agrees to be bound by all Orders issued by the Arbitrator in the case including Orders affecting the liability of each surety on the bond, stipulation or undertaking.

## RULE 28. DOCUMENT HEARING.

A. A Party may submit any Document or property for consideration by the Arbitrator in a Document Hearing by filing with the Forum two (2) copies of the Document or property description and Delivering to all other Parties copies of the Document and property description.

B. Documents and property offered for consideration at a Document Hearing must be Received by the Forum and Delivered to all other Parties no later than ten (10) days from the date of the Notice of Selection of an Arbitrator as provided in Rule 21. Documents or property submitted after that date will be considered by Request of the submitting Party and granted by the Arbitrator for sufficient reason.

C. The Arbitrator shall determine the admissibility and weight of evidence and shall not be bound by rules of evidence.

D. During a Document Hearing, the Arbitrator may Request that the Parties submit additional information or Documents, including legal memoranda. Documents submitted in response to an Arbitrator's Request shall be filed with the Forum and Delivered to all other Parties no later than thirty (30) days after the date of the Request. A Party may obtain forty-five (45) additional days to respond to an Arbitrator's Request by filing with the Forum and Delivering to all other Parties an extension notice before the initial thirty (30) day time period expires. Only one (1) extension by notice is available.

E. The Arbitrator may visit a site to examine a matter relating to the arbitration.

F. The close of a Document Hearing occurs when the Arbitrator completes reviewing the Documents or property.

G. The presence or involvement of a Party in a Hearing results in the waiver of any objections to the notice of the Hearing.

### RULE 29. DISCOVERY.

A. Cooperative Discovery. After a Response is filed, Parties shall cooperate in the exchange of Documents and information. A Party seeking discovery shall contact other Parties and discuss discovery information and any objections and arrange for the exchange of Documents and information.

B. Seeking Discovery.

(1) If the Parties are unable to resolve discovery matters under Rule 29A, a Party may seek the disclosure of Documents, sworn answers to not more than twenty-five (25) Written questions, and one or more depositions before a Hearing where:

a. The information sought is relevant to a Claim or Response, reliable, and informative to the Arbitrator; and

b. The production of the information sought is reasonable and not unduly burdensome and expensive.

(2) The Party seeking discovery shall Deliver to all other Parties a Notice identifying the Documents to be produced, Written questions to be answered, or the Notice of deposition identifying the deponent, the proposed length of time for the deposition, and the scope of the deposition, no later than thirty (30) days before the date of a Participatory Hearing or for a Document

Hearing ten (10) days from the date of the Notice of the Selection of an Arbitrator.

(3) A Party may seek other discovery, including Requests for admissions and Requests for physical or mental examinations, before a Hearing, where:

a. The information sought is relevant to a Claim or Response, reliable, and essential to a fair hearing of the matter; and

b. The production of the information is reasonable and not unduly burdensome or expensive.

(4) The Party seeking discovery shall Deliver to all other Parties a copy of the Notice identifying the discovery sought no later than thirty (30) days before the date of a Participatory Hearing or for a Document Hearing ten (10) days from the date of the Notice of Selection of an Arbitrator.

C. Responding to Discovery. A Party Receiving a Notice shall Deliver to the Requesting Party:

(1) Within five (5) days after Receipt of the Notice of a deposition, a Written reply agreeing to the deposition or objecting to the deposition, including an explanation of the objections.

(2) Within twenty (20) days of the Receipt of the Notice for other discovery, a copy of the Documents Requested or a statement permitting an examination of the original Documents or property at a convenient time and place, sworn answers to the Written questions, or a Written agreement to provide other Requested discovery, or a Written objection explaining why all or some of

the Documents, property or other discovery has not been provided.

D. Request for Discovery. If a Party objects in accord with this Rule, the Requesting Party may file with the Forum and Deliver to all Parties, no later than the Scheduling Notice deadline or ten (10) days after Receiving the objection:

(1) A Rule 18 Request for a Discovery Order;

(2) A copy of the Written objections; and

(3) A Written statement of reasons why the Requesting Party needs the discovery.

E. Decision. An Arbitrator shall promptly determine whether sufficient reason exists for the discovery and issue an Order.

F. Consequences. An Arbitrator may draw an unfavorable, adverse inference or presumption from the failure of a Party to provide discovery. An Arbitrator may impose Sanctions and costs and fees related to seeking or resisting discovery under Rule 29, including reasonable attorney fees, Arbitrator fees, and administrative fees against the non-prevailing Party.

## RULE 30. SUBPOENA FOR IN-PERSON PARTICIPATORY HEARING.

A. A Party may obtain a subpoena from an Arbitrator for a Participatory Hearing ordering a non-Party witness or other person permitted by law to produce Documents or property at the Hearing or ordering a witness to testify at the Hearing by filing with the Forum and serving on all other Parties a Rule 18 Request.

B. The Request shall state reasons for the relevancy and reliability of the Documents, property or testimony and shall identify the witness and describe the Documents or property.

C. A Request for a Rule 30 subpoena must be Received by the Forum no later than twenty (20) days before the In-person Participatory Hearing, unless the Scheduling Notice provides otherwise.

D. The subpoena shall be issued by an Arbitrator if the Request conforms to Rules 30A, 30B, and 30C and demonstrates the relevancy and reliability of the Documents, property or testimony. No Party, lawyer or Representative of a Party may issue a subpoena.

E. The subpoena shall be served:

(1) By a person who is not a Party and is not less than eighteen (18) years of age if served upon a non-Party witness, or

(2) By Delivery or personal service if served upon a Party witness or the Party. The subpoena must be Received by the person subpoenaed no later than five (5) days before the Hearing, unless the Arbitrator Orders otherwise.

F. A subpoena may be served on a non-Party witness at any place allowed by applicable law.

G. A subpoena served on a non-Party witness shall be accompanied by a witness fee of twenty-five dollars ($25) and reasonable travel reimbursement to and from the Hearing location and the residence or place of business of the non-Party. A subpoena for the production of Documents or property served on a non-Party witness shall also be accompanied by payment of the reasonable costs of producing the Documents and property.

H. Within five (5) days after being served with the subpoena or before the time specified in the subpoena to appear at the Hearing, if less than five (5) days, the witness or a Party may Request an Order that the subpoena be dismissed or modified. The Request shall conform to Rule 18 and shall state why the subpoena should be dismissed or modified.

I. If a witness or Party makes a Request under Rule 30H, an Arbitrator shall promptly determine whether sufficient reason exists for the Order, or enforce the subpoena.

J. The Party having the subpoena served shall provide the Arbitrator with the Proof of Service of the subpoena if the witness fails to appear at the Hearing.

K. Subpoenas issued under this Code may be enforced in accord with the applicable law. A subpoena not issued by an Arbitrator under this Rule is unenforceable.

L. An Arbitrator may draw an unfavorable, adverse inference or presumption from the failure of a Party to produce a Party witness, in addition to imposing any other Sanction.

## RULE 31. EXCHANGE OF INFORMATION BEFORE A PARTICIPATORY HEARING.

A. Before all Participatory Hearings, each Party shall Deliver to all other Parties and file with the Forum two (2) copies of:

(1) A list of all witnesses expected to testify and a summary of their testimony;

(2) A list and description of all exhibits to be introduced;

(3) A copy of all Documents and a detailed description of any property to be introduced at the Hearing;

(4) An Affidavit establishing the authenticity of any Document proposed to be introduced at the Hearing; and

(5) Any Request for additional Participatory Hearing sessions, accompanied by the fee as provided in the Fee Schedule.

B. All Parties and the Forum shall Receive the lists, Documents, and Affidavits provided for in Rule 31A no later than ten (10) days before the Participatory Hearing, unless a Notice from the Forum or Arbitrator provides otherwise. Lists, Documents, and Affidavits may be submitted after that date only by Request of the submitting Party. Such Requests may be granted by the Arbitrator for sufficient reason.

C. The Arbitrator may exclude witnesses, testimony or Documents sought to be introduced by a Party who fails to comply with Rules 31A and 31B.

### RULE 32. LOCATION OF AN IN-PERSON PARTICIPATORY HEARING.

A. An In-person Participatory Hearing shall be held where the Arbitration Agreement designates or where the Parties agree or, in the absence of an agreement and for all Consumer cases, at a reasonably convenient location within the United States federal judicial district or other national judicial district where the Respondent to the Initial Claim resides or does business. A Respondent Entity does business where it has minimum contacts with a Consumer.

B. Unless the Parties agree otherwise, if there is more than one Respondent to an Initial Claim, an In-person Participatory Hearing shall be held in the United States federal judicial district or other national judicial district where the majority of the Respondents to the Initial Claim resides or does business. If there is no United States federal judicial district or other national judicial district where a majority of Respondents resides or does business, the Forum shall select a reasonably convenient location for the In-person Participatory Hearing.

### RULE 33. PARTICIPATORY HEARING.

A. A Participatory Hearing may include:

(1) An introduction by the Arbitrator.

(2) Opening statements by each of the Parties. The Respondent and other Parties have the option of reserving the opening statement until the presentation of their evidence.

(3) Claimant's case. The Claimant may introduce evidence, examine witnesses, and submit exhibits. The Respondent and other Parties may also examine the witnesses and submit exhibits.

(4) Respondent's case. The Respondent may introduce evidence, examine witnesses, and submit exhibits. The Claimant and other Parties may also examine the witnesses and submit exhibits.

(5) Additional cases. Other Parties may present their case.

(6) Rebuttal. A Party may introduce additional evidence, examine witnesses, and submit exhibits to rebut an opposing Party's case if the submissions are not repetitive, cumulative or otherwise inadmissible.

(7) Summation. Each Party may present a closing statement.

(8) Concluding remarks by the Arbitrator.

B. The close of a Participatory Hearing occurs when either the Arbitrator announces the Hearing closed or more than twenty (20) days elapse from the final session.

### RULE 34. PARTICIPATORY HEARING PROCEEDINGS.

A. A Participatory Hearing may consist of one or more sessions. A Hearing may be conducted on any business day unless the Parties and Arbitrator agree otherwise.

B. Hearing Sessions: Parties shall select sufficient time and sessions for Participatory Hearings in accord with Rule 26B. For Common Claim cases, a Hearing session is scheduled for the following length of time, unless more time or sessions are selected and the fees are paid:

A one hundred eighty-minute (180) session is scheduled for cases in which the amount in controversy exceeds $35,000.

A one hundred twenty-minute (120) session is scheduled for cases in which the amount in controversy is between $13,001 and $35,000.

A ninety-minute (90) session is scheduled for cases in which the amount in controversy is between $3,501 and $13,000.

A sixty-minute (60) session is scheduled for cases in which the amount in controversy is $3,500 or less.

C. The Arbitrator shall conduct a Participatory Hearing in an orderly, efficient, and economic manner, and shall determine the order
and presentation of evidence and oral arguments.

D. All Parties to the arbitration and their Representatives shall be entitled to attend or be involved in the Participatory Hearing. Other persons may not attend unless the Parties agree or the Arbitrator Orders otherwise. The Arbitrator may sequester witnesses.

E. The Arbitrator may request Documents and information from the Parties, and may question any witness or Party to clarify evidence or arguments.

F. An Arbitrator may Request Parties to submit additional information or Documents, including legal memoranda, which the Forum, the Arbitrator, and the Parties shall Receive no later than thirty (30) days after the final Participatory Hearing session.

G. A Party may Request permission to submit a post-hearing memorandum, which may be granted by the Arbitrator. The responsible Party shall pay the fee provided

by the Fee Schedule.

H. The presence or involvement of a Party in a Hearing results in the waiver of any objections to the Notice and scheduling of the Hearing.

### RULE 35. EVIDENCE IN A PARTICIPATORY HEARING.

A. Presentation. Parties shall have a full and equal opportunity to present relevant and reliable evidence and oral and written arguments in support of their positions. Parties may present evidence and arguments in any reasonable form and by any means of communication.

B. Oath. The Arbitrator shall administer an oath or affirmation before a witness testifies.

C. Admissibility. The Arbitrator shall determine the admissibility and weight of evidence, and shall not be bound by rules of evidence.

D. Objections. A Party may object to the introduction of evidence by another Party or a Request or question by an Arbitrator, and the Arbitrator shall rule on the objection.

E. Site Examination. An Arbitrator may visit a site to examine a matter relating to the arbitration accompanied by the Parties or their Representatives, if they so choose.

F. Record. No record of a Hearing shall be kept unless agreed by all Parties or Ordered by the Arbitrator. The responsible Party or Parties Requesting a record shall arrange and pay for the record, and promptly provide a copy of the transcript or recording to the Arbitrator and the Forum at no cost to the Arbitrator or the Forum, and, if Requested by another Party, to that Party, at that Party's expense.

G. Interpreter. A Party who requires an interpreter shall arrange and pay for the interpreter. An Arbitrator may have an interpreter present, with a fee assessed to a Party or Parties as determined by the Forum.

## RULE 36. ARBITRATION PROCEEDINGS IN ABSENCE OF A PARTY.

A. An Arbitrator may issue an Award or Order when any Party has failed to respond, appear, or proceed at a Hearing, or otherwise defend as provided in this Code.

B. If a Party does not respond to a Claim, an Arbitrator will timely review the merits of the Claim for purposes of issuing an Award or Order. The Claimant need not submit an additional Request for an Award.

C. An Arbitrator may require an Affidavit, information or Documents from Parties who have appeared or conduct a Hearing to Receive evidence necessary to issue an Award or Order. Documents submitted in Response to an Arbitrator's Request shall be filed with the Forum no later than thirty (30) days after the date of the Request. A Party may obtain forty-five (45) additional days to respond to an Arbitrator's Request by filing with the Forum and Delivering to all other Parties an extension notice before the initial thirty (30) day time period expires. Only one (1) extension by notice is available.

D. Each Party making an Appearance shall be provided notices relating to a Hearing.

E. No Award or Order shall be issued against a Party solely because that Party failed to respond, appear or defend.

# Part VI–Awards and Orders

## RULE 37. AWARDS.

A. An Award or Dispositive Order establishes the rights and obligations of all Parties named in the Award or Order and is final and binding, unless those Parties agree otherwise.

B. An Award shall not exceed the money or relief requested in a Claim or amended Claim and any amount awarded under Rule 37C.

C. An Award may include fees and costs awarded by an Arbitrator in favor of any Party only as permitted by law. A Party with a Claim for attorney fees or costs may seek to recover those expenses by bringing a timely Request in accord with Rules 18 and 12B. An opposing Party may object in accord with Rule 18. The Arbitrator may include attorney fees and costs in the final Award or in a separate Award.

D. An Award may include arbitration fees awarded by an Arbitrator or in favor of the Forum for fees due.

E. An Arbitrator shall endeavor to render an Award within twenty (20) days after the date of the close of the Hearing.

F. All Awards and Orders shall be in Writing, dated, and Signed by the Arbitrator or by a majority of the panel, and filed with the Forum.

G. An Award of an arbitration panel shall be by a majority of the Arbitrators. The chair of an arbitration panel may issue Orders, make rulings, and conduct proceedings.

H. An Award is a summary Award unless: (1) a Written notice is filed by a Party seeking reasons, findings of fact or conclusions of law, or (2) a prior Written agreement of the Parties requires reasons, findings of fact or conclusions of law and at least one Party files a Written notice requesting reasons, findings or conclusions. This Written agreement or notice must be filed with the Forum within ten (10) days of the date of the Notice of Selection of an Arbitrator and must be accompanied by a fee, if any, as provided in the Fee Schedule.

I. Awards shall be based upon a preponderance of the evidence presented, unless an agreement of the Parties or the applicable law provides otherwise.

J. An Arbitrator or the Forum may issue an Award or Order based upon a Written settlement Signed by the Parties.

### RULE 38. ORDERS.

A. An Arbitrator or the Forum, where permitted by the Code, may issue an Order at the Request of a Party or on the initiative of the Arbitrator or the Forum.

B. At any time following the filing of a Claim, upon a Request by a Party and after a Hearing, the Arbitrator may issue an Interim Order and may require security as a condition of the Interim Order.

C. An Arbitrator who dismisses a Claim because there was no Arbitration Agreement or because the Arbitrator does not have the power to decide a Claim shall state the reason in the dismissal Order.

### RULE 39. ENTRY AND SERVICE OF AWARDS AND ORDERS.

A. An Award or Order shall be entered in the state, country, or other jurisdiction provided for a Hearing in Rule 32, which shall appear on the Award or Order.

B. An Award or Order becomes final when entered. An Award or Order may not be entered if fees required by the Fee Schedule remain unpaid.

C. The Forum shall Deliver a copy of the Award or Order to all Parties or their Representatives or as directed by any Party.

D. Parties consent to service of the Award or Order and of all Documents, notices, and Orders necessary to confirm an Award or Order or to enter a judgment based on an Award or Order by Delivery, as defined by Rule 2M, at any address of the Party or Representative of record with the Forum.

E. An Award or Order may be confirmed, entered or enforced as a judgment in any court of competent jurisdiction. The Forum may disclose necessary Award information in connection with the confirmation, entering, enforcement or challenge of an Award or Order or otherwise as required by law.

F. Parties may request a duplicate original of an Award or Order or a copy of other filed Documents and pay the fee as determined by the Forum.

### RULE 40. VOLUNTARY DISMISSAL.

A. A Claimant may dismiss a Claim after it is filed and before the Respondent is served with the Claim by filing with the Forum a notice of dismissal.

B. A Claimant may dismiss a Claim after it is served and before the Respondent Delivers a Response to Claimant by Delivering to all Parties and filing with the Forum a notice of dismissal.

C. A Claimant may dismiss a Claim after a Respondent Delivers a Response that contains no Counter Claim within forty-five (45) days of the date the Response has been delivered to the Claimant or no later than a deadline established by a Scheduling Notice, whichever is later, by delivering to all Parties and filing with the Forum a notice of dismissal.

D. Any other Claim may be dismissed at the Request of the Claimant in accord with Rule 18. Before the selection of an Arbitrator, the Forum may dismiss the Claim. After the selection of the Arbitrator, the Arbitrator may dismiss the Claim.

E. A Claim shall be dismissed upon agreement of the Parties filed with the Forum.

F. Unless stated otherwise, the first voluntary dismissal of a Claim is Without Prejudice, and the Claim may be brought again.

G. A Claim voluntarily dismissed more than once is dismissed With Prejudice, and cannot be brought again.

### RULE 41. INVOLUNTARY DISMISSAL.

A. A Claim or Response may be dismissed by an Arbitrator at the Request of the Forum or a Party or on the initiative of the Arbitrator for one or more of the following reasons:

(1) It is not supported by evidence.

(2) It is not supported by existing law.

(3) It is frivolous.

(4) It has been presented or maintained for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of arbitration.

(5) It is brought by a Party who has been declared to be a vexatious litigant by a court or Arbitrator.

(6) A Party has violated any provision of the Code, or any Order or notice from an Arbitrator or the Forum.

B. A Claim or Response may be dismissed by an Arbitrator or the Forum at the Request of a Party in accord with Rule 18 or on the initiative of the Arbitrator or the Forum for one or more of the following reasons:

(1) A Party has failed to proceed with an arbitration or Claim.

(2) A Party has failed to pay fees as provided in the Fee Schedule.

(3) More than one hundred twenty (120) days have elapsed between the filing date of the Claim and the date the Forum receives a Response or Proof of Service of the Initial Claim.

(4) More than sixty (60) days have elapsed since a Hearing has been postponed or an arbitration case has been placed on inactive status.

(5) More than twelve (12) months have elapsed since a case has been stayed under Rule 9F1 and no notification has been received from the Claimant to extend the stay.

C. The Forum shall Deliver notice of an involuntary dismissal to all Parties who have

made an Appearance.

D. Unless stated otherwise, an involuntary dismissal by an Arbitrator is With Prejudice and the Claim may not be brought again.

E. An involuntary dismissal by the Forum is Without Prejudice and the Claim may be brought again.

F. If a Claimant again brings a Claim against a Respondent that was dismissed Without Prejudice, the Forum or Arbitrator may Order the costs incurred by the Respondent in the previous case to be paid to the Respondent, and may Stay the proceedings of the arbitration until the Claimant has complied with this Order.

G. If a Request for an Involuntary Dismissal is the only Request for a dispositive Order, that Request may be determined at the Document or Participatory Hearing.

### RULE 42. CORRECTION.

The Forum or an Arbitrator may correct clerical or administrative mistakes or errors arising from oversight or omission in the administration of cases or in the issuance of an Order or Award.

### RULE 43. REOPENING AND RECONSIDERATION.

A. An Arbitrator may reopen a Hearing or reconsider an Order or Award within a reasonable time from the date the Order or Award is entered if:

(1) Service of Process or Proof of Service of Process of a Claim was not complete as required by this Code;

(2) The Order or Award is ambiguous or contains evident material mistakes; or

(3) If all Parties agree.

B. An Arbitrator may reopen a Hearing or reconsider an Order or Award within forty-five (45) days from the date the Order or Award is entered if:

(1) The Arbitrator failed to timely disclose material circumstances or material reasons for disqualification in accord with Rule 23A; or

(2) The Arbitrator did not decide a submitted issue.

C. Otherwise, neither the Arbitrator nor the Forum has the power to vacate an Order or Award after the Order or Award becomes final, unless all Parties agree.

D. Requests that an Arbitrator reopen a Hearing or reconsider an Order or Award must be timely filed with the Forum in accord with Rule 18 and Delivered to all Parties. A Party cannot make a second Request.

E. An Order or Award is reviewable by a court of competent jurisdiction as provided by applicable law.

# Part VII–Fees

### RULE 44. FEES.

A. Fee Recovery. The prevailing Party may recover fees paid in the arbitration in accord with Rule 37C.

B. Prepaid Fees. All fees for the filing of a Claim, Response, Request, objection, and any other Document and Hearing fees must be paid at the time the Document is filed or the Hearing is selected. These fees include fees required by this Code, the Forum Fee Schedule, the Parties' contract, an Order of an Arbitrator, or as required by law.

C. Non-Monetary Relief Fees. A Respondent may file a Rule 18 Request to review the value of injunctive, declaratory or other non-monetary relief sought in a Claim. An Arbitrator shall promptly determine the value of the Claim, which determines the amount of the fees to be paid in accord with the Fee Schedule.

D. Hearing Fees. The Party selecting the type of Hearing prepays the Hearing fee unless the agreement of the Parties, this Code or the applicable law provides otherwise. The Forum may proceed with an arbitration in a case involving a Consumer Party who Requests that the case proceed even after another Party required to pay the Hearing fee fails to pay. The Arbitrator may Award the Forum the amount of the unpaid Hearing fees.

E. Advance Fees. During the course of any Participatory Hearing, the Forum or an Arbitrator may require any Party, who is not a Consumer in a Common Claim case, to pay in advance a fee for necessary Participatory Hearing sessions in addition to those requested under Rules 26 and 27.

F. Arbitrators. Fees for Arbitrators selected in accord with Rules 21A(1) and (2) are paid by the Parties to the Forum. Fees for Arbitrators selected in accord with Rule 21A(3) are paid to the Forum by the Parties as provided for in the Forum Fee Schedule. In cases where the Parties select a number of Arbitrators in addition to those provided by the Code or select Arbitrators with qualifications different than those required by the Forum, a fee for each Arbitrator will be determined by the Forum to be paid by the responsible Party or Parties.

G. Consumer Request. A Consumer Claimant or a Consumer Respondent in a Large Claim who asserts that arbitration fees prevent the Consumer Party from effectively vindicating the Consumer's case in arbitration may, at the time of filing of the Consumer's Initial Claim or Consumer's Response to a Large Claim and prior to paying any filing fee, file a Request that another Party or Parties pay all or part of the arbitration fees or that the arbitration provision be declared unenforceable, permitting the Consumer to litigate the case instead of arbitrating the case. This Request shall be processed without a fee and must be filed with the Forum and Delivered to all Parties together with the Initial Claim or Response and proof of Delivery.

(1) Within fifteen (15) days of the filing and Delivery of the Request, another Party may:

a. Agree to pay all or part of the fees required of the Consumer, or

b. Agree to litigate instead of arbitrate the case, or

c. File an objection to the Request.

(2) If there is no agreement by the Parties, an Arbitrator shall promptly decide the Request and objection, if any, based on the applicable law.

(3) The arbitration is suspended during this process.

H. Respondent Request. In cases where a Consumer Claimant brings a Large Claim and a Respondent is obligated to pay the fees by agreement or by law, the Respondent may, before or reasonably after the time of filing a Response, file with the Forum and serve on all Parties a Rule 18 Request that an Arbitrator determine whether there is a prima facie Claim of $75,000 or more. If the Arbitrator determines the Claim is a Common Claim, the Common Claim Fee Schedule shall apply. Otherwise, the Large Claim Fee Schedule shall apply.

I. International Cases. The Forum may assess additional fees for arbitrations conducted outside the United States or involving Parties from more than one country.

J. United States Dollars. Forum Fee Schedule fees are listed in United States Dollars. Fees shall be paid to the Forum in United States Dollars, unless the Forum agrees to accept other currency based on the exchange rate in effect on the required date of the fee payment as determined by the Forum.

K. Refunds. Fees are not refundable, except as otherwise provided by the Code or Fee Schedule.

L. Other Fees. The Forum may establish reasonable fees for proceedings not covered by the Fee Schedule and may assess appropriate, additional fees for Code proceedings as permitted by law or in accord with this Code. Parties may obtain the amount of a fee by contacting the Forum.

**RULE 45. WAIVER OF FEES.**

A. An indigent Consumer Party may Request a waiver of Common Claim filing fees, Request Fees, Hearing Fees, or security for any arbitration, by filing with the Forum a Written Request for a waiver at the time payment is due. The Request for a waiver shall be accompanied by an Affidavit including:

(1) The Party's family size;

(2) All of the Party's income and sources, property and assets, expenses and costs, liabilities and debts;

(3) A statement that there is no agreement providing for any other person or Entity to either pay the costs or share in the proceeds of the Claim or a copy of the agreement and the financial information described in Rule 45A(2) for any person or Entity that has agreed to pay the costs or share in the proceeds of the Claim; and

(4) All other relevant information, including releases for credit information, as requested by the Forum.

Neither the Request nor Affidavit need be sent to the other Parties.

B. The Forum shall promptly issue a full or partial waiver to a Consumer Party eligible under this Rule and under the United States federal poverty standards or the applicable law. The Forum may also Order another Party to pay all or part of the waived fees as permitted or required by law.

C. If another Party has agreed to pay fees, a Rule 45 Request is unnecessary and the fee paying Party is obligated to pay the fees.

D. The Consumer Party must file an amended Affidavit of Poverty within thirty (30) days of a material change in the financial condition or circumstances described in the Consumer Party's initial Affidavit of Poverty. A separate Request must be filed by the indigent Consumer Party for each subsequent fee waiver requested.

E. If the statements in the Rule 45 Affidavit are untrue or incomplete, or if the Consumer Party is later determined to be able to pay the fees, the Forum shall Order the Consumer Party to pay the fees waived.

# Part VIII–Code Provisions

### RULE 46. COMPLIANCE WITH RULES.

An Arbitrator may Sanction a Party or Representative, or both, for violating any Rule, notice, ruling or Order, or for asserting an unsupportable Claim or Response. A Party may be Sanctioned on the initiative of the Arbitrator or at the Request of the Forum or a Party. An Arbitrator shall Sanction a Party who refuses to pay fees as required by agreement, these Rules, an Arbitrator Order, or the applicable law, unless the offending Party establishes reasonable neglect. A Sanction Order may require an offending Party to pay for fees and costs incurred by another Party, unpaid fees, and other appropriate monetary Sanctions, and may require payment to another Party or the Forum.

### RULE 47. LEGAL PROCEEDINGS.

A. The Arbitrator, the Director, the Forum, and any individual or Entity associated with the Forum are immune from liability and shall not be liable to any Party for any act or omission in connection with any arbitration conducted under this Code.

B. No Party or prospective Party, before or during the arbitration of any matter eligible for submission under this Code, shall commence or pursue any lawsuit, administrative proceeding, or other action against any other Party, prospective Party, the Forum, or individual or Entity associated with the Forum relating to any of the matters subject to arbitration under this Code or the

agreement of the Parties. Any Party commencing or pursuing such a proceeding agrees to pay and indemnify all such Parties, the Forum, individuals, and Entities for all expenses and costs incurred, including attorney fees as permitted by applicable law.

C. No Arbitrator, Director or any individual associated with the Forum shall be a witness in any legal proceeding arising out of the arbitration.

D. Any Party commencing or pursuing any lawsuit, administrative proceeding, arbitration or other action against the Forum, an Arbitrator or individual or Entity associated with the Forum, after an Award is final, agrees to pay and indemnify the Forum, an Arbitrator, individuals and Entities for all expenses and costs incurred, including attorney fees.

E. Every Party to any arbitration administered by the Forum or to an Arbitration Agreement as described in Rules 1 or 2E and the Forum agree that any Claim or dispute of any nature against the Forum or any agent, officer, employee, or affiliate of the Forum or any Arbitrator shall be resolved by final, binding arbitration conducted by a panel of three (3) Arbitrators. The Party or Parties shall select one Arbitrator; the Forum shall select a second Arbitrator; and these two Arbitrators shall select a third Arbitrator who is neutral and independent and who shall be the chair of the panel. The Arbitrators shall conduct the arbitration pursuant to the Code of Procedure in effect at the time the arbitration is brought. The chair shall have the powers of the Forum and perform the responsibilities of the Director. All fees payable under the Fee Schedule shall be assessed by the chair and paid to the panel of Arbitrators. Neither the Forum, nor its Director, nor any employee or agent of the Forum shall administer the arbitration.

## RULE 48. INTERPRETATION AND APPLICATION OF CODE.

A. This Code shall be interpreted in conformity with 9 U.S.C. §§ 1-16 and 9 U.S.C. §§ 201-208 in the United States or the applicable law of other countries in order to provide all participants in the arbitration with a fair and impartial proceeding and an enforceable Award or Order.

B. Unless the Parties agree otherwise, any Arbitration Agreement as described in Rules 1 and 2E and all arbitration proceedings, Hearings, Awards, and Orders are to be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

C. In the event a court of competent jurisdiction shall find any portion of this Code or Fee Schedule to be in violation of the law or otherwise unenforceable, that portion shall not be effective and the remainder of the Code shall remain effective.

D. The Director or Arbitrator may decline the use of arbitration for any dispute, controversy, Claim, Response or Request that is not a proper or legal subject matter for arbitration or where the agreement of the Parties has substantially modified a material portion of the Code. If Parties are denied the opportunity to arbitrate a dispute, controversy or Claim before the Forum, the Parties may seek legal and other remedies in accord with applicable law.

E. In the event of a cancellation of this Code, any Party may seek legal and other remedies regarding any matter upon which an Award or Order has not been entered.

F. The Forum Code Committee, appointed by the Board of Directors, shall have the power and authority to effectuate the purposes of this Code, including establishing appropriate rules and procedures governing arbitrations and altering, amending or modifying this Code in accord with the law.

NATIONAL ARBITRATION FORUM

# Appendix A–Notice of Arbitration

Dear Respondent:

AN ARBITRATION CLAIM HAS BEEN FILED AGAINST YOU.

Enclosed and served upon you is the Initial Claim. You may obtain a copy of the Code of Procedure, without cost, from the Claimant or from the Forum at www.adrforum.com or 800-474-2371.

IF YOU DO NOT DELIVER TO THE CLAIMANT AND FILE WITH THE FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU. AN ARBITRATION AWARD MAY BE ENFORCED IN COURT AS A CIVIL JUDGMENT.

YOU HAVE THIRTY (30) DAYS TO RESPOND FROM RECEIPT OF SERVICE.

You have a number of options at this time. You may:

*1. Submit a written Response to the Claim,* stating your reply and defenses to the Claim, together with documents supporting your position. Your Response must be delivered to the Claimant and filed with the Forum. See National Arbitration Forum [NAF] Code of Procedure Rules 13 and 6C.

Proof of delivery of the Response on the Claimant must also be filed with the Forum. See NAF Rules 2A, 2M, and 2Z. Proof of

delivery can be a statement: "Respondent, under penalty of perjury, states that the Response was delivered to Claimant by [explain how delivered, such as mail or other methods in NAF Rule 6C]".

A Counter Claim, Cross-claim or Third Party Claim must also be delivered and filed with the Forum, and accompanied by the fee as provided in the Fee Schedule. See NAF Rules 14, 15, and 16. Forms for such Response and Claims may be obtained from the Forum.

If you fail to respond in writing to the Claim, an Award may be entered against you and in favor of the Claimant. See NAF Rule 36.

*2. Select a Document Hearing or a Participatory Hearing.* You may request a Hearing in your Response or in a separate writing. You may select a Document or Participatory Hearing, and you may also request a Hearing on-line or by telephone. If an In-person Participatory Hearing is selected, it will be held in the federal Judicial District where you reside or do business, unless you have agreed otherwise. Parties have a full and equal right to present relevant and reliable direct and cross examination testimony, documents, exhibits, evidence and arguments. Parties also have the right to subpoena witnesses. Your written Request for a Hearing must be filed with the Forum. You must also deliver a copy of your Request to the Claimant and any other Parties. See NAF Rules 5D, 25, 26, 29, 30, 31, and 33.

*3. Have other options.* You may seek the advice of an attorney or any person who may assist you regarding this arbitration. See NAF Rule 3. You should seek this advice promptly so that your Response can be delivered and filed within the time required by the Code of Procedure. Parties have the right to adjournment for good cause within the time period allowed in Rule 9E. See NAF Rule 5 for a Summary of Arbitration Procedures. If you have any questions about responding, you may contact the Forum.

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties. THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING THE CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN USA 55405-0191
800-474-2371
info@adrforum.com
adrforum.com

NATIONAL ARBITRATION FORUM

# Appendix B–Second Notice of Arbitration

Date
Name of Case

File Number

Dear Respondent,

We have received notice that you have been served with an Arbitration Claim in the above case. If you want to respond to the Claim, the Code of Procedure requires you to respond in writing.

If you have not yet responded, YOU MAY STILL SUBMIT A WRITTEN RESPONSE to the Claimant and the Forum. YOU HAVE THIRTY (30) DAYS FROM THE DATE OF SERVICE OR FOURTEEN (14) DAYS FROM THE DATE OF THIS NOTICE, whichever is later, to respond.

The First Notice of Arbitration you received with the Initial Claim documents stated that you could:

*1. Submit a written Response to the Claim, stating your reply and defenses to the Claim, together with documents supporting your position.* Proof of delivery of the Response on the Claimant must also be filed with the Forum. Proof of delivery can be a statement: "Respondent, under penalty of perjury, states that the Response was delivered to Claimant by [explain how delivered, such as by mail or other methods in NAF Rule 6C]".

*2. Request a Document Hearing, an In-Person Participatory Hearing where you reside or do business, or an On-Line or Telephone Hearing as provided in the Forum Code of Procedure.* Parties have a full and equal right to present relevant and reliable direct and cross examination testimony, documents, exhibits, evidence and arguments. Parties also have the right to subpoena witnesses. See NAF Rules 5, 25, 26, 29, 30, 31, and 33.

*3. Seek the advice of an attorney or any person who may assist you regarding this arbitration.* See NAF Rule 3. You should seek this advice immediately. Parties have the right to adjournment for good cause within the time period allowed in NAF Rule 9. *You should also read the National Arbitration Forum Code of Procedure which explains what you must and can do.* See NAF Rules 5, 6C, 13, 14, 15, 16, 24, and 25.

You still have these options. If you have any questions or need a copy of the Initial Claim Documents or the Forum Code of Procedure, or have any questions about responding, you may contact the National Arbitration Forum:

P.O. Box 50191
Minneapolis, MN USA 55405-0191
Telephone: (800) 474-2371
Fax: (866) 743-4517
info@adrforum.com
www.adrforum.com

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties. Furthermore, any Arbitrator appointed to this proceeding is an independent and impartial Neutral who hears the matter and arrives at decisions. The Arbitrator does not represent

you and does not serve as your attorney, therefore no attorney-client privilege exists between you and the Arbitrator.

## Notice of Proceeding

If you do not deliver to the Claimant and file with the Forum a written response, an Award may be entered against you in favor of the Claimant. An arbitration Award may be enforced in court as a civil judgment. NAF Rule 36B states in part: "If a Party does not respond to a Claim, an Arbitrator will timely review the merits of the Claim for purposes of issuing an Award or Order...." This Notice informs you that an Arbitrator will conduct a Rule 36 Proceeding after the time has passed for you to submit a written response. If you do not respond, you will not receive any additional notice about this hearing.

THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING THE FORUM CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.

NATIONAL ARBITRATION FORUM

# Appendix C–Help Line

The Forum has a dedicated Help Line offering general assistance with the arbitration process or matters administered by the Forum under the Code. Forum staff cannot provide legal advice. Inquiries may be directed to the Help Line at:

Telephone: (800) 474-2371
ext. 4357 (H-E-L-P)

National Arbitration Forum
P. O. Box 50191
Minneapolis, MN USA 55405-0191
Attention - Help Line

This page left intentionally blank.



# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

THREE PARKWAY
1601 CHERRY STREET
SUITE 1300
PHILADELPHIA, PA 19102

PHONE: (215) 972-0811
FAX: (215) 972-0580
TOLL FREE: (800) 255-5070

November 22, 2013

**VIA FEDERAL EXPRESS**

Betty Wilson, Clerk
Ouachita County Circuit Court
Courthouse
145 Jefferson Street SW
Camden, Arkansas 71701

Re:     Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased vs.
        EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations
        Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and
        Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant,
        LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC;
        Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.;
        Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC;
        SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC,
        900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition,
        LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John
        Dwyer; and Michael G. Hunter, Administrator
        Ouachita County Circuit Court No. CV-2013-200-6

Dear Ms. Wilson:

        Enclosed please find an original and one copy of Plaintiff's Response and Incorporated
Memorandum of Law in Opposition to Defendants' Motion to Dismiss Complaint and Compel
Arbitration. Kindly file the original and return the time-stamped copy in the self-addressed, stamped
envelope enclosed for your convenience.

        By copy of this letter, the aforementioned documents are being provided to counsel of
record.

        Thank you for your anticipated cooperation. Should you need additional information
please do not hesitate to contact me immediately.

                                Sincerely,

                                **Wilkes & McHugh, P.A.**

                                William P. Murray, III

WPM/cbg
Enclosures

cc: w enclosure:     Mark W. Dossett, Esquire/Samantha B. Leflar, Esquire

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

Eddie B. Robinson, as Administrator for The Estate of
Willie Robinson, Sr., deceased                                    PLAINTIFF

v.              CASE NO.:  CV-2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities of
Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations,
LLC; Pine Hills Holdings, LLC; Pine Hills Health and
Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation;
SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC
Property Holdings, LLC; SLC Property Investors, LLC; Arkansas
Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital
Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC;
Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality
Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC
Professionals Holdings, LLC; John Dwyer; and Michael G. Hunter,
Administrator                                                     DEFENDANTS

## MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION

Defendants, by and through their counsel, Kutak Rock LLP, for their Joint Motion Stay

Discovery Pending Resolution of Motion to Compel Arbitration state:

1.     The Defendants have filed a Motion to Compel Arbitration and Brief in Support

in this case.  As their Motion reflects, the parties agreed to utilize an arbitral, rather than a

judicial, forum to resolve the issue raised by the Plaintiff's Complaint.  Under Arkansas law,

once a party moves to compel arbitration, the case must be stayed.  "Any action or proceeding

involving an issue subject to arbitration shall be stayed if an order involving an issue subject to

arbitration *or an application therefore* has been made."  Ark. Code Ann. § 16-108-201(d) (Repl.

2006) (current version codified at Ark. Code Ann. § 16-108-207 (Supp. 2011)) (emphasis

added).

2.     The Plaintiff propounded discovery to Defendants in circuit court, and the Defendants seek an order from the Court staying discovery until the Court resolves the Defendants' Motion to Compel Arbitration in accordance with Arkansas law. Ark. Code Ann. § 16-108-201(d) (Repl. 2006).

3.     Both the Federal Arbitration Act and the Arkansas Arbitration Act mandate that when a motion to compel arbitration is filed, the rest of the case must be put on hold until the arbitration issue is resolved. The FAA provides that when a party disputes the validity of an arbitration agreement, "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. The purpose of the FAA is "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). To effectuate this goal, Congress provided a limited role for courts when a party makes a motion under the FAA, allowing them to "consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967).

4.     The Arkansas Arbitration Act echoes the FAA: "Any action or proceeding involving an issue subject to arbitration shall be stayed if an order involving an issue subject to arbitration *or an application therefore* has been made." Ark. Code Ann. § 16-108-201(d) (Repl. 2006) (current version codified at Ark. Code Ann. § 16-108-207 (Supp. 2011)) (emphasis added).

5.     If courts were to require the parties to proceed with an action in a judicial forum pending a ruling on a motion to compel arbitration, the party seeking to enforce the arbitration clause would be "deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th

2

Cir. 1984). Further, when the court compels a case to arbitration, the arbitrators—rather than the court—dictate the conduct of discovery. 9 U.S.C. § 7; Ark. Code Ann. § 16-108-217(c); *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002).

6.      Under the mandatory directive of both the FAA and the Arkansas Arbitration Act, this case must be stayed until the Court resolves the Defendants' Motion to Compel Arbitration in the interest of conserving the resources of the public and the parties. *See, e.g.*, *Roadbuilders Machinery Supply Co., Inc. v. Sennebogen, Inc.*, 2012 WL 1253265, at *2-3 (D. Kan. 2012); *Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. 2007); *Ross v. Bank of Am., N.A.*, 2006 WL 36909, at *1 (S.D.N.Y. 2006); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. 2001).

7.      In addition, until the Court rules on arbitration, it is difficult for the Defendants to actively comply with the Plaintiff's discovery requests. If the Defendants engage in discovery, the Plaintiff may characterize the Defendants' efforts as an invocation of the litigation process and argue that the Defendants thereby waived the right to enforce the arbitration agreement. *Patten Grading & Paving, Inc. v. Skanska USA Building, Inc.*, 380 F.3d 200, 206 (4th Cir. 2004).

WHEREFORE, the Defendants pray that this Court grant their Motion and stay discovery, pending the resolution of the Defendants' Motion to Compel Arbitration.

3

Respectfully submitted,

**KUTAK ROCK LLP**

By: *Samantha B. Leflar*

Mark W. Dossett, AR 95174
Kyle T. Unser, AR 2007133
Samantha B. Leflar, AR 2010190
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
(479) 973-4200 Telephone
(479) 973-0007 Facsimile

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that I served the Defendants' Motion to Stay Discovery by mailing it on this 25th day of November, 2013, to:

Mr. William P. Murray, III
WILKES & McHUGH, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102

*Samantha B. Leflar*

Samantha B. Leflar

4

**KUTAK ROCK LLP**

SUITE 400
234 EAST MILLSAP ROAD

FAYETTEVILLE, AR 72703-4099

479-973-4200
FACSIMILE 479-973-0007

www.kutakrock.com

LITTLE ROCK OFFICE

SUITE 2000
124 WEST CAPITOL AVENUE
LITTLE ROCK, ARKANSAS 72201-3706
501-975-3000

SAMANTHA B. LEFLAR
samantha.leflar@kutakrock.com
(479) 973-4200

ATLANTA
CHICAGO
DENVER
FAYETTEVILLE
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
MINNEAPOLIS
OKLAHOMA CITY
OMAHA
PHILADELPHIA
RICHMOND
SCOTTSDALE
WASHINGTON
WICHITA

November 25, 2013

**VIA U.S. MAIL**

Ms. Betty Wilson
Ouachita County Circuit Court Clerk
145 Jefferson St SW
P.O. Box 667
Camden, AR 71711-0667

Re:     *Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr.,*
         *deceased v. Pine Hills Health and Rehabilitation, LLC, et al.*
         Ouachita County Circuit Court Case No.: CV-2013-200-6

Dear Ms. Wilson:

Enclosed please find the original and one copy of the Defendants' *Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration* for filing in the above-referenced matter. Please file accordingly and return a file-marked copy to me in the enclosed self-addressed stamped envelope.

Thank you for your courtesy in this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

*Samantha B. Leflar*

Samantha B. Leflar

SBL/reb
Enclosures

cc:     Mr. William Murray

4824-5970-8182.1

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

Eddie B. Robinson, as Administrator for The Estate of
Willie Robinson, Sr., deceased                                        PLAINTIFF

v.                    CASE NO.:  CV-2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities of
Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations,
LLC; Pine Hills Holdings, LLC; Pine Hills Health and
Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation;
SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC
Property Holdings, LLC; SLC Property Investors, LLC; Arkansas
Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital
Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC;
Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality
Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC
Professionals Holdings, LLC; John Dwyer; and Michael G. Hunter,
Administrator                                                         DEFENDANTS



## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION

Defendants, by and through their counsel, Kutak Rock LLP, for their Reply to Plaintiff's

Response to Defendants' Joint Motion Stay Discovery Pending Resolution of Motion to Compel

Arbitration state:

1.     The Plaintiff's Response ignores the mandatory directive of the Arkansas

Arbitration Act and the Federal Arbitration Act: once a party moves to compel arbitration, the

court must stay the case until it resolves the arbitration issue. 9 U.S.C. § 4; Ark. Code Ann. §

16-108-201(d) (Repl. 2006) (current version codified at Ark. Code Ann. § 16-108-207 (Supp.

2011)). offers no legal basis to deny the Defendants' Motion to Stay Discovery Pending

Resolution of Motion to Compel Arbitration because both the Federal Arbitration Act and

Arkansas Arbitration Act categorically undercut the Plaintiff's position.  .

2. It is immaterial whether the Defendants' Motion to Compel Arbitration will be successful; the stay is mandatory upon a *motion* to compel. As such, the Plaintiff's argument that discovery should not be stayed because Defendants' Motion to Compel Arbitration should be denied does nothing to counter the mandatory directive of the Arkansas Arbitration Act and the Federal Arbitration Act.

3. It is immaterial that discovery will occur in arbitration if the Defendants' Motion to Compel Arbitration is granted. The Defendants acknowledge that if their motion succeeds, discovery will proceed at the direction of the arbitrator, and as such, the Defendants are working toward gathering many of the discoverable documents requested by the Plaintiff in anticipation of arbitration—or in responding to discovery in litigation if the Defendants' motion to compel arbitration is ultimately denied. But the point of entering an arbitration agreement is to limit the costs associated with a dispute between the parties for both sides, and proceeding in arbitration may truncate and limit the scope of discovery, depending on the arbitrator. *See Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984). The point is if the court enforces the arbitration agreement, the arbitrator decides discovery issues. It makes no sense to Defendants to ignore the statute and engage in extensive discovery while the motion to compel arbitration is pending.

4. The statutes are clear: discovery must be stayed pending resolution of the Defendants' motion to compel arbitration.

5. Finally, the Plaintiff has stated no facts sufficient to warrant conducting discovery. The Plaintiff must do more than pose hypothetical scenarios to be entitled to discovery when the Defendants have presented a written, valid arbitration agreement. The Federal Arbitration Act requires "a summary and speedy disposition of [motions] to enforce

2

arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983). The FAA's purpose is "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id.* at 22. In light of this statutory purpose, parties are entitled to "discovery in aid of arbitration" only where "extraordinary circumstances" exist. *See Advocat Inc. v. Blanchard*, No. 4:11CV00895-JLH, 2012 WL 1893735, at \*5 (E.D. Ark. May 24, 2012) (citing *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 479 (4th Cir. 1999) (collecting cases)). Limited, pre-arbitration discovery may be permitted, however, where the making of the arbitration agreement or the failure, neglect, or refusal to perform are in issue. *See Hoffman v. Citibank (S.D.), N.A.*, 546 F.3d 1078, 1085 (9th Cir. 2008). To be entitled to discovery into the validity of the Agreement (the kind the Plaintiff seeks here), a party must make a reasonably specific allegation as to what facts he hopes to discover that would ultimately undermine the validity of the Agreement. *Advocat*, 2012 WL 1893735, at \*6. Here, the Plaintiff has made no specific factual allegations as to why the Plaintiff has reason to believe the Agreement is invalid other than conclusory legal allegations.

WHEREFORE, the Defendants pray that this Court grant their Motion and stay discovery, pending the resolution of the Defendants' Motion to Compel Arbitration.

Respectfully submitted,

**KUTAK ROCK LLP**

By: *Samantha Leflar*

Mark W. Dossett, AR 95174
Kyle T. Unser, AR 2007133
Samantha B. Leflar, AR 2010190
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
(479) 973-4200 Telephone
(479) 973-0007 Facsimile

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that I served the Defendants' Reply to Plaintiff's Response to Defendants' Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration by mailing it on this 16th day of December, 2013, to:

Mr. William P. Murray, III
WILKES & McHUGH, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102

*Samantha B. Leflar*

Samantha B. Leflar

4

**KUTAK ROCK LLP**

SUITE 200
THE BREWER BUILDING
234 EAST MILLSAP ROAD

FAYETTEVILLE, ARKANSAS 72703-4099

479-973-4200
FACSIMILE 479-973-0007

# FACSIMILE TRANSMISSION

**DATE:**   December 16, 2013

**To:**

| NAME: | FAX NO.: | PHONE NO.: |
|---|---|---|
| Ms. Betty Wilson<br>Ouachita County Circuit Clerk | 870-837-2252 | |

If you experience any problems in receiving these pages, please call __479-973-4200__ as soon as possible. Thank you.

**FROM:**   Samantha B. Leflar            **EMPL NO.:**   4962

**SECRETARY:**   Rachel Barnes

**RE:**   *Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased v. Pine Hills Health and Rehabilitation, LLC, et al.*

Ouachita County Circuit Court Case No.: CV-2013-200-6

| CLIENT NUMBER:   83308-11 | |
|---|---|
| NUMBER OF PAGES, INCLUDING COVER PAGE:     6 | CONFIRM: No |

**MESSAGE:**

---

## CONFIDENTIAL FACSIMILE TRANSMISSION

The information contained in this facsimile and the accompanying pages is intended solely for the addressee(s) named above. If you are not an addressee, or responsible for delivering these documents to an addressee, you have received these documents in error and you are strictly prohibited from reading or disclosing it. The information contained in these documents is highly confidential and may be subject to legally enforceable privileges. Unless you are an addressee, or associated with an addressee for delivery purposes, you may violate these privileges and subject yourself to liability if you do anything with these documents or the information it contains other than calling us immediately at the number listed above and returning these documents to us at once.

Operator: _____

| GROUP CODE (FAXES) |
|---|
| ☐ 7100 – Personal<br>☒ 7200 – Local<br>☐ 7300 – Long-Distance<br>☐ 7400 – International |

## KUTAK ROCK LLP

SUITE 200
THE BREWER BUILDING
234 EAST MILLSAP ROAD

FAYETTEVILLE, ARKANSAS 72703-4099

479-973-4200
FACSIMILE 479-973-0007

www.kutakrock.com

ATLANTA
CHICAGO
DENVER
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
MINNEAPOLIS
OKLAHOMA CITY
OMAHA
PHILADELPHIA
RICHMOND
SCOTTSDALE
WASHINGTON
WICHITA

December 16, 2013

SAMANTHA B. LEFLAR
samantha.leflar@kutakrock.com
(479) 973-4200

**VIA FACSIMILE: 870-837-2252**

Ms. Betty Wilson
Ouachita County Circuit Court Clerk
145 Jefferson St SW
P.O. Box 667
Camden, AR 71711-0667

> Re: *Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased v. Pine Hills Health and Rehabilitation, LLC, et al.*
> Ouachita County Circuit Court Case No.: CV-2013-200-6

Dear Ms. Wilson:

Enclosed please find the Defendants' *Reply to Plaintiff's Response to Defendants' Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration* for filing in the above-referenced matter. Please file accordingly and return a file-marked copy of the first page to me via return facsimile. I am happy to pay for any fees associated with this fax-filing.

Thank you for your courtesy in this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

*Samantha Leflar*

Samantha B. Leflar

SBL/reb
Enclosures

cc:    Mr. William Murray

4834-7181-8263.1

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

Eddie B. Robinson, as Administrator for The Estate of
Willie Robinson, Sr., deceased                                      PLAINTIFF

v.                          CASE NO.:   CV-2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities of
Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations,
LLC; Pine Hills Holdings, LLC; Pine Hills Health and
Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation;
SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC
Property Holdings, LLC; SLC Property Investors, LLC; Arkansas
Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital
Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC;
Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality
Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC
Professionals Holdings, LLC; John Dwyer; and Michael G. Hunter,
Administrator                                                       DEFENDANTS



## DEFENDANTS' RESPONSES TO PLAINTIFF'S ARBITRATION-RELATED REQUESTS FOR ADMISSIONS (SET I) PROPOUNDED UPON ALL DEFENDANTS

Come now the Defendants, by and through their counsel, Kutak Rock LLP, and for their

responses to Plaintiff's Arbitration-Related Requests for Admissions (Set I) Propounded upon all

Defendants, state:

### GENERAL OBJECTIONS

1.     Defendants object that the Requests for Admission—though addressed to multiple

Defendants that are distinct legal individuals—do not indicate which Defendant should answer

which Request. The requests are appropriately addressed only to Defendant Pine Hills Health

and Rehabilitation, LLC, the facility operator and party to the Arbitration Agreement. As such,

the Defendants treat the Requests as propounded only to Pine Hills. The remaining Defendants

may enforce the Agreement based on its language and by operation of law. *See, e.g.*, *Searcy Healthcare Ctr., LLC v. Murphy*, 2013 Ark. 463. To the extent any response to the Plaintiff's requests for admission are required of the remaining Defendants, the Defendants adopt the objections of Pine Hills.

2.     Defendants object that the propounded discovery is inappropriate because Plaintiff has no right to discovery regarding the Arbitration Agreement under Arkansas law. Ark. Code Ann. § 16-108-201(d) (Repl. 2006) (current version codified at Ark. Code Ann. § 16-108-207 (Supp. 2011)).

3.     Defendants object on the grounds that Plaintiff failed to comply with Arkansas Rule of Civil Procedure 36 in propounding these requests for admission upon Defendants.

## RESPONSES

**REQUEST FOR ADMISSION NO. 1:** Admit that the facility has previously filed lawsuits for the collection of unpaid bills for nursing services against residents and/or residents' representatives despite the existence of signed arbitration agreements by and between the facility and such residents and/or residents' representatives.

**RESPONSE:** Objection – the Request is overly broad, argumentative, vague and ambiguous. Further, as to other residents or residents' representatives, the information sought is irrelevant and immaterial to the Arbitration Agreement between Mr. Robinson and Pine Hills. Subject to these objections, the Request is DENIED as to lawsuits filed by Pine Hills for the collection of unpaid bills for nursing services against Mr. Robinson or Mr. Robinson's representatives. As to other residents, the Request is DENIED as worded.

**REQUEST FOR ADMISSION NO. 2:** Admit that one or more of the Defendants have previously filed lawsuits in Arkansas for the collection of unpaid bills for nursing services

against residents and/or residents' representatives despite the existence of signed arbitration agreements by and between the residents and/or residents' representatives and the facility who provided the services for which payment was sought.

**RESPONSE:**   Objection – the Request is overly broad, argumentative, vague and ambiguous. Further, as to other residents or residents' representatives, the information sought is irrelevant and immaterial to the Arbitration Agreement between Mr. Robinson and Pine Hills. Subject to these objections, the Request is DENIED as to lawsuits filed by Pine Hills for the collection of unpaid bills for nursing services against Mr. Robinson or Mr. Robinson's representatives. As to other residents and other defendants, the Request is DENIED as worded.

**REQUEST FOR ADMISSION NO. 3:**   Admit that one or more of the Defendants have previously filed lawsuits for the collection of unpaid bills for nursing services against residents and/or residents' representatives despite the existence of signed arbitration agreements by and between the residents and/or residents' representatives and the facility who provided the services for which payment was sought.

**RESPONSE:**   Objection – the Request is overly broad, argumentative, vague and ambiguous. Further, as to other residents or residents' representatives, the information sought is irrelevant and immaterial to the Arbitration Agreement between Mr. Robinson and Pine Hills. Subject to these objections, the Request is DENIED as to lawsuits filed by Pine Hills for the collection of unpaid bills for nursing services against Mr. Robinson or Mr. Robinson's representatives. As to other residents and other defendants, the Request is DENIED as worded.

**REQUEST FOR ADMISSION NO. 4:**   Admit that Defendants did not maintain possession of each and every original page of the original agreement.

**RESPONSE:** Pine Hills DENIES. The remaining Defendants admit and state no Defendant other than Pine Hills ever possessed the original Arbitration Agreement.

**REQUEST FOR ADMISSION NO. 5:** Admit that the individual identified in your answer to Interrogatory No. 2, above, does not specifically recall the meeting during which the resident's admission paperwork was signed. If denied, state all substance of the meeting that this individual remembers.

**RESPONSE:** Objection – this Request is too vague for the Defendants to respond. There is no Interrogatory No. 2 in these requests.

**REQUEST FOR ADMISSION NO. 6:** Admit that the facility does not pursue obtaining signed arbitration agreements with residents who are incompetent and who do not have legal representatives.

**RESPONSE:** Objection – this Request is argumentative, confusing, ambiguous, overly broad and unclear. Subject to these objections, the Request is ADMITTED in part and DENIED in part. Pine Hills endeavors to offer the Arbitration Agreement to all residents, their families and legal representatives. However, it is possible that circumstances in a particular case may prevent the resident, family and/or legal representative from considering the Arbitration Agreement, despite the intention of Pine Hills to offer the Arbitration Agreement to all residents.

**REQUEST FOR ADMISSION NO. 7:** Admit that prior to the time the agreement was purportedly signed, Defendants did not disclose to the resident nor to the resident's representative the actual fees and costs associated with the arbitration process referenced in the agreement.

**RESPONSE:** Objection – the Request is vague, argumentative, overly broad and unclear. Subject to those objections, the Request is DENIED as worded. The Arbitration

Agreement did direct all parties to the location where such information could be readily obtained.

**REQUEST FOR ADMISSION NO. 8:**   Admit that at the time the agreement was purportedly signed, the individual who signed the agreement on behalf of the facility did not possess any information about the actual fees and costs associated with the arbitration process referenced in the agreement.

**RESPONSE:** Objection – the Request is vague, ambiguous, argumentative and unclear. Subject to these objections, the Request as worded is DENIED in part and ADMITTED in part. The person who signed the agreement on behalf of the facility did not have actual possession of the information, but the Arbitration Agreement did direct all parties to the location where such information could be readily obtained.

**REQUEST FOR ADMISSION NO. 9:**   Admit that prior to the time the agreement was purportedly signed, the facility failed to disclose the rules of procedure associated with the arbitration process referenced in the agreement.

**RESPONSE:** Objection – the Request is vague, ambiguous, argumentative and unclear. Subject to these objections, the Request is DENIED as worded.  The Arbitration Agreement did direct all parties to the location where such information could be readily obtained.

**REQUEST FOR ADMISSION NO. 10:**   Admit that at the time the agreement was purportedly signed, the individual who signed the agreement on behalf of the facility did not possess a copy of the rules of procedure associated with the arbitration process referenced in the agreement.

**RESPONSE:** Objection – the Request is vague, ambiguous, argumentative and unclear. Subject to these objections, the Request as worded is DENIED in part and ADMITTED in part.

The person who signed the agreement on behalf of the facility did not have actual possession of

the information, but the Arbitration Agreement did direct all parties to the location where such

information could be readily obtained.

Respectfully submitted,

**KUTAK ROCK LLP**

By: *Samantha B. Leflar*

Mark W. Dossett, AR 95174
Kyle T. Unser, AR 2007133
Samantha B. Leflar, AR 2010190
234 E. Millsap Road, Ste. 200
Fayetteville, AR 72703-4099
(479) 973-4200  Telephone
(479) 973-0007  Facsimile

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that I served the Defendants' Responses to Plaintiff's Arbitration-Related Requests for Admission by mailing it on this 17th day of December, 2013, to:

Mr. William P. Murray, III
WILKES & McHUGH, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102

*Samantha B. Leflar*
Samantha B. Leflar

**KUTAK ROCK LLP**

SUITE 400
234 EAST MILLSAP ROAD

FAYETTEVILLE, AR 72703-4099

479-973-4200
FACSIMILE 479-973-0007

www.kutakrock.com

LITTLE ROCK OFFICE

SUITE 2000
124 WEST CAPITOL AVENUE
LITTLE ROCK, ARKANSAS 72201-3706
501-975-3000

SAMANTHA B. LEFLAR
samantha.leflar@kutakrock.com
(479) 973-4200

ATLANTA
CHICAGO
DENVER
FAYETTEVILLE
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
MINNEAPOLIS
OKLAHOMA CITY
OMAHA
PHILADELPHIA
RICHMOND
SCOTTSDALE
WASHINGTON
WICHITA

December 17, 2013

**VIA U.S. MAIL**

Ms. Betty Wilson
Ouachita County Circuit Court Clerk
145 Jefferson St SW
P.O. Box 667
Camden, AR 71711-0667

    Re:    *Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr.,*
          *deceased v. Pine Hills Health and Rehabilitation, LLC, et al.*
          Ouachita County Circuit Court Case No.: CV-2013-200-6

Dear Ms. Wilson:

Enclosed for filing in the above-referenced matter please find the original and one copy of the *Defendants' Responses to Plaintiff's Arbitration-Related Requests for Admissions (Set I) Propounded upon all Defendants.*

Please file accordingly and return a file-marked copy to me in the enclosed, self-addressed stamped envelope.

Thank you for your assistance in this matter. Please feel free to contact me if you have any questions.

Sincerely,

Samantha B. Leflar

Samantha B. Leflar

SBL/reb
Enclosures

cc:    Mr. William Murray

4818-2430-9783.1

**Multiple claims.** If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

**COVER SHEET**
**STATE OF ARKANSAS**
**CIRCUIT COURT: CIVIL**

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

## FILING INFORMATION

County: OUACHITA  District: 13  Docket Number: CV - 2013-200-6
Judge: Duthric  Division: 6  Filing Date: 10 - 2 - 2013

Plaintiff: **Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased**

Defendants: EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

Attorney Providing Information:

☒ Plaintiff  ☐ Defendant  ☐ Intervenor

Litigant, if *Pro Se:*

_____

Address and Phone Number:
**William P. Murray**
**Wilkes & McHugh, P.A.**
**1601 Cherry Street, Suite 1300**
**Philadelphia, PA 19102**
**(215) 972-0811**

Related Case(s): Judge _____   Case Number(s) _____ _____

**Type of Case:**

*Torts*
☐ (NM) Negligence: Motor Vehicle
☐ (NO) Negligence: Other
☐ (BF) Bad Faith
☐ (FR) Fraud
☐ (MP) Malpractice
☐ (PL) Products Liability
☒ (OD) Other Nursing Home Negligence

*Contracts*
☐ (IS) Insurance
☐ (DO) Debt: Open Account
☐ (PN) Debt: Promissory Note
☐ (EM) Employment
☐ (OC) Other _____

*Equity*
☐ (FC) Foreclosure
☐ (QT) Quiet Title
☐ (IJ) Injunction
☐ (PT) Partition
☐ (OT) Other _____

*Miscellaneous*
☐ (CD) Condemnation
☐ (RE) Replevin
☐ (DJ) Declaratory Judgment
☐ (UD) Unlawful Detainer
☐ (IN) Incorporation
☐ (EL) Election
☐ (FJ) Foreign Judgment
☐ (WT) Writs _____
☐ (AA) Administrative Appeal
☐ (CF) Property Forfeiture
☐ (OM) Other _____

**Jury Trial Requested:** ☒ Yes ☐ No   **Manner of Filing:**   ☒ Original ☐ Re-open ☐ Transfer
☐ Return from Federal/Bankruptcy Court

## DISPOSITION INFORMATION

Disposition Date: _____   ☐ Bench Trial   ☐ Non Trial   ☐ Jury Trial

**Judgment Type:**
☐ (DJ) Default Judgment
☐ (SJ) Summary Judgment
☐ (CJ) Consent Judgment
☐ (TJ) Trial Judgment
☐ (OJ) Other Judgment
☐ (PG) Petition Granted
☐ (PD) Petition Denied
☐ (F) Decree of Foreclosure
☐ ent For:
☐ Defendant ☐ Both

**Dismissal Type:**
☐ (DW) Dismissed with Prejudice
☐ (DN) Dismissed without Prejudice

**Other:**
☐ (TR) Transferred to Another Jurisdiction
☐ (RB) Removed to Bankruptcy Court
☐ (RF) Removed to Federal Court
☐ (AR) Arbitration

Judgment Amount: $ _____

_____   _____
ture    Date

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.

reet
72201

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
6 DIVISION

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

PLAINTIFF

vs.                                                          NO. CV- 2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities
of Arkansas, LLC; SLC Operations Holdings, LLC; SLC
Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
Health and Rehabilitation, LLC, d/b/a Pine Hills Health
and Rehabilitation; SLC Operations Master Tenant, LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; Arkansas Nursing Home
Acquisition, LLC; CSCV Holdings, LLC; Capital Funding
Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals,
LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations
Acquisition, LLC; SLC Professionals Holdings, LLC; SLC
Administrative Services of Arkansas, LLC; John Dwyer;
and Michael G. Hunter, Administrator,

STATE OF ARKANSAS SS
County of Ouachita
FILED ON THIS 16 DAY OF Jan 20 14
at 3⁰⁰ o'clock ___ M.
Betty Wilson, Circuit Clerk
By: _____ D.C.

DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on September 7, 2013, I caused a copy of the Summons and Complaint to be

served on Gentry Locke Rakes & Moore, LLP, Registered Agent for Arkansas Nursing Home

Acquisition, LLC, by placing a copy thereof in the United States Mail, addressed to Arkansas

Nursing Home Acquisition, LLC c/o Gentry Locke Rakes & Moore, LLP, with certified

delivery, restricted delivery, return receipt requested to the Addressee or Agent of Addressee and

sufficient postage affixed to insure delivery.

3.     That said Summons and Complaint were claimed as evidenced by the Domestic

Return Receipt No. 7012 2920 0000 6658 2048 which is attached hereto as Plaintiff's Exhibit

"A".

IN WITNESS WHEREOF, I have set my hand this __15__ day of January, 2014.

Respectfully submitted,

Eddie B. Robinson, as Administrator for The Estate
of Willie Robinson, Sr., deceased,

By:     _____

William P. Murray, III (AR2013033)
Wilkes and McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
Telephone: (215) 972-0811
Facsimile: (215) 972-0580

*Attorneys for Plaintiff*

2

## VERIFICATION

On this the 15th day of January, 2014, before me, William P. Murray, III, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

NOTARY PUBLIC

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CONSTANCE B. GARTSIDE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 28, 2015

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Arkansas Nursing Home Acquisition, LLC
C/o Gentry Locke Rakes + Moore, LLP
Registered Agent
10 Franklin Rd, SE, Suite 800
SunTrust Plaza
(P.O. Box 40013)
Roanoke, VA 24022-0013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Delford Bu_    ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
DELFORBY BUCKNOR   10/18/13

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
(Transfer from service label)   7012 2920 0000 6658 2048

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

" A "

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
6 DIVISION

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

PLAINTIFF

vs.                                                        NO. CV- 2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities
of Arkansas, LLC; SLC Operations Holdings, LLC; SLC
Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
Health and Rehabilitation, LLC, d/b/a Pine Hills Health
and Rehabilitation; SLC Operations Master Tenant, LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; Arkansas Nursing Home
Acquisition, LLC; CSCV Holdings, LLC; Capital Funding
Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals,
LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations
Acquisition, LLC; SLC Professionals Holdings, LLC; SLC
Administrative Services of Arkansas, LLC; John Dwyer;
and Michael G. Hunter, Administrator,

STATE OF ARKANSAS SS
County of Ouachita
FILED ON THIS 16 DAY OF Jan 20 14
at 3:01 o'clock P M.
Betty Wilson, Circuit Clerk
By: Amsworth D.C.

DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on September 7, 2013, I caused a copy of the Summons and Complaint to be

served on Corporation Service Company, Registered Agent for VAJ, LLC, by placing a copy

thereof in the United States Mail, addressed to VAJ, LLC c/o Corporation Service Company,

with certified delivery, restricted delivery, return receipt requested to the Addressee or Agent of

Addressee and sufficient postage affixed to insure delivery.

3.     That said Summons and Complaint were claimed as evidenced by the Domestic

Return Receipt No. 7012 3050 0001 3886 1207 which is attached hereto as Plaintiff's Exhibit

"A".

IN WITNESS WHEREOF, I have set my hand this __15__ day of January, 2014.

Respectfully submitted,

Eddie B. Robinson, as Administrator for The Estate
of Willie Robinson, Sr., deceased,

By:     _____

William P. Murray, III (AR2013033)
Wilkes and McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
Telephone: (215) 972-0811
Facsimile:  (215) 972-0580

*Attorneys for Plaintiff*

## VERIFICATION

On this the /5ᵗʰ day of January, 2014, before me, William P. Murray, III, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CONSTANCE B. GARTSIDE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 28, 2015

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

VAJ LLC
C/o Corporation Service Co.
251 East Ohio St; Ste 500
Indianapolis, IN 46204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

TERRY WOOD
NOW COURIER

OCT 18 2013

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
   (Transfer from service label)

7012 3050 0001 3886 1207

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

" A "

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
6 DIVISION

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

PLAINTIFF

vs.                                                                        NO. CV- 2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities
of Arkansas, LLC; SLC Operations Holdings, LLC; SLC
Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
Health and Rehabilitation, LLC, d/b/a Pine Hills Health
and Rehabilitation; SLC Operations Master Tenant, LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; Arkansas Nursing Home
Acquisition, LLC; CSCV Holdings, LLC; Capital Funding
Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals,
LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations
Acquisition, LLC; SLC Professionals Holdings, LLC; SLC
Administrative Services of Arkansas, LLC; John Dwyer;
and Michael G. Hunter, Administrator,

STATE OF ARKANSAS    SS
County of Ouachita
FILED ON THIS 16 DAY OF Jan 204
at 302 o'clock P M.
Betty Wilson, Circuit Clerk
By: Ainsworth
                                                     D.C.

DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on September 7, 2013, I caused a copy of the Summons and Complaint to be

served on Corporation Service Company, Registered Agent for Senior Vantage Point, LLC, by

placing a copy thereof in the United States Mail, addressed to Senior Vantage Point, LLC c/o

Corporation Service Company, with certified delivery, restricted delivery, return receipt

requested to the Addressee or Agent of Addressee and sufficient postage affixed to insure

delivery.

3.     That said Summons and Complaint were claimed as evidenced by the Domestic

Return Receipt No. 7012 2920 0000 6658 2062 which is attached hereto as Plaintiff's Exhibit

"A".

IN WITNESS WHEREOF, I have set my hand this ___ day of January, 2014.

Respectfully submitted,

Eddie B. Robinson, as Administrator for The Estate
of Willie Robinson, Sr., deceased,

By:

_____

William P. Murray, III (AR2013033)
Wilkes and McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
Telephone: (215) 972-0811
Facsimile: (215) 972-0580

*Attorneys for Plaintiff*

## VERIFICATION

On this the ___15th___ day of January, 2014, before me, William P. Murray, III, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

My Commission Expires: COMMONWEALTH OF PENNSYLVANIA

NOTARIAL SEAL
CONSTANCE B. GARTSIDE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 28, 2015

3

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Senior Vantage Pointe, LLC
C/o Corporation Service Co.
251 E. Ohio St., Suite 500
Indianapolis, Indiana 46204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   TERRY WOOD   NOW COURIER   CLE CIT   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

OCT 18 2013

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☑ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
   (Transfer from service label)      7012 2920 0000 6658 2062

PS Form **3811**, February 2004          Domestic Return Receipt          102595-02-M-1540

"A"

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
6 DIVISION

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

PLAINTIFF

vs.                                                                NO. CV- 2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities
of Arkansas, LLC; SLC Operations Holdings, LLC; SLC
Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
Health and Rehabilitation, LLC, d/b/a Pine Hills Health
and Rehabilitation; SLC Operations Master Tenant, LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; Arkansas Nursing Home
Acquisition, LLC; CSCV Holdings, LLC; Capital Funding
Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals,
LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations
Acquisition, LLC; SLC Professionals Holdings, LLC; SLC
Administrative Services of Arkansas, LLC; John Dwyer;
and Michael G. Hunter, Administrator,

**STATE OF ARKANSAS** ss
**County of Ouachita**
FILED ON THIS ___16___ DAY OF __Jan__ 2014
at ___303___ o'clock __P__ M.
**Betty Wilson, Circuit Clerk**
By: ___A Answorth___
                                                          D.C.

DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on September 7, 2013, I caused a copy of the Summons and Complaint to be

served on Corporation Service Company., Registered Agent for Quality Review, LLC, by

placing a copy thereof in the United States Mail, addressed to Quality Review, LLC c/o

Corporation Service Company, with certified delivery, restricted delivery, return receipt

requested to the Addressee or Agent of Addressee and sufficient postage affixed to insure

delivery.

3.    That said Summons and Complaint were claimed as evidenced by the Domestic

Return Receipt No. 7008 1140 0002 9957 3716 which is attached hereto as Plaintiff's Exhibit

"A".

    IN WITNESS WHEREOF, I have set my hand this __/ __ day of January, 2014.

Respectfully submitted,

Eddie B. Robinson, as Administrator for The Estate
of Willie Robinson, Sr., deceased,

By:    _____

William P. Murray, III (AR2013033)
Wilkes and McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
Telephone: (215) 972-0811
Facsimile: (215) 972-0580

*Attorneys for Plaintiff*

2

## VERIFICATION

On this the _15_ day of January, 2014, before me, William P. Murray, III, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____

NOTARY PUBLIC

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CONSTANCE B. GARTSIDE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 28, 2015

3



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Quality Review, LLC
C/o Corporation Service Co.
251 East Ohio Street
Suite 500
Indianapolis, Indiana 46204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by TERRY WOOD NOW COURIER   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

OCT 1 5 2013

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☑ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
   (Transfer from service label)
   7008 1140 0002 9957 3716

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



" A "

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
6 DIVISION

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

PLAINTIFF

vs.                                                                NO. CV- 2013-200-6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities
of Arkansas, LLC; SLC Operations Holdings, LLC; SLC
Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
Health and Rehabilitation, LLC, d/b/a Pine Hills Health
and Rehabilitation; SLC Operations Master Tenant, LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; Arkansas Nursing Home
Acquisition, LLC; CSCV Holdings, LLC; Capital Funding
Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals,
LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations
Acquisition, LLC; SLC Professionals Holdings, LLC; SLC
Administrative Services of Arkansas, LLC; John Dwyer;
and Michael G. Hunter, Administrator,

STATE OF ARKANSAS SS
County of Ouachita
FILED ON THIS 16 DAY OF Jan 2014
at 304 o'clock P M.
Betty Wilson, Circuit Clerk
By: JAinsworth
D.C.

DEFENDANTS

## AFFIDAVIT OF SERVICE

The undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on September 7, 2013, I caused a copy of the Summons and Complaint to be served on HIQ Corporate Services, Inc., Registered Agent for ADDIT, LLC, by placing a copy thereof in the United States Mail, addressed to ADDIT, LLC c/o HIQ Corporate Services, Inc., with certified delivery, restricted delivery, return receipt requested to the Addressee or Agent of Addressee and sufficient postage affixed to insure delivery.

3.    That said Summons and Complaint were claimed as evidenced by the Domestic

Return Receipt No. 7012 2920 0000 6658 2055 which is attached hereto as Plaintiff's Exhibit

"A".

IN WITNESS WHEREOF, I have set my hand this __ⵊⵉ__ day of January, 2014.

Respectfully submitted,

Eddie B. Robinson, as Administrator for The Estate
of Willie Robinson, Sr., deceased,

By:    _____

William P. Murray, III (AR2013033)
Wilkes and McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
Telephone: (215) 972-0811
Facsimile: (215) 972-0580

*Attorneys for Plaintiff*

2

## **VERIFICATION**

On this the __/5__ day of January, 2014, before me, William P. Murray, III, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

NOTARY PUBLIC

My Commission Expires:

**COMMONWEALTH OF PENNSYLVANIA**
NOTARIAL SEAL
CONSTANCE B. GARTSIDE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 28, 2015

3

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ADDIT, LLC
HQ Corporate Suncos, Inc.
5217 Palisade Court
1st Fl.
Indianapolis, Indiana 46237

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Barbara A Park
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Barbara A Park

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
   (Transfer from service label)

7012 2920 0000 6658 2055

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

" A "

( . )

# PROOF OF SERVICE

✓ I personally delivered the summons and complaint to the individual at ___1422 A CLARK VIEW ROAD , BALTIMORE MD 21209___ [place] on _10_ / _15_ / _2013_ [date]; or AT 9:59 AM

I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ _____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____ _____

My fee is $ _____.

STATE OF ARKANSAS SS
County of Ouachita
FILED ON THIS _16_ DAY OF _Jan_ 20_14_
at _305_ o'clock _P_ M.
Betty Wilson, Circuit Clerk
By: _DAnsworth_        D.C.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____      SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 10/24/2013          By: _____
[Signature of server]

ANDRE S. POWELL
[Printed name]  PROCESS SERVER

Address: MONUMENTAL PROCESS SERVERS, INC.
823 M.L.K. JR. BLVD.
BALTIMORE, MD 21201
(410) 523-4980

Phone: _____

Subscribed and sworn to before me this date: 10/24/2013

_____
Notary Public

My commission expires: 04/01/2014

BRENT EDWARD NEEMAN
NOTARY
PUBLIC
BALTIMORE CITY, MD

Additional information regarding service or attempted service:

_____

_____

3

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
CIVIL DIVISION

# SUMMONS

Case No: _____ C U · 2013 - 200 - 6 _____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
John Dwyer

THE STATE OF ARKANSAS TO DEFENDANT(S):   John Dwyer

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** ___ 03 Oct 2013 ___

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_ ____ Deputy Clerk

**No.** _____    **This Summons is for:** John Dwyer

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐   I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

✓ I delivered the summons and complaint to MELISSA WILLIAMS [name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of HTQ MARYLAND

CORPORATION, R/A FOR CCV HOLDINGS LLC [name of defendant] on 10/15/2013 [date]; or
AT 11:31 AM

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

STATE OF ARKANSAS SS
County of Ouachita
FILED ON THIS 16 DAY OF Jan 2014
at 3:04 o'clock PM.
Betty Wilson, Circuit Clerk
By: _____ D.C.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____         SHERIFF OF _____ COUNTY, ARKANSAS

                                          By: _____
                                          [Signature of server]

                                          _____
                                          [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 10 / 29 / 2013                      By _____
                                          [Signature of server]

                                          JEFFREY LEWIS
                                          [Printed name] PROCESS SERVER

Address: MONUMENTAL PROCESS SERVERS, INC.
         823 M.L.K. JR. BLVD.
         BALTIMORE, MD 21201
         (410) 523-4980

Phone: _____

Subscribed and sworn to before me this date: 10 / 29 / 2013

                                          _____
                                          Notary Public

My commission expires: 09 / 01 / 2014

Additional information regarding service or attempted service:

_____

_____

3

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

## SUMMONS

Case No: _____ $CV - 2013 - 200 - 6$ _____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased vs.

**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
CSCV Holdings, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): CSCV Holdings, LLC

### NOTICE

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents. Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____ 03 Oct 2013 _____

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701

BETTY WILSON, Clerk

By: _Shirley Ainsworth_ Deputy Clerk

No. _____    **This Summons is for:** CSCV Holdings, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name],
a person at least 14 years of age who resides there, on _____ [date]; or

✓ I delivered the summons and complaint to _MELYSSA WILLIAMS_ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _HIQ MARYLAND
CORPORATION N/A FOR_____ [name of defendant] on _10/15/2013_ [date]; or
CAPITAL FINANCE LLC                                    AT 11:30 AM

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

STATE OF ARKANSAS SS
County of Ouachita
FILED ON THIS _16_ DAY OF _Jan_ 2014
at _307_ o'clock _P_ M.
Betty Wilson, Circuit Clerk
By: _Ahnnworth_
                                          D.C.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 10 / 24 / 2013     By: _____
[Signature of server]

JEFFREY LEWIS

[Printed name]   PROCESS SERVER

Address: MONUMENTAL PROCESS SERVERS, INC.
823 M.L.K. JR. BLVD.
BALTIMORE, MD 21201
(410) 523-4980

Phone: _____

Subscribed and sworn to before me this date: _____ 10 / 24 / 2013 _____

_____ Renee Edward Mann _____
Notary Public

My commission expires: _____ 04 / 01 / 2014 _____

NOTARY PUBLIC
BRENT EDWARD NEENAN
BALTIMORE CITY, MD

Additional information regarding service or attempted service:

_____

_____

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### CIVIL DIVISION

## SUMMONS

Case No: _____ $C V - 2013 - 200- 6$ _____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Capital Finance, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):   Capital Finance, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:  Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** __03  Oct  2013__

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_ ____Deputy Clerk

No. _____     This **Summons is for:** Capital Finance, LLC

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name],
a person at least 14 years of age who resides there, on _____ [date]; or

✓ I delivered the summons and complaint to ___MELISSA WILLIAMS___ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _HI Q MARYLAND
CORPORATION, R/A FOR_____ [name of defendant] on _10/15/2013_ [date]; or
___CAPITAL FUNDING GROUPINC___                          AT 11:30 AM

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by
the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail
to the defendant together with two copies of a notice and acknowledgment and received the attached
notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

STATE OF ARKANSAS
SS
County of Ouachita
FILED ON THIS 16 DAY OF Jan 20 14
at 3:08 o'clock P M.
Betty Wilson, Circuit Clerk
By: _Ainsworth_
                                                    D.C.

2

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
CIVIL DIVISION

## SUMMONS

Case No: _C V - 2013 - 200 - 6_

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Capital Funding Group, Inc.

THE STATE OF ARKANSAS TO DEFENDANT(S):  Capital Funding Group, Inc.

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

WITNESS my hand and seal of the court this date:   _03  Oct  2013_

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701

BETTY WILSON, Clerk

By: _Shirley Ainsworth_     Deputy Clerk

No. _____      **This Summons is for:** Capital Funding Group, Inc.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____    SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _10_/_24_/_2013_    By: _____
[Signature of server]

JEFFREY LEWIS
[Printed name]   PROCESS SERVER

Address: MONUMENTAL PROCESS SERVERS, INC.
823 M.L.K. JR. BLVD.
BALTIMORE, MD 21201
(410) 523-4980

Phone: _____

Subscribed and sworn to before me this date: _10_/_24_/_2013_

_____
Notary Public

My commission expires: _04_/_01_/_2014_

Additional information regarding service or attempted service:

_____

_____

3

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____ [name],

a person at least 14 years of age who resides there, on _____ [date]; or

✓ I delivered the summons and complaint to _Shannon Hackney,_ [name of individual], an
_Managing Agent_

agent authorized by appointment or by law to receive service of summons on behalf of _Capital_

_Senior Care Ventures, LLC_ [name of defendant] on _10/11/13 4:04pm_ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

STATE OF ARKANSAS SS
County of Ouachita
FILED ON THIS _16_ DAY OF _Jan_ 20 _14_
at _309_ o'clock _P_ M.
Betty Wilson, Circuit Clerk
By: _Annie worth_    D.C.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____      SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: __10/14/13__          By: _Sharleyka_
                                [Signature of server]

                                _Sharlene Ryan_
                                [Printed name]

Address: _Delaware Attorney Services_
         _3516-16 Silverside Rd_

_Wilmington DE 19810_

Phone: _302-429-0657_

Subscribed and sworn to before me this date: _October 14, 2013_

_Kimberly Ryan_
Notary Public

My commission expires: _May 17, 2016_

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

Case No: _____ $C V - 2013 - 200 - 6$

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
Capital SeniorCare Ventures, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):  Capital SeniorCare Ventures, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____ 03  Oct  2013 _____

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR  71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_____ Deputy Clerk

**No.** _____   **This Summons is for:** Capital SeniorCare Ventures, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address] with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

✓ I delivered the summons and complaint to Sue Rhea, Managing Agent [name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of SLC Professionals

Holdings LLC _____ [name of defendant] on 10\11\13 2:50 pm [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

STATE OF ARKANSAS SS
County of Ouachita,
FILED ON THIS 16 DAY OF Jan 20 14
at 3:10 o'clock P M.
Betty Wilson, Circuit Clerk
By: Annsworth   D.C.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: ___10/14/13___     By: _____
[Signature of server]

Daniel Newcomb
[Printed name]

Delaware Attorney Services
Address: 3511 6-16 Silverside Rd

Wilmington DE 19810

Phone: 302-429-0657

Subscribed and sworn to before me this date: October 14 2013

_____
Notary Public

My commission expires: May 17, 2016

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

Case No: _____ C V - 2013 - 200 - 6 _____

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
SLC Professionals Holdings, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S): SLC Professionals Holdings, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**. **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** _____ 03   Oct   2013 _____

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_    Deputy Clerk

No. _____    **This Summons is for:** SLC Professionals Holdings, LLC

# PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐   I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____ [address] with _____ [name],
a person at least 14 years of age who resides there, on _____ [date]; or

✓ I delivered the summons and complaint to _Sue Rhea, Managing Agent___ [name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of _SLC_____
_Property Holdings, LLC_____ [name of defendant] on _10\11\13 2:50 pm_ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

STATE OF ARKANSAS ss
County of Ouachita
FILED ON THIS _16_ DAY OF _Jan_ 20_14_
at _8:11_ o'clock_P__ M.
Betty Wilson, Circuit Clerk
By: _Ann worth_                    D.C.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____    SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 1⁄4/13                    By: _____
[Signature of server]

Daniel Newcomb
[Printed name]

Address: Delaware Attorney Services
351646 Silverside Rd

Wilmington DE 19810

Phone: 302-429-0657

Subscribed and sworn to before me this date: October 14, 2013

_____
Notary Public

My commission expires: May 17, 2016

Additional information regarding service or attempted service:

_____

_____

3

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**CIVIL DIVISION**

## SUMMONS

**Case No:** _____ C V - 2013 - 200-6

**PLAINTIFF(S):** Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased
vs.
**DEFENDANT(S):** EOR-ARK, LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

**PLAINTIFF'S ATTORNEYS:**
William P. Murray, III, Esquire
Wilkes & McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(800) 255-5070

**TO DEFENDANT:**
SLC Property Holdings, LLC

THE STATE OF ARKANSAS TO DEFENDANT(S):   SLC Property Holdings, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.   It must be filed in the court clerk's office within **thirty (30) days** from the day you were served with this Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Also attached are **Plaintiff's First Set of Interrogatories and requests for Production of Documents**.  **Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must be answered within **forty-five (45) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** ___ 03  Oct  2013 _____

Betty Wilson
Ouachita County Circuit Clerk
Courthouse
145 Jefferson Street SW
Camden, AR 71701



BETTY WILSON, Clerk

By: _Shirley Ainsworth_ ___Deputy Clerk

**No.** _____   **This Summons is for:** SLC Property Holdings, LLC

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____[place] on _____[date]; or

I left the summons and complaint in the proximity of the individual by _____

_____ after he/she refused to receive it when I offered it to him/her; or

☐  I left the summons and complaint at the individual's dwelling house or usual place of abode at

_____ [address]  with _____[name],

a person at least 14 years of age who resides there, on _____[date]; or

✓ I delivered the summons and complaint to Sue Rhea, Managing Agent [name of individual], an

agent authorized by appointment or by law to receive service of summons on behalf of  SLC

Properties, LLC _____[name of defendant] on  10\11\13 2:50 pm [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and

complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by

the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail

to the defendant together with two copies of a notice and acknowledgment and received the attached

notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

STATE OF ARKANSAS
                            SS
County of Ouachita
FILED ON THIS  16  DAY OF  Jan  20 14
at  3:12  o'clock  P  M.
Betty Wilson, Circuit Clerk
By:  MMunworth
                                      D.C.

2

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____1｜4｜13_____        By: _____
[Signature of server]

_____Daniel Newcomb_____
[Printed name]

Address: _Delaware Attorney Services_
_3516-16 Silverside Rd_

_Wlmington DE 19810_

Phone: _302-429-0657_

Subscribed and sworn to before me this date: _October 14  2013_

_____
Notary Public

My commission expires: _May 17, 2016_

Additional information regarding service or attempted service:

_____

_____

3