IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
_____ 6 _____ DIVISION

Eddie B. Robinson, as Administrator for
The Estate of Willie Robinson, Sr., deceased

PLAINTIFF

vs.                                                                    NO. CV- 2013 - 200 - 6

EOR-ARK, LLC; VAJ LLC; Senior Living Communities
of Arkansas, LLC; SLC Operations Holdings, LLC; SLC
Operations, LLC; Pine Hills Holdings, LLC; Pine Hills
Health and Rehabilitation, LLC, d/b/a Pine Hills Health
and Rehabilitation; SLC Operations Master Tenant, LLC;
SLC Properties, LLC; SLC Property Holdings, LLC; SLC
Property Investors, LLC; Arkansas Nursing Home
Acquisition, LLC; CSCV Holdings, LLC; Capital Funding
Group, Inc.; Capital Funding, LLC; Capital Finance, LLC;
Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC
Professionals of Arkansas, LLC, n/k/a SLC Professionals,
LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW,
LLC; Quality Review, LLC; Arkansas SNF Operations
Acquisition, LLC; SLC Professionals Holdings, LLC; SLC
Administrative Services of Arkansas, LLC; John Dwyer;
and Michael G. Hunter, Administrator,



DEFENDANTS

## COMPLAINT

Comes now Plaintiff, Eddie B. Robinson, as Administrator for The Estate of Willie

Robinson, Sr., deceased, and for his cause of action against Defendants, EOR-ARK,

LLC; VAJ LLC; Senior Living Communities of Arkansas, LLC; SLC Operations Holdings,

LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and

Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master

Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property

Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital

Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; John Dwyer; and Michael G. Hunter, Administrator

## JURISDICTIONAL STATEMENT

1.  Eddie B. Robinson was appointed as Administrator for The Estate of Willie Robinson, Sr., deceased, pursuant to the Letters of Administration attached hereto as **Exhibit A**, and therefore brings this action on behalf of The Estate of Willie Robinson, Sr., deceased, and on behalf of the wrongful death beneficiaries of Willie Robinson, Sr., pursuant to the Arkansas Survival of Actions Statute (Ark. Code Ann. § 16-62-101) and the Arkansas Wrongful Death Act (Ark. Code Ann. § 16-62-102). Eddie B. Robinson brings this action against Defendants claiming damages on behalf of Willie Robinson, Sr. stemming from the injuries and death he endured while a resident at Pine Hills Health and Rehabilitation Center.

2.  Eddie B. Robinson is a son of Willie Robinson, Sr., and is a resident of Kokomo, Indiana.

3.  Upon information and belief, Willie Robinson, Sr. was admitted as a resident of Pine Hills Health and Rehabilitation Center located at 900 Magnolia Road, Camden, Arkansas 71701, on April 26, 2010 and, except for hospitalizations, he remained a resident until October 7, 2011. Willie Robinson, Sr. died on October 7, 2011.

4.  Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes EOR-ARK, LLC; VAJ LLC; Senior Living

2

Communities of Arkansas, LLC; SLC Operations Holdings, LLC; SLC Operations, LLC; Pine Hills Holdings, LLC; Pine Hills Health and Rehabilitation, LLC, d/b/a Pine Hills Health and Rehabilitation; SLC Operations Master Tenant, LLC; SLC Properties, LLC; SLC Property Holdings, LLC; SLC Property Investors, LLC; Arkansas Nursing Home Acquisition, LLC; CSCV Holdings, LLC; Capital Funding Group, Inc.; Capital Funding, LLC; Capital Finance, LLC; Capital SeniorCare Ventures, LLC; ADDIT, LLC; SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC; Senior Vantage Point, LLC; 900 Magnolia Road SW, LLC; Quality Review, LLC; Arkansas SNF Operations Acquisition, LLC; SLC Professionals Holdings, LLC; SLC Administrative Services of Arkansas, LLC; and John Dwyer.

5.     Whenever the term "Administrator Defendant" is utilized within this suit, such term collectively refers to and includes Michael G. Hunter.

6.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

7.     Pine Hills Health and Rehabilitation Center was owned, operated and/or managed by Defendants.

8.     Defendant EOR-ARK, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States.   Upon information and belief, at times material to this action, Defendant EOR-ARK, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent

3

for service of process of Defendant EOR-ARK, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

9. Defendant VAJ, LLC, an Indiana limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents. Upon information and belief, at times material to this action, Defendant VAJ, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health & Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant VAJ, LLC is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

10. Defendant Senior Living Communities of Arkansas, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant Senior Living Communities of Arkansas, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Senior Living Communities of Arkansas, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

11. Defendant SLC Operations Holdings, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and

4

belief, at times material to this action, Defendant SLC Operations Holdings, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Operations Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

12. Defendant SLC Operations, LLC is a foreign limited liability company that at times material to this lawsuit owned, operated, managed, controlled and/or provided services to Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of Defendant SLC Operations, LLC's ownership, operation, management, control and/or services provided for the facility during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Operations, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

13. Defendant Pine Hills Holdings, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents. Upon information and belief, at times material to this action, Defendant Pine Hills Holdings, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health & Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Pine Hills Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5

14. Defendant, Pine Hills Health and Rehabilitation, LLC, operating under the fictitious name of Pine Hills Health and Rehabilitation Center, is an Arkansas limited liability company, with its principal office located at 900 Magnolia Road, Camden, Arkansas 71701. Pine Hills Health and Rehabilitation, LLC d/b/a Pine Hills Health and Rehabilitation Center is authorized to do business in the State of Arkansas and is engaged in the for-profit custodial care of elderly individuals who are chronically infirm, mentally impaired and/or in need of nursing care and treatment. Upon information and belief, at times material to this action, Defendant Pine Hills Health and Rehabilitation, LLC was the "licensee" of Pine Hills Health and Rehabilitation Center which was located at 900 Magnolia Road, Camden, Arkansas 71701. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, licensing and/or control of Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Pine Hills Health and Rehabilitation, LLC is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

15. Defendant SLC Operations Master Tenant, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Operations Master Tenant, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Operations

6

Master Tenant, LLC is HIQ Corporate Services, Inc., 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

16. Defendant SLC Properties, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Properties, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Properties, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

17. Defendant SLC Property Holdings, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Property Holdings, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Property Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

18. Defendant SLC Property Investors, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in

7

nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Property Investors, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Property Investors, LLC is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

19. Defendant Arkansas Nursing Home Acquisition, LLC is a foreign limited liability company that at times material to this lawsuit owned, operated, managed, controlled and/or provided services to Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant Arkansas Nursing Home Acquisition, LLC during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Arkansas Nursing Home Acquisition, LLC is Gentry Locke Rakes and Moore LLP, 10 Franklin Road, SE, Suite 800 SunTrust Plaza, P.O. Box 40013, Roanoke, Virginia 24022.

20. Defendant CSCV Holdings, LLC is a foreign limited liability company that at times material to this lawsuit owned, operated, managed, controlled and/or provided services to Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant CSCV Holdings, LLC during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant CSCV Holdings, LLC is HIQ Maryland Corporation, 715 St. Paul Street, Baltimore, Maryland 21202.

21. Defendant Capital Funding Group, Inc., a Maryland corporation with its principal office at 1422A Clarkview Road, Baltimore, Maryland 21209, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit

8

custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant Capital Funding Group, Inc. owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Capital Funding Group, Inc. is HIQ Maryland Corporation, 715 St. Paul Street, Baltimore, Maryland 21202.

22. Defendant Capital Funding, LLC, a Maryland limited liability company with its principal office at 1422 Clarkview Road, Suite 500, Baltimore, Maryland 21209, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant Capital Funding, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Capital Funding, LLC is HIQ Maryland Corporation, 715 St. Paul Street, Baltimore, Maryland 21202.

23. Defendant Capital Finance, LLC is a foreign limited liability company with its principal office at 1422A Clarkview Road, Baltimore, Maryland 21209. The registered agent for service of process of Defendant Capital Finance, LLC is HIQ Maryland Corporation, HIQ Corporate Services, Inc., 715 St. Paul Street, Baltimore, Maryland 21202.

24. Defendant Capital SeniorCare Ventures, LLC, a foreign limited liability company that at times material to this lawsuit, owned, operated, managed, controlled

9

and/or provided services for Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant Capital SeniorCare Ventures, LLC in the operation, management, control and/or services provided to Pine Hills Health and Rehabilitation, LLC during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Capital SeniorCare Ventures, LLC is HIQ Corporate Services, Inc., 3500 South Dupont Highway, Dover, Delaware 19901.

25. Defendant ADDIT, LLC, an Indiana limited liability company with its principal office located at 9785 Crosspoint Boulevard, Suite 110, Indianapolis, Indiana 46256, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant ADDIT, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant ADDIT, LLC is HIQ Corporate Services, Inc., 5217 Palisade Court, First Floor, Indianapolis, Indiana 46237.

26. Defendant SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC, an Arkansas limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills

10

Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Professionals of Arkansas, LLC, n/k/a SLC Professionals, LLC is HIQ Corporate Services, Inc., 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

27. Defendant Senior Vantage Point, LLC, an Indiana limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant Senior Vantage Point, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Senior Vantage Point, LLC is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

28. Defendant 900 Magnolia Road SW, LLC, an Arkansas limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant 900 Magnolia Road SW, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant 900 Magnolia Road SW, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

11

29. Defendant Quality Review, LLC, an Indiana limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant Quality Review, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Quality Review, LLC is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, Indiana 46204.

30. Defendant Arkansas SNF Operations Acquisition, LLC is a foreign limited liability company that at times material to this lawsuit owned, operated, managed, controlled and/or provided services to Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant Arkansas SNF Operations Acquisition, LLC in the ownership, operation, management, control and/or services provided to Pine Hills Health and Rehabilitation, LLC during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant Arkansas SNF Operations Acquisition, LLC is HIQ Corporate Services, Inc., 3500 South DuPont Highway, Dover, Delaware 19901.

31. Defendant SLC Professionals Holdings, LLC, a Delaware limited liability company, is authorized to do business in the State of Arkansas and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the United States. Upon information and belief, at times material to this action, Defendant SLC Professionals Holdings, LLC owned, operated, managed, controlled and/or provided services for nursing facilities,

12

including Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Professionals Holdings, LLC is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

32. Defendant SLC Administrative Services of Arkansas, LLC is an Arkansas limited liability company that at times material to this lawsuit, operated, managed, controlled, contracted with and/or provided services to Pine Hills Health and Rehabilitation, LLC. The causes of action made the basis of this suit arise out of such business conducted by Defendant SLC Administrative Services of Arkansas, LLC in the operation, management, control and/or services provided to Pine Hills Health and Rehabilitation, LLC during the residency of Willie Robinson, Sr. The registered agent for service of process of Defendant SLC Administrative Services of Arkansas, LLC is Corporation Service Company, 300 Spring Building, Suite 900, Little Rock, Arkansas 72201.

33. Defendant John Dwyer, a resident of the state of Maryland, is a corporate manager, officer, owner, and director of all Defendants. John Dwyer may be served at 1422A Clarkview Road, Baltimore, Maryland 21209

34. Upon information and belief, Defendant Michael G. Hunter, a resident of the State of Arkansas, was an Administrator of Pine Hills Health and Rehabilitation Center at times during the residency of Willie Robinson, Sr. The causes of action made the basis of this suit arise in part out of Defendant Michael G. Hunter's administration of the facility during the residency of Willie Robinson, Sr. Defendant Michael G. Hunter may be served at his last known address.

13

35. At all times material to this action, each of the Defendants herein individually owed duties, some of which were non-delegable, to the residents of Pine Hills Health and Rehabilitation Center, including to Willie Robinson, Sr., such duties being conferred by statute, existing at common law, and being voluntarily assumed by each such Defendant.

36. At all times material hereto, the Defendants, through a joint venture, owned, operated, managed and controlled Pine Hills Health and Rehabilitation Center, and are individually and collectively engaged in the business of providing healthcare, medical services, therapy, rehabilitation, skilled nursing care, and custodial care services to the general public.

37. Jurisdiction and venue are proper in this Court.

## **FACTUAL ALLEGATIONS**

38. Upon information and belief, Willie Robinson, Sr. was admitted as a resident of Pine Hills Health and Rehabilitation Center (sometimes herein referred to as "the facility") located at 900 Magnolia Road, Camden, Arkansas 71701 on April 26, 2010 and, except for hospitalizations, he remained a resident until October 7, 2011. Willie Robinson, Sr. died on October 7, 2011.

39. Defendants were aware of the medical condition of Willie Robinson, Sr. and the care he required when they represented that they could adequately care for his needs.

40. Defendants each owed and failed to fulfill duties to Willie Robinson, Sr., including the duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; to select, train and retain only competent staff; to oversee and supervise all persons who practiced nursing, medical and/or skilled healthcare within

14

the facility; to staff the facility personnel sufficient both in number and in training to provide the care and services required by the facility's residents; to ensure that the facility's residents were treated with dignity and respect; to maintain sufficient funding, staffing and resources for the facility so that its residents were provided with the care and services they required; to formulate, adopt, and enforce rules, policies and procedures to ensure quality care and healthcare for all residents, and to update the same as required by the applicable standards of care; to take adequate measures to rectify known problems in the delivery of hygiene and custodial services as well as in the delivery of medical, skilled nursing, rehabilitation and therapy care; to warn residents, their family and/or representatives of the Defendants' inability to provide adequate care and services when Defendants knew or should have known of their deficiencies in providing such care and services; to refuse admission to residents to whom they knew or should have known they could not provide reasonable care and services; to not admit more residents than to whom Defendants could safely provide adequate care and services; to keep the facility's residents free from physical and mental abuse and neglect; to provide a safe, decent and clean living environment for the facility's residents; and to assist the residents in retaining and exercising all of the constitutional, civil and legal rights to which they are entitled as citizens of the United States and of the State of Arkansas.

41. Under state and federal law, the governing body of a nursing home is composed of individuals or a group in whom the ultimate authority and legal responsibility is vested for conduct of the nursing home. *See* Ark. Office of Long Term Care R. and Regs. § 100. All long-term care facilities must have a governing body, or designated persons functioning as a governing body, that is legally responsible for

15

establishing and implementing policies regarding the management and operation of the facility. The governing body has a legal duty to adopt effective patient care policies and administrative policies and by-laws governing the operation of the facility in accordance with legal requirements of state and federal law. *See* Ark. Office of Long Term Care R. and Regs. § 301.1. Nursing Home Defendants were legally responsible for establishing and implementing policies regarding management and operation of that facility, and in whom the ultimate authority and legal responsibility was vested for the conduct of that nursing home.

42. Defendants are liable for all damages alleged in this matter in their capacity as the owners, operators, licensees and/or managers of the facility during the residency of Willie Robinson, Sr.

43. In an effort to ensure that Willie Robinson, Sr. and other residents whose care was partially funded by the government were placed or kept at Pine Hills Health and Rehabilitation Center, Defendants held themselves out to the Arkansas Department of Human Services (DHS) and the public at large as being:

> a) Skilled in the performance of nursing, rehabilitative and other medical support services;
>
> b) Properly staffed, supervised and equipped to meet the total needs of their nursing home residents;
>
> c) Able to specifically meet the total nursing home, medical and physical therapy needs of Willie Robinson, Sr. and other residents like his; and
>
> d) Licensed by DHS and complying on a continual basis with all rules, regulations and standards established for nursing homes.

44. In surveys and inspections conducted prior to and during the residency of Willie Robinson, Sr., the Arkansas Office of Long Term Care repeatedly cited Pine Hills Health and Rehabilitation Center for regulatory deficiencies related to the care and

16

treatment of the facility's residents. Pine Hills Health and Rehabilitation Center was

cited with the following deficiencies, among others, determining that the facility failed to:

> a) Provide care by qualified persons according to each resident's written plan of care;
>
> b) Have a program that investigates, controls, and keeps infection from spreading;
>
> c) Make sure that the nursing home area is free from accident hazards and risks and provides supervision to prevent avoidable accidents;
>
> d) Make sure that residents are safe from serious medication errors;
>
> e) Make sure menus meet the resident's nutritional needs;
>
> f) Properly care for residents needing special services;
>
> g) Give residents proper treatment to prevent new pressure sores or heal existing pressure sores;
>
> h) Make sure that each resident who enters the nursing home without a catheter is not given a catheter, and receive proper services to prevent urinary tract infections and restore normal bladder function;
>
> i) Give proper treatment to residents with feeding tubes to prevent problems (such as aspiration pneumonia, diarrhea, vomiting, dehydration, metabolic anomalies, nasal-pharyngeal ulcers) and help restore eating skills, if possible.

45. In surveys and inspections conducted during and immediately after the

residency of Willie Robinson, Sr., the Arkansas Office of Long Term Care repeatedly

cited Pine Hills Health and Rehabilitation Center for regulatory deficiencies related to

the care and treatment of the facility's residents. Pine Hills Health and Rehabilitation

Center was cited with the following deficiencies, among others, determining that the

facility failed to:

> a) Develop a care plan that meets all of a resident's needs, with timetables and actions that can be measured;

17

b) Conduct initial and periodic assessments of each resident's functional capacity;

c) Assist those residents who need total help with eating/drinking, grooming an personal and oral hygiene;

d) Provide necessary care and services to maintain the highest wellbeing of each resident;

e) Keep the rate of medication errors to less than 5%;

f) Keep each resident free from physical restraints, unless needed fir medical treatment;

g) Provide housekeeping and maintenance services;

h) Write and use policies that forbid mistreatment, neglect and abuse of residents and theft of residents' property;

i) Make sure the nursing home area is free from accident hazards and risks and provides supervision to prevent avoidable accidents;

j) Make sure that a working call system is available in each resident's room or bathroom and bathing area.

46. The extent to which the above citations directly included failures or deficiencies in the care, services and treatment provided to Willie Robinson, Sr. remains to be discovered. However, all of the above cited deficiencies establish that Defendants were on notice and aware of problems with resident care, including failures and deficiencies in care which caused the injuries alleged herein.

47. Defendants failed to discharge their obligations of care to Willie Robinson, Sr. with a conscious disregard for his rights and safety. At all times mentioned herein, Nursing Home Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Willie Robinson, Sr., as more fully set forth below.

18

Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of the facility. The severity of the recurrent negligence inflicted upon Willie Robinson, Sr. while under the care of the facility accelerated the deterioration of his health and physical condition and resulted in the physical and emotional injuries described below:

  a)    Multiple falls;

  b)    A urinary tract infection with E. coli;

  c)    An upper respiratory infection;

  d)    Thrush;

  e)    Right arm shunt infected with MRSA;

  f)    Surgical intervention for right arm shunt wound dehiscence;

  g)    Severe pain; and

  h)    Death.

48.    The above-identified injuries, as well as the conduct specified below, caused Willie Robinson, Sr. to suffer extreme pain and suffering, hospitalizations, mental anguish, degradation, disability, disfigurement, emotional distress, and ultimately his death.

49. Defendants controlled the operation, planning, management and quality control of the facility. The authority exercised over the nursing facility included, but was not limited to, budgeting, marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by the facility, federal and state reimbursement, quality care assessment and compliance, licensure

19

and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

50. Defendants operated and managed the facility so as to maximize profits by reducing staffing levels below that needed to provide adequate care to residents that would comply with federal and state regulations governing skilled nursing facilities. Thus, Defendants intentionally and/or with reckless disregard for the consequences of their actions caused staffing levels at their facility to be set so that the personnel on duty at any given time could not reasonably tend to the needs of their assigned residents. Upon information and belief, Defendants knowingly established staffing levels that created recklessly high nurse/resident ratios and disregarded patient acuity levels as well as the minimal time required to perform essential functions. The acts and omissions of Defendants were motivated by a desire to increase profitability by reducing expenditures for needed staff, training, supervision and care to levels that would predictably lead to severe injury. All of these acts of malfeasance directly caused injury to Willie Robinson, Sr. and other residents of the facility and were known to Defendants.

51. Defendants owed a duty to Willie Robinson, Sr. to maintain and adequately staff their facility with sufficient numbers of qualified, trained staff to meet the needs of the residents, including Willie Robinson, Sr., and are directly liable for the failure to exercise reasonable care in hiring, supervising, training and retaining sufficient numbers of qualified nurses and other staff employees and caregivers during the residency of Willie Robinson, Sr. Said failures placed the residents of the facility, including Willie Robinson, Sr., at risk of harm, and as a result, Defendants are directly liable for injuries suffered by Willie Robinson, Sr. as a result of these failures to exercise reasonable care. Likewise, Defendants owed a duty to Willie Robinson, Sr. to have adequate and

available food, fluids, supplies and functioning equipment to meet the needs of the residents, including Willie Robinson, Sr., and are directly liable for the failure to exercise reasonable care in providing and maintaining adequate and available food, fluids, supplies and functioning equipment to meet the needs of the residents. Said failures placed the residents of the facility, including Willie Robinson, Sr., at risk of harm, and as a result, Defendants are directly liable for injuries suffered by Willie Robinson, Sr. as a result of these failures to exercise reasonable care.

52. Plaintiff alleges that during his residency at the facility, Willie Robinson, Sr. was under the care, supervision and treatment of Defendants and that the injuries complained of were proximately caused by the acts and omissions of Defendants.

53. Defendants are vicariously liable for the acts and omissions of all persons or entities under their control, either directly or indirectly, including employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals, or agencies causing or contributing to the injuries of Willie Robinson, Sr.

54. In addition to all other claims and demands for damages set forth herein, Plaintiff is asserting claims for ordinary negligence, custodial neglect, and corporate negligence against the Defendants herein, as each of the entities and individuals named as Defendants herein as directly and vicariously liable for their independent acts of negligence, for their acts of general negligence, and for their acts of general corporate negligence.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

### COUNT ONE

### NEGLIGENCE

55. Plaintiff incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

56. Nursing Home Defendants owed a non-delegable duty to their residents, including Willie Robinson, Sr., to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

57. Nursing Home Defendants owed a non-delegable duty to their residents, including Willie Robinson, Sr., to exercise reasonable care in providing care and services in a safe and beneficial manner.

58. Nursing Home Defendants owed a non-delegable duty to their residents, including Willie Robinson, Sr., to hire, train and supervise employees to deliver care and services to residents in a safe and beneficial manner.

59. Nursing Home Defendants breached these duties by failing to exercise reasonable care and by failing to prevent the mistreatment, abuse and neglect of Willie Robinson, Sr. The negligence of Nursing Home Defendants includes, but is not limited to, the following acts and omissions:

> a) Failure to provide sufficient nursing and other staff that was properly qualified and trained;
>
> b) Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Willie Robinson, Sr.;

22

c)   Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

d)   Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

e)   Failure to ensure that Willie Robinson, Sr. attained and maintained his highest level of physical, mental, and psychosocial well-being;

f)   Failure to establish, publish and/or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of Willie Robinson, Sr.;

g)   Failure to ensure that Willie Robinson, Sr. received adequate and proper nutrition, fluids, supervision, and skin care;

h)   Failure to provide and maintain an adequate and appropriate fluid maintenance program for Willie Robinson, Sr. to prevent dehydration and urinary tract infections;

i)   Failure to ensure that Willie Robinson, Sr. received adequate assessment of his nutritional needs to prevent malnutrition and weight loss;

j)   Failure to take necessary and reasonable custodial and hygiene measures to prevent the onset and progression of skin breakdown and sores during the residency;

k)   Failure to provide care, treatment and medication in accordance with physician's orders;

l)   Failure to provide Willie Robinson, Sr. with adequate sanitary care;

m)   Failure to provide adequate hygiene and sanitary care to prevent infections;

n)   Failure to adequately and appropriately monitor Willie Robinson, Sr. and recognize significant changes in his health status, and to timely notify his and his family of significant changes in his health status;

o) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Willie Robinson, Sr. received necessary supervision, timely and accurate care assessments, received proper treatment and diet, received timely custodial intervention due to a significant change in condition, and was protected from accidental injuries by the correct use of ordered and reasonable safety measures;

p) Failure to provide adequate supervision to the nursing staff to ensure that Willie Robinson, Sr. received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments to prevent infection, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical condition of Willie Robinson, Sr.;

q) Failure to adequately screen, evaluate, and check references, test for competence and use ordinary care in selecting nursing personnel to work at the facility;

r) Failure to terminate employees at the facility assigned to Willie Robinson, Sr. who were known to be careless, incompetent and unwilling to comply with the policies and procedures of the facility and the rules and regulations promulgated by the Arkansas Department of Human Services and the Office of Long Term Care;

s) Failure to assign nursing personnel at the facility duties consistent with their education and experience based on:

1) Willie Robinson, Sr.'s medical history and condition, nursing and rehabilitative needs;

2) The characteristics of the resident population residing in the area of the facility where Willie Robinson, Sr. was a resident; and

3) The nursing skills needed to provide care to such resident population;

t) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation to ensure that the rules and regulations designed to protect the health and safety of residents, such as Willie Robinson, Sr., as promulgated by the Arkansas Department of Human Services and the Arkansas Office of Long Term Care, were consistently complied with on an ongoing basis; and to ensure appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

u)  Failure by members of the governing body of the facility to discharge their legal and lawful obligation to ensure compliance with the facility's resident care policies;

v)  Failure to adopt adequate guidelines, polices, and procedures of the facility for documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of the facility, an employee of the facility or any interested person;

w)  Failure to document and maintain medical records on Willie Robinson, Sr. in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible and systematically organized with respect to diagnosis, treatment and assessment and establishment of appropriate care plans of care and treatment;

x)  Failure to properly in-service and orient employees to pertinent patient care needs to maintain the safety of residents;

y)  Failure to ensure that services provided or arranged by the facility were provided by qualified persons in accordance with Willie Robinson, Sr.'s written plan of care and failure to ensure that the physician's plan of care was implemented;

z)  Failure to fulfill the duties set forth in ¶40, above; and

aa) Failure to provide a safe environment.

60. A reasonably careful nursing home operating under similar circumstances would foresee that the failure to provide the ordinary care listed above would result in devastating injuries to Willie Robinson, Sr.

61. Nursing Home Defendants further breached their duties of care to Willie Robinson, Sr. by violating certain laws and regulations in force in the State of Arkansas at the time of the occurrences discussed herein including, but not limited to, the following:

25

a) By failing to comply with rules and regulations promulgated by the Arkansas Department of Human Services, Division of Social Services, Office of Long Term Care, pursuant to authority expressly conferred by Act 28 of 1979 (Ark. Code Ann. § 20-10-202, *et seq.*) and published in the Long Term Care (LTC) Provider Manual on April 8, 1984, and the supplements thereto, and federal minimum standards applicable to the facility;

b) By failing to provide the necessary care and services to attain or maintain the highest practicable, physical, mental and psychosocial well-being of Willie Robinson, Sr., in accordance with the comprehensive assessment and plan of care;

c) By failing to ensure a nursing care plan based on Willie Robinson, Sr.'s problems and needs was established that contained measurable objectives and timetables to meet his medical, nursing, and mental and psychosocial needs as identified in his comprehensive assessment;

d) By failing to review and revise Willie Robinson, Sr.'s nursing care plan when his needs changed;

e) By failing to treat Willie Robinson, Sr. courteously, fairly and with the fullest measure of dignity;

f) By failing to provide sufficient nursing staff and nursing personnel to ensure that Willie Robinson, Sr. attained and maintained his highest practicable physical, mental and psychosocial well-being;

g) By failing to notify the family and physician of Willie Robinson, Sr. of a need to alter his treatment significantly.

h) By failing to provide a safe environment; and

i) By failing to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident.

62. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of Nursing Home Defendants was a proximate cause of Willie Robinson, Sr.'s injuries as more specifically described herein, which were all foreseeable and caused his ultimately death. Willie Robinson, Sr. suffered personal

26

injuries, including extreme pain and suffering, hospitalizations, mental anguish, degradation, disability, disfigurement, emotional distress, and loss of personal dignity, which caused his family to suffer more than normal grief upon his death. Plaintiff prays for compensatory damages against Defendants for the wrongful death of Willie Robinson, Sr., including the grief suffered as well as the expenses of funeral and other related expenses.

63. As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, hospitalizations, extreme pain and suffering, mental anguish, degradation, disability, disfigurement, emotional distress, and loss of personal dignity, loss of life and related expenses, in an amount exceeding that required by this Court and by federal court jurisdiction in diversity of citizenship cases, to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT TWO

### NEGLIGENCE AS DEFINED BY THE ARKANSAS MEDICAL MALPRACTICE ACT, ARK. CODE ANN. §§ 16-114-201 *et seq.*

64. Plaintiff re-alleges and incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

65. Nursing Home Defendants are either medical care providers as defined by Ark. Code Ann. § 16-114-201(2) and/or are liable for medical care providers as defined by Ark. Code Ann. § 16-114-201(2).

66. Nursing Home Defendants owed a non-delegable duty to residents, including Willie Robinson, Sr., to use reasonable care in treating their residents with the degree of

27

skill and learning ordinarily possessed and used by nursing home facilities and affiliated health care providers in the same or similar locality.

67. Nursing Home Defendants owed a non-delegable duty to assist all residents, including Willie Robinson, Sr., in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

68. Nursing Home Defendants failed to meet the applicable standards of care and violated their duty of care to Willie Robinson, Sr. through mistreatment, abuse and neglect. Nursing Home Defendants failed to adequately supervise nurses and aides and failed to hire sufficient nurses and aides. As such, the nurses and aides were unable to provide Willie Robinson, Sr. the requisite care, and as a result, acts of professional negligence occurred as set forth in this paragraph. The medical negligence of Nursing Home Defendants includes, but is not limited to, the following acts and omissions:

      a)    Failure to ensure that Willie Robinson, Sr. received the following:

            1)    timely and accurate care assessments;

            2)    prescribed treatment, medication and diet;

            3)    necessary supervision; and

            4)    timely nursing and medical intervention due to a significant change in condition;

      b)    Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Willie Robinson, Sr. throughout his residency;

      c)    Failure to provide, implement, and ensure adequate nursing care plan revisions and modifications as the needs of Willie Robinson, Sr. changed;

28

d)   Failure to provide, implement and ensure that an adequate nursing care plan for Willie Robinson, Sr. was followed by nursing personnel;

e)   Failure to provide care, treatment, and medication in accordance with physician's orders;

f)   Failure to provide adequate care and treatment to Willie Robinson, Sr. in order to prevent infections;

g)   Failure to ensure that Willie Robinson, Sr. was assessed in order to receive adequate and proper nutrition, fluids, supervision, therapeutic diet, and skin care;

h)   Failure to assess the risk and prevent, treat or heal the development or worsening of skin breakdown;

i)   Failure to ensure that Willie Robinson, Sr. received sufficient amounts of fluids to prevent dehydration throughout his residency at the facility;

j)   Failure to ensure that Willie Robinson, Sr. received adequate nutrition to prevent malnutrition and weight loss;

k)   Failure to provide proper treatment, assessment and monitoring of Willie Robinson, Sr. in order to identify signs and symptoms of pain, and to appropriately treat and prevent his pain;

l)   Failure to adequately and appropriately monitor Willie Robinson, Sr. and recognize significant changes in his health status, and to timely notify his physician of significant changes in his health status; and,

m)   Failure to ensure that Willie Robinson, Sr. was not deprived of the services necessary to maintain his health and welfare.

69. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed in the above Complaint. Each of the foregoing acts of negligence on the part of Nursing Home Defendants was a proximate cause of Willie Robinson, Sr.'s injuries, which were all foreseeable. Willie Robinson, Sr. suffered personal injury, including extreme pain and suffering, mental anguish, disfigurement, disability, degradation, emotional distress, and loss of personal

dignity which caused his family to suffer more than normal grief upon his death. Plaintiff prays for compensatory damages against Defendants for the wrongful death of Willie Robinson, Sr., including the grief suffered as well as the expenses of funeral and other related costs.

70. Nursing Home Defendants were negligent and reckless in breaching the duties owed to Willie Robinson, Sr. under the Medical Malpractice Act for the reasons specifically enumerated in this Complaint.

71. As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Willie Robinson, Sr. suffered injuries as described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants, including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disfigurement, disability, degradation, loss of personal dignity, and emotional distress, loss of life and related expenses, in an amount to be determined by the jury and exceeding that required by this Court and by federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT THREE

### LIABILITY OF THE LICENSEES OF Pine Hills Health and Rehabilitation Center FOR VIOLATIONS OF THE LONG-TERM CARE FACILITY RESIDENTS ACT, ARK. CODE ANN. §§ 20-10-1201 et seq.

72. Plaintiff incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

73. Among the Nursing Home Defendants, the licensees of Pine Hills Health and Rehabilitation Center had statutorily-mandated duties to provide Willie Robinson, Sr. his

30

basic, nursing home resident's rights as set forth in the Protection of Long-Term Care Facility Residents Act, Ark. Code Ann. §§ 20-10-1201 *et seq.*

74. The Protection of Long-Term Care Facility Residents Act mandates the development, establishment, and enforcement of basic standards for the health, care, and treatment of persons in long-term care facilities; and mandates that the maintenance and operation of long-term care facilities will ensure safe, adequate, and appropriate care, treatment, and health of residents, like Willie Robinson, Sr.

75. The Protection of Long-Term Care Facility Residents Act mandates every licensed facility shall comply with all applicable standards and rules of the Office of Long-Term Care of the Arkansas Department of Human Services.

76. The statutory duties imposed upon the facility licensees to prevent deprivation or infringement of the resident's rights of Willie Robinson, Sr. were non-delegable. Thus, among the Nursing Home Defendants, the licensees are directly liable to Plaintiff for any deprivation and infringement of Willie Robinson, Sr.'s resident's rights occurring as a result of their own action or inaction, and as a result of the action or inaction of any other person or entity, including employees, agents, consultants, independent contractors and affiliated entities, whether in-house or outside entities, individuals, agencies or pools, as well as any deprivation and infringement of Willie Robinson, Sr.'s resident's rights caused by Nursing Home Defendants' policies, procedures, whether written or unwritten, and common practices.

77. Any person or entity acting as an employee or agent of Pine Hills Health and Rehabilitation Center assumed and undertook to perform the non-delegable and statutorily-mandated duties of the licensees to provide Willie Robinson, Sr. nursing

31

home resident's rights as set forth in Ark. Code Ann. §§ 20-10-1201 *et seq.* in the operation and management of Pine Hills Health and Rehabilitation Center.

78. Notwithstanding the responsibility of the licensees to protect and provide for these statutorily-mandated, nursing home resident's rights, Nursing Home Defendants infringed upon, and Willie Robinson, Sr. was deprived of, rights mandated by Ark. Code Ann. §§ 20-10-1201 *et seq.* including, but not limited to, the following:

- a) The right to receive adequate and appropriate health care and protective and support services, including social services, mental health services, if available, planned recreational activities, and therapeutic and rehabilitative services consistent with the resident care plan for Willie Robinson, Sr., with established and recognized practice standards within the community, and with rules as adopted by federal and state agencies, such rights include:

  - 1) The right to receive adequate and appropriate custodial service, defined as care for Willie Robinson, Sr. which entailed observation of diet and sleeping habits and maintenance of a watchfulness over his general health, safety, and well-being; and

  - 2) The right to receive adequate and appropriate residential care plans, defined as a written plan developed, maintained, and reviewed not less than quarterly by a registered nurse, with participation from other facility staff and Willie Robinson, Sr. or his designee or legal representative, which included a comprehensive assessment of the needs of Willie Robinson, Sr., a listing of services provided within or outside the facility to meet those needs, and an explanation of service goals;

- b) The right to regular, consultative, and emergency services of physicians;

- c) The right to appropriate observation, assessment, nursing diagnosis, planning, intervention, and evaluation of care by nursing staff;

- d) The right to access to dental and other health-related services, recreational services, rehabilitative services, and social work services appropriate to the needs and conditions of Willie Robinson, Sr., and not directly furnished by the licensees;

32

e)   The right to a wholesome and nourishing diet sufficient to meet generally accepted standards of proper nutrition, guided by standards recommended by nationally recognized professional groups and associations with knowledge of dietetics, and such therapeutic diets as may be prescribed by attending physicians;

f)   The right to a facility with its premises and equipment, and conduct of its operations maintained in a safe and sanitary manner;

g)   The right to be free from mental and physical abuse, and from chemical restraints;

h)   The right of Willie Robinson, Sr. to have privacy of his body in treatment and in caring for his personal needs;

i)   The right to prompt efforts by the facility to resolve resident grievances, including grievances with respect to resident care and the behavior of other residents;

j)   The right to participate in social, religious, and community activities;

k)   The right to the obligation of the facility to keep full records of the admissions and discharges of Willie Robinson, Sr., and his medical and general health status, including:

   1)   medical records;

   2)   personal and social history;

   3)   individual resident care plans, including, but not limited to, prescribed services, service frequency and duration, and service goals; and

   4)   making it a criminal offense to fraudulently alter, deface, or falsify any medical or other long-term care facility record, or cause or procure any of these offenses to be committed; and

l)   The right to be treated courteously, fairly, and with the fullest measure of dignity.

79. The aforementioned infringement and deprivation of the rights of Willie Robinson, Sr. were the result of Nursing Home Defendants failing to do that which a reasonably careful person would do under similar circumstances.

33

80. As a result of the aforementioned violations, the Plaintiff, pursuant to Ark. Code Ann. § 20-10-1209(a)(4), is entitled to recover actual damages against the licensees of the facility. The Plaintiff asserts a claim for judgment for actual damages, including, but not limited to, medical expenses, hospitalizations, extreme pain and suffering, mental anguish, degradation, disability, disfigurement, emotional distress, and loss of personal dignity, loss of life and related expenses, in an amount to be determined by the jury and exceeding that required for this Court and federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

81. The infringement or deprivation of the resident's rights of Willie Robinson, Sr. by Defendants was willful, wanton, gross, flagrant, reckless, or consciously indifferent. Pursuant to Ark. Code Ann. § 20-10-1209(c), Plaintiff is entitled to recover punitive damages against the licensees of the facility.

## CAUSES OF ACTION AGAINST ADMINISTRATOR DEFENDANT

### FACTUAL ALLEGATIONS

82. Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

83. Upon information and belief, Michael G. Hunter was an Administrator at Pine Hills Health and Rehabilitation Center during the residency of Willie Robinson, Sr.

84. As administrator of the facility, Michael G. Hunter was responsible for ensuring that the facility complied with all state and federal regulations related to nursing facilities. Administrator Defendant had a duty to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychological well-being of each resident.

34

The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such facilities. Administrator Defendant breached his duties of care to Willie Robinson, Sr.

## COUNT ONE

### NEGLIGENCE

85. Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

86. Administrator Defendant owed duties to the residents, including Willie Robinson, Sr., to provide services as a reasonable administrator within accepted standards for a nursing home administrator.

87. Administrator Defendant breached the duties owed to the residents of the facility, including Willie Robinson, Sr., by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides, and as such, the nurses and nurses' aides were unable to provide Willie Robinson, Sr. the care he required. The negligence of the Administrator Defendant includes, but is not limited to, the following acts and omissions:

  a) Failure to adequately assess, evaluate, and supervise nursing personnel to ensure that Willie Robinson, Sr. received appropriate nursing care;

  b) Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

  c) Failure to ensure that Willie Robinson, Sr. attained and maintained his highest level of physical, mental, and psychosocial well-being;

  d) Failure to ensure that Willie Robinson, Sr. was assessed monitored

35

and treated for the signs and symptoms of infections;

e)     Failure to ensure that staff provided Willie Robinson, Sr. with sufficient amounts of fluids to prevent dehydration;

f)     Failure to ensure that Willie Robinson, Sr. received adequate nutrition to prevent malnutrition and weight loss;

g)     Failure to ensure that Willie Robinson, Sr. received care, treatment, and medication as prescribed or in accordance with physician's orders;

h)     Failure to ensure that Willie Robinson, Sr. was treated with the dignity and respect that all nursing home residents are entitled to receive;

i)     Failure to provide a safe environment for Willie Robinson, Sr.;

j)     Failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

k)     Failure to discipline or terminate employees at the facility assigned to Willie Robinson, Sr. that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Office of Long Term Care;

l)     Failure to adopt adequate guidelines, policies, and procedures for:

1)     investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Office of Long Term Care or any other authority;

2)     determining the cause of any such deficiencies, violations, or penalties;

3)     establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

4)     determining whether the facility had sufficient numbers of personnel to meet the total needs of Willie Robinson, Sr.; and

5) documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person;

m) Failure to ensure that Willie Robinson, Sr. was provided with basic and necessary care and supervision;

n) Failure to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses, licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Willie Robinson, Sr. received care, treatment, and services in accordance with State and Federal law;

o) Failure to assign nursing personnel at the facility duties consistent with their education and experience based on:

1) Willie Robinson, Sr.'s medical history and condition, and his nursing and rehabilitative needs;

2) The characteristics of the resident population residing in the area of the facility where Willie Robinson, Sr. was a resident; and

3) Nursing skills needed to provide care to such resident population;

p) Failure to provide sufficient numbers of qualified personnel, to ensure that Willie Robinson, Sr. was provided with a safe environment, received timely and accurate care assessments, received prescribed treatment, medication and diet, and was protected from abuse, mistreatment and accidental injuries by the correct use of reasonable safety measures;

q) Failure to properly in-service and orient employees to pertinent resident care needs to maintain the safety of residents;

r) Failure to protect Willie Robinson, Sr. from abuse and neglect;

s) Failure to provide adequate supervision to the nursing staff to ensure that Willie Robinson, Sr. received adequate and proper care;

t) Failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to protect the skin integrity of residents, including Willie Robinson, Sr.;

37

u)    Failure to document and maintain all records on Willie Robinson, Sr. in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment;

v)    Failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Willie Robinson, Sr.; and

w)    Failure to comply with rules and regulations promulgated by the Arkansas Department of Human Services, Division of Social Services, Office of Long Term Care, pursuant to authority expressly conferred by Act 28 of 1979 (Ark. Code Ann. § 20-10-202, *et seq.*) and published in the Long Term Care (LTC) Provider Manual on April 8, 1984, and the supplements thereto, and federal minimum standards imposed by the United States Department of Health and Human Services.

88. A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in devastating injuries to Willie Robinson, Sr.

89. As a direct and proximate result of Administrator Defendant's negligent conduct, Plaintiff asserts a claim for judgment for all compensatory damages against Administrator Defendant including, but not limited to, medical expenses, hospitalizations, extreme pain and suffering, mental anguish, degradation, disability, disfigurement, emotional distress, and loss of personal dignity, loss of life and related expenses, in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### DAMAGES

90. Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

91. As a direct and proximate result of the negligence of Defendants as set out above, Willie Robinson, Sr. suffered injuries including, but not limited to, those listed herein. As a result, Willie Robinson, Sr. incurred significant medical expenses, suffered extreme pain and suffering, hospitalizations, emotional distress, degradation, mental anguish, disfigurement, disability, and unnecessary loss of personal dignity, loss of life and related expenses.

92. Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled.

### DEMAND FOR JURY TRIAL

93. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased, prays for judgment against Defendants as follows:

1. For damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained.

2. For all general and special damages caused by the alleged conduct of Defendants.

3. For costs of litigating this case, including attorney's fees.

4. For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Willie Robinson, Sr., and to deter Defendants and others from repeating such atrocities.

5. For all other relief to which Plaintiff is entitled.

Respectfully submitted,

Eddie B. Robinson, as Administrator for The Estate of Willie Robinson, Sr., deceased,

By:

William P. Murray, III (AR2013033)
Wilkes and McHugh, P.A.
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
Telephone: (215) 972-0811
Facsimile: (215) 972-0580

*Attorneys for Plaintiff*

FILED

2011 NOV 8 PM 4 13

OUACHITA COUNTY, ARK.
BRITT WILLIFORD
COUNTY CLERK
BY: _Essie Arnold_ D.C.

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
WILLIE ROBINSON, SR, DECEASED

No. PR-2011- 157

### LETTERS OF ADMINISTRATION

BE IT KNOWN:

That Eddie B. Robinson whose address is 2316 Pebble Beach Drive, Kokomo,

Indiana 46902, having been duly appointed administrator of the estate of Willie

Robinson, Sr., deceased, who died on October 7, 2011, and having qualified as such

administrator, is hereby authorized to act as such administrator, for and on behalf of the

estate and to take possession of the property thereof as authorized by law.

ISSUED the 8th day of Nov., 2011.

BRITT WILLIFORD, CLERK

By: _Essie Arnold_ , D.C.

