IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EDDIE B. ROBINSON, as administrator
for the Estate of Willie Robinson, Sr., deceased                                    PLAINTIFF

v.                                            Case No. 1:14-cv-01051

EOR-ARK, LLC; VAJ LLC; SENIOR LIVING COMMUNITIES
OF ARKANSAS, LLC; SLC OPERATIONS HOLDINGS, LLC,
PINE HILLS HEALTH AND REHABILITATION, LLC d/b/a
PINE HILLS HEALTH AND REHABILITATION; SLC
OPERATIONS MASTER TENANT, LLC; SLC PROPERTIES,
LLC; SLC PROPERTY HOLDINGS, LLC; SLC PROPERTY
INVESTORS, LLC; ARKANSAS NURSING HOME
ACQUISITION, LLC; CSCV HOLDINGS, LLC; CAPITAL
FUNDING GROUP, INC.; CAPITAL FUNDING, LLC;
CAPITAL FINANCE, LLC; CAPITAL SENIORCARE
VENTURES, LLC; ADDIT, LLC; SLC PROFESSIONALS OF
ARKANSAS, LLC n/k/a SLC PROFESSIONALS, LLC;
SENIOR VANTAGE POINT, LLC; 900 MAGNOLIA ROAD SW,
LLC; QUALITY REVIEW, LLC; ARKANSAS SNF OPERATIONS
ACQUISITION, LLC; SLC PROFESSIONALS HOLDINGS, LLC;
SLC ADMINISTRATIVE SERVICES OF ARKANSAS, LLC; JOHN
DWYER; and MICHAEL G. HUNTER, administrator                                    DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed June 19, 2015, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 42). Judge Bryant recommends Defendants' Motion to Dismiss and to Compel Arbitration (ECF No. 4) be granted. Plaintiff filed Objections to the Report and Recommendation. (ECF No. 45). Defendants jointly filed opposition to Plaintiff's Objection. (ECF No. 47). Plaintiff then filed a Third Notice of Filing Supplemental Authority in Opposition to Defendants' Joint Motion to Dismiss, (ECF No. 48), and Defendants filed a Joint Opposition in Response to Plaintiff's Supplemental Authority. (ECF No. 50). The Court finds this matter ripe for its consideration.

Upon his admission to Pine Hills Health and Rehabilitation, LLC ("Pine Hills"), Willie Robinson, Sr. signed an Arbitration Agreement ("the Agreement"). The Agreement provides that any

and all claims

> arising out of, or in connection with . . . the Admission Agreement or any service or health care provided by the Facility to the Resident shall be resolved exclusively by binding arbitration to be conducted at a place agreed upon by the Parties, or in the absence of such an agreement, at the Facility, in accordance with the National Arbitration Forum Code of Procedure, ("NAF") which is hereby incorporated into this Agreement.

(ECF No. 45-1). The Agreement also contains a severance provision: "In the event a court having jurisdiction finds any portion of this agreement unenforceable, that portion shall not be effective and the remainder of the Agreement shall remain effective." *Id.*

After Willie Robinson, Sr. passed away, Eddie B. Robinson, as Administrator for his estate, filed a Complaint against Defendants alleging they caused injuries and damages while Willie Robinson Sr. was a resident at Pine Hills. It is undisputed that the allegations in the Complaint are covered under the Agreement. However, as of July 2009, the NAF no longer processes or administers consumer-related arbitration claims based upon pre-dispute agreements.

Plaintiff asserts that, because the NAF Code is expressly integrated into the agreement, and the Code may only be administered by the NAF, the parties' agreement requires that the NAF administer any arbitration between them. If the parties cannot arbitrate before the NAF, Plaintiff argues, they are free to seek alternative remedies, such as litigation in a court.[1]

The Court finds that the NAF is not the exclusive arbitrator within the language of the contract, and thus the NAF's unavailability does not preclude arbitration. The parties' agreement does not expressly state that the case must be arbitrated before the NAF. If the parties had intended for the NAF to be their exclusive arbitral forum, they could have put such language in their contract. *See Meskill v. GGNSC Stillwater Greely LLC*, 862 F. Supp. 2d 966, 972-73 (D. Minn. May 25, 2012) (interpreting

---

[1]The remainder of Plaintiff's objections rely on this premise. Because the Court overrules this objection, it has not addressed Plaintiff's remaining arguments.

nearly identical language). Instead, the agreement's only mention of the NAF is in reference to the NAF Code of Procedure incorporated into the agreement and reference in a footnote. The Court agrees with the analysis from *Meskill* that, by "invoking only the Code and not the NAF itself, the agreement suggests that the parties anticipated an entity *other than* the NAF might conduct the arbitration." *Id.* at 973. After examining the agreement as a whole, the Court finds that the parties' Agreement, including the incorporation of the NAF Code, the severance provision, and otherwise minimal reference to the NAF, does not expressly agree to submit disputes exclusively before the NAF.

The FAA generally requires a court to stay an action pending arbitration. However, there is an exception if it is clear to the Court that the entire controversy will be resolved by arbitration. Here, there is no dispute that the case falls within the exception. Accordingly, Plaintiff's Complaint should be dismissed rather than stayed pending arbitration.

Plaintiff's objections are overruled. For the reasons stated herein along with those in the Report and Recommendation, Defendants' Motion to Dismiss and to Compel Arbitration (ECF No. 4) is **GRANTED**. The Report and Recommendation (ECF No. 42) is adopted *in toto*.[2] Plaintiff's Motion for Hearing (ECF No. 49) is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 28th day of September, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Because the Court has ordered this case be dismissed, the parties are not furthered ordered to submit to the Court lists of proposed arbitrators.